Bridget Hill, WY Bar #6-3616
Karl D. Anderson, WY Bar #6-2807
Devin Kenney, WY Bar #7-5964
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
307-777-7841
bridget.hill@wyo.gov
karl.anderson@wyo.gov
devin.kenney1@wyo.gov

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:22-cv-00125-SWS |
| BOARD OF GOVERNORS OF | ) | |
| THE FEDERAL RESERVESYSTEM & | ) | |
| FEDERAL RESERVE BANK | ) | |
| OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

## THE STATE OF WYOMING'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* AND STATEMENT OF THE ARGUMENTS IN SUPPORT OF THE STATE OF WYOMING'S MOTION FOR LEAVE TO FILE

The State of Wyoming (State), through its undersigned counsel, moves this Court for permission to file a brief under District of Wyoming Local Rule 7.1(b)(2)(G) as *amicus curiae* to support Plaintiff Custodia Bank, Inc.'s (Plaintiff) complaint against the Federal Reserve Board of Governors (Board) and the Federal Reserve Bank of Kansas City (Kansas City Fed) (collectively, Defendants), support Plaintiff's response to the Defendants' motions to dismiss, and oppose Defendants' motions to dismiss Plaintiff's Complaint, and states as follows:

## STANDARD AND ARGUMENT

The State acknowledges that the Federal Rules of Civil Procedure do not provide for or mention the possibility of *amicus* participation at the district court level. The Local Civil Rules for the United States District Court for the District of Wyoming, however, do allow for *amicus* briefs with "leave of [the] court." D. Wyo. Local R. Rule 7.1(b)(2)(G). Local Rule 7.1(b)(2)(G) does not provide much detail as to what the content of such a motion for leave to file an *amicus* brief should be except that it "shall include a short, concise statement of the arguments and authorities in support of the motion." D. Wyo. Local R. Rule 7.1(b)(1)(B), as referenced by D. Wyo. Local R. Rule 7.1(b)(2)(G). However, the Local Rules further provide in another section that "[u]nless otherwise ordered by the Court, motions for leave to file and the filing of amicus briefs shall be governed by Fed. R. App. P. 29." D. Wyo. Local R. Rule 83.6(d). Although Section 83.6 does not control in this instance (as it is related to the review of actions by administrative agencies), the State has chosen to model its motion utilizing Rule 29 of the Rules of Appellate Procedure as a guide. Furthermore, in compliance with Local Rule 7.1(b)(2)(G), the State has requested and received consent to file from the parties and seeks from the Court leave to file its *amicus* brief. A copy of the State's [Proposed] Amicus Curiae Brief of the State of Wyoming in Opposition to Defendants' Motions to Dismiss is attached; if this Court grants the State leave to file, the State will file its *amicus* brief separately in conformance with the Court's order.

Rule 29 requires that a motion for leave to file an *amicus* brief shall state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. Rule 29(a)(3)(A)-(B). Beyond those principles, other courts in the 10th Circuit have recognized that "[d]istrict courts . . . have broad discretion in

allowing participation of amicus curiae." *Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020) (citation and internal quotation marks omitted). "[A]lthough courts consider a variety of factors in determining whether to accept an amicus brief, the most important factor is the usefulness of information and argument presented by the potential *amicus curiae* to the court." *United States v. Bd. of Cnty. Commissioners of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1118 (D.N.M. 2015), *aff'd sub nom. United States v. Bd. of Cnty. Commissioners of Cnty. of Otero*, 843 F.3d 1208 (10th Cir. 2016) (internal quotation marks, brackets, and citation omitted).

## I.    The State's interests in the issues before this Court

The State's Department of Audit through the Division of Banking charters and regulates Wyoming state banks, including Special Purpose Depository Institutions (SPDIs) such as Plaintiff. The State's overall interest in this case is to help resolve the indefinite timeline and opaque process for SPDIs to receive decisions on master account applications. The State's work to build a regulatory framework for SPDIs is undermined when, as here, there is extreme delay and an ambiguous process for a decision on SPDI master account applications. If Defendants are allowed to indefinitely delay any decision on SPDI master account applications, they may have effectively relegated the State's SPDI bank charter to a inconsequential charter for depository institutions, *i.e.*, a bank charter with no reasonable path to a master account. SPDIs should receive fair treatment and determinations either for or against their master applications in an efficient and prompt manner in accordance with the statutes and rules applicable to Defendants. Unfortunately, Defendants have made no decision on Plaintiff's application for almost 23 months and have a process that Plaintiff describes as standardless, in complete secrecy, and with no accountability or rules. (Dkt. No. 1 ¶ 2).

The State's interests also include that disputes related to SPDI master account applications are adjudicated based on accurate information about the SPDI bank charter and the State's robust regulatory framework for SPDIs. Defendants claim the delay on Plaintiff's master account application is reasonable because allegedly the SPDI bank charter highlights the need for careful review and Plaintiff poses various risks and "presents increased risk of failure." (Dkt. No. 49 at 9; Dkt. No. 51 at 24-27). Yet, Defendants barely mention the State's significant role in oversight of SPDIs. Defendants present an incomplete picture of the State's role in regulating SPDIs and omit relevant information about the SPDI bank charter and the regulatory framework for SPDIs. The State is well-positioned to provide accurate information about the SPDI bank charter and the State's oversight of SPDIs.

The State also has an interest in a business environment that supports new and innovative financial services companies—including SPDIs—that economically benefit the State and citizens of Wyoming. The State's efforts in this regard are less effective when Defendants' inaction hinders existing Wyoming companies from introducing financial innovation and delay potential new companies from establishing financial services businesses in Wyoming. The State therefore has an undeniable interest in the issues in this proceeding.

## II.      The State's *amicus* brief is desirable

An *amicus* filing by the State is desirable because it provides useful information and argument to the Court from the local government with the most experience with the SPDI bank charter and with an interest in the operation and oversight of Plaintiff. Thus, having the State's input in this matter as an *amicus* will help the Court make an informed ruling and shall benefit the Court's adjudication of the issues presented which Plaintiff and Defendants alone may not be able

to adequately address.

### III.    The matters that the State asserts are relevant to the disposition of the case

The State does not advocate for or on behalf of Plaintiff on the merits of Plaintiff's application and substantive arguments. Rather, the State seeks to provide information about SPDI oversight that is relevant to arguments made in the motions to dismiss and issues before the Court. Defendants identify various risks related to a particular SPDI but overlook how the SPDI bank charter's structure and State's oversight are intended to help mitigate risks related to SPDIs. With an *amicus*, the State will provide information useful to the disposition of the case that Defendants omitted.

The State therefore seeks leave to provide information and argument on this subject in the form of its *amicus* to this Court. The State has contacted Plaintiffs and both the Board and the Kansas City Fed with regards to objections to the filing of this *amicus* motion and brief and all parties have indicated that they have no objection.

WHEREFORE, the State of Wyoming respectfully requests leave to fully participate in this matter as an *amicus* pursuant to District of Wyoming Local Rule 7.1(b)(2)(G). The State simultaneously serves attached with this Motion its *Amicus* Brief and requests any other relief which the Court may deem appropriate to grant.

Dated this 20th day of September, 2022.

State of Wyoming

*/s/ Karl Anderson*
Bridget Hill, Wyo. Bar No. #6-3616
Karl Anderson, Wyo. Bar No. #6-2807
Devin Kenney, Wyo. Bar No. #7-5964
109 State Capitol
Cheyenne, WY 82002
(307) 777-7841

5

## CERTIFICATE OF SERVICE

I certify that on this 20th day of September 2022, a copy of the foregoing **THE STATE OF WYOMING'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* AND STATEMENT OF THE ARGUMENTS IN SUPPORT OF THE STATE OF WYOMING'S MOTION FOR LEAVE TO FILE** was served in the following manner as addressed to:

John K. Vila                                    VIA CM/ECF
Ryan Thomas Scarborough
Whitney D. Hermandorfer
Jamie Wolfe
WILLIAMS & CONNOLLY
680 Maine Avenue SW
Washington, DC 20024
*Attorneys for Plaintiff*


Scott E. Ortiz                                  VIA CM/ECF
WILLIAMS PORTER DAY & NEVILLE
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602
*Attorneys for Plaintiff*


Angela Tarasi                                   VIA CM/ECF
KING &SPALDING LLP
1401 Lawrence Street
Suite 1900
Denver, CO 80202
*Attorneys for Defendant Federal Reserve Bank of Kansas City*


Billie LM Addleman                              VIA CM/ECF
John P. Fritz
HIRST APPLEGATE
P.O. Box 1083
Cheyenne, WY 82003
*Attorneys for Defendant Federal Reserve Bank of Kansas City*

6

Joshua P. Chadwick                                    VIA CM/ECF
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
*Attorneys for Defendant Federal Reserve Board of Governors*

                                   /s/*Karl Anderson*
                                   Office of the Attorney General

7