Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 469-1007
yvonne.f.mizusawa@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

|  |  |
|---|---|
| CUSTODIA BANK, INC., ) ) ) Plaintiff, ) ) v. ) ) BOARD OF GOVERNORS OF ) THE FEDERAL RESERVE SYSTEM & ) FEDERAL RESERVE BANK ) OF KANSAS CITY, ) ) ) Defendants. ) ) | Case No. 1:22-cv-00125-SWS |

**DEFENDANT BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM'S RESPONSE TO PLAINTIFF'S NOTICE AND SUBMISSION OF SUPPLEMENTAL AUTHORITY**

In its Supplemental Notice (ECF 98-00) ("Supp. Notice"), Custodia seeks to compare its

novel business model to a limited new custody service by one of the most comprehensively

supervised banks in America that has had longstanding access to a Federal Reserve master account. *Id.* at 2, 3. The Bank of New York Mellon ("BNYM"), which is supervised by the Federal Reserve, recently announced that it will launch a limited crypto-asset custody service for select clients. *See* ECF 98-01. Custodia complains that this amounts to "favoritism" by the Board towards established banking institutions, but that complaint ignores the substantial differences between the BNYM announcement and its own business model and plans. Supp. Notice at 2. Accordingly, BNYM's provision of these limited custody services does not show that the Federal Reserve is unreasonably delaying a decision on access to a master account by a unique type of depository institution like Custodia that is proposing a more extensive range of crypto-asset services.

As Custodia acknowledges, the Board recently provided guidance in the crypto-asset area to its supervised entities, such as BNYM, through its August 16, 2022 Supervision and Regulation Letter regarding Crypto Related Activities at Federal Reserve-Supervised Banks ("SR Letter") (ECF 98-02). The SR Letter highlights the "heightened and novel risks posed by crypto-assets," including "risks related to safety and soundness, consumer protection, and financial stability" (anti-money laundering and illicit financing risks among them). *Id*. at 3. As a result of these heightened risks, the SR Letter makes clear that "[a] supervised banking organization should, prior to engaging in [crypto-asset-related] activities, have in place adequate systems, risk management, and controls to conduct such activities in a safe and sound manner and consistent with applicable laws." *Id.* at 4. The Office of the Comptroller of the Currency ("OCC") has also provided guidance in this area indicating that certain crypto custody activities are permissible for national banks, provided that the bank can first demonstrate to supervisors

that it can conduct the activities in a safe and sound manner.[1] As Custodia correctly observes, BNYM was subject to the SR Letter, which established an expectation that it should "notify its supervisory point of contact at the Federal Reserve" prior to launching its digital asset custody service, *see* Supp. Notice at 2, and public reports state that BNYM obtained approval of its New York state financial regulator this fall, after announcing its planned activity approximately 19 months ago in February 2021.[2]

Contrary to Custodia's suggestions, the Board has presented a consistent message regarding the risks posed by crypto-assets both to Board-supervised financial institutions, and to novel, non-federally regulated, uninsured entities such as Custodia. As an initial matter, as a federally regulated and insured institution, BNYM falls under "Tier 1" of the Board's recently issued Guidelines for Evaluating Account and Service Requests, 87 Fed. Reg. 51,099, 51,109 (Aug. 19, 2022), and is "already subject to a standard, strict, and comprehensive set of federal banking regulations," and "detailed regulatory and financial information [is] … readily available" regarding BNYM. *Id.* By contrast, Custodia, as a non-federally regulated, uninsured *de novo* special depository institution, is currently a Tier 3 institution under the Guidelines, and therefore "subject to a regulatory framework that is substantially different from the regulatory framework that applies to federally-insured institutions" and for which "detailed regulatory and financial information … may not exist or may be unavailable." *Id.* at 51,110.

Moreover, as a Federal Reserve-supervised bank, BNYM is subject to continuous

---

[1] *See* OCC Interpretive Letter No. 1179 (Nov. 18, 2021), *available at* https://www.occ.gov/topics/charters-and-licensing/interpretations-and-actions/2021/int1179.pdf

[2] *See America's Oldest Bank, BNY Mellon, Will Hold That Crypto Now*, Wall Street Journal, Oct. 11, 2022, *available at* https://www.wsj.com/articles/americas-oldest-bank-bny-mellon-will-hold-that-crypto-now-11665460354 (BNMY "won the approval of New York's financial regulator earlier this fall to begin receiving select customers' bitcoin and ether starting this week" after "unveil[ing] its plans in February 2021 to hold and transfer digital currencies on behalf of investment firms").

monitoring and supervision by the Board, which includes regular engagement with supervisory staff about any proposed new business lines or activities. The Federal Reserve expects to address any safety and soundness or other issues with BNYM's digital asset custody services through the supervisory process. The same is not true for Custodia, a novel depository institution prohibited under Wyoming law from engaging in the traditional banking activity of lending,[3] exempt from Wyoming's requirement that banks obtain deposit insurance,[4] and not at this time federally regulated (and therefore far more difficult for the Federal Reserve to monitor and assess).

In addition, Custodia proposes to do much more than the limited custody services announced by BNYM. Most notably, Custodia intends to use its balance sheet to conduct certain activities as principal—including issuing the "Avit," a balance sheet liability of Custodia that would be a "tokenized, programmable U.S. dollar."[5] Further, Custodia has made no representation that it will not hold cryptocurrency in a principal capacity, *see* FRBKC Reply (ECF 97) at 5-6—an activity that is outside the scope of conventional custody services, but is arguably required by Wyoming law. *See* Wyo. Digital Asset Custody Rules, Chapter 19, Section 8(a) (requiring digital asset custodians to have on hand "sums required for the execution of transactions" as part of the digital asset custodial services), *available at* https://wyomingbankingdivision.wyo.gov/banks-and-trust-companies/special-purpose-depository-institutions. As explained by Defendants, these and other complex and novel business plans by Custodia present substantial risks and complexities requiring careful and diligent review. *See, e.g.*, Board Br. (ECF 49) at 8-9; FRBKC Br. (ECF 51) at 8-11; FRBKC

---

[3] Wyo. Stat. § 13-12-103(c); Compl. ¶¶ 28, 29.
[4] Wyo. Stat. § 13-2-103(a).
[5] *See* https://custodiabank.com/ (last visited Oct. 19, 2022).

Reply (ECF 97) at 4-8.

Therefore, Custodia's attempt to draw a parallel between BNYM's comprehensively supervised and limited crypto-asset safekeeping service to its novel and far-ranging business model as a non-federally regulated, uninsured depository institution is inapt and has no bearing on the pending motions to dismiss.

Dated: October 19, 2022

Respectfully submitted,

/s/ *Yvonne F. Mizusawa*
Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 469-1007
yvonne.f.mizusawa@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2022, I electronically filed the foregoing using the court's CM/ECF system, which will send notification of such filing to all parties of record.

By:    /s/ *Yvonne F. Mizusawa*
       Yvonne F. Mizusawa

*Counsel for Defendant Board of Governors of the Federal Reserve System*