BILLIE LM ADDLEMAN, #6-3690
JOHN P. FRITZ, #7-6318
HIRST APPLEGATE, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
jfritz@hirstapplegate.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| CUSTODIA BANK, INC., | |
| *Plaintiff,* | |
| v. | No. 1:22-cv-00125-SWS |
| FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY, | |
| *Defendants.* | |

## DEFENDANT FEDERAL RESERVE BANK
## OF KANSAS CITY'S ANSWER

Federal Reserve Bank of Kansas City ("FRBKC") answers the Complaint of Plaintiff Custodia Bank, Inc. ("Plaintiff") as follows, answering the allegation of each paragraph of the Complaint and using the same headings, which are not admissions, and paragraph numbers. All allegations are denied except as admitted herein.

## BACKGROUND

1.      Answering Paragraph 1, this paragraph consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, FRBKC admits that Custodia brings this Complaint against FRBKC and the Federal Reserve Board of Governors ("the Board").

2.      Answering Paragraph 2, FRBKC admits that Custodia is a financial institution that has received a Special Purpose Depository Institution ("SPDI") charter from Wyoming, and that Custodia has requested a Federal Reserve master account. FRBKC denies that it has not taken any action in response to Custodia's request. FRBKC admits that the holder of a master account may access Federal Reserve services directly, without the need to use an intermediary bank. The remainder of Paragraph 2 sets forth legal conclusions to which no answer is required or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them.

3.      Answering Paragraph 3, FRBKC admits that the holder of a master account may access Federal Reserve services directly, without the need to use an intermediary bank. The remainder of Paragraph 3 sets forth legal conclusions to which no answer is required or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies the allegations in Paragraph 3.

4.      Answering Paragraph 4, FRBKC admits that Custodia has applied to become a

member bank of the Federal Reserve, and that members are subject to certain supervisory and regulatory requirements. The remainder of Paragraph 4 sets forth legal conclusions to which no answer is required or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. To the extent a response is required, the remainder of Paragraph 4 is denied.

5.      Answering Paragraph 5, FRBKC admits that it received a business plan from Custodia in May 2020. FRBKC admits that there was a communication between Custodia and Tara Humston, FRBKC's head of Supervision and Risk Management in 2021, but denies that Custodia's allegation reflects a complete and accurate characterization of that conversation. The allegation in Paragraph 5 concerning a nondiscretionary duty calls for a legal conclusion to which no response is required. The remainder of Paragraph 5 is denied.

6.      Answering Paragraph 6, FRBKC admits that Custodia filed a one-page Master Account Agreement with its master account request. To the extent a response is required, FRBKC admits that during the relevant time period, a form submitted in connection with a master account request contained the following language: "[p]rocessing may take 5 – 7 business days. Please contact the Federal Reserve Bank to confirm the date that the master account will be established." FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents. The remainder of Paragraph 6 is denied.

7.      Answering Paragraph 7, FRBKC denies the allegations in Paragraph 7.

8.      Answering Paragraph 8, FRBKC lacks knowledge or information sufficient to admit or deny allegations in Paragraph 8, and on that basis denies them. Paragraph 8 contains legal conclusions to which no answer is required. To the extent a response is required, Paragraph 8 is denied.

9.     Answering Paragraph 9, this paragraph sets forth legal conclusions requiring no response or makes claims FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis FRBKC denies them. To the extent a response is required, FRBKC denies the remaining allegations in Paragraph 9 of the Complaint.

**PARTIES**

10.     Answering Paragraph 10, FRBKC admits that Plaintiff was issued an SPDI charter by the Wyoming State Banking Board in October of 2020 and that Plaintiff is located at 2120 Carey Avenue, Suite 300, Cheyenne, WY 82001. FRBKC admits that Caitlin Long was appointed by then-Governor Mead to serve on the Wyoming Blockchain task force. The characterization of Custodia as a bank is a legal conclusion to which no response is required. FRBKC lacks knowledge or information sufficient to admit or deny the remainder of Paragraph 10.

11.     Answering Paragraph 11, FRBKC admits that the Board has various supervisory responsibilities over the Federal Reserve System and the twelve regional Federal Reserve Banks, and that it is a federal agency based in Washington, D.C. that is headed by seven governors nominated by the President and confirmed by the Senate. FRBKC admits that the Board has its principal place of business at Constitution Ave N.W. & 20th St. N.W., Washington, DC 20551. FRBKC denies the remaining allegations in Paragraph 11.

12.     Answering Paragraph 12, FRBKC admits that the Board and the twelve regional Federal Reserve Banks, including FRBKC, are parts of the Federal Reserve System. FRBKC admits its Board of Directors is composed of nine members, pursuant to 12 U.S.C. § 302. FRBKC admits that it provides certain services within seven states, that a portion of its activities concern the exercise of authority delegated to it by the Board, including some authority relating to the supervision and regulation of bank holding companies and member banks in its district and related applications. The assertions that FRBKC is an agency of the United States and that it is a

"governmental" corporation set forth legal conclusions to which no response is required. FRBKC denies that it operates for all purposes pursuant to statutory and regulatory authority delegated to it by the Board. FRBKC denies that the Reserve Banks and the Board are the sole constituents of the United States Federal Reserve System. FRBKC denies that it has rulemaking authority or has been delegated authority from the Board to act with regard to applications and enforcement matters over bank holding companies and member banks other than as set forth in the Board's regulations concerning delegations of authority at 12 C.F.R. § 265.20. FRBKC admits that it has its principal place of business at 1 Memorial Drive, Kansas City, MO 64108. FRBKC denies any remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13.     Answering Paragraph 13, this paragraph consists of legal conclusions requiring no response. To the extent that a response is required, FRBKC denies the allegations in this paragraph.

14.     Answering Paragraph 14, this paragraph consists of legal conclusions requiring no response. To the extent that a response is required, FRBKC denies the allegations in this paragraph.

15.     Answering Paragraph 15, Custodia's assertions that this controversy is justiciable and that Custodia is suffering an injury set forth legal conclusions to which no answer is required. FRBKC denies the remainder of Paragraph 15.

16.     Answering Paragraph 16, this paragraph sets forth legal conclusions to which no answer is required. To the extent a response is required, FRBKC denies the allegations in Paragraph 16.

17.     Answering Paragraph 17, this paragraph sets forth legal conclusions and characterizations of Plaintiff's Complaint to which no answer is required. To the extent a response is required, FRBKC denies the allegations in Paragraph 17.

## FACTUAL ALLEGATIONS

18.     Answering Paragraph 18, FRBKC admits that Custodia has received an SPDI charter from Wyoming and that it has requested a Federal Reserve master account. FRBKC admits that Custodia has provided responses to certain of its inquiries, that the parties have engaged in meetings, and that more than 19 months have passed since Custodia first requested a Federal Reserve master account on or about October 29, 2020. FRBKC denies the remaining allegations in Paragraph 18.

19.     Answering Paragraph 19, this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, FRBKC admits that in the United States, banks may be chartered by either the federal or state governments and that at the founding of the United States most banks were state chartered. FRBKC denies the remaining allegations in Paragraph 19.

20.     Answering Paragraph 20, FRBKC admits that Congress passed the National Bank Act, 12 U.S.C. §§ 38 *et seq*., in 1863 and that nationally chartered banks became more common thereafter. FRBKC denies the remaining allegations in Paragraph 20.

21.     Answering Paragraph 21, FRBKC admits that Congress passed the Federal Reserve Act, 12 U.S.C. §§ 226 *et seq.*, in 1913, and that the Federal Reserve Act established the Board and the Federal Reserve Banks. FRBKC denies the remaining allegations in Paragraph 21.

22.     Answering Paragraph 22, this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, FRBKC admits that regulation of banks may involve federal and state governments. FRBKC denies the remaining allegations in Paragraph 22.

23.     Answering Paragraph 23, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, FRBKC admits that a bank may obtain

either a national charter from the Office of the Comptroller of the Currency or a state charter from a state banking authority with certain continuing oversight from the state banking authority. FRBKC denies the remaining allegations in Paragraph 23.

24.     Answering Paragraph 24, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, FRBKC admits that nationally-chartered banks must become members of the Federal Reserve System and that state-chartered banks may decide whether to apply to become member banks, and that, as part of its responsibilities the Board regulates bank holding companies. FRBKC denies the remaining allegations in Paragraph 24.

25.     Answering Paragraph 25, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, FRBKC admits that state-chartered banks, unlike nationally-chartered banks, may choose whether to apply to become members of the Federal Reserve System. FRBKC admits that when a state-chartered bank becomes a member bank, it is subject to additional legal requirements. FRBKC also admits that state-chartered banks that have joined the Federal Reserve System are often referred to as "state member banks" and those that do not are often referred to as nonmember banks. FRBKC admits that state member banks are regulated by both the Federal Reserve and a relevant state banking agency, and state-chartered non-member banks are regulated by a state banking agency and may also be regulated by the Federal Deposit Insurance Corporation. Otherwise, Paragraph 25 consists of argument, not allegations of fact to which a response is required. To the extent a response is deemed required, FRBKC denies the remainder of this paragraph.

26.     Answering Paragraph 26, FRBKC admits that most states require their state-chartered depository institutions engaged in taking deposits to be FDIC-insured. The remainder of Paragraph 26 contains legal conclusions to which no response is required. To the extent a response

is required, FRBKC lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 26.

27.     Answering Paragraph 27, this paragraph contains legal conclusions to which no response is required. FRBKC denies that federal law mandates that state-chartered deposit-taking institutions like Custodia must be allowed access to the Federal Reserve System through master accounts—regardless of whether such institutions elect to become Federal Reserve member banks, and regardless of whether they are FDIC-insured. Paragraph 27 contains legal conclusions to which no response is required. FRBKC denies the remainder of Paragraph 27.

28.     Answering Paragraph 28, FRBKC admits that Wyoming passed Wyo. Stat. §§ 13-12-101, *et seq.*, creating Special Purpose Depository Institutions, in 2019. The remainder of Paragraph 28 includes Plaintiff's characterization of Wyoming statutes and legal conclusions, neither of which require a response, or consists of allegations that FRBKC lacks the knowledge or information to admit or deny, and on that basis FRBKC denies them.

29.     Answering Paragraph 29, the assertion that SPDIs are banks is a legal conclusion requiring no response. FRBKC admits that SPDIs do not lend money. Paragraph 29 otherwise consists of legal conclusions that require no response as well as allegations that FRBKC lacks the knowledge or information to admit or deny, and on those bases FRBKC denies them.

30.     Answering Paragraph 30, FRBKC admits that a master account provides a means of accessing the Federal Reserve payment system for clearing U.S. dollar transactions. The assertion that SPDIs are banks is a legal conclusion requiring no response. The remainder of Paragraph 30 consists of allegations that FRBKC lacks the knowledge or information to admit or deny, and on that basis, FRBKC denies the remainder of Paragraph 30.

31.     Answering Paragraph 31, FRBKC admits that no SPDI has received a Federal

Reserve master account. The assertion that SPDIs are banks is a legal conclusion requiring no response. The remainder of Paragraph 31 and footnote 1 contain Plaintiff's characterization of Wyoming legislation and a Wall Street Journal Op-Ed to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies Paragraph 31.

32.     Answering Paragraph 32, this paragraph consists of citations of legal authority and legal conclusions to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 32.

33.     Answering Paragraph 33, this paragraph contains legal conclusions to which no response is required. FRBKC admits that it has communicated that Custodia satisfies the threshold legal definition of an entity eligible for a master account. The remainder of Paragraph 33 is denied.

34.     Answering Paragraph 34, FRBKC admits that Custodia provided a business plan to FRBKC in May 2020. FRBKC denies that the business plan Custodia submitted in May 2020 is Custodia's current business plan. FRBKC admits that Custodia requested a master account on or about October 29, 2020. Any additional allegations in Paragraph 34 are denied.

35.     Answering Paragraph 35, FRBKC admits that Custodia was required to file a one-page Master Account Agreement with its master account request. To the extent a response is required, FRBKC admits that during the relevant time period, a form submitted in connection with a master account request contained the following language: "[p]rocessing may take 5 – 7 business days. Please contact the Federal Reserve Bank to confirm the date that the master account will be established." FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents. Any additional allegations in Paragraph 35 are denied.

36. Answering Paragraph 36, FRBKC admits that there was a communication between Custodia and Tara Humston, FRBKC's head of Supervision and Risk Management, in 2021, but denies that Custodia's allegation reflects a complete and accurate characterization of that conversation. FRBKC admits that it informed Custodia in January 2022 that it satisfies the threshold legal definition of an entity eligible for a master account. FRBKC denies the remainder of Paragraph 36.

37. Answering Paragraph 37, FRBKC admits that has been in regular communication with Custodia regarding its master account request. The remainder of Paragraph 37 is denied.

38. Answering Paragraph 38, this paragraph contains legal conclusions requiring no response. To the extent a response is required, Paragraph 38 is denied.

39. Answering Paragraph 39, FRBKC admits that, in August 2021, Plaintiff initiated the process to become a member bank of the Federal Reserve System, and that, as a member bank, Plaintiff would be supervised and regulated by the Board and by the Wyoming Division of Banking. The remainder of Paragraph 39 consists of legal conclusions and allegations that FRBKC lacks the knowledge or information to admit or deny, and on that basis, FRBKC denies the remainder of Paragraph 39.

40. Answering Paragraph 40, FRBKC admits that it held a meeting with Custodia on March 2, 2022, concerning its master account request. FRBKC denies informing Custodia that it had not started processing Custodia's master account application. The remainder of Paragraph 40 is denied.

41. Answering Paragraph 41, FRBKC admits that its President and Chief Executive Officer Esther George received a March 3, 2022, letter from Custodia. FRBKC admits that the letter contained Custodia's characterization of its cooperation with FRBKC's requests. The

remainder of Paragraph 41 is denied.

42.     Answering Paragraph 42, FRBKC admits that Ms. George agreed to meet with Custodia on March 24, 2022. FRBKC admits that Custodia, by letter, offered to hold $1.08 in cash in its master account for every $1.00 of U.S. dollar deposits during its first three years of operation, to provide monthly financial statements, and to agree to other restrictions. The remainder of Paragraph 42 is denied.

43.     Answering Paragraph 43, this paragraph contains Plaintiff's characterization of correspondence with Defendant FRBKC, to which no response is required. To the extent a response is required, Defendant Board respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies Paragraph 43.

44.     Answering Paragraph 44, FRBKC denies all allegations in Paragraph 44.

45.     Answering Paragraph 45, FRBKC admits that Custodia first submitted a master account request more than 19 months ago and that FRBKC has not yet made a determination whether to grant Custodia's request. The remainder of Paragraph 45 contains legal conclusions requiring no response. To the extent a response is required, the remainder of Paragraph 45 is denied.

46.     Answering Paragraph 46, FRBKC admits that more than 80 weeks have passed since Custodia first submitted a master account request. The remainder of Paragraph 46 contains legal conclusions requiring no response. To the extent a response is required, the remainder of Paragraph 46 is denied.

47.     Answering Paragraph 47, FRBKC lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47, and on that basis denies them.

48.     Answering Paragraph 48, FRBKC admits that it has held meetings and

communicated with Custodia. To the extent Paragraph 48 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them. The remainder of Paragraph 48 is denied.

49.     Answering Paragraph 49, FRBKC admits that it has stated its intention to consider Board guidelines when evaluating Plaintiff's request for a master account. The allegations of this paragraph otherwise contain Plaintiff's characterization of the Board's Proposed Guidelines for Evaluating Account and Services Requests, issued May 11, 2022 ("Proposed Guidelines"), and its Supplemental Proposed Guidelines issued March 8, 2022 ("Supplemental Proposed Guidelines"), to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 49.

50.     Answering Paragraph 50, this paragraph contains Plaintiff's characterization of the Proposed Guidelines and legal conclusions requiring no response. To the extent a response is required, FRBKC denies the allegations.

51.     Answering Paragraph 51, this paragraph and footnote 2 contain Plaintiff's characterization of the Proposed Guidelines, Supplemental Proposed Guidelines, caselaw, Federal Reserve publications and legal conclusions to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations.

52.     Answering Paragraph 52, to the extent this paragraph contains Plaintiff's characterization of the Proposed Guidelines, Supplemental Proposed Guidelines, rulemaking processes, and legal conclusions, no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement

of their contents, and otherwise denies the allegations.

53.     Answering Paragraph 53, this paragraph contains legal conclusions requiring no response. To the extent a response is required, Paragraph 53 is denied.

54.     Answering Paragraph 54, FRBKC admits that it communicated to the Plaintiff that it will decide Plaintiff's request for a master account and will communicate that decision to Plaintiff. FRBKC further admits that it has taken the position that it is not a federal agency. The remaining allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, FRBKC denies the remaining allegations.

55.     Answering Paragraph 55, FRBKC admits that depository institutions submit master account requests to Reserve Banks. The remainder of Paragraph 55 contains Plaintiff's characterization of the Federal Reserve Act, positions taken in legal briefs to which no response is required, and legal conclusions to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the allegations contained therein.

56.     Answering Paragraph 56, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, FRBKC admits that master account decisions are not a Board-delegated function and denies the remainder of Paragraph 56.

57.     Answering Paragraph 57, this paragraph contains Plaintiff's characterization of federal statutes and legal conclusions requiring no response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents and otherwise denies Paragraph 57.

58.     Answering Paragraph 58, this paragraph contains Plaintiff's characterization of the Federal Reserve Act and legal conclusions, to which no response is required. To the extent a

response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies Paragraph 58.

59. Answering Paragraph 59, FRBKC admits that the Board issued proposed guidelines for Reserve Banks' consideration of master account requests. FRBKC lacks knowledge or information sufficient to admit or deny allegations in Paragraph 59 concerning the Board, and on that basis denies them. Paragraph 59 otherwise contains Plaintiff's characterization of case law and calls for legal conclusions for which no response is required. To the extent a response is required, FRBKC Board respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the allegations.

60. Answering Paragraph 60, this paragraph contains legal conclusions requiring no response. To the extent a response is required, FRBKC denies Paragraph 60.

**CLAIM FOR RELIEF I: VIOLATION OF APA**

61. Answering Paragraph 61, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

62. Answering Paragraph 62, this paragraph contains legal conclusions requiring no response. Paragraph 62 quotes 5 U.S.C. § 706. No response is required because the provision speaks for itself.

63. Answering Paragraph 63, this paragraph contains legal conclusions requiring no response, to the extent a response a required, FRBKC denies the allegations. Paragraph 63 quotes 5 U.S.C. § 551(1). No response is required because the provision speaks for itself.

64. Answering Paragraph 64, FRBKC admits that the Board is an agency of the U.S. government with statutorily defined authority. The remaining allegations of this paragraph call for legal conclusions and offer Plaintiff's characterization of the Board's website—which speak for themselves—to which no response is required. To the extent a response is required, FRBKC denies

the allegations.

65.     Answering Paragraph 65, this paragraph calls for a legal conclusion requiring no response. Paragraph 65 references and characterizes case law and FRBKC's website. No response is required because the cited case law and websites speak for themselves. The remainder of Paragraph 65 is denied.

66.     Answering Paragraph 66, this paragraph contains legal conclusions requiring no response. The assertion that FRBKC is an agency for purposes of the APA is a legal conclusion requiring no response. To the extent a response is required, FRBKC denies that it is an agency for the purposes of the APA. The remainder of Paragraph 66 is denied.

67.     Answering Paragraph 67, this paragraph contains legal conclusions and Plaintiff's characterization of Federal Reserve Banks and federal statutes, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the allegations in Paragraph 67.

68.     Answering Paragraph 68, FRBKC admits that it has informed Custodia of its view that FRBKC is not an agency for purposes of the APA. To the extent Paragraph 68 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny the allegations, and on that basis denies them. The remainder of Paragraph 68 is denied.

69.     Answering Paragraph 69, this paragraph contains legal conclusions requiring no response. FRBKC admits that a majority of its directors represent the public and are appointed in accordance with 12 U.S.C. § 302 and other applicable federal statutes and regulations. The remainder of Paragraph 69 is denied.

70.     Answering Paragraph 70, this paragraph contains legal conclusions requiring no response. FRBKC admits that its Board of Directors includes individuals who are representative of banks in accordance with 12 U.S.C. § 302 and applicable federal statutes and regulations. The remainder of Paragraph 70 is denied.

71.     Answering Paragraph 71, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, FRBKC denies Paragraph 71.

72.     Answering Paragraph 70, this paragraph contains legal conclusions requiring no response. To the extent a response is required, FRBKC admits that the Board is an agency for purposes of the APA, but FRBKC denies that FRBKC is an agency for the purposes of the APA. The remainder of Paragraph 72 is denied.

73.     Answering Paragraph 73, FRBKC admits that Custodia submitted a master account request on or about October 29, 2020. FRBKC admits that there was a communication between Custodia and Tara Humston, FRBKC's head of Supervision and Risk Management in 2021, but denies that Custodia's allegation reflects a complete and accurate characterization of that conversation. FRBKC admits that as of the date of the Complaint, FRBKC had not reached a decision on Custodia's master account request. The remainder of Paragraph 73 is denied.

74.     Answering Paragraph 74, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, Paragraph 74 is denied.

75.     Answering Paragraph 75, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, Paragraph 75 is denied.

76.     Answering Paragraph 76, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, Paragraph 76 is denied.

77.     Answering Paragraph 77, FRBKC admits that Custodia was required to file a one-

page Master Account Agreement with its master account request. FRBKC admits that during the relevant time period, a form submitted in connection with a master account request contained the following language: "[p]rocessing may take 5 – 7 business days. Please contact the Federal Reserve Bank to confirm the date that the master account will be established." FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents. FRBKC denies the remainder of Paragraph 77.

78.     Answering Paragraph 78, FRBKC denies that it is a federal agency. FRBKC admits that Custodia has asked FRBKC to speed up the master account request process. FRBKC admits that it has informed Custodia that it satisfies the threshold legal definition of an entity legally eligible to receive a master account. FRBKC denies Plaintiff's characterization that neither Defendant has asked Plaintiff for additional information necessary to decide Plaintiff's request. To the extent Paragraph 78 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny the allegations, and on that basis denies them. The remainder of Paragraph 78 is denied.

79.     Answering Paragraph 79, FRBKC admits that it is the final decision-maker over Plaintiff's request for a master account and will communicate its final decision to Plaintiff. FRBKC admits that Plaintiff initiated the process for requesting a master account before the Board issued its final Guidelines for Evaluating Account and Services Requests on August 15, 2022 ("Guidelines"). FRBKC denies that the Board has asserted control over FRBKC's decision-making process, and otherwise denies the allegations of the first four and last sentences of this paragraph. The remaining allegations of this paragraph contain conclusions of law to which no response is required. To the extent a response is required, FRBKC denies the allegations.

80.     Answering Paragraph 80, this paragraph consists of a legal conclusion requiring no

response. To the extent a response is required, Paragraph 80 is denied.

81.     Answering Paragraph 81, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 81 is denied.

### CLAIM FOR RELIEF II: MANDAMUS

82.     Answering Paragraph 82, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

83.     Answering Paragraph 83, this paragraph contains Plaintiff's characterization of this action and a quotation from 28 U.S.C. § 1361, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the allegations contained therein.

84.     Answering Paragraph 84, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 84 is denied.

85.     Answering Paragraph 85, FRBKC admits that the Board is an agency but denies that FRBKC is an agency. The remaining allegations in Paragraph 85 consist of legal conclusions requiring no response. To the extent a response is required, the allegations are denied.

86.     Answering Paragraph 86, this paragraph contains legal conclusions requiring no response. To the extent a response is required, FRBKC denies the allegations. FRBKC denies the remainder of Paragraph 86.

87.     Answering Paragraph 87, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 87 is denied.

88.     Answering Paragraph 88, FRBKC admits that a master account is necessary to access Federal Reserve services directly, without the need to use an intermediary bank. To the extent Paragraph 88 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny the allegations, and on that basis denies them.

Paragraph 88 also contains Plaintiff's characterization of this action, case law, and legal conclusions, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the remainder of Paragraph 88.

89.     Answering Paragraph 89, this paragraph contains legal conclusions requiring no response. To the extent a response is required, FRBKC denies the allegations. FRBKC admits that Custodia submitted a master account request on or about October 29, 2020, and that FRBKC has communicated with Custodia since that time. To the extent Paragraph 89 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny the allegations, and on that basis denies them. The remainder of Paragraph 89 is denied.

90.     Answering Paragraph 90, FRBKC lacks knowledge or information to admit or deny the allegations in Paragraph 90, and on that basis denies them.

91.     Answering Paragraph 91, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 91 is denied.

## CLAIM FOR RELIEF III:
## VIOLATION OF SEPARATION OF POWERS AND DUE PROCESS CLAUSE

92.     Answering Paragraph 92, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

93.     Answering Paragraph 93, this paragraph contains characterizations of the U.S. Constitution and legal conclusions requiring no response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies. To the extent Paragraph 93 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required.

94.     Answering Paragraph 94, FRBKC admits that the Board is a governmental entity and that Custodia is a depository institution. Paragraph 94 contains legal conclusions requiring no response. To the extent Paragraph 94 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required. The remainder of Paragraph 94 is denied.

95.     Answering Paragraph 95, this paragraph contains legal conclusions requiring no response. To the extent a response is required, Paragraph 95 is denied. To the extent Paragraph 95 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required.

96.     Answering Paragraph 96, this paragraph contains legal conclusions requiring no response. To the extent a response is required, Paragraph 96 is denied. To the extent Paragraph 96 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required. The remainder of Paragraph 96 is denied.

97.     Answering Paragraph 97, FRBKC denies the allegations in the first sentence of this paragraph, and respectfully refers the Court to the Proposed Guidelines, the Supplemental Proposed Guidelines, and the Guidelines. FRBKC admits that Federal Reserve Banks are not currently required to publish lists of institutions requesting master accounts or decisional records indicating which institutions have been granted master accounts. To the extent Paragraph 97 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny the allegations, and on that basis denies them. To the extent Paragraph 97 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required. The remainder of Paragraph 97 is denied.

98.     Answering Paragraph 98, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 98 is denied.

99.     Answering Paragraph 99, FRBKC admits that Custodia submitted a master account request on or about October 29, 2020. FRBKC admits that it has confirmed that Custodia satisfies the threshold legal definition of an entity legally eligible to receive a master account. FRBKC admits that Custodia's request had not been decided as of the date of the Complaint and remains pending. To the extent Paragraph 99 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required. To the extent Paragraph 99 concerns communications between the Board and Custodia, FRBKC lacks knowledge or information sufficient to admit or deny the allegations, and on that basis denies them. The remainder of Paragraph 99 is denied.

100.    Answering Paragraph 100, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 100 is denied.

101.    Answering Paragraph 101, this paragraph consists of legal conclusions requiring no response. To the extent Paragraph 101 relates to a claim under the nondelegation doctrine, that claim has been dismissed and no response is required. To the extent a response is required, Paragraph 101 is denied.

### CLAIM FOR RELIEF IV IN THE ALTERNATIVE:
### Relief under the Declaratory Judgment Act, 28 U.S.C. § 2201

102.    Answering Paragraph 102, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

103.    Answering Paragraph 103, this paragraph states legal conclusions, quotes a federal statute, and characterizes Plaintiff's Complaint, none of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents and otherwise denies the allegations contained therein.

104.    Answering Paragraph 104, this paragraph contains legal conclusions and

characterizations of Plaintiff's claims to which no response is required. To the extent a response is required, Paragraph 104 is denied.

105.    Answering Paragraph 105, FRBKC admits that Custodia was chartered in Wyoming. The remainder of Paragraph 105 state legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

106.    Answering Paragraph 106, FRBKC admits that a master account is necessary to access Federal Reserve services directly, without the need to use an intermediary bank. Paragraph 106 contains legal conclusions requiring no response. To the extent a response is required, the remainder of Paragraph 106 is otherwise denied.

107.    Answering Paragraph 107, this paragraph contains legal conclusions requiring no response. To the extent a response is required, Paragraph 107 is denied.

108.    Answering Paragraph 108, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, Paragraph 108 is denied.

109.    Answering Paragraph 109, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 109 is denied.

**CLAIM FOR RELIEF V IN THE ALTERNATIVE:**
**Violation of U.S. Const. amend. V**
**Claim for Violation of Due Process Clause Against All Defendants**

110.    Answering Paragraph 110, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

111.    Answering Paragraph 111, this paragraph relates to a claim that has been dismissed. Accordingly, no response is required.

112.    Answering Paragraph 112, this paragraph relates to a claim that has been dismissed. Accordingly, no response is required.

113.    Answering Paragraph 113, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

114.     Answering Paragraph 114, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

115.     Answering Paragraph 115, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

116.     Answering Paragraph 116, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

**CLAIM FOR RELIEF VI IN THE ALTERNATIVE:**
**Violation of U.S. Const. Art. II, § 2, cl. 2**
**Claim for Violation of Appointments Clause Against All Defendants**

117.     Answering Paragraph 117, FRBKC incorporates by reference herein its responses

to the preceding paragraphs as though set forth fully herein.

118.     Answering Paragraph 118, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

119.     Answering Paragraph 119, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

120.     Answering Paragraph 120, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

121.     Answering Paragraph 121, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

122.     Answering Paragraph 122, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

123.     Answering Paragraph 123, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

124.     Answering Paragraph 124, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

125.     Answering Paragraph 125, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

126.     Answering Paragraph 126, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

127.     Answering Paragraph 127, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

## CLAIM FOR RELIEF VII IN THE ALTERNATIVE:
### Relief Under the Mandamus Act, 28 U.S.C. § 1361;
### Claim for Mandamus Against All Defendants

128.     Answering Paragraph 128, FRBKC incorporates by reference herein its responses

to the preceding paragraphs as though set forth fully herein.

129.     Answering Paragraph 129, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

130.     Answering Paragraph 130, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

131.     Answering Paragraph 131, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

132.     Answering Paragraph 132, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

133.     Answering Paragraph 133, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

134.     Answering Paragraph 134, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

135.     Answering Paragraph 135, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

136.    Answering Paragraph 136, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

137.    Answering Paragraph 137, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

## CLAIM FOR RELIEF VIII IN THE ALTERNATIVE
### Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201
### Claim for Declaratory Judgment Against All Defendants

138.    Answering Paragraph 138, FRBKC incorporates by reference herein its responses

to the preceding paragraphs as though set forth fully herein.

139.    Answering Paragraph 139, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

140.    Answering Paragraph 140, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

141.    Answering Paragraph 141, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

142.    Answering Paragraph 142, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

143.    Answering Paragraph 143, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

144.    Answering Paragraph 144, this paragraph relates to a claim that has been dismissed.

Accordingly, no response is required.

145.    FRBKC denies all allegations of the *Complaint* not specifically admitted or

addressed herein.

**AS TO THE PRAYER FOR RELIEF**

FRBKC denies that Custodia is entitled to any of the relief for which it prays in subparagraphs (a)–(e) on page 42 of the Complaint.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof for any claim or element of any claim that properly lies with Plaintiff, FRBKC asserts the following affirmative defenses to Custodia's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against FRBKC for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not alleged an injury in fact that would be redressed by a decision in its favor, and therefore lacks standing and ripeness to bring its complaint.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of illegality.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

FRBKC reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

Dated:  30 November 2022.

FEDERAL RESERVE BANK OF KANSAS CITY,
Defendant


BY:  /s/ *Billie LM Addleman*

    **BILLIE LM ADDLEMAN, #6-3690**
    **JOHN P. FRITZ, #7-6318**
    OF HIRST APPLEGATE, LLP
    Attorneys for Defendant FRBKC
    P. O. Box 1083
    Cheyenne, WY 82003-1083
    Phone: (307) 632-0541
    Fax: (307) 632-4999
    baddleman@hirstapplegate.com
    jfritz@hirstapplegate.com

    Andrew Michaelson (*pro hac vice*)
    Laura Harris (*pro hac vice*)
    KING & SPALDING LLP
    1185 Avenue of the Americas, 34th Floor
    New York, NY 10036
    Phone: (212) 556-2100
    amichaelson@kslaw.com
    lharris@kslaw.com

    Jeffrey S. Bucholtz (*pro hac vice*)
    Joshua N. Mitchell (*pro hac vice*)
    Christine M. Carletta (*pro hac vice*)
    KING & SPALDING LLP
    1700 Pennsylvania Ave NW
    Washington, DC 20006
    Phone: (202) 737-0500

**CERTIFICATE OF SERVICE**

   I certify the foregoing ***Defendant Federal Reserve Bank of Kansas City's Answer*** was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 30 November 2022, and that copies were served as follows:

| | |
|---|---|
| John K. Villa<br>Ryan Scarborough<br>Sarah M. Harris<br>Whitney D. Hermandorfer<br>Jamie Wolfe<br>WILLIAMS & CONNOLLY<br>680 Maine Avenue SW<br>Washington, DC 20024<br>*Attorneys for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Scott E Ortiz<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P O Box 10700<br>Casper, WY 82602<br>*Attorneys for Plaintiff* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Angela Tarasi<br>KING & SPALDING LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, CO 80202<br>*Attorney for Defendant Federal Reserve Bank of Kansas City* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |
| Mark Van Der Weide<br>Richard M. Ashton<br>Joshua P. Chadwick<br>Yvonne F. Mizusawa<br>Yonatan Gelblum<br>Katherine Pomeroy<br>Board of Governors of the Federal Reserve System<br>20th Street and Constitution Avenue, N.W.<br>Washington, D.C.  20551<br>*Attorneys for Defendant Federal Reserve Board of Governors* | ☐ U.S. MAIL<br>☐ FED EX<br>☐ FAX<br>☐ HAND DELIVERED<br>☐ EMAIL<br>☑ E-FILE |

         *s/ Shannon M. Ward*
         OF HIRST APPLEGATE, LLP
         Attorneys for Defendant FRBKC