Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 452-2046
yonatan.gelblum@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CUSTODIA BANK, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF GOVERNORS OF ) <br> THE FEDERAL RESERVE SYSTEM & ) <br> FEDERAL RESERVE BANK ) <br> OF KANSAS CITY, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:22-cv-00125-SWS |

**STATUS REPORT BY
DEFENDANT BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM**

Defendant Board of Governors of the Federal Reserve System ("Board") respectfully submits this status report following the Court's November 11, 2022 Order Granting in Part and Denying in Part Defendants' 12(b)(6) Motions to Dismiss. That Order states in part:

> In Claim I, Custodia alleges a plausible claim of unreasonable delay under the APA.
> In part of Claim III, Custodia alleges a plausible violation of due process based on

> an alleged property interest in and legal entitlement to a master account. Claims II and IV complement these causes of action in seeking mandamus and declaratory judgment. Consequently, these claims survive dismissal.

Order at 37. The Order also held that certain of Plaintiff's causes of actions were not plausible claims upon which relief could be granted and had to be dismissed, leaving as pending only the four claims identified by the Court. *Id.* at 38.

The merits of APA and due process claims involving agency action are adjudicated based on an administrative record. *See, e.g.*, *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1085 (10th Cir. 2006) ("We review Robbins' [constitutional] due process claim against the [agency] under the framework set forth in the APA."); *Franklin Sav. Ass'n v. Director, Office of Thrift Supervision*, 934 F.2d 1127, 1137 (10th Cir. 1991) ("In cases where Congress has provided for judicial review without setting forth the standards to be used or procedures to be followed in conducting that review, the Supreme Court has advised such review shall be confined to the administrative record and, in most instances, no de novo proceedings may be had."); *Ketcham v. U.S. Nat'l Park Serv.*, No. 16-cv-17, 2016 WL 4268346 (D. Wyo. Mar. 29, 2016) (holding that plaintiffs' First Amendment challenge to agency action invoking mandamus and Declaratory Judgment Act had to be analyzed under the APA using the administrative record), *reconsideration denied*, 2016 WL 4257509 (D. Wyo. May 5, 2016), *certification of interlocutory appeal denied*, 2016 WL 4257439 (D. Wyo. June 21, 2016).

Record review applies in cases where the plaintiff is challenging agency action, as well as in cases where the plaintiff is challenging action withheld. *See* Local Rule 83.6(a)(1) (prescribing procedures for record review where the plaintiff seeks "[r]eview of an order, decision, rulemaking or other final action taken *or withheld* by an administrative agency" (emphasis added)); *cf. Gilmore v. Weatherford*, 694 F.3d 1160, 1168 (10th Cir. 2012) (noting

importance of administrative record in case where plaintiffs sought "to compel various agency actions").[1]

The Board is preparing the administrative record, which it understands must be filed with the Court within 90 days of the Court's November 11, 2022 Order holding that only certain of Plaintiff's claims survive dismissal and fixing the remaining issues for review. *See* Local Rule 83.6(b)(2) ("the agency shall file the record with the Clerk of Court within ninety (90) days of proper service of the complaint"); Local Rule 26.1(b) (indicating that discovery is stayed until a ruling on a dispositive motion); *cf. Mountain Pursuit v. U.S. Forest Serv.*, No. 19-cv-199-NDF, 2020 WL 10356186, at *2 (D. Wyo. Aug. 25 2020) (suggestion that court needed an administrative record to adjudicate challenge to standing to raise APA claim on a Rule 12 motion "has the cart before the horse"). The Board calculates this deadline to be February 9, 2023, but will endeavor to complete the record before that time to the extent possible.

Pursuant to the Local Rules, no responsive pleading is required from a federal agency in a case alleging action withheld. Local Rule 83.6(a)(4) ("[t]he responding party need not file an answer to the complaint").

---

[1] Plaintiff contends that the Board is responsible for deciding its master account request. *See* Compl. ¶¶ 58-59 (alleging Board has "power to grant master account" request and that "the Board['s] proposed guidelines to standardize Federal Reserve Banks' processes pursuant to Board specifications is alone *prima facie* evidence that the Board believes it has control"). Plaintiff further claims that the Board has unreasonably withheld final agency action on its request in violation of the Administrative Procedure Act and due process. *See* Compl. ¶¶ 80-81, 98-100.  There is no dispute that the Board is a federal agency. *See* Compl. ¶ 11.

Dated: November 30, 2022

                                                Respectfully submitted,

                                                /s/ *Yonatan Gelblum*
Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 452-2046
yonatan.gelblum@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2022, I electronically filed the foregoing using the court's CM/ECF system, which will send notification of such filing to all parties of record.

By:    /s/ *Yonatan Gelblum*
        Yonatan Gelblum

*Counsel for Defendant Board of Governors of the Federal Reserve System*