Scott E. Ortiz, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
Email:         sortiz@wpdn.net

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-CV-00125-SWS |
| | ) |
| FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY, | ) ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF CUSTODIA BANK, INC.'S
## MOTION TO STRIKE AND FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL ANSWER AND EXPEDITE DISCOVERY

In a case about an unlawfully delayed agency action, Defendant the Federal Reserve Board ("the Board") continues to drag its heels and create new ways to frustrate Custodia's efforts to obtain relief. The Government must observe the Federal Rules of Civil Procedure just like any other litigant. Custodia's Complaint was filed nearly six months ago, and the Court issued its opinion granting in part and denying in part the Board's Motion to Dismiss nearly three weeks ago. The Board's answer was due on November 30, 2022. Despite this, the Board inexcusably refused to file an answer and unilaterally claimed entitlement to compile a so-called

"administrative record" even though the Board, by its own lights, has taken no action on Custodia's application and disclaims any responsibility to do so. We are falling through the looking glass.

On November 30, 2022, for the first time, the Board perfunctorily asserted that it is not required to file an answer or take part in the normal discovery process. Instead, the Board filed a three-page "Status Report" at the extended deadline for filing an answer. In that Status Report, the Board assumes, contrary to the Court's Motion to Dismiss Order, that it is exempt from discovery and that it has until February to file an administrative record with the Court. That assumption is wrong, and the Status Report is not a sufficient response to Custodia's Complaint. The Government does not get to make up its own rules. Given the Board's gamesmanship and continued pattern of delay, Custodia respectfully requests that the Court strike the Board's Status Report and order it to answer the Complaint within three business days, or else enter a default against the Board. Alternatively, Custodia requests the Court compel the Board to file an answer and order the parties to proceed to discovery on an expedited schedule.

## I. FACTS

Custodia filed its Complaint on June 7, 2022. Dkt. 1. Less than a week after filing the Complaint, on June 13, 2022, Custodia sent the Board's Senior Special Counsel, Joshua Chadwick, a letter notifying him that "Custodia Bank [] intends to seek electronically stored data and information ("ESI") from your respective client[] in connection with the above-captioned lawsuit." Ltr. from Ryan Scarborough to Joshua Chadwick, et al 1 (June 13, 2022). As an enclosure to the letter, Custodia included Requests for Production, Interrogatories, Requests for Admission, and a 30(b)(6) deposition notice for the Board. Custodia expressly noted that "these draft discovery requests will at least give you a head start on preserving, collecting, and producing responsive

documents and data that bear on Custodia's claims and which Custodia intends to seek in this litigation." *Id.*

The Board was served with the Complaint on June 16, 2022. Under Federal Rule of Civil Procedure 12, the Board had until August 16, 2022 to file its response to Custodia's Complaint. Fed. R. Civ. P. 12(a)(2), *see also* Dkt. 25. Following a motion for an extension of time from co-Defendant the Federal Reserve Bank of Kansas City ("Kansas City Fed")—which Custodia did not oppose—both the Board and the Kansas City Fed filed motions to dismiss on August 16, 2022. (Dkts. 48-51).

The parties completed briefing on October 4, 2022, and the Court heard oral argument on those motions on October 28, 2022. During the hearing, Custodia's counsel and the Court explicitly discussed Custodia's discovery plan. *See, e.g.*, Mot. to Dismiss Oral Arg. Tr. at 53:10-21 ("Your Honor, you could put this on a truncated, streamlined discovery schedule . . . ."). On November 11, 2022, the Court issued an opinion granting in part and denying in part Defendants' Motions to Dismiss. Dkt. 102 at 38. The Court's Order explicitly contemplated that Custodia would get discovery into the Board's role and actions relating to its master account application. Dkt. 102 at 16.

Following the Court's Order, Defendants had 14 days to respond to Custodia's Complaint. Fed. R. Civ. P. 12(a)(4)(A). On November 21, 2022, the Kansas City's Fed's counsel, Mr. Addleman, contacted counsel for Custodia to request that Custodia agree to a five-day extension of the time for both defendants to file an answer. Dkt. 103 ¶ 3. As a professional courtesy and in consideration of the Thanksgiving holiday, Custodia agreed to this extension, as it had with Defendants' prior request for an extension. At no time, in any of its conversations with counsel for Custodia, in any of its filings, or in its arguments before the Court, did the Board indicate that

it would not file an answer or that it would seek to avoid discovery by submitting an administrative record. In fact, in Defendants' request for an extension of time, they expressly noted that "[a]ny *answers* are therefore due November 25, 2022." Dkt. 103 at 1-2 (emphasis added).

The first time that Custodia became aware of the Board's refusal to answer the Complaint and engage in discovery is when the Board flouted its deadline for filing an answer and instead filed a "Status Report" on November 30, 2022. In that Status Report, the Board relies on the District of Wyoming Local Rule 83.6 to argue that the merits of Custodia's claims should be "adjudicated based on an administrative record" that the Board represents it will submit to the Court and to Custodia in mid-February. Dkt. 106 at 2. The very next day, on December 1, 2022, Custodia's counsel sent a letter to the Board's counsel objecting to the Status Report and asking the Board to withdraw it and agree to file an answer next week. Counsel for the Board and Custodia met and conferred today but were unable to resolve this matter.

## II. ARGUMENT

The Board's refusal to answer and participate in discovery beyond the compilation of a self-selected "administrative record" contravenes both the Court's Order on the Motions to Dismiss and the Local Rules and continues its pattern of obfuscation and delay. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." While it is true that courts generally "do not favor" entering defaults and default judgments, "a workable system of justice requires that litigants not be free to appear at their pleasure" and courts "must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Cessna Fin. Corp. v.*

*Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "The threat of judgment by default serves as an incentive to meet this standard." *Id.* at 1445.

Here, default judgment is appropriate for at least three reasons. First, the fact that Custodia brings claims under the Administrative Procedure Act ("APA") does not excuse the Board from answering the Complaint or engaging in discovery. Second, the Board's reliance on Local Rule 83.6 to avoid its litigation obligations is misplaced. Third, even if the Board were correct that Local Rule 83.6 permitted this case to be resolved on the administrative record, the Board has failed to comply with the requirements of the Local Rule and there are obvious exceptions that permit discovery to go forward.

First, the normal litigation obligations, including filing an answer and engaging in discovery, apply to the Board in this case. Courts have recognized that in APA cases, district courts can "order[] extra-record discovery" to "inquir[e] into the mental processes of administrative decisionmakers" when it is necessary to investigate an agency's "bad faith or improper behavior." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573–74 (2019) (internal quotation marks omitted). The Local Rules similarly acknowledge that extra-record discovery may be necessary "if a case involves unusually complicated or out-of-the-ordinary claims." Local Rule 83.6(a)(5).

Because Defendants have at every turn obfuscated who makes decisions on master account applications and how those decisions are made, extra-record discovery is necessary to get to the bottom of who did what, when, and why. As Custodia is challenging Defendants' two-year delay in adjudicating its master account application, discovery is necessary *now*, not after another 90 days of delay undoubtedly followed by further procedural gamesmanship. This Court already anticipated the need for discovery into the Board's actions in its Order:

.

> [I]f discovery reveals the Board of Governors in fact inserted itself into FRBKC's consideration of Custodia's application, the level of discretion held by FRBKC under the law may matter little because it may be that FRBKC failed to exercise any such discretion (if, that is, the Board of Governors was pulling the puppet strings behind the scenes, as Custodia has plausibly suggested). Thus, because the development of facts underlying or refuting certain allegations may prove particularly relevant to any statutory interpretation of § 342 versus § 248, the Court will not undertake a complete analysis at this stage of the proceedings without further development of those facts.

(Dkt. 102 at 16–17.) The Court's directive controls these proceedings. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("The court may require the administrative officials who participated in the decision to give testimony explaining their action"). Default judgment against the Board is warranted based on the Board's refusal to fulfill its litigation obligations including filing an answer and engaging in discovery.

Second, the Board cannot avail itself of the protections of Local Rule 83.6 while simultaneously disclaiming ownership of the decision-making process related to Custodia's master account application. Local Rule 83.6 speaks of challenges to an agency's "final action taken or withheld." Local Rule 83.6(a)(1). Under the Board's theory, there is no agency action that it can take or withhold on Custodia's master account application. Instead, it is only the Kansas City Fed that can take or withhold action on Custodia's application. Thus, by its explicit terms, the Local Rule does not apply to the Board in this case. There is no "administrative record" to compile because the Board disclaims responsibility for making the decision. Thus, the Board is obligated to answer the Complaint, provide initial disclosures, and engage in discovery. The Board cannot have its cake and eat it too. Default judgment against the Board is appropriate because the Board disregarded its deadline for filing an answer and Local Rule 83.6 provides no justification for this failure.