Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 263-4835
joshua.p.chadwick@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC.,              ) <br> ) <br> Plaintiff,              ) <br> ) <br> v.              ) <br> ) <br> BOARD OF GOVERNORS OF THE FEDERAL  ) <br> RESERVE SYSTEM & FEDERAL RESERVE  ) <br> BANK OF KANSAS CITY,              ) <br> ) <br> Defendants.              ) | Case No. 1:22-cv-00125-SWS |

**RESPONSE BY DEFENDANT
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
TO PLAINTIFF'S MOTION TO STRIKE AND FOR DEFAULT JUDGMENT OR,
IN THE ALTERNATIVE, TO COMPEL ANSWER AND EXPEDITE DISCOVERY**

Defendant Board of Governors of the Federal Reserve System ("Board") respectfully submits this response to the motion by Plaintiff Custodia Bank, Inc. ("Custodia") (Doc. 108) to strike the Board's status report (Doc. 106) and to enter default judgment against the Board, or alternatively, to compel the Board's answer to the Complaint and expedite discovery. Although Custodia baselessly accuses the Board of delaying this litigation and seeks extraordinary, entirely unwarranted relief, it is the Board's approach that is consistent with the governing law and most likely to lead to an efficient and expeditious resolution of this case.

Custodia's motion cites no basis for contravening Tenth Circuit precedent that compels record review with respect to Administrative Procedure Act ("APA") and corollary due process claims alleging unreasonable delay by a federal government agency. Although now feigning ignorance of the applicable record review requirement, Custodia itself designated this as a record review case when it denominated the action as an "Administrative Procedure Act/Review or Appeal of Agency Decision" matter against the U.S. Government and invoked 5 U.S.C. § 706 (the APA provision establishing record review) in its initial signed filing with the Court. *See* Doc. 1-1 (Civil Cover Sheet Sections II, IV, VI); Local Rule 83.6(a)(1) (record review case "shall be commenced by filing a properly denominated complaint or petition for relief as specified by the statute under which relief is requested"). In addition, notably missing from Custodia's motion is any mention of the fact that the issue of record review was first discussed among the parties on June 21, in their very first call after the Complaint was filed. Yet Custodia never sought reconciliation of these discrepancies before the Court as contemplated by Local Rule 83.6(a)(5) (or filed a motion to compel production of the record) despite now contending that the mandatory discovery stay in the Local Rules does not apply to APA discovery. Put simply, the APA and controlling case law require record review, and the Board understands the

1

filing of the record by February 9, 2023 to comport with the timetable contemplated by the Local Rules. There is no basis for the relief that Custodia seeks and the Board respectfully requests that Custodia's motion be denied.

## FACTUAL & PROCEDURAL BACKGROUND

The Complaint in this case alleged various causes of action arising out of Custodia's contention that the Board and the Federal Reserve Bank of Kansas City ("Reserve Bank") have taken too long to make a decision on its request for a Reserve Bank master account. Custodia contends that the Board, which is indisputably a federal government agency (Compl. ¶ 11), is responsible for deciding its master account request. *See* Compl. ¶¶ 58-59. Custodia further claims that the Board has unreasonably withheld final agency action on its request in violation of Section 706(1) of the APA and due process. *See* Compl. ¶¶ 80-81, 98-100.

After Custodia served its Complaint, the parties held an initial conference call on June 21. In responding to a question about APA record review during that call (Custodia had previously emailed draft discovery requests to Defendants), counsel for Custodia conceded that record review is usually appropriate in APA undue delay cases but expressed the view that its raising of constitutional claims may alter the analysis. While the parties briefed whether Custodia's claims should be dismissed, no party raised with the Court whether discovery—either Rule 26 discovery or the more restrictive APA discovery—should proceed while Defendants' dispositive motions were being briefed and decided. This is consistent with Local Rule 26.1(b)'s prescription of a stay of discovery during the pendency of dispositive motions.

On November 11, the Court entered an Order deciding Defendants' motions to dismiss. That Order allowed Custodia's APA, violation of due process based on alleged entitlement to a master account, and related mandamus and declaratory judgment claims to proceed. Order, at 37.

The Order also held that certain of Custodia's claims—including structural constitutional claims regarding separation of powers and violation of the Appointments Clause—were not plausible bases upon which relief could be granted and had to be dismissed. *Id.* at 38. Thus, the Order had the effect of dismissing constitutional claims that underlay Custodia's assertions of inapplicability of record review during the parties' prior discussion.

With the dispositive motions decided, the discovery stay under the Local Rules is now lifted and the Board understands that it must file the administrative record within 90 days of the November 11 Order (not later than February 9, 2023). It is also the Board's understanding that Rule 26 discovery will soon proceed as to the Reserve Bank consistent with the fact that it is not a federal government agency subject to record review requirements (a Rule 16 initial scheduling conference has now been set for January 17, 2023, Doc. 109). Accordingly, on November 30, the Reserve Bank answered the Complaint and the Board filed a status report with the Court noting its intent to file the record consistent with this timetable and in accordance with the APA's discovery requirements and Tenth Circuit case law. Doc. 106. On December 1, Custodia sent a "Confidential" letter to the Board disagreeing with the propriety of record review, and the Board responded on December 2 (Exhibit A). Within a few hours of the Board sending its response letter to Custodia, and without Custodia making any effort to address the legal and factual issues identified therein or to confer regarding the potential contents of the administrative record as the Board invited and encouraged it to do, Custodia filed its motion with the Court.

## ARGUMENT

**I.     Tenth Circuit Case Law Requires Record Review**

Consistent with the language of the APA, courts in the Tenth Circuit have held that, when challenging agency action allegedly delayed, the reviewing court is limited to the administrative

3

record. Custodia cites no authority for circumventing this well-established principle.

Specifically, this case is brought under Section 706(1) of the APA, which states that in challenges to "compel agency action unlawfully withheld or unreasonably delayed . . . , the court shall review the whole record or those parts of it cited by a party[.]" 5 U.S.C. § 706(1). The "whole record" language refers to the administrative record. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). In addition, the language does "not distinguish between a claim that an agency unlawfully failed to act and a claim based on action taken." *Sierra Club v. U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998). Thus, where a plaintiff seeks "to compel various agency actions," the reviewing court is limited to the administrative record. *Gilmore v. Weatherford*, 694 F.3d 1160, 1168 (10th Cir. 2012); *see also Wyo-Ben, Inc. v. Bernhardt*, No. 19-cv-215, 2020 WL 13573772, at *4 (D. Wyo. Feb. 12, 2020) (holding that record review was appropriate in a case challenging an agency's alleged failure to act).

*Wyo-Ben* is illustrative. There, the Court applied these principles and rejected the plaintiff's contention that record review was inappropriate because the case challenged agency inaction, rather than affirmative agency conduct. 2020 WL 13573772, at *4. Specifically, the plaintiff contended that record review cannot apply in "cases with an absence of action." *Id.* at *2. The Court disagreed, noting that, "[a]lthough the action is an alleged 'failure to act,' it is still an administrative action" and "5 U.S.C. § 706(1) gives the Court the authority to compel agency action unlawfully withheld or unreasonably delayed." *Id.* at *4. Thus, the Court held that record review was required. *Id.*; *see also Gordon v. Norton*, 322 F.3d 1213, 1220 (10th Cir. 2003) (explaining that for purposes of APA review, "[a]n agency's failure to act," if actionable, is treated as a type of "final agency action").

The fact that a due process claim, and accompanying mandamus and Declaratory

4

Judgment Act claims, also survived dismissal does not affect the propriety of record review. *See, e.g.*, *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1085 (10th Cir. 2006) ("We review Robbins' [constitutional] due process claim against the [agency] under the framework set forth in the APA."); *Franklin Sav. Ass'n v. Director, Office of Thrift Supervision*, 934 F.2d 1127, 1137 (10th Cir. 1991) (noting that in cases against agencies "where Congress has provided for judicial review without setting forth the standards to be used or procedures to be followed in conducting that review, the Supreme Court has advised such review shall be confined to the administrative record"). If it were the case that a plaintiff could simply plead around record review claims in order to obtain wide-ranging extra-record discovery against the government, that "would run afoul of Congress's intent" in the APA. *Ketcham v. U.S. Nat'l Park Serv.*, No. 16-cv-17, 2016 WL 4268346, at *2 (D. Wyo. Mar. 29, 2016) (holding that plaintiffs' First Amendment challenge to agency action invoking mandamus and Declaratory Judgment Act had to be analyzed under the APA using the administrative record), *reconsideration denied*, 2016 WL 4257509 (D. Wyo. May 5, 2016), *certification of interlocutory appeal denied*, 2016 WL 4257439 (D. Wyo. June 21, 2016) (denying certification of interlocutory appeal as to whether the constitutional claim should be analyzed under the APA through record review, noting "[t]he Court does not agree with Plaintiffs' position that there are substantial grounds for difference of opinion on the issue").

      Custodia's sole argument for avoiding this case law is that "the Board disclaims responsibility for making the decision" concerning the master account and therefore, based on the Board's defense, the APA does not apply. Doc. 108, at 6. This is a peculiar argument: either Custodia is continuing to assert an APA claim against the Board based on action purportedly withheld or delayed by the Board, in which case 5 U.S.C. § 706(1) requires record review; or Custodia agrees with the Board that the Board is not responsible for deciding master account

requests, in which case the Board should be dismissed from this litigation. Custodia cannot "have it both ways" by insisting that there is a viable APA claim against the Board while simultaneously resisting the APA's provision for record review.[1] For Custodia to circumvent record review, it would have to point to a standard or procedure different from record review that Congress has authorized for the claims that Custodia has brought. *See Franklin Sav. Ass'n*, 934 F.2d at 1137. Custodia has not (and cannot) do this. Indeed, when faced with an argument similar to that advanced by Custodia here, a judge of this Court rejected it. *See Wyo-Ben*, 2020 WL 13573772, at *1, *4 (where plaintiff tried to avoid record review by claiming that the agency "never will make" a decision, court held that record review was still required).

## II.     The Local Rules Require Record Review

In addition to the APA and Tenth Circuit case law, Local Rule 83.6 also compels record review in this case. Specifically, the Rule provides for record review in cases concerning "final action taken *or withheld* by an administrative agency," and therefore plainly governs the claims against the Board in this case. Local Rule 83.6(a)(1) (emphasis added). Custodia seeks to avoid application of this Rule by arguing that the Board did not comply with the Rule's procedural requirements. Although Custodia is wrong, even if it were correct that would not be a basis to dispense with the governing APA standard of review.

Custodia first argues that the Board was required to file an answer. However, the Local Rules are explicit that in APA and adjacent claims against the government "[t]he responding party need not file an answer." Local Rule 83.6(a)(4). Indeed, a requirement to answer would not

---

[1] There is no dispute that the Board has been engaged in activity, including the issuance of guidance, that may reasonably bear on the time taken for a decision to be reached on Custodia's master account request (nor any doubt that an agency record may be certified as to such activity).

6

apply even if Custodia were entitled to "extra-record" discovery as it contends, *see* Doc. 108, at 5, but even if that were not so the appropriate remedy would be an order to answer by a date certain and not summary disposition of the action. *See* Fed. R. Civ. P. 55(d) (right to relief against government agency must be proven by evidence sufficient to establish plaintiff's claims).

Custodia's further contention that, under Rule 83.6(a)(5), the Board "should have sought leave of Court" to file the record (Doc 108, at 7) is also meritless. Rule 83.6(a)(5) contains no language concerning seeking "leave of Court"; that requirement was invented by Custodia. Under Rule 83.6(a)(5), the burden rests with Custodia to raise its disagreement with record review in its APA case "no later than 30 days before the deadline for filing the record."

Finally, Custodia contends that the administrative record that the Board intends to file is untimely. However, an administrative record is indisputably a form of discovery. *See, e.g.*, *Chapoose v. Hodel*, 831 F.2d 931, 934 (10th Cir. 1987) (declining to "permit [plaintiffs] to extend discovery *beyond* the administrative record" (emphasis added)); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1199 (D.N.M. 2014) ("Plaintiffs are thus limited to the APA's discovery provisions"); *Ketcham*, 2016 WL 4257439, at *2 (referring to "the limited scope of discovery in APA actions" before explaining that review is based on the administrative record); *cf.* Fed. R. Civ. P. 26(a)(1)(B) & 26(f) (noting that initial disclosures and a discovery conference are not required in "an action for review on an administrative record").[2] Thus, under a straightforward reading of the Local Rules, the record must be filed within 90 days

---

[2] When the Court referred to discovery in its November 11 Order (at page 16), there was no indication that it was authorizing anything other than APA discovery (*i.e.*, an administrative record) as to the Board and Rule 26 discovery as to the Reserve Bank, especially in light of the case law indicating that record review is appropriate and expected. Proceeding in this fashion would provide the full measure of information necessary to the expeditious resolution of this case without violating the important principles underpinning Congress's record review limitation in APA and corollary actions against federal government agencies.

7

of the Court's November 11 Order given that Local Rule 83.6(b)(2) prescribes a 90-day period for filing of the record and Local Rule 26.1(b) prescribes a stay of discovery while dispositive motions are pending. This makes sense, as having a party certify a record when it is not clear which claims will survive dismissal, or whether jurisdiction even lies, would be wasteful and prejudicial, inconsistent with the mandatory stay, and put "the cart before the horse." *Mountain Pursuit v. U.S. Forest Serv.*, No. 19-cv-199, 2020 WL 10356186, at *2 (D. Wyo. Aug. 25, 2020); *see also, e.g.*, *In re United States*, 138 S. Ct. 443, 445 (2017) (stating, in granting mandamus, that the district court should have deferred production of a full administrative record until after ruling on threshold arguments for dismissal). Thus, with the Court having decided in its November 11 Order the parameters of the case moving forward, including dismissal of Custodia's structural constitutional claims, it is now appropriate under the Local Rules for the Board to file the record and for Rule 26 discovery to commence as to the Reserve Bank.[3]

### III.  Record Review Will Allow for Efficient Resolution of This Litigation

At this juncture, because the Board has not yet produced an administrative record, Custodia's argument that the record will be insufficient for judicial review is purely speculative. Custodia's claim that the case will be delayed because of record review also rings hollow. Proceeding with a record as to the Board is not only a basic tenet of federal law, but also makes the most practical sense for resolving this litigation in as straightforward and timely a manner as

---

[3] If Custodia believed that the 90-day period was not stayed, it could have raised that issue with the Board in the first instance given its own denomination of the case as a record review action (and failing that, raised it with the Court) or filed a motion to compel production of the administrative record while the motions to dismiss were pending. In any event, nothing in the APA suggests that record review ceases to be appropriate if the government fails to timely file the record. And, to the extent there is any ambiguity as to the scope of the discovery stay or timing under the Local Rules, such ambiguity is appropriately resolved through a scheduling conference with the Court and not through unwarranted motions practice seeking dispositive relief without any regard to the showing required under the Federal Rules of Civil Procedure.

possible. Given the extraordinarily wide-ranging discovery that Custodia seeks to impose, it strains credulity to suggest that Rule 26 discovery will be quicker than compilation and submission of the administrative record within approximately sixty days from today (and only three weeks after the initial scheduling conference). If Custodia were concerned with gathering information regarding the Board's relevant activity as expeditiously as possible rather than employing discovery toward other ends, it would cooperate with the Board in development of the record by conferring and making suggestions as to which materials should be included to allow the Court to adequately review the Board's activity.[4]

Custodia prematurely argues that supplementation of the record will be required because this case "involves unusually complicated or out-of-the-ordinary claims." Doc. 108, at 5. But stating that a case is "unusually complicated or out-of-the ordinary" does not make it so; otherwise, every litigant could make that assertion, and record review would never occur. Only "[i]n extremely limited circumstances [may] a court . . . supplement the administrative record or consider extra-record evidence." *Rocky Mountain Peace & Just. Ctr. v. U.S. Fish & Wildlife Serv.*, 40 F.4th 1133, 1160 (10th Cir. 2022) (quotation omitted). "Clear evidence" that a record is incomplete is required before any supplementation of the record, and even then, only "limited discovery is appropriate." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). Nothing meaningfully distinguishes this case from other APA delay cases where record review was appropriate without the need for discovery.[5] *See, e.g.*, *Wyo-Ben*, 2020 WL 13573772, at *4.

---

[4] *See, e.g.*, *Western Energy Alliance v. U.S. Dep't of the Interior*, No. 10-cv-226-NDF-SWS (D. Wyo. Feb. 24 & 28, 2011), Docs. 48 & 49 (granting motion in APA delay case where "[t]he parties have been conferring over the past two months on the scope and contents of the administrative record" and "the parties [desire] to complete their discussions").

[5] Indeed, the reference in the Local Rules to "unusually complicated or out-of-the ordinary claims" is likely best viewed as paralleling the established case law indicating that

And, even if that were not the case, Custodia will have substantial opportunity to propound discovery in this case through its Rule 26 discovery as to the Reserve Bank.

Custodia also contends that extra-record discovery is necessary to probe alleged "bad faith." But the allowance for supplementation of the record based on "bad faith" requires the plaintiff to make a "strong preliminary showing[] of bad faith" or improper behavior by the agency. *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1145 (2d Cir. 1974). Thus, for example, an assertion that government officials had a predetermined agenda was insufficient to establish bad faith (*James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996)), as was even an allegation that the government corruptly gave preferential treatment to one offeror over another (*Saratoga Development Corp. v. United States*, 21 F.3d 445, 458 (D.C. Cir. 1994)). Custodia can make no showing of bad faith whatsoever here; all it can muster is a purported desire to "get to the bottom of who did what, when, and why." Doc. 108, at 5. Those are the types of questions that an administrative record can answer, particularly given that Rule 26 discovery as to the Reserve Bank will be available.[6]

## CONCLUSION

For these reasons, the Board respectfully requests that the Court deny Custodia's motion.

---

supplementation is appropriate "to explain technical terms or complex subject matter." *Franklin Sav. Ass'n*, 934 F.2d at 1137; *Wyo-Ben*, 2020 WL 13573772, at *3; *Cloud Peak Energy Inc. v. U.S, Dep't of Interior*, 415 F. Supp. 3d 1034, 1045 (D. Wyo. 2019).

[6] Custodia's citation of *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 412 (1971) (Doc. 108, at 6), does not aid its cause. The Supreme Court in *Volpe* held that testimony from agency officials could be necessary in extraordinary circumstances, but only after the district court first determined that "effective judicial review" would not be possible based on the administrative record. *Id.* at 420. The Supreme Court even suggested that such testimony could take the form of a written "post hoc rationalization" if that would be "most expeditious." *Id.* at 420-21. This is a far cry from the expansive discovery—including a Rule 30(b)(6) deposition requiring 10 years of knowledge and similarly broad document production and written discovery requests—that Custodia asserts is necessary before it has even seen the record.

Dated: December 7, 2022

                                        Respectfully submitted,

                                        _/s/ Joshua P. Chadwick_
Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 263-4835
joshua.p.chadwick@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*