# Exhibit A



BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, DC 20551

December 2, 2022

**Via Email**

Ryan Scarborough
Williams & Connolly LLP
680 Maine Avenue SW
Washington, DC 20024

Scott Ortiz
Williams Porter Day & Neville
159 North Wolcott, Suite 400
P O Box 10700
Casper, WY 82602

      Re:    ***Custodia Bank, Inc. v. Federal Reserve Board of Governors, et al.*,**
              **No. 1:22-cv-00125-SWS (D. Wyo.)**

Dear Ryan & Scott:

      I write in response to your December 1, 2022 letter (and to the call Ryan and I just had) concerning the Board's November 30, 2022 status report (Doc. 106), in which the Board indicated an intent to file an administrative record in the above-captioned litigation brought by Custodia. Your letter demands that the Board withdraw its filing and "answer the complaint, provide initial disclosures, and engage in discovery" on Custodia's terms without regard to the controlling precedent cited by the Board. Whatever the terms and scope of discovery that the Court may ultimately determine is applicable to the respective defendants in this case, it is not the Board's (nor Custodia's) place to dispense with the governing standard of review applicable to Administrative Procedure Act and corollary due process claims alleging unreasonable delay by a federal government agency.

      As a threshold matter, your letter fails to mention that the issue of record review was first raised with you over five months ago in our initial June 21 call following the filing of the Complaint. At that time, I recall your colleague John Villa expressing his view on behalf of Custodia that record review *is* appropriate in APA undue delay cases but that he felt Custodia's raising of additional constitutional claims altered the discovery analysis. Of course, the Court has now dismissed the various structural constitutional claims raised by Custodia, leaving only the APA and corollary due process claim related to the alleged agency action withheld, so there

2

should be no further question about the propriety of record review as to the Board. Moreover, the Federal Reserve Bank of Kansas City is not a federal government agency subject to APA record review requirements, so the ability of Custodia to obtain the discovery identified in the Court's November 11 decision through a combination of the Board's administrative record and Rule 26 discovery as to the Reserve Bank is not in doubt.

Moreover, your letter cites no case law to support your contention that it is improper for the Board to file an administrative record in this case. This failure is not surprising. As the Board's status report indicated, case law in the Tenth Circuit demonstrates that record review is appropriate and expected in a matter such as this. *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1085 (10th Cir. 2006) ("We review Robbins' [constitutional] due process claim against the [agency] under the framework set forth in the APA."); *Franklin Sav. Ass'n v. Director, Office of Thrift Supervision*, 934 F.2d 1127, 1137 (10th Cir. 1991) ("the Supreme Court has advised such review shall be confined to the administrative record"); *Ketcham v. U.S. Nat'l Park Serv.*, No. 16-cv-17-SWS, 2016 WL 4268346 (D. Wyo. Mar. 29, 2016) ("Although Plaintiffs object to analyzing this suit under the APA, the Court finds it is obligated to do so.").

The Board's following of controlling Tenth Circuit precedent also fully comports with the Local Rules and the Court's November 11, 2022 Order. An administrative record is indisputably a form of discovery.[1] Thus, as the Board indicated in its status report, it understands that the administrative record must be filed not later than 90 days from the Court's Order given that Local Rule 83.6(b)(2) prescribes a 90-day period for filing of the record and Local Rule 26.1(b) prescribes a stay of discovery while dispositive motions are pending. This is the only interpretation that would make sense, as having a party file an administrative record when it is not clear which if any claims will survive dismissal, or whether jurisdiction even lies, would be entirely wasteful and prejudicial, inconsistent with the mandatory stay, and put "the cart before the horse."[2] Similarly, when the Court referred to discovery in its Order (at page 16), there was no indication that the Court was authorizing anything other than APA discovery (*i.e.*, an administrative record) as to the Board and Rule 26 discovery as to the Reserve Bank, especially in light of the governing case law indicating that record review is appropriate and expected. *See* Doc. 106, at 2-3.[3]

---

[1] *See, e.g.*, *Chapoose v. Hodel*, 831 F.2d 931, 934 (10th Cir. 1987) (declining to "permit [plaintiffs] to extend discovery beyond the administrative record"); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1199 (D.N.M. 2014) ("The Court now concludes that only one First Amendment claim exists, that the APA governs that First Amendment claim, and that the Plaintiffs are thus limited to the APA's discovery provisions[.]").

[2] *Mountain Pursuit v. U.S. Forest Serv.*, No. 19-cv-199-NDF, 2020 WL 10356186, at *2 (D. Wyo. Aug. 25 2020); *see also, e.g.*, *In re United States*, 138 S. Ct. 443, 445 (2017) (stating, in granting mandamus, that the district court should have deferred ordering the production of a full administrative record until after it had ruled on the government's threshold arguments for dismissal).

[3] Given your apparent disagreement with the Board's position, our understanding is that the Local Rules provide until January 10, 2023 for you to raise this issue with the Court. *See* Local Rule 83.6(a)(5). We are of course amenable to continued discussion on this and related issues before that time (and after) including, as noted below, the scope and contents of the administrative record.

3

Finally, the Board remains committed to moving this case forward expeditiously and does not believe that proceeding under the applicable record review provision would extend the litigation timing in any way, just the opposite. Proceeding with an administrative record as to the Board is not only a basic tenet of federal law, but also makes the most practical sense for resolving this litigation in as straightforward, timely, and efficient a manner as possible. To that end, and as we discussed on the call, the Board remains open and willing to confer regarding the appropriate contents of the administrative record and believes that the parties' resources are better spent toward completion of that record[4] than toward writing letters containing baseless accusations. I look forward to speaking with you soon and continuing to work through any disagreements that may arise.

Sincerely,

/s/  Joshua P. Chadwick

Joshua P. Chadwick

Cc:    Andrew Michaelson
        Billie Addleman

---

[4] *See, e.g.*, *Western Energy Alliance v. U.S. Dep't of the Interior*, No. 10-cv-226-NDF-SWS (D. Wyo. Feb. 24 & 28, 2011), Docs. 48 & 49 (granting motion in APA delay case where "[t]he parties have been conferring over the past two months on the scope and contents of the administrative record, and have exchanged formal requests and responses on that issue," and "the parties [desire] to complete their discussions concerning the scope and contents of the administrative record").