Scott E. Ortiz, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:      (307) 265-0700
Facsimile:      (307) 266-2306
Email:           sortiz@wpdn.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-CV-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF | ) | |
| GOVERNORS and FEDERAL RESERVE | ) | |
| BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF CUSTODIA BANK, INC.'S
## REPLY IN SUPPORT OF ITS MOTION TO STRIKE AND FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL ANSWER AND EXPEDITE DISCOVERY

The Federal Reserve Board of Governors ("the Board") must follow the rules, and that means answering the Complaint and participating in discovery. The Board's paradoxical justification for dodging those twin responsibilities is worthy of Kafka. On the one hand, the Board disclaims any authority over Custodia's master account application. On the other hand, the Board insists that this case must proceed on administrative record review. But if the Board has no authority over Custodia's master account application, as it claims, then there will be no administrative record of the Board's consideration of Custodia's application. Which is it? Given that Custodia has already waited two years for a decision on its quotidian master account

application, Custodia should not be forced to wait until mid-February for the Board to provide an empty administrative record. Nor is it an answer to say that when the Court ordered discovery to proceed, it limited that discovery to the Kansas City Fed. That discovery may tell only half of the story, as documents evidencing control are likely to reside with the Board, and the Board should not be allowed to pick and choose what constitutes a record for a decision-making process for which it disavows any involvement.

The Board's Opposition to Custodia's Motion fails for at least three reasons. *First,* Custodia *never "*designated this as a record review case." Bd. Br. at 1. The Civil Cover sheet— which the Board points to as support—includes a check box for "Administrative Procedure Act/ Review of an Agency Decision." Dkt. 1-1. Checking that box is not the same as agreeing that this case will proceed on an administrative record, and the Civil Cover sheet says nothing about discovery. *Id.* The Board similarly misconstrues Custodia's June 21, 2022 phone call with the Board's counsel. During that call, Custodia's counsel explained that discovery would be necessary because it was not bringing a run-of-the-mill APA case. *See, e.g.*, *In re Cheney*, 334 F.3d 1096, 1103 (D.C. Cir. 2003) *vacated on other grounds sub nom. Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367 (2004). Custodia shared draft discovery requests with the Board precisely so that the Board would know that this case would not be decided on an administrative record. Custodia's insistence on discovery was not premised on the existence of non-APA claims; its draft discovery requests centered on issues related to who controlled the decision-making process and the resulting delay under the APA. *See, e.g*., Custodia Draft Request For Admission No. 3 ("Admit that the Board exercised control over the Kansas City Fed's decision-making process for Custodia's master account application.").

-2-

Custodia has been clear and consistent about the need for discovery. The Board, however, has stood mute about its truncated view of discovery through meet and confers, motions practice, and oral argument. The Board's silence is particularly galling given that, as the only party aware of the existence of a dispute over the propriety of administrative record review, the Board was responsible for requesting an initial scheduling conference with the Court to resolve this issue "as promptly as possible." Wyoming Local Rule 83.6(a)(5). Only now, after having lost its motion to dismiss and after the Court's assessment that this case merits discovery into the Board's actions, is the Board disingenuously asserting that its discovery obligations are limited to a self-selected record of a decision-making process over which it disclaims any authority or involvement.

*Second,* although "APA review is generally limited to the administrative record," there are exceptions to that rule, including "when there has been a 'strong showing of bad faith or improper behavior'" and when the record is so "bare that it prevents effective judicial review." *In re Cheney*, 334 F.3d at 1103 (quoting *Commercial Drapery Contractors, Inc. v. United States,* 133 F.3d 1, 7 (D.C. Cir. 1998)); *see also Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 193 (D.C. Cir. 2016) (citing a plaintiff's declaration regarding the effects of the agency's delay). The Local Rules similarly recognize that "unusually complicated or out-of-the-ordinary claims" may "warrant[] modifications" to administrative record review. Local Rule 83.6(a)(5). This case is the archetype for applying such an exception.

Contrary to the typical agency delay case, the Board is not defending itself by asserting that the delay on Custodia's master account application has been reasonable. In such cases, even if final action has yet to occur, there is still an administrative record to show the processes, actions, or responsibilities of the agency. Here, the Board disclaims any responsibility over Custodia's master account application. If the Board has no authority over the application, then the Board

presumably has no documents to include in an administrative record.  What is really going on here is that the Board wants to limit its discovery obligations only to a self-curated record and call it a day.  The Board's strategy is in bad faith and will result in an administrative record that evades judicial review of the central issues in this case.

The Board cites no case in which a Court has denied discovery in analogous circumstances. The only case that the Board claims presents a "similar argument to that advanced by Custodia" is *Wyo-Ben, Inc. v. Bernhardt*, No. 19-cv-215, 2020 WL 13573772 (D. Wyo. Feb. 12, 2020).  Bd. Br. at 6.  The Board's reliance on this case is inexplicable given that in *Wyo-Ben* the plaintiff made no request for discovery and instead asked that the court avoid the time required to compile the administrative record and proceed directly to summary judgment with no factual development. *Wyo-Ben*, 2020 WL 13573772, at *4.  Additionally, unlike in this case, the defendant agency did not disclaim authority over the action that the plaintiff was suing to compel.  *Id*.  The other APA cases cited by the Board are similarly distinguishable.  *See, e.g., Gilmore v. Weatherford*, 694 F.3d 1160, 1168 (10th Cir. 2012) (concerning administrative exhaustion, not discovery); *Gordon v. Norton*, 322 F.3d 1213, 1220 (10th Cir. 2003) (affirming action was not ripe for review under the APA and not discussing discovery).  The Board's disavowal of any authority over the requested action distinguishes this case from every APA case cited by the Board.

*Third*, even if Local Rule 83.6 applied (and it clearly does not), the Board has not complied with its timing requirements.  Under the Rule, the Board had 90 days from the service of the Complaint to file an administrative record.  Local Rule 83.6(b)(2).  As the Board was served with the Complaint on June 16, 2022, the Board's administrative record was due nearly two months ago on September 14, 2022.  The Board cites Local Rule 26.1(b) for the argument that the pendency of its Motion to Dismiss stayed the Board's requirement to produce the administrative record.  But,

Local Rule 26.1 speaks to discovery obligations generally—obligations from which the Board claims immunity.  It is Local Rule 83.6 that specifically pertains to the filing of an administrative record, and that Rule does not provide any grounds for staying an agency's obligation. Accordingly, the record is long overdue.[1]

Custodia is challenging a two-year agency delay and has requested expedited discovery. Mot. to Dismiss Oral Arg. Tr. at 53:11 (requesting a "streamlined discovery schedule").  The Board's shenanigans frustrate Custodia's attempts to speed up discovery and exacerbate the agency's delay.  While Custodia continues to wait for Defendants to process its master account application, more and more banks with master accounts are already starting to provide banking services for digital assets.  The Board's Status Report is an insufficient response to Custodia's Complaint.  It should be stricken from the record, and a default should be entered against the Board.  Alternatively, the Board should be directed to answer Custodia's Complaint immediately and participate in an expedited discovery process that is not limited to an administrative record.

(Remainder of Page Left Blank Intentionally)

---

[1] Assuming for the sake of argument that Local Rule 26.1(b) did stay the Board's obligation, the Board still has no grounds to delay until February 8, 2023.  The Board filed its Motion to Dismiss on August 16, 2022, 51 days after the Complaint was served.  Any stay would have lifted with the Court's Order on November 11, 2022.  Local Rule 26.1(b) does not reset the clock for filing the administrative record, which would put the due date on December 20, 2022.

DATED this 8th day of December, 2022.

CUSTODIA BANK, INC., Plaintiff

By:    /s/ Scott E. Ortiz
        Scott E. Ortiz, W.S.B. # 6-4254
        WILLIAMS, PORTER, DAY & NEVILLE, P.C.
        159 No. Wolcott, Suite 400
        P.O. Box 10700
        Casper, Wyoming 82602
        Telephone:    (307) 265-0700
        Facsimile:    (307) 266-2306
        Email:    sortiz@wpdn.net

        -and-

        John K. Villa, *pro hac vice*
        Ryan Scarborough, *pro hac vice*
        Sarah M. Harris, *pro hac vice*
        Whitney D. Hermandorfer*, pro hac vice*
        Jamie Wolfe*, pro hac vice*
        WILLIAMS & CONNOLLY, LLP
        680 Maine Avenue SW
        Washington, DC 20024
        Telephone:    (202) 434-500
        Emails:    jvilla@wc.com
                rscarborough@wc.com
                sharris@wc.com
                whermandorfer@wc.com
                jwolfe@wc.com
                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 8th day of December, 2022:

Mark Van Der Weide
Richard M. Ashton
Joshua P. Chadwick
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
20th Street and Constitutional Avenue, N.W.
Washington, DC 20551

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Billie L.M. Addleman
John P. Fritz
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, Wyoming 82003

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Andrew Michaelson
Laura Harris
KING & SPALDING, LLC
1185 Avenue of the Americas, 34th Floor
New York, New York 10036

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

 /s/ Scott E. Ortiz
Scott E. Ortiz