UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL RESERVE BOARD OF GOVERNORS, and FEDERAL RESERVE BANK OF KANSAS CITY, <br><br> Defendants. | Case No. 22-CV-125-SWS |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AND FOR DEFAULT JUDGMENT OR, IN THE ALTERNATIVE, TO COMPEL ANSWER AND EXPEDITE DISCOVERY**

This matter comes before the Court on Plaintiff Custodia Bank, Inc.'s Motion to Strike and for Default Judgment or, In the Alternative, to Compel Answer and Expedite Discovery. (ECF 108.) Defendant Federal Reserve Board of Governors filed an opposition (ECF 110), and Plaintiff Custodia replied (ECF 111). Having considered the parties' arguments and the record herein, the Court denies Custodia's motion.

## BACKGROUND

On October 29, 2020, Custodia applied to Defendant Federal Reserve Bank of Kansas City (FRBKC) to obtain a Federal Reserve "master account," which is "put simply, a bank account for banks" that "gives deposit institutions access to the Federal Reserve System's services, including its electronic payments system." *Fourth Corner Credit Union*

*v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052, 1053 (10th Cir. 2017) (Moritz, J.). FRBKC has yet to issue a decision on the application. Custodia then filed this federal action, alleging, "Upon information and belief, the [FRBKC's] consideration and impending approval of Custodia's application was derailed when, in spring 2021, the [Defendant Federal Reserve Board of Governors] asserted control over the decision-making process." (Compl. ¶ 6.) Custodia asserted a number of claims against Defendants, ranging from unreasonable delay under the Administrative Procedure Act (APA) to several constitutional violations. Defendants each filed a motion to dismiss on a number of grounds. After a hearing, the Court determined the following relevant to the instant motion:

(1) Custodia stated a plausible claim for relief in Claim I, which asserted that Defendants violated the APA by unlawfully withholding or unreasonably delaying agency action (the alleged agency action being the decision on Custodia's master account application). (ECF 102 pp. 5-17.)

(2) Custodia stated a plausible claim under the Mandamus Act in Count II, which seeks a writ of mandamus compelling Defendants to act on Custodia's master account application. (*Id.* pp. 17-19.)

(3) Custodia stated a plausible due process violation in Claim III based on its possible legal entitlement to a master account. (*Id.* pp. 19-20.)

(4) Custodia state a plausible claim for declaratory judgment in Claim IV based on its plausible claims under the APA and the Mandamus Act. (*Id.* pp. 22-23.)

The remaining causes of action in Custodia's complaint failed to assert plausible grounds for relief and were dismissed.

Under Local Civil Rule 26.1(b), discovery was stayed pending the Court's ruling on the motions to dismiss. And Fed. R. Civ. P. 12(a)(4)(A) extended Defendants' time to

answer the complaint to 14 days after the Court's decision. With an unopposed extension of time from the Court (ECF 104), Defendants' answers were due November 30, 2022. FRBKC filed a timely answer (ECF 105), and the Board of Governors filed a status report (ECF 106). The Board of Governors' status report said it was preparing the administrative record, which it understood to be due within 90 days of the Court's order on the motions to dismiss. (ECF 106 p. 3.) In the current motion, Custodia contends no administrative record is warranted and the Board of Governors should be forced to answer the complaint and engage in standard civil discovery.

## DISCUSSION

Essentially, Custodia contends this is not a judicial review action under the APA. However, Custodia asserted its primary claim under the judicial review provisions of the APA, and the Court found it stated a plausible ground for relief on that claim. Its current assertion that its APA claim should not proceed in conformity with the APA is borderline nonsensical. It is uncontested that the Board of Governors is a federal agency subject to the APA, and Custodia's complaint contends FRBKC is also a federal agency subject to the APA. (Compl. ¶¶ 63-65.) For APA claims, the Court reviews the administrative record. *See* 5 U.S.C. § 706 (in deciding whether to compel agency action unlawfully withheld or unreasonably delayed, as is requested by Custodia in this case, "the court shall review the whole [administrative] record or those parts of it cited by a party"); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."); *Sierra Club v.*

*U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) ("The judicial review provisions of the APA do not distinguish between a claim that an agency unlawfully failed to act and a claim based on action taken. In both cases, the court's review of the defendant agencies' actions is generally confined to the administrative record."), *aff'd*, No. CIV.A. 97-B-529, 1998 WL 895927 (D. Colo. Oct. 22, 1998). The plaintiff is the master of the complaint, *Pirotte v. HCP Prairie Vill. KS OPCO LLC*, 580 F. Supp. 3d 1012, 1025 (D. Kan. 2022), and Custodia controlled how it asserted its claims. It cited to, quoted from, and relied on the APA for its primary (and primary surviving) claim, and the Board of Governors is not wrong to rely on and respond to Custodia's pleadings.

Custodia's current expectation that this Court will order the Board of Governors to file an answer and engage in standard discovery, ostensibly on the basis that the Court will later consider portions of that extra-record discovery in a dispositive motion proceeding or at a trial on the merits, is misplaced. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (district court's consideration of "arguments, documents and other evidence outside the administrative record" in reviewing an APA claim constituted an "illicit procedure"). Custodia relies on the Court's order of partial dismissal wherein it stated, "For example, if discovery reveals the Board of Governors in fact inserted itself into FRBKC's consideration of Custodia's application ..." and calls it the "Court's directive." (ECF 108 pp. 5-6 (quoting ECF 102 pp. 16-17).) Custodia reads too much into this statement. Custodia is conducting standard discovery with FRBKC and could learn the Board of Governors participated in FRBKC's application consideration (if such happened) through that discovery. Alternatively, Custodia might find evidence of the Board of

Governors' alleged involvement within the forthcoming administrative record. In any event, the Court's statement was not a directive, and it was certainly not a directive that the Board of Governors must answer the complaint and engage in standard discovery practices in this case instead of preparing an administrative record.

Further, the Board of Governors is correct (ECF 110 pp. 5-6) that the accompanying due process claim as well as the requests for mandamus and declaratory relief that also survived dismissal do not affect the fact that this is, at least as to the Board of Governors (and perhaps as to FRBKC, if Custodia is correct), an APA judicial review action. *See Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1085 (10th Cir. 2006) ("We review Robbins' due process claim against the BLM under the framework set forth in the APA."); *Ketcham v. U.S. Nat'l Park Serv.*, No. 16-CV-00017-SWS, 2016 WL 4268346, at *2 (D. Wyo. Mar. 29, 2016) ("To distinguish between a 'stand-alone constitutional challenge' and an 'APA challenge' ... would run afoul of Congress's intent.... Such a distinction would 'incentivize every unsuccessful party to agency action to allege ["stand-alone" constitutional claims] to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure.'") (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238 (D.N.M. 2014); *Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) (the availability of a mandatory injunction under the APA technically precludes any writ of mandamus, but they are essentially identical[1]).

---

[1] The Court also found Custodia plausibly pled the request for writ of mandamus as an alternative to its APA claim against FRBKC, in the event FRBKC is not (despite Custodia's allegations) a federal agency. (ECF 102 p. 18.)

The parties also disagree on the deadline for the Board of Governors to file the administrative record. While the administrative record is not considered traditional "discovery," the Court finds it was not erroneous for the Board of Governors to consider its duty to produce the administrative record stayed pending the decision on its motion to dismiss. *See In re United States*, 138 S. Ct. (2017) (per curiam) (before ordering the Government to complete the administrative record, the district court was required to consider the Government's threshold arguments, similar to those raised in this case, regarding reviewability under the APA and jurisdiction because "[e]ither of those arguments, if accepted, likely would eliminate the need for the District Court to examine a complete administrative record"). The Court also finds it appropriate for the 90-day deadline to submit the administrative record to commence with the Court's order on the motions to dismiss. The parties have not identified any law directly on this point and the Court's research did not reveal any, but under the reasoning of *In re United States*, it was reasonable for the Board of Governors to refrain from expending resources on compiling an administrative record that would have proven entirely unnecessary had the Court granted complete dismissal. Accordingly, with the Court having issued its order of partial dismissal on November 11, 2022, the 90-day deadline for the Board of Governors to submit its administrative record is February 9, 2023.

Finally, the Court finds Custodia's argument that the administrative record will be incomplete to be premature. Nonetheless, if Custodia believes the administrative record is incomplete once it is submitted, mechanisms are available to correct it. *See* Local Civil Rule 83.6(b)(3) (setting forth the process and timing for requesting completion of the

administrative record or consideration of extra-record evidence); *Rocky Mountain Peace & Just. Ctr. v. United States Fish & Wildlife Serv.*, 40 F.4th 1133, 1160 (10th Cir. 2022) (discussing when it would be appropriate to supplement the administrative record or consider extra-record evidence); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) ("When a showing is made that the [administrative] record may not be complete, limited discovery is appropriate to resolve that question."). Consideration of whether the administrative record requires supplementation will have to await the submission of the administrative record.

## CONCLUSION AND ORDER

The Court previously found that Custodia alleged a plausible claim of unreasonable delay under the APA as its primary cause of action. The other claims surviving dismissal are related to, or alternatives to, Custodia's APA cause of action. Therefore, Custodia's APA-related claims will proceed as judicial review actions under the APA as against the Board of Governors. The Board of Governors is not required to answer the complaint and is not required to engage in standard civil discovery, but it must prepare and submit an administrative record by February 9, 2023.

**IT IS THEREFORE ORDERED** that Plaintiff Custodia Bank, Inc.'s Motion to Strike and for Default Judgment or, In the Alternative, to Compel Answer and Expedite Discovery (ECF 108) is **DENIED**.

**DATED**: December 12th, 2022.

Scott W. Skavdahl
United States District Court Judge