# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **CUSTODIA BANK, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-CV-00125-SWS |
| | ) | |
| **FEDERAL RESERVE BOARD OF** | ) | |
| **GOVERNORS and FEDERAL RESERVE** | ) | |
| **BANK OF KANSAS CITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## JOINT CASE MANAGEMENT PLAN

**(The parties' proposed plan is subject to revision and modification by the Court at the Initial Pretrial Conference)**

---

1.     **The names of counsel or pro se parties who attended the Rule 26(f) meeting and assisted in developing this Case Management Plan.**

**Response:**  The following counsel attended the Rule 26(f) meeting and/or assisted with the development of this Case Management Plan:

- Scott Ortiz, Ryan Scarborough, and Jamie Wolfe, on behalf of Plaintiff Custodia Bank, Inc.

- Billie Addleman, Andrew Michaelson, and Christine Carletta, on behalf of Defendant the Federal Reserve Bank of Kansas City.

- Joshua Chadwick, on behalf of Defendant the Federal Reserve Board of Governors.

2.      **A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

**Response:**   Custodia Bank, Inc. (Plaintiff); the Federal Reserve Board of Governors (Defendant); and the Federal Reserve Bank of Kansas City (Defendant).

3.      **List any cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

**Response:**  There are no cases related to this case that are pending in any state or federal court.

4.      **A short statement of the nature of the case (2 pages or less), including a description of the claims and defenses.**

**Response:**   Two years ago, Wyoming-based Custodia Bank, Inc. requested a master account with the Federal Reserve Bank of Kansas City ("FRBKC").  A master account is "put simply, a bank account for banks" that "gives deposit institutions access to the Federal Reserve System's services, including its electronic payments system." *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052, 1053 (10th Cir. 2017) (Moritz, J.).  Custodia's request is still pending.  Plaintiff contends, inter alia, that the Federal Reserve Board of Governors is controlling the decision and the delay is unreasonable, and points to the fact that other eligible depository institutions, such as BNY Mellon, are presently providing crypto asset banking services.  Defendants do not agree with those characterizations and contend, inter alia, that the decision belongs to FRBKC and that FRBKC's process to render its decision on Custodia's request has been appropriate and consistent with the law.

Plaintiff sued in June 2022, and both Defendants filed motions to dismiss.  Following the Court's Order granting in part and denying in part Defendants' motions to dismiss (ECF 102), there are four remaining claims:  (i) unreasonable delay under the Administrative Procedure Act, 5 U.S.C. § 706(1); (ii) statutory mandamus compelling defendants to decide Custodia's master

account request in a timely manner, 28 U.S.C. § 1361; (iii) declaratory judgment that Defendants have unreasonably delayed resolving Custodia's master account request, 28 U.S.C. § 2201; and (iv) violation of Constitutional due process by depriving Custodia of its property interest in a master account, U.S. Const. amend. V.

The Federal Reserve Board of Governors will file an administrative record on February 9, 2023.

The Federal Reserve Bank of Kansas City has filed an Answer.  FRBKC denies all of the remaining claims and asserts six affirmative defenses: (i) Custodia has failed to state a claim upon which relief can be granted; (ii) Custodia's claims are non-justiciable because they are not ripe and because Custodia lacks standing; (iii) Custodia's claims are barred by the doctrine of unclean hands; (iv) Custodia's claims are barred by estoppel; (v) Custodia's claims are barred by the doctrine of waiver; and (vi) Custodia's claims are barred by the doctrine of illegality.

**5.    A statement describing the basis for jurisdiction and citing specific jurisdictional statutes.  If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides.  *If a party is a partnership or limited liability company, and the pleadings do not allege the citizenship of the partners/members, the parties shall include a statement of whether all partners/members are diverse from the opposite side.***

**Response:**  This Court has subject matter jurisdiction over this action under 12 U.S.C. § 632, which provides that "all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits." Additionally, 28 U.S.C. § 1331 gives this Court jurisdiction over all civil actions "arising under the Constitution, laws or treaties of the United States."

6.      A list of any parties who have <u>not</u> been served, and an explanation of why they have not been served.  Also, a list of any parties who have been served, but have not answered or otherwise appeared.

**Response:**  All the relevant parties have been served and have adequately responded to the Complaint.

7.      A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings (the Court will set a deadline to join parties or amend pleadings at the conference).

**Response:**  The parties do not anticipate adding additional parties or otherwise amending the pleadings.

8.      Whether there are dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**Response:**  At least four issues may be appropriate for decision by motion or agreement at some point before or after the close of discovery: (i) whether the FRBKC is an agency for purposes of the Administrative Procedure Act, (ii) whether the Federal Reserve Board of Governors controlled the FRBKC's decision regarding Custodia's master account, (iii) whether decisions over master accounts are discretionary, and (iv) whether Defendants have unlawfully delayed in deciding Custodia's master account request.

9.      Whether the parties have complied with self-executing discovery (initial disclosures) as required by Rule 26(a).

**Response:**  The parties met and conferred in accordance with Federal Rule of Civil Procedure 26(a) on January 4 and January 10, 2023.  Custodia served its initial disclosures on January 3, 2023.  The Federal Reserve Bank of Kansas City served its initial disclosures on January 10, 2023.  The Federal Reserve Board of Governors will produce an administrative record by February 9, 2023.

10.     Whether the parties can stipulate to any facts to avoid or minimize discovery; the nature and type of discovery each party intends to pursue, whether proportionality of

**discovery is an issue, whether the parties anticipate any issues with discovery of electronically stored information (ESI), and whether the discovery should be limited in any manner.**

**Response:** The parties have agreed to meet-and-confer regarding potential stipulations prior to the conclusion of fact discovery. Custodia and FRBKC intend to pursue document discovery, to take depositions, and, if necessary, to provide expert opinions. Each party has separately listed illustrative topics that they intend to pursue in discovery, while reserving the right to object, supplement, or expand any of the topics listed below, and without adopting any characterizations therein:

*Custodia:*

- The processing of Plaintiff's master account request and the Federal Reserve Board of Governors' role in that process.

- Whether the Federal Reserve Board of Governors controlled the decision whether to grant Custodia's request.

- The rationale for delaying the processing of Plaintiff's master account application;

- The processing of master account applications generally and the Federal Reserve Board of Governors' role in that process (e.g., the processing of requests for master accounts for Reserve Trust and the Fourth Corner Bank).

- The control exercised by the Federal Reserve Board of Governors over the Reserve Banks.

- Whether there is legal discretion to deny master account requests.

- The risks posed by institutions that facilitate transactions in crypto-assets (including the Board's willingness to allow BNY Mellon, Farmington State Bank (d/b/a Moonstone Bank), the banks in the Regulated Liability Network with the Federal

Reserve Bank of New York, the banks in the USDF Consortium, the banks using the TassatPay blockchain, and other banks) to participate in such transactions.

*FRBKC*:

- Plaintiff's business plan.

- The security and compliance measures Plaintiff has taken to adhere to the Bank Secrecy Act, the Anti Money-Laundering Statute, and other provisions of federal and state law.

- Custodia's risk profile and policies and procedures to mitigate and address risk.

- Risks presented by digital assets.

- Custodia's relationship with Cross-River Bank.

- Wyoming's regulatory and supervisory regime over Special Purpose Depository Institutions.

- Custodia's relationship with Promontory.

The parties expect to be able to resolve any issues related to proportionality and do not anticipate any issues with the production of electronically stored information. The parties do not at this time request any changes to the discovery limits established by the Federal Rules of Civil Procedure.

**11. Proposed specific dates for each of the following, keeping in mind that trial should occur within approximately nine (9) months from the date of the Initial Pretrial Conference, unless there are unusual or unique circumstances. Parties should be prepared to address any issues that require additional time at the Initial Pretrial Conference.**

     **a. Proposed dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);**

     **b. A proposed deadline for the completion of fact discovery; and**

     **c. A proposed date for trial.**

**Response:**

After multiple meet and confers, Custodia and FRBKC were unable to reach an agreement concerning the trial schedule. The parties have provided their proposed schedules below and will be prepared to discuss their respective positions at the scheduling conference.  Both parties agree to conduct fact and expert discovery in parallel, and that summary judgment and Daubert motions can be briefed in approximately two months.  As the Court will see below, the FRBKC proposes a seven-month period for discovery, whereas Custodia proposes a four-month period for discovery.

| Event | FRBKC Proposal | Custodia Proposal |
|---|---|---|
| Initial Disclosures | January 10, 2023 | January 10, 2023 |
| Initial Case Management Conference | January 17, 2023 | January 17, 2023 |
| Close of Fact and Expert Discovery | August 17, 2023 | May 17, 2023 |
| Summary Judgment Motions and Daubert Motions | September 7, 2023 | June 7, 2023 |
| Summary Judgment Opposition and Dauber Opposition | September 28, 2023 | June 28, 2023 |
| Summary Judgment Replies | October 12, 2023 | July 12, 2023 |
| Hearing on Summary Judgment Motions | TBD by the Court | TBD by the Court |
| Final Pretrial Conference | TBD by the Court | TBD by the Court |
| Trial | TBD by the Court | TBD by the Court |

**12.     Indicate any other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

**Response:**  The parties have endeavored to work cooperatively to minimize disputes and expedite the Court's ability to decide the merits of this case.  The following issues may be presented:

1. <u>The contents of the Board's administrative record</u>:  The Board will compile and produce an administrative record by February 9, 2023.   Custodia will not be in a position to evaluate the comprehensiveness of the administrative record until it has

been produced and Custodia has had an opportunity to meet and confer with the Board's counsel.

2. <u>Privilege disputes</u>: The parties anticipate that certain privilege disputes may arise during the course of discovery. Some of those disputes may include whether, how, and under what circumstances information that may involve federal privileges (including the federal bank examination and deliberative process privileges) and/or Federal Reserve Confidential Supervisory Information ("CSI") may be used or disclosed. *See, e.g.*, 12 C.F.R. §§ 261.2(b)(1), 261.20-.23 (governing the handling of CSI); 12 U.S.C. § 1828(x) (providing that any submission of information to a banking agency for any purpose in the course of any supervisory or regulatory process does not lose its privileged character). The parties will attempt to resolve these disputes, should they arise, before bringing them to the Court's attention.

3. <u>Entry of Protective Order</u>: The parties agree that it will be necessary to enter an appropriate protective order and will submit a proposed order to the Court by January 31, 2023, or as soon thereafter as practicable.

**13.      The estimated length of trial and any suggestions for shortening the trial.**

**Response:** A trial is estimated to last 7 – 8 days.

**14.      The prospects for settlement (good, fair, or poor), including any request of the Court for assistance in settlement efforts.**

**Response:** The parties will continue to act in good faith in an attempt to resolve disputes and minimize or eliminate the need for Court involvement. At this time, the level of communication between the parties is good, but settlement remains unlikely.

**15.      Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner.**

**Response:** There are no additional matters that the parties wish to raise with the Court at this time.

DATED this 13th day of January, 2023.

CUSTODIA BANK, INC., Plaintiff,

/s/ **SCOTT E. ORTIZ**
**SCOTT E. ORTIZ**
WILLIAMS PORTER DAY NEVILLE PC
PO Box 10700
Casper  WY 82602
*Attorney for Plaintiff*

**RYAN SCARBOROUGH**
**JAMIE WOLFE**
WILLIAMS & CONNOLLY, LLP
680 Maine Avenue SW
Washington  DC 20024
*Attorneys for Plaintiff*

**BILLIE ADDLEMAN**
**ANDREW MICHAELSON**
**CHRISTINE CARLETTA**
*Attorneys for Defendant Federal Reserve Bank of
Kansas City*

**JOSHUA CHADWICK**
*Attorney for Defendant Federal Reserve Board of
Governors*