Billie L.M. Addleman, #6-3690
John P. Fritz, #7-6318
HIRST APPLEGATE, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
jfritz@hirstapplegate.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY, <br><br> *Defendants.* | No. 1:22-cv-00125-SWS |

## JOINT MOTION OF DEFENDANTS FEDERAL RESERVE BANK OF KANSAS CITY AND FEDERAL RESERVE BOARD OF GOVERNORS TO DISMISS THE COMPLAINT AS MOOT

The Court's Order on Defendants' motions to dismiss left standing Claims I, II, IV, and the due process portion of Claim III from Custodia's Complaint. *See Order Granting in Part and Denying in Part Defendants' 12(b)(6) Motions to Dismiss*, ECF No. 102 at 38. Each of these remaining claims seeks the same relief: an order compelling the Federal Reserve Bank of Kansas City ("FBRKC") to promptly decide Custodia's request for a master account. *See* Compl. ¶¶ 81, 91, 101, 109. On January 27, 2023, FRBKC provided Custodia a letter stating that FRBKC had denied Custodia's request for a master account and providing the basis for that decision.

1

Given that Custodia has obtained the relief requested in its remaining claims, the Court should dismiss this case as moot under Article III of the Constitution, which permits federal courts to adjudicate only live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). Because mootness deprives the court of subject matter jurisdiction, a moot case must be dismissed. *See, e.g.*, *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."). Furthermore, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez*, 558 U.S. at 92 (internal quotation marks omitted).  A case can become moot where, as here, an event occurs during the pendency of the action that makes it impossible for the court to grant the relief requested. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *see also Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology*, 506 U.S. at 12 (internal quotation marks omitted). Actions alleging unreasonable delay are thus mooted once the allegedly delayed action has been taken.  *See, e.g.*, *Landrith v. Schmidt*, 732 F.3d 1171, 1172–73 (10th Cir. 2013) (mandamus petition claiming district court had unreasonably delayed ruling was moot once district court ruled); *cf. St. Pierre v. Norton*, 498 F. Supp. 2d 214, 223 (D.D.C. 2007) ("a claim for unlawful delay of agency action becomes moot once the agency takes the requested action").

## <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed.

Dated 27 January 2023

/s/ Billie LM Addleman
Billie LM Addleman, #6-3690
John P. Fritz, #7-6318
HIRST APPLEGATE, LLP
Attorneys for Defendant FRBKC
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
jfritz@hirstapplegate.com

Andrew Michaelson (*pro hac vice*)
Laura Harris (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Phone: (212) 556-2100
amichaelson@kslaw.com
lharris@kslaw.com

Jeffrey S. Bucholtz (*pro hac vice*)
Joshua N. Mitchell (*pro hac vice*)
Christine M. Carletta (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 737-0500
jbucholtz@kslaw.com
jmitchell@kslaw.com
ccarletta@kslaw.com

*Counsel for Defendant the*
*Federal Reserve Bank of Kansas City*

Joshua P. Chadwick, Senior Special Counsel
Yvonne F. Mizusawa, Senior Counsel
Yonatan Gelblum, Senior Counsel
Katherine Pomeroy, Senior Counsel
BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
Phone: (202) 263-4835
joshua.p.chadwick@frb.gov

*Counsel for Defendant Federal Reserve Board of*
*Governors*

## CERTIFICATE OF SERVICE

I certify the foregoing *Federal Reserve Bank of Kansas City and Federal Reserve Board of Governor's Motion to Dismiss* was served upon all parties to this action pursuant to the Federal Rules of Civil Procedure on 27 January 2023, and that copies were served as follows:

John K. Villa
Ryan Thomas Scarborough
Whitney D Hermandorfer
Jamie Wolfe
WILLIAMS & CONNOLLY
680 Maine Avenue SW
Washington, DC 20024
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Scott E Ortiz
WILLIAMS PORTER DAY & NEVILLE
159 North Wolcott, Suite 400
P O Box 10700
Casper, WY 82602
*Attorneys for Plaintiff*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

Angela Tarasi
KING & SPALDING LLP
1401 Lawrence Street
Suite 1900
Denver, CO 80202
*Attorneys for Defendant Federal Reserve Bank of Kansas City*

☐ U.S. MAIL
☐ FED EX
☐ FAX
☐ HAND DELIVERED
☐ EMAIL
☑ E-FILE

 /s/ Shannon M. Ward
OF HIRST APPLEGATE, LLP
Attorneys for Defendant