Scott E. Ortiz, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:    (307) 265-0700
Facsimile:    (307) 266-2306
Email:        sortiz@wpdn.net

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-CV-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF | ) | |
| GOVERNORS and FEDERAL RESERVE | ) | |
| BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

---

**PLAINTIFF CUSTODIA BANK, INC.'S**
**Unopposed Motion to Amend Complaint in Response to Defendants' Motion to Dismiss**

---

In response to Defendants' Motion to Dismiss, Custodia requests that the Court permit Custodia to file the Amended Complaint attached hereto as Exhibit A and deny Defendants' Motion to Dismiss as moot. On January 27, 2023, Defendants denied Custodia's application for a master account, thus ending 27 months of delay. Even though Custodia's master account application has been decided, Custodia's claims are far from resolved. The denial of Custodia's master account crystalizes a claim that was already present in Custodia's initial Complaint— Defendants have no statutory discretion to deny Custodia's master account application. On

February 1, 2023, the undersigned conferred by telephone with counsel for Defendants, who do not oppose this Motion.  (Wyo. Local Rules 7.1(b)(1)(A), 15).

On June 7, 2022, Plaintiff Custodia Bank, Inc. filed the original Complaint in this matter. That Complaint included eight claims for relief.  The first six claims pertained to Defendants' delay in deciding Custodia's master account application.  Claims VII and VIII, which were pleaded in the alternative "and only in the event that Defendants den[ied] Custodia's application for a master account," (ECF 1 ¶¶ 130, 139) pertained to Defendants' potential denial of Custodia's master account application.

Defendants moved to dismiss Custodia's Complaint.  (ECF 48, 50).  The Court granted those motions in part and denied those motions in part.  (ECF 102).  In its order resolving the motions to dismiss, the Court dismissed Claims VII and VIII as unripe and non-justiciable.  (*Id.* at 37).  Because the dismissals of Claims VII and VIII were on subject matter jurisdiction grounds, those dismissals necessarily were without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

On January 27, 2023, Custodia received notice that its master account application had been denied.  That same day, Defendants filed a motion to dismiss, arguing that denial mooted Custodia's remaining claims, which were based on delay in adjudicating Custodia's master account application.  (ECF 116).

Custodia now asks the Court for leave to file an amended complaint.  The proposed amended complaint (Ex. A) includes three claims, each of which challenges the unlawful denial of Custodia's master account application.  This is Custodia's first motion to amend.  Defendants do not oppose this motion.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading

only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule "reinforces one of the basic policies of the federal rules — that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1473 (3d ed.). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "The Supreme Court has stated that, in the absence of an apparent reason such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., leave to amend should be freely given." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 959–60 (D.N.M. 2018) (cleaned up). In the Tenth Circuit, the two "principal factors [that] are considered in connection with the offer of an amendment are, first, whether [amendment] will cause delay and, second, whether the adversary will suffer prejudice" due to the amendment. *R. E. B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975).

There is no reason to prevent Custodia from amending its Complaint. Custodia's motion to amend is timely. Custodia's master account application was denied less than one month ago, and Custodia's proposed amendments are all directly responsive to that denial. There is also no prejudice to Defendants. The principal issue that Custodia raises in its Amended Complaint— whether Defendants have discretion to deny Custodia's master account—was also raised in the original Complaint, (ECF No. 1 at ¶¶ 128-44), and the Court considered the issue in resolving Defendants' Motions to Dismiss, (ECF No. 102, 12-17). Additionally, Custodia informed

Defendants that it would seek to amend its Complaint, and Defendants do not oppose this motion. Thus, Custodia's motion to amend should be granted.

**WHEREFORE**, Plaintiffs respectfully move this Court for entry of the proposed *Order Granting Plaintiffs' Motion to Amend Complaint* attached hereto, and ask that the Court deny Defendants' Motion to Dismiss.

DATED this third day of February 17, 2023.


By:     /s/ Scott E. Ortiz
        Scott E. Ortiz, W.S.B. # 6-4254
        WILLIAMS, PORTER, DAY & NEVILLE, P.C.
        159 No. Wolcott, Suite 400
        P.O. Box 10700
        Casper, Wyoming 82602
        Telephone:     (307) 265-0700
        Facsimile:     (307) 266-2306
        Email:         sortiz@wpdn.net

        -and-

        John K. Villa, *pro hac vice*
        Ryan Scarborough, *pro hac vice*
        Sarah M. Harris, *pro hac vice*
        Whitney D. Hermandorfer*, pro hac vice*
        Jamie Wolfe*, pro hac vice*
        WILLIAMS & CONNOLLY, LLP
        680 Maine Avenue SW
        Washington, DC 20024
        Telephone:     (202) 434-500
        Emails:        jvilla@wc.com
                       rscarborough@wc.com
                       sharris@wc.com
                       whermandorfer@wc.com
                       jwolfe@wc.com
                       *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 17th day of February, 2023:

Mark Van Der Weide
Richard M. Ashton
Joshua P. Chadwick
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
20th Street and Constitutional Avenue, N.W.
Washington, DC 20551

- ☐ U.S. Mail (Postage Prepaid)
- ☐ Email
- ☐ Overnight Delivery
- ☐ Hand Delivery
- ☒ CM/ECF System

Billie L.M. Addleman
John P. Fritz
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, Wyoming 82003

- ☐ U.S. Mail (Postage Prepaid)
- ☐ Email
- ☐ Overnight Delivery
- ☐ Hand Delivery
- ☒ CM/ECF System

Andrew Michaelson
Laura Harris
KING & SPALDING, LLC
1185 Avenue of the Americas, 34th Floor
New York, New York 10036

- ☐ U.S. Mail (Postage Prepaid)
- ☐ Email
- ☐ Overnight Delivery
- ☐ Hand Delivery
- ☒ CM/ECF System

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

- ☐ U.S. Mail (Postage Prepaid)
- ☐ Email
- ☐ Overnight Delivery
- ☐ Hand Delivery
- ☒ CM/ECF System

 /s/ Scott E. Ortiz
Scott E. Ortiz