

**STATE OF WYOMING**
**DEPARTMENT OF AUDIT**

DIVISION OF BANKING
Phone: (307) 777-7797    Fax: (307) 777-3555

**Mark Gordon**
Governor

**Fred Rife**
Interim Director

**Albert L. Forkner**
Commissioner

**Special Purpose Depository Institutions:**
**Updated Capital Requirement Guidance**
**July 7, 2021**

Wyo. Stat. § 13-12-110 and implementing rules[1] establish an overall bank capital requirement for chartering a special purpose depository institution ("SPDI"). In May 2020, the Division of Banking ("the Division") released its original capital requirement guidance for chartering a SPDI. In May 2021, the Division adopted amendments to the implementing rules to describe factors considered in setting SPDI capital requirements. Based on the amended implementing rules, the Division releases this Updated Capital Requirement Guidance.

The capital requirement has three components:

- <u>Capital Stock:</u>  Statutory requirement of not less than $5,000,000. The Division's Banking Commissioner is authorized to set the capital requirement on a case-by-case basis, in a manner commensurate with the risk profile and proposed activities of the institution.
- <u>Surplus/Operating Expenses:</u>  3 years of projected operating expenses, as specified in the business plan of the SPDI.
- <u>Contingency Account:</u>  2% of demand (non-custodial) deposits of fiat currency. Only applies after third year of operation and other requirements may count towards this mandate.

In setting the capital requirement, the Banking Commissioner shall consider the factors set forth in Rules of the Division, Chapter 20, § 2(d)(i)-(vi). These include: (i) peer institutions of the special purpose depository institution, which may include custodial banks and national trust banks; (ii) the activities and risks posed by the business plan and financial projections of the SPDI; (iii) the prompt corrective action tier 1 leverage ratio; (iv) the non-leveraged nature of deposits related to custodial, fiduciary and trust accounts administered by the institution, consistent with 12 C.F.R. § 217.10 as of October 1, 2020, and the treatment of custodial, fiduciary and trust deposits under the supplementary leverage ratio for custodial banks; (v) current market conditions, including capital requirements of recently chartered de novo banks; and (vi) potential costs of a receivership.

The Division takes a holistic view of these factors and considers the overall resources available to a prospective SPDI for a safe and sound operation. Generally, the Division focuses significantly on the activities and risks posed by the business plan of a SPDI and its financial projections.

In reviewing the business plan and other factors set by rule, the Division recognizes that operations of a SPDI will likely be different than a traditional retail-focused bank because a SPDI is required to maintain 100% of its fiat demand deposits as liquid assets and is prohibited from lending fiat

---

[1] Rules of the Division, Chapter 20, § 2.

HATHAWAY BUILDING, 2nd FLOOR • 2300 CAPITOL AVENUE • CHEYENNE, WY 82002
WYOMINGBANKINGDIVISION.WYO.GOV

**Attachment B**

deposits.[2] SPDIs may resemble a custody bank[3] because of their focus on fiduciary activities, asset management and custody.

The Division will assess the capital requirement of each prospective SPDI on a case-by-case basis, after consulting with the applicant. The required initial capital will vary from institution to institution. However, given the factors considered, the required initial capital will likely far exceed the statutory minimum. A prospective SPDI should anticipate an initial capital requirement similar to a federally-insured institution and other recently chartered de novo banks. Additionally, the Division expects that each SPDI meet the capital ratios set by the Federal Reserve and FDIC.[4]

As part of a SPDI charter application, the applicant must present evidence that it will have the required initial capital available if a charter is granted. Capital is not required to be subscribed and fully paid in until a SPDI applies for a certificate of authority under Wyo. Stat. § 13-12-116.[5]

This guidance is principally tailored to ensure the financial strength of a prospective institution, including maintaining adequate capital to continue as a going concern and to meet its current and projected operating expenses under a range of scenarios.

The Division is happy to discuss this guidance further with potential applicants. Please contact us at (307) 777-7797 or wyomingbankingdivision@wyo.gov with questions or concerns.

---

[2] This requirement does not apply to off-balance sheet assets.
[3] THE CLEARING HOUSE, THE CUSTODY SERVICES OF BANKS (2016), *available at* https://www.theclearinghouse.org/-/media/tch/documents/research/articles/2016/07/20160728_tch_white_paper_the_custody_services_of_banks.pdf.
[4] *See* Rules of the Division, Chapter 20 §§ 1(d), 12(a).
[5] *Id*. § 2(a).