Bridget Hill, WY Bar #6-3616
Karl D. Anderson, WY Bar #6-2807
Devin Kenney, WY Bar #7-5964
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
307-777-7886
bridget.hill@wyo.gov
karl.anderson@wyo.gov
devin.kenney1@wyo.gov

**UNITED STATES DISTRICT COURT**

**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:22-cv-00125-SWS |
| BOARD OF GOVERNORS OF | ) | |
| THE FEDERAL RESERVE SYSTEM & | ) | |
| FEDERAL RESERVE BANK | ) | |
| OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT OF INTERVENOR, STATE OF WYOMING**

The State of Wyoming by and through Attorney General Bridget Hill, Supervising Attorney General Karl Anderson, and Senior Assistant Attorney General Devin Kenney, hereby bring this Complaint pursuant to the Rule 24 of the Federal Rules of Civil Procedure.

1

## Parties, Jurisdiction, and Venue

1. The State of Wyoming is responsible for the administration of the laws and regulations governing Special Purpose Depository Institutions (SPDI Banks) and supervision of SPDI Banks established under the laws of the State.

2. The State of Wyoming adopts, incorporates by reference, and asserts paragraphs 14 through 16 of Custodia's amended complaint regarding the original parties to this litigation.

3. The State of Wyoming adopts, incorporates by reference, and asserts paragraph 17 of the original plaintiff's amended complaint regarding jurisdiction of this Court to hear and decide this action because it involves a suit in which a Federal Reserve bank is a party.

4. The State of Wyoming adopts, incorporates by reference, and asserts paragraph 18 of the original plaintiff's amended complaint regarding proper venue.

5. An actual controversy exists between the State of Wyoming and Defendant Federal Reserve Board of Governors (Board) and Defendant Federal Reserve Bank of Kansas City (Kansas City Fed) (collectively, Defendants) concerning their denial of original plaintiff's master account application because the denial appears to call into question the sufficiency of the State of Wyoming's SPDI statutes. That controversy is justiciable because the uncertainty created by Defendants' initial delay in reviewing and ultimate denial of Custodia's application has chilled the creation of SPDI Banks in Wyoming. Pursuant to Wyo. Stat. Ann. § 13-12-119(d) the State of Wyoming would

receive fees from SPDI Bank applications and supervisory fees from those institutions that it is not currently receiving because SPDI Banks are not currently providing services to the public while Defendants' regulatory discrimination against Wyoming SPDI Banks persists. Additionally, the State of Wyoming, and its citizens, would receive economic benefits from the operation of SPDI Banks within the state.

6. The claim the State of Wyoming shares with the original plaintiff's causes of action and common question of law and underlying facts satisfies the requirements of Federal Rule of Civil Procedure 24(b) to allow intervention by permission for the State of Wyoming.

## Facts Common to All Allegations

7. The State of Wyoming adopts, incorporates by reference, and asserts the first and fourth sentence of paragraph 21 of the original plaintiff's amended complaint regarding the timeline of the original plaintiff's application for a Federal Reserve master account and the ultimate denial of that account.

8. The State of Wyoming adopts, incorporates by reference, and asserts paragraphs 22 through 39 of the original plaintiff's amended complaint regarding the history of dual chartering in the United States, the Monetary Control Act of 1980, and the development of SPDI Banks in Wyoming.

9. Defendant Kansas City Fed issued its "Custodia Master Account Summary Analysis" (Summary Analysis) on January 27, 2023. [ECF 129][1] The Summary Analysis states that:

> Custodia is an uninsured, *de novo* depository institution not subject to federal supervision and regulation, seeking to engage in multiple high-risk endeavors concentrated in a high-risk industry. Its revenue will be generated primarily from crypto-adjacent activity with no history of safe and sound operations, diversified sources of revenue, and effective risk-management practices, meaning comparisons between Custodia and insured depository institutions are misplaced.

[*Id.* at 7].[2]

10. The Summary Analysis further concludes that "Custodia is not subject to the federal regulatory capital framework for insured banks" and that "[n]either the federal capital framework nor the Wyoming Statute rules have incorporated requirements related specifically to crypto-assets." [ECF 129 at7].

---

[1] As noted in the State of Wyoming's Memorandum in Support of Motion for Permission to Intervene, the State of Wyoming received a copy of this document from Plaintiff Custodia's counsel after Defendant Kansas City Fed issued it to Custodia. The State of Wyoming takes note of the fact that the basis upon which the Kansas City Fed requested this document be filed under seal, which it refers to as the "Denial Letter," was that "it may contain Custodia's confidential commercial information." [ECF 125 at 2]. For that reason, the State of Wyoming has consulted with Custodia and Custodia has confirmed that it has no objection to the State of Wyoming quoting from that document in its filings.

[2] For ease of reference, the Complaint of Intervenor utilizes the same Attachment letters as the State of Wyoming's Memorandum in Support of Motion for Permission to Intervene.

11. Although Wyoming SPDI Banks are not required to be supervised by the FDIC, the State's regulatory framework imposes similar capital requirements as the FDIC and has the additional protection that SPDI Banks are full-reserve banks.

12. For example, Wyoming's regulatory regime requires SPDI banks to enter written agreements with customers on how custodial services will be provided, requires clear written notices with customers on digital asset custody, and requires SPDI banks to segregate customers' digital assets from their own, among other requirements. Wyo. Stat. Ann. § 34-29-104(d), (h)-(j); Commissioner. Wyoming Dep't of Audit Rules, Ch. 19, § 4(c)(i), (e), (d)(i); § 5(d)-(f).

13. As to capital requirements, the Wyoming Division of Banking's Guidance provides that:

> A prospective SPDI should anticipate an initial capital requirement similar to a federally-insured institution and other recently chartered de novo banks. Additionally, the Division expects that each SPDI meet the capital ratios set by the Federal Reserve and FDIC.

[Attachment B].

14. Depositors in SPDI Banks received the additional protection that SPDI Banks are full-reserve banks, unlike the typical FDIC supervised bank that operates on fractional reserves. The Summary Analysis also notes that "Custodia is required to maintain unencumbered liquid assets equal to at least one hundred percent of deposit liabilities," but it discounts this requirement because "the Wyoming rules allow Custodia to hold other high-quality liquid assets, which may introduce credit or market risk to the institution." [ECF 129 at 7 and n.8].

15. Defendant Board has further acknowledged that Custodia actually proposed that it would "maintain, during the first three years of its operations, reserves equal to at least 108 percent of customer deposits in a Reserve Bank master account, if one [wa]s granted[.]" [Federal Reserve Board Denial Letter, Attachment A at 11].

16. Notwithstanding the State of Wyoming's robust regulatory regime, Defendant Kansas City Fed determined that "Custodia could be subject to run risks, as its business is focused on novel, risky activities and the firm will be subject to a legal regime and resolution process that has not been subject to a court-validated claims process (even where assets purportedly are in excess of deposit liabilities)." [ECF 129 at 7].

17. The Summary Analysis also makes clear that Defendants consider "[t]he statutory and regulatory safety and soundness framework for SPDIs [as] substantially different from the framework that applies to federally insured institutions." [*Id.* at 8].

18. Beyond requiring liquid assets at least equal to depository liabilities, Wyoming's SPDI Bank statutes require that these assets be United States currency held by the SPDI, a Federal Reserve bank, or a federally insured financial institution, or other highly liquid investments, consistent with rules adopted by the Commissioner. Wyo. Stat. Ann. § 13-12-105(b)(i)-(iii).

19. Wyoming's SPDI Bank regulations require that a SPDI Bank's assets "are managed prudently, consistent with safe and sound banking practices, in a manner that [a]ddresses interest rate risk, including repricing, basis, yield curve and option risk;

[p]revents mismatching; and [a]ccounts for potential stress scenarios." Wyo. Dep't of Audit Rules, Ch. 20 § 9(d)(i)-(iii).

20. Defendants have authorized existing federally-regulated banks to engage in substantially the same digital asset management activities that Wyoming full reserve SPDI banks could engage in.

21. Defendant Board has issued a letter "provid[ing] that a Federal Reserve-supervised banking organization engaging or seeking to engage in crypto-asset-related activities should notify its lead supervisory point of contact at the Federal Reserve." [Attachment C at 2].

22. The letter defines "crypto-asset-related activities as "includ[ing], but . . . not limited to, crypto-asset safekeeping and traditional custody services; ancillary custody services; facilitation of customer purchases and sales of crypto-assets; loans collateralized by crypto-assets; and issuance and distribution of stablecoins." [Attachment C at 2 n.3].

23. Notably, much of these activities are the precise activities Wyoming's SPDI regulations and statutes permit SPDI Banks to engage in, subject to approval by the Commissioner. Wyoming Dep't of Audit Rules, Ch. 20, § 11(d); Wyo. Stat. Ann. § 13-12-103(b).

24. Indeed, Wyoming's SPDI Bank rules state that

> Consistent with W.S. 13-12-103(b) and subject to the approval of the Commissioner, a special purpose depository institution may engage in all activities permitted to state and national banks which are consistent with the safe and sound operation of the institution, with the exception of lending activities prohibited by W.S. 13-12-103(c) which subjects the institution to credit risk.

7

Wyoming Dep't of Audit Rules, Ch. 20, § 13(a).

25. However, Wyoming SPDI Banks are not authorized to make on-balance sheet loans or rehypothecate digital assets under Wyoming law. Wyo. Stat. Ann. § 13-12-103(c).

26. Defendant Board has approved of at least one "old" or "traditional" state-chartered bank (BNY Mellon) to engage in the digital asset custodial activities for which the "novel" "*de novo*" SPDI Banks may engage in under Wyoming law. [ECF 98, Attachment A].

27. The Defendants appear to have arbitrarily created a distinction between federally regulated and non-federally regulated banks violating the principles of equality embedded in the national banking system.

28. Federal statute requires that "[a]ll Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions[.]" 12 U.S.C. § 248a(c)(2).

29. A SPDI Bank is a "depository institution" as referenced in 12 U.S.C. § 248a and defined in 12 U.S.C. § 461(b)(1)(A)(i).

30. Wyoming SPDI Banks are subject to a range of State-level regulations as outlined under Wyoming statutes, and have attempted to obtain federal regulation—including, in Plaintiff Custodia's case, by applying for membership in the Federal Reserve—but to no avail. [Federal Reserve Board Denial Letter, Attachment A].

## CLAIM ONE
### Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201
### Violation of 12 U.S.C. § 248a(c)(2)
### Declare Defendants have unlawfully treated Wyoming SPDI Banks inequitably

31. The State of Wyoming re-alleges and adopts by reference all previous allegations in this Complaint.

32. The State of Wyoming seeks a declaratory judgment under 28 U.S.C. § 2201(a). That statute provides that, where "an actual controversy within [the court's] jurisdiction" exists, "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."

33. An actual controversy exists: Defendants have a duty to treat like institutions engaging in similar activities alike under 12 U.S.C. § 248a(c)(2). But instead, Defendants have arbitrarily allowed certain depository institutions with master accounts to provide safekeeping services for crypto-assets and providing banking services to customers in the crypto-asset industry, while denying other depository institutions the ability to provide like services while maintaining master accounts. Defendants deem that *de novo* depository institutions, such as Custodia, seeking to provide safekeeping services for crypto-assets and provide banking services to customers in the crypto-asset industry pose too much risk to receive a master account. Under 12 U.S.C. 248a(c)(2), Defendants must make available to nonmember depository institutions the same services available to member institutions.

34. Additionally, equality between federally-chartered and state-chartered banks is "firmly embedded in the statutes governing the national banking system." *First Nat. Bank in Plant City v. Dickinson*, 396 U.S. 122, 133 (1969). Multiple precedential decisions

confirm this stance. *See, e.g.*, *State of Colo. ex rel. Colorado State Banking Bd. v. Resolution Trust Corp.*, 926 F.2d 931, 946 (10th Cir. 1991) (outlining how regulation that "applie[d] equally to both state and national banks" "protect[ed] competitive equality" between them); *State of Colo. ex rel. State Banking Bd. v. First Nat. Bank of Fort Collins*, 540 F.2d 497, 500 (10th Cir. 1976) ("[T]he congressional intent behind the provisions of [federal branch banking statute] was to place national and state banks on a basis of 'competitive equality[.]'").

35. Defendants, through their analysis of the denial of original plaintiff's application, appear to have implicated the structure and state regulation of Wyoming's SPDI Banks. Defendants' explanation of its actions related to the original plaintiff, demonstrate that Defendants are treating Wyoming approved SPDI Banks inequitably compared to member institutions. They are thereby disregarding the competitive equality in the banking system by preferring member banks over state chartered institutions that do not have membership with the Federal Reserve such as Wyoming's SPDI Banks.

36. The State of Wyoming does not claim that Plaintiff Custodia itself should or should not have a master account, but rather that Defendants have to treat all Wyoming full-reserve SPDI Banks equally with other depository institutions. Nor does the State of Wyoming take a position on Custodia's claims that it is entitled to a master account under 12 U.S.C. § 248a(c)(2) or on the Defendants' counter-position that granting a master account is discretionary. [ECF 121, Amended Complaint at 27-33; ECF 124, Kansas City Fed Motion to Dismiss at 8-11; ECF 127, Board Motion to Dismiss at 13-18]. Instead, the

State avers that, under whatever standard the Court deems appropriate for the granting of master accounts, the Defendants must treat Wyoming SPDI Banks equally without regards to whether those banks are nationally-chartered vs. state-chartered, Federal Reserve members vs. nonmembers, large vs. small banks, or old vs. new banks.

37. The State of Wyoming adopts, incorporates by reference, and asserts paragraphs 98 and 100 of the original plaintiff's amended complaint regarding this Court's jurisdiction for the purposes of the Declaratory Judgements Act and that this is an appropriate pleading under that Act.

38. The State of Wyoming therefore asks the Court to declare that this inequitable treatment is unlawful and discriminatory and further declare that Defendants have a statutory obligation to treat Wyoming SPDI Banks equitably with Federal Reserve member institutions, and federally-regulated state-chartered and nationally-chartered banks. Furthermore, it is the Board's refusal to grant a Wyoming SPDI Bank regulatory status through Federal Reserve membership that is the direct cause of the fact that the SPDI Bank is not federally-regulated and thereby receiving inequitable treatment from Defendants.

### CLAIM TWO
**Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201**
**Declare that Defendant Kansas City Fed's Summary Analysis is Deficient and Defective Insofar as it Mischaracterizes Wyoming SPDI Bank Statutes and Regulations**

39. The State of Wyoming re-alleges and adopts by reference all previous allegations in this Complaint.

40. The State of Wyoming has an interest in seeing its statutes and regulations enforced and in its chartered banks being treated equitably by federal regulators, including the Defendants.

41. The Kansas City Fed's Summary Analysis has overlooked, ignored, and disregarded the Wyoming SPDI Bank regulatory framework in considering the safety and soundness of Plaintiff Custodia's activities to provide safekeeping services for crypto-assets and banking services to customers in the crypto-asset industry.

42. Thus, the State of Wyoming seeks a declaratory judgment under 28 U.S.C. § 2201(a) that, to the extent a statute or regulation of Wyoming is called into question and is put at issue between Plaintiff Custodia and the Defendants, that Wyoming's SPDI Bank statutes and regulations are not high risk but rather are protective of the financial system, the safety and soundness of SPDI Banks, and potential SPDI customers.

43. The State of Wyoming asks the Court to declare that Defendant Kansas City Fed's Summary Analysis is deficient and defective insofar as it mischaracterizes Wyoming SPDI Bank statutes and regulations.

## Prayer for Relief

The State of Wyoming prays for the following relief:

1. This Court enter judgment in favor of the State of Wyoming and declare the Defendants inequitable treatment of Wyoming SPDI Banks is unlawful under 12 U.S.C. § 248a(c)(2) insofar as it discriminates against SPDI Banks and imposes restrictions and requirements upon those banks that it does not oppose on other banks seeking to provide

like services;

2.      This Court rule that (regardless of the validity or non-validity of Defendants' denial of Custodia's master account application), that the Defendant's rejection should not be based on the structure of Wyoming's SPDI Bank system; and

3.      For such other and further relief as the Court shall deem just.

Dated this _____ day of April, 2023.

                                                            Bridget Hill, Wyo. Bar No. #6-3616
Attorney General
Karl Anderson, Wyo. Bar No. #6-2807
Supervising Attorney General
Devin Kenney, Wyo. Bar No. #7-5964
Senior Assistant Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7886
bridget.hill@wyo.gov
karl.anderson@wyo.gov
devin.kenney1@wyo.gov

*ATTORNEYS FOR STATE OF WYOMING*

13