John Buretta (*Pro Hac Vice*)
Benjamin Gruenstein (*Pro Hac Vice*)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
jburetta@cravath.com
bgruenstein@cravath.com

Darin B. Scheer (6-3558)
CROWLEY FLECK PLLP
111 W 2nd St
Casper, WY 82601
Telephone: (307) 265-2279
Fax: 307-265-2307
dscheer@crowleyfleck.com

*Counsel for Potential Amicus Curiae Former Senator Patrick J. Toomey*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| CUSTODIA BANK, INC.,<br><br>    *Plaintiff*,<br><br>            v.<br><br>BOARD OF GOVERNORS OF THE<br>FEDERAL RESERVE SYSTEM &<br>FEDERAL RESERVE BANK<br>OF KANSAS CITY,<br><br>    *Defendants*. | Civil Case No.: 1:22-CV-00125-SWS |

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE*
BRIEF IN SUPPORT OF NEITHER PARTY**

Pursuant to District of Wyoming Local Rule 7.1(b)(2)(G), potential *amicus curiae* former Senator Patrick J. Toomey respectfully requests leave to file the attached *amicus curiae* brief.  All parties have consented to the filing of this *amicus curiae* brief.

The Local Civil Rules for the United States District Court for the District of Wyoming, allow for *amicus* briefs with "leave of [the] court."  D. Wyo. Local R. Rule 7.1(b)(2)(G).  The Local Rules require that a motion for leave to file an *amicus* brief "shall include a short, concise statement of the arguments and authorities in support of the motion."  D. Wyo. Local R. Rule 7.1(b)(1)(B) (referenced by D. Wyo. Local R. Rule 7.1(b)(2)(G)).  Federal Rule of Appellate Procedure 29, which is referenced by Local Rule 83.6,[1] requires that a motion for leave to file an *amicus* brief shall state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. Rule 29(a)(3)(A)-(B).

*Senator Toomey's interest.*  As the principal sponsor of the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 Amendment ("2023 NDAA Amendment" or "Amendment") to the Federal Reserve Act, Pub. L. No. 117-263 § 5708, 136 Stat. 2395, 3419, Senator Toomey has a distinct interest in correcting Defendants' improper reading of this Amendment.  Senator Toomey submits this brief because Defendants' arguments in this case, reading the Amendment as recognizing or bolstering their discretion to reject master account applications from statutorily eligible depository institutions, misconstrue the Amendment.  As its text makes clear—and as the Board of Governors of the Federal Reserve System (the

---

[1] Local Rule 83.6 states that that "[u]nless otherwise ordered by the Court, motions for leave to file and the filing of amicus briefs shall be governed by Fed. R. App. P. 29." D. Wyo. Local R. Rule 83.6(d).  This rule does not govern here because it relates to reviews of actions by administrative agencies, however, Senator Toomey has used it as a guide for this motion.

"Board") knows from conversations with legislative staff during its drafting—the Amendment was exclusively a transparency measure, requiring the Board to disclose the identity of entities that hold, or have submitted pending or rejected applications for, master accounts. Senator Toomey has a strong interest in ensuring that this Court interprets the Amendment in accordance with Congress's (properly limited) language and intent.

*Desirability and relevance of the brief.* An *amicus* filing by Senator Toomey is desirable and relevant because, as the Amendment's sponsor and principal drafter, Senator Toomey is well placed to explain the history, context, meaning and intent of the Amendment, which goes to issues at the heart of this case. In addition to sponsoring the 2023 NDAA Amendment, during his 12 years on the Senate Committee on Banking, Housing, and Urban Affairs, where he ultimately served as Ranking Member, Senator Toomey conducted significant oversight activity on issues related to the Federal Reserve System. Since retiring from the Senate earlier this year, Senator Toomey has closely followed the application and interpretation of the Amendment—including in this case and in Board rulemakings—and has publicly commented on his view of the provision's proper interpretation. Thus, this brief presents compelling evidence of Congress's intent regarding the interpretation of the 2023 NDAA Amendment, which will likely materially benefit this Court's resolution of the issues in this case.

Therefore, Senator Toomey respectfully requests leave to participate in this matter as an *amicus* pursuant to District of Wyoming Local Rule 7.1(b)(2)(G). Senator Toomey simultaneously serves his *amicus* brief, which is attached to this motion.

Dated:  April 18, 2023

Respectfully submitted,

*/s/ Benjamin Gruenstein*
**CRAVATH, SWAINE & MOORE LLP**
John Buretta (*Pro Hac Vice*)
Benjamin Gruenstein (*Pro Hac Vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
jburetta@cravath.com
bgruenstein@cravath.com


Darin B. Scheer (6-3558)
**CROWLEY FLECK PLLP**
111 W 2nd St
Casper, WY 82601
Telephone: (307) 265-2279
Fax: 307-265-2307
dscheer@crowleyfleck.com

*Counsel for Potential Amicus Curiae Former Senator Patrick J. Toomey*

**CERTIFICATE OF SERVICE**

I certify that on April 18, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated:　　　April 18, 2023

　　　　　　　　　　　　　　　　　　　　*/s/ Benjamin Gruenstein*
　　　　　　　　　　　　　　　　　　　　Benjamin Gruenstein