Scott E. Ortiz, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
Email:         sortiz@wpdn.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-CV-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF | ) | |
| GOVERNORS and FEDERAL RESERVE | ) | |
| BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF CUSTODIA BANK, INC.'S
### BRIEF IN SUPPORT OF THE STATE OF WYOMING'S MOTION FOR PERMISSION FOR LEAVE TO INTERVENE AND LEAVE TO FILE A COMPLAINT AS INTERVENOR

Plaintiff Custodia Bank, Inc. respectfully submits this memorandum of law in support of the motion to intervene by the State of Wyoming ("State"), filed on April 13, 2023, pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).   As the State observed in its Memorandum, "the State's motion is timely and the State's request to intervene and defend its statutory framework is based on statutes that the State of Wyoming administers."   (Intervenor Mot., ECF No 140 at 2.)

While litigation has been ongoing for nearly a year, the denial of Custodia's master account application not only further delayed but also effectively restarted the litigation, making

the State's motion timely.    Moreover, as there is a pending motion to dismiss and discovery is yet to commence, intervention will not delay court proceedings or prejudice adjudication of the original parties' rights.

The dispute between Custodia and the Federal Reserve Bank of Kansas City and the Federal Reserve Board of Governors (collectively, "Defendants") not only concerns the meaning of federal law pertaining to Federal Reserve Bank master accounts, but also puts at issue the Wyoming Special Purpose Depository Institution ("SPDI") charter and its operation under Wyoming law.    The State has unique and exclusive information concerning its own processes for bank chartering and regulation.    Only the State can adequately represent its interest in maintaining its sovereign position within the dual-banking system and at the same time provide evidence demonstrating to Defendants the safeguards the State has put in place to protect the financial systems.    Accordingly, the Court should grant the State's timely-filed motion to intervene.

## I.      Leave to Intervene Should be Granted.

The Tenth Circuit follows "a somewhat liberal line in allowing intervention."   *Coalition of Arizona/New Mexico Counties v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996) (quoting *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977)). Federal Rule of Civil Procedure 24(b)(1)(B) provides that, on timely motion, the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact."   Fed. R. Civ. P. 24(b)(1)(B).   A court may exercise its sound discretion to decide whether to grant or to deny a motion for permissive intervention.    In exercising its sound discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."    Fed. R. Civ. P. 24(b)(3). The State meets these requirements, so the Court should grant leave to intervene.

**A.  Timeliness**

The State's request to intervene is timely.   Custodia was the first SPDI-chartered bank to receive a decision on its application for a master account.   That decision was not made until January 27, 2023, and it rested in substantial part on the Board's denial of Custodia's membership application (which Defendants refused to share with the State until March 24, 2023 and articulated a rationale that would doom all Wyoming SPDI-chartered depository institutions from having access to the Federal Reserve banking services).   Custodia filed an Amended Complaint contesting the denial of its master account on February 28, 2023.   Defendants moved to dismiss the Amended Complaint on March 28, 2023, and those motions were not fully briefed before the State moved to intervene on April 13, 2023.   Because this case is still in the early stages, and discovery has not yet commenced, no party would be prejudiced by the intervention. As no party would be prejudiced by intervention, the State's request is timely and should be granted.

**B.  Common Questions of Law or Fact**

The State has a claim that shares common questions of law and fact with the claims already raised by Custodia in this litigation.   "To permissively intervene, a party need not have a direct personal or pecuniary interest in the subject of the litigation."   *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1207 (10th Cir. 2007).   In its proposed Complaint, the State claims that Defendants have unlawfully treated SPDI banks inequitably and that Defendants have unlawfully mischaracterized the SPDI bank charter and regulations.   (Intervenor Compl., ECF No 140-4 at ¶ 31-43.)   The State's claims intersect legally and factually with Custodia's primary claim that Defendants unlawfully disregarded Custodia's SPDI bank charter in preventing Custodia from accessing Federal Reserve services through the denial of its master account application.

-3-

As the State explained in its proposed Complaint, "Defendants are treating Wyoming approved SPDI Banks inequitably compared to member institutions ... [thus] disregarding the competitive equality in the banking system by preferring member banks over state chartered institutions that do not have membership with the Federal Reserve such as Wyoming's SPDI Banks." (*Id*. at ¶ 35.)   Through its intervention, the State aims to protect its position as a chartering authority within the dual-banking system, which separates the authority to charter banks from the Federal Reserve's operation of a utility—the payment system—without the ability to veto a chartering authority's decisions regarding its bank charters.   If Defendants are permitted to reject master account applications from SPDI-chartered banks like Custodia, the effectiveness of the SPDI bank charter will be severely impaired.   (*Id*. at ¶ 36 ("the Defendants must treat Wyoming SPDI Banks equally without regards to whether those banks are nationally-chartered vs. state-chartered, Federal Reserve members vs. nonmembers, large vs. small banks, or old vs. new banks").)

Custodia's claim that Defendants cannot reject master account applications from eligible state-chartered depository institutions directly relates to the State's interest in protecting the SPDI charter.   The State specifically designed the SPDI charter to comply with all requirements of the Federal Reserve Act.   (Am. Compl., ECF 121 at ¶ 40.)   Without access to Federal Reserve services, SPDI-chartered banks will be unable to function as designed and to fulfill their intended purpose within Wyoming.   The State should be permitted to intervene in this litigation so that it can protect its own chartering and regulatory sovereignty and ensure that state bank charters are treated equally to federal bank charters.

While, as a policy matter, the State cannot take a position on Custodia's application for a master account, the State must ensure that Defendants do not discriminate against its bank charter by denying eligible, SPDI-chartered banks—like Custodia—access to Federal Reserve

banking services.   The State's interest in preventing Defendants from discriminating against the SPDI charter includes ensuring that Custodia, a SPDI-chartered bank, is treated equitably by Defendants in adjudicating Custodia's master account application.

In this litigation, Defendants contend that Congress could not have intended 12 U.S.C. § 248a(c)(2) to grant all eligible state-chartered depository institutions access to the Federal Reserve due to concerns about the safety and soundness of the national financial systems. (Kansas City Fed. Mot. to Dismiss, ECF 124 at 8-11; Bd. of Govs. Mot. to Dismiss, ECF 127 at 18-21.)   If allowed to intervene, the State can provide exclusive evidence about why "Wyoming's SPDI Bank statutes and regulations are not high risk but rather are protective of the financial system, the safety and soundness of SPDI Banks, and potential SPDI customers." (Intervenor Compl. at ¶ 42.)   The State can also provide exclusive evidence about the SPDI charter development, including Defendants' active role in that process.   The State's evidence about the rigor and robustness of its chartering process will show why Congress did not fear granting master accounts to all eligible state-chartered depository institutions: namely, the rigor of the state chartering process is on par with the Federal chartering process.   Congress did not intend for the Federal Reserve to second-guess state chartering decisions, nor has the decades-old dual-banking system ever operated with a federal veto over state chartering decisions.   Such evidence, which will be brought by the State if allowed to intervene, will assist the Court in resolving Custodia's claims.

## II.    Conclusion

For these reasons, the Court should grant the State's Motion for Leave to Intervene, ECF No. 140.

DATED this 27th day of April, 2023.

By:    <u>/s/ Scott E. Ortiz</u>
Scott E. Ortiz, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:   (307) 265-0700
Facsimile:   (307) 266-2306
Email:     sortiz@wpdn.net

-and-

John K. Villa, *pro hac vice*
Ryan Scarborough, *pro hac vice*
Sarah M. Harris, *pro hac vice*
Whitney D. Hermandorfer*, pro hac vice*
Jamie Wolfe*, pro hac vice*
WILLIAMS & CONNOLLY, LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone:   (202) 434-500
Emails:    jvilla@wc.com
             rscarborough@wc.com
             sharris@wc.com
             whermandorfer@wc.com
             jwolfe@wc.com
             *Attorneys for Plaintiff*

---

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this April 27, 2023:

Mark Van Der Weide
Richard M. Ashton
Joshua P. Chadwick
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
20th Street and Constitutional Avenue, N.W.
Washington, DC 20551

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Billie L.M. Addleman
John P. Fritz
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, Wyoming 82003

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Andrew Michaelson
Laura Harris
KING & SPALDING, LLC
1185 Avenue of the Americas, 34th Floor
New York, New York 10036

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

 /s/ Scott E. Ortiz
Scott E. Ortiz