Billie L.M. Addleman, #6-3690
Erin E. Berry, #7-6063
HIRST APPLEGATE, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

Andrew Michaelson
Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Phone: (212) 556-2100
amichaelson@kslaw.com
lharris@kslaw.com

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 737-0500
*Counsel for Defendant the Federal Reserve Bank of Kansas City*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CUSTODIA BANK, INC.,<br><br>      *Plaintiff,*<br><br>      v.<br><br>FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY,<br><br>      *Defendants.* | No. 1:22-cv-00125-SWS |

**DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

ARGUMENT ...........................................................................................................................3

I.    Custodia's Mandamus Claim Against FRBKC Should Be Dismissed ..............................3

    A.  Section 248a Does Not Entitle Custodia to a Master Account .....................3

    B.  FRBKC Is Not a Proper Defendant on Count II .............................................5

II.    Count III Must be Dismissed Because the Declaratory Judgment Act Does Not Provide a Cause of Action ..................................................................................................9

CONCLUSION .........................................................................................................................9

## INTRODUCTION

Custodia's desire to keep FRBKC in this case as a defendant is inconsistent with the sole legal theory it presses in its Amended Complaint. Unlike its initial complaint, Custodia's Amended Complaint is laser-focused on the Board of Governors in both its factual allegations and its legal theory. The Board, it is alleged, "orchestrat[ed]" the denial of Custodia's master account request. Am. Compl. ¶ 83. The Board "pull[ed] the strings," leaving FRBKC "no discretion." *Id.* ¶ 4. And the Board's denial, according to Custodia, violated 12 U.S.C. § 248a, a provision of the Federal Reserve Act directed to the Board that, on Custodia's interpretation, always and absolutely compels the Board to grant master accounts to all state-chartered depository institutions regardless of any concerns or risks that an institution may present. *Id.* ¶ 83.

Given Custodia's interpretation of § 248a, it makes sense that Custodia names only the Board—and not FRBKC—as a defendant on its first claim of relief, alleging a violation of the Administrative Procedure Act. The Board is an APA agency, so if the Board "orchestrated" the denial of Custodia's request—and more to the point, if § 248a compels the Board to grant an account—then the Board is the logical defendant. Yet Custodia has also named FRBKC as a defendant on Count II, seeking mandamus, and Count III, seeking a declaratory judgment. Both claims against FRBKC should be dismissed.

Count III is a throwaway; this Court already explained that the Declaratory Judgment Act does not create a cause of action. ECF No. 102 at 23. If Custodia had an independent claim against FRBKC, a declaratory judgment would be a form of potential relief Custodia could seek. But Custodia does not have an independent claim against FRBKC.

Count II fails as a matter of law for the fundamental reason that § 248a does not give Custodia an absolute entitlement to a master account. The Court therefore should dismiss Count II as to both the Board and FRBKC. But Count II does not state a viable claim against FRBKC

even if the Court were to allow that count to proceed against the Board. If Custodia is correct in its legal theory that § 248a requires the Board to grant it a master account, it may obtain relief against the Board on Count I requiring the Board to grant it a master account. In that scenario, Custodia would neither need nor be entitled to any relief against FRBKC.

The most Custodia can muster in its Opposition for why FRBKC should remain a defendant is that § 248a might apply to both the Board and FRBKC. ECF No. 135 at 31. That suggestion is wrong: § 248a expressly concerns Board powers and obligations, as one would expect given its placement in a subchapter of the Federal Reserve Act directed at the Board. Ultimately, however, Custodia's suggestion is beside the point. Section 248a applies expressly and directly to the Board; Custodia touts that fact. If § 248a applies in any sense to FRBKC, it could do so only derivatively of that provision's direct application to the Board. In other words, if § 248a does not compel *the Board* to grant accounts to all comers as Custodia claims, then it certainly does not compel *FRBKC*—as distinct from the Board—to do so.

As a result, it defies logic to suggest that Custodia could lose on Count I against the Board but somehow win on Count II against FRBKC. And FRBKC already made clear that if Custodia prevails on Count I and some action by FRBKC were necessary to effectuate a final judgment requiring the Board to grant Custodia a master account, FRBKC would work with the Board to make that happen. ECF No. 124 at 13–14. FRBKC thus does not need to be in this action as a relief defendant, and Custodia has not pleaded a viable substantive claim against FRBKC.

This action was very different when Custodia's initial complaint was the operative pleading. At that time, Custodia alleged that both the Board and FRBKC were responsible for unreasonably delaying a decision on its master account request, and the Court concluded that discovery into the evaluation and decision-making process was needed to determine which claims,

against which defendant, might be cognizable. *See* ECF No. 102 at 19–20. Now, things have changed. Custodia's request has been denied, and its Amended Complaint presents only a question of pure statutory interpretation: does § 248a absolutely entitle it to a master account, regardless of the concerns its request posed, or whether it was FRBKC or the Board that denied it? The answer is no, so the Court should dismiss this action in its entirety. But again, even if the Court denies the Board's motion to dismiss, the Court should dismiss FRBKC because Custodia has not pleaded a viable claim for relief against FRBKC.

## ARGUMENT

**I.      Custodia's Mandamus Claim Against FRBKC Should Be Dismissed.**

   **A.      Section 248a Does Not Entitle Custodia to a Master Account.**

As explained more fully in the Board's motion to dismiss and reply, Defendants' position that 12 U.S.C. § 248a does not mandate issuance of master accounts to all state-chartered depository institutions is supported by the text, context, and history of the Federal Reserve Act and the Monetary Control Act. It is, in fact, the *only* interpretation of § 248a that respects *both* sovereigns' important roles in promoting and ensuring the safety and soundness of our nation's dual banking system while respecting the Federal Reserve's vital role in the U.S. economy through conducting the nation's monetary policy and providing an efficient, effective, and safe U.S. and global payment and settlement system. The Monetary Control Act's amendments to the Federal Reserve Act in 1980 were intended to strengthen the Federal Reserve's powers, not eviscerate them.

In our dual system, states are free to create charters like Wyoming's SPDI regime. Our dual system enables states to take novel steps in chartering banks and determining the scope of state banks' permissible activities, but it does not entitle all such novel banks to directly access the

3

Federal Reserve's balance sheet and payment system regardless of the risks they pose.[1] Rather, deciding whether to grant direct access to Federal Reserve financial services and the payment system requires a risk-based evaluation of the depository institution that encompasses, among other elements, its business plan, financial condition, and ability to comply with applicable laws and regulations. As demonstrated by FRBKC's letter to Custodia denying its request for a master account, that is exactly what happened here, and Custodia's proposed business plan presented too much risk.

Custodia seemingly recognizes that its absolutist interpretation of § 248a is untenable, so it volunteers exceptions, such as for banks that will not comply with federal law or that do not provide the Federal Reserve System with certain information. ECF No. 135 at 22. But these exceptions have no basis in the text of § 248a. That Custodia nonetheless felt it necessary to invent them shows that Custodia's legal theory cannot be right. Custodia's theory would undermine the precisely drawn design of the U.S. financial system, pursuant to which both state and federal banking agencies charter, regulate, and supervise banks, but only the Federal Reserve conducts the nation's monetary policy (including through managing its balance sheet) and fulfills other important federal functions regarding the payment system and financial stability.[2] The Board's

---

[1] The SPDI regime is novel in many respects, including that it permits an entity to obtain a state banking charter and accept deposits from the general public without any federal oversight or deposit insurance.

[2] Notably, neither proposed intervenor Wyoming nor amicus former Senator Toomey is willing to embrace Custodia's interpretation of § 248a. *See* ECF No. 140 at 2 n.1 (Wyoming "'is not taking a position on whether federal law even allows Defendants to make a determination against Custodia Bank's master account application, which is a disputed matter in this lawsuit,' nor is it taking a position on whether or not Custodia is entitled to a master account."); ECF No. 151 at 2 (Senator Toomey "takes no position on Defendants' motion to dismiss, or the ultimate question of whether either the Board or Kansas City Fed possesses, and properly exercised, the discretion to reject Custodia's application for a master account"). While Senator Toomey expresses concerns

4

motion to dismiss and reply, which FRBKC adopts, both explain why Custodia's interpretation of § 248a is wrong.

Because the sole legal theory that Custodia advances in Count II against FRBKC—and in the Amended Complaint as a whole—is wrong as a matter of law, the Court should dismiss this action in its entirety.

### B.     FRBKC Is Not a Proper Defendant on Count II.

Even if the Court finds that Custodia has plausibly alleged that § 248a entitles it to a master account, FRBKC should still be dismissed from Count II because § 248a is expressly directed to the Board—and not to Reserve Banks.  Without a viable, independent cause of action against FRBKC, Count II merely duplicates Custodia's sole legal theory from Count I.

Custodia contends that "[e]ven if the Court concludes that the Board is not responsible for the decision on Custodia's master account, the Court should still conclude that § 248a and *Fourth Corner* give Custodia and other eligible depository institutions a right to a master account."  ECF No. 135 at 31.  That is a non-sequitur and does nothing to justify keeping FRBKC in this case.  Indeed, the entire thrust of Custodia's Amended Complaint is that *it does not matter* which entity was "responsible for the decision on Custodia's master account."  Custodia's view is that it is entitled to an account regardless, and Custodia chose not to challenge the *reasons* for the denial (such as by alleging that the denial was arbitrary and capricious under the APA).  Instead, Custodia's legal theory is that § 248a entitles it to an account even if all the concerns expressed in the denial are valid.  *See* Am. Compl. ¶ 12 ("While the facts of this case may appear complex, the core issue is simple: Defendants are statutorily required to grant Custodia's master account

---

regarding the Reserve Trust Company, *see id*. at 5–6, the Reserve Trust Company's master account request is not at issue in this action.

application.").

Custodia is therefore wrong to contend that FRBKC must remain a defendant so Custodia can take discovery from FRBKC regarding the decision-making process that resulted in the denial. *See* ECF No. 135 at 32–33. That evaluation and decision-making process is irrelevant to the sole legal theory Custodia advances in its Amended Complaint. While Custodia claims the Court previously found that discovery was necessary, that takes the Court's prior decision out of context. At that time, with Custodia's account request still pending, Custodia hedged its bets by pleading different claims against the Board and FRBKC based on different assumptions about who was involved in the decision and through what process. For example, whether Custodia could press an APA unreasonable delay claim *against FRBKC* depended in part on whether FRBKC—or, rather, the Board—was responsible for the allegedly unreasonable delay and the ultimate decision. If discovery concerning the decision-making process showed that the Board was responsible for the delay, then the APA delay claim against FRBKC would fail for that reason. In that event, the Court would not need to decide whether FRBKC is an APA agency. *See* ECF No. 102 at 7. The Court also believed that discovery could shed light on whether FRBKC is an APA agency, in the event that the Court needed to decide that question. *See id*. at 6–7.

In short, while the relative roles of the Board and FRBKC in deciding Custodia's account request may have been relevant under Custodia's original complaint, that is no longer true under the Amended Complaint. Now all that matters is whether the pricing principles in § 248a absolutely entitle Custodia to a master account. No discovery is necessary to decide that pure issue of statutory interpretation.

Nor can Custodia justify keeping FRBKC in the case as a relief defendant. On Custodia's view, whether the Board or FRBKC is the entity that would formally issue a master account is

6

merely a matter of semantics. ECF No. 135 at 31 ("Section 248a doesn't specify *who* should make service available to eligible depository institutions; but it does guarantee that such services *shall* be available to eligible depository institutions."). To the extent Custodia may have had any concern about how relief on Count I would be crafted if some action by FRBKC turned out to be necessary to implement an order requiring the Board to grant an account, FRBKC has already made clear that it would work with the Board if necessary to ensure that relief on Count I would be effective. ECF No. 127 at 13–14; *see also* Fed. R. Civ. P. 65(d)(2)(A) & (C).

All Custodia can muster in support of its desire to keep FRBKC in the case on Count II is the possibility that § 248a applies not only to the Board *but also* to FRBKC. But Custodia fails to explain how or why § 248a should be construed to apply to Reserve Banks. Custodia's Amended Complaint focuses on the Board, contending not merely that § 248a entitles it to an account but that § 248a requires *the Board* to grant the account. For example, Custodia alleged in paragraph 73 of its Amended Complaint (with bolded emphasis added):

> Defendants' representations that 12 U.S.C. § 342 gives Reserve Banks discretionary authority over master accounts stands in conflict not only with the factual reality but also with the MCA. Congress empowered **the Board** with authority over master account applications for nonmember depository institutions, like Custodia, by directing **the Board** to ensure that "[a]ll Federal Reserve bank services covered by the fee schedule *shall be available to nonmember depository institutions*." 12 U.S.C. § 248a(c)(2).[3]

Moreover, Congress addressed § 248a *to the Board*, both expressly in its text and by placing it in the subchapter governing the Board. Section 248a directs *the Board* to take certain actions. *See* § 248a(a) ("the Board shall publish for public comment a set of pricing principles");

---

[3] Whereas Custodia pleads that the *Board* must grant it a master account, it repeatedly relegates FRBKC's role to ministerial functions. *See, e.g.*, Am. Compl. ¶ 72 (relegating FRBKC's role to the ministerial one of "communicating" the Board's decision); ECF No. 135 at 31 (describing FRBKC as the entity that "received Custodia's master account application" and "communicated with Custodia").

*id.* ("the Board shall … put into effect a schedule of fees for such services"); *id.* § 248a(d) ("The Board shall require reductions in the operating budgets of the Federal Reserve banks"). Under § 248a(c)(2), the Board publishes a pricing schedule so that services are available to nonmember and member depository institutions at the same price, "subject to any other terms, including a requirement of balances sufficient for clearing purposes, that the Board may determine are applicable to member banks." And § 248a is contained in a subchapter titled "Board of Governors of the Federal Reserve System." *See* 12 U.S.C. §§ 241–252; *compare* 12 U.S.C. §§ 341–361 (subchapter titled "Powers and Duties of Federal Reserve Banks"). If § 248a compels the issuance of master accounts to all comers (which it does not), then it must fall on the Board to make them available. The Court would direct any relief to the Board, not FRBKC.

Custodia's argument that "APA review of the Kansas City Fed's actions is not possible because Custodia has not asserted an APA claim against the Kansas City Fed," ECF No. 135 at 32, misses the point. If Custodia had an independently viable mandamus claim against FRBKC, its APA claim against the Board might not foreclose that distinct claim against FRBKC. But that is irrelevant, because Count II does not state an independently viable cause of action against FRBKC because (1) § 248a does not compel issuance of a master account at all and (2) even if it plausibly could be read to do so, § 248a is directed at the Board, not FRBKC. Because Custodia's Amended Complaint does not assert an independent cause of action against FRBKC, Count II lies against only the Board, and *that* is duplicative of Count I.

Ultimately, however, it does not matter for purposes of this motion whether § 248a could be thought to apply to FRBKC in some sense as well as to the Board. Custodia does not contend that § 248a imposes an *independent* obligation on FRBKC—rather than on the Board—and no such contention would be plausible given how clearly and directly § 248a is addressed to the

8

Board.  If FRBKC has any role to play on Custodia's interpretation of § 248a, it would be only a role secondary to the Board—working with the Board to effectuate the Board's alleged non-discretionary obligation under § 248a to grant a master account to all comers.  As explained above, FRBKC has already committed to work with the Board if necessary to implement relief on Count I.  Because Custodia does not seek—and § 248a would not plausibly provide for—any independent relief against FRBKC, there is no justification for keeping FRBKC in the case as a defendant on Count II.

**II.     Count III Must be Dismissed Because the Declaratory Judgment Act Does Not Provide a Cause of Action.**

In Count III, Custodia asserts a claim under the Declaratory Judgment Act.  That Act, however, does not provide a cause of action.  *See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012); *Utah Hous. Corp. v. Country Pines, Ltd.*, 541 F. Supp. 3d 1288, 1295 n.1 (D. Utah 2021) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)).  This Court already recognized as much, ECF No. 102 at 22–23, so it is unclear why Custodia chose to complicate matters by pleading a request for declaratory relief as if it were a separate cause of action.  Because Custodia has not pleaded a viable cause of action against FRBKC in the Amended Complaint, there is no cause of action to which its request for declaratory relief could serve as an adjunct.  Count III therefore should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint.

Date: May 2, 2023

                                        Respectfully submitted,

                                        _s/ Billie LM Addleman_
                                        Billie LM Addleman, #6-3690
                                        Erin E. Berry, #7-6063
                                        HIRST APPLEGATE, LLP
                                        Attorneys for Defendant FRBKC
                                        P. O. Box 1083
                                        Cheyenne, WY 82003-1083
                                        Phone: (307) 632-0541
                                        Fax: (307) 632-4999
                                        baddleman@hirstapplegate.com
                                        eberry@hirstapplegate.com

                                        Andrew Michaelson
                                        Laura Harris
                                        KING & SPALDING LLP
                                        1185 Avenue of the Americas
                                        34th Floor
                                        New York, NY 10036
                                        Phone: (212) 556-2100
                                        amichaelson@kslaw.com
                                        lharris@kslaw.com

                                        Jeffrey S. Bucholtz
                                        Joshua N. Mitchell
                                        Christine M. Carletta
                                        KING & SPALDING LLP
                                        1700 Pennsylvania Ave NW
                                        Washington, DC 20006
                                        Phone: (202) 737-0500
                                        jbucholtz@kslaw.com
                                        jmitchell@kslaw.com
                                        ccarletta@kslaw.com

                                        *Counsel for Defendant the*
                                        *Federal Reserve Bank of Kansas City*

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of May, 2023, a copy of the foregoing ***Defendant Federal Reserve Bank of Kansas City's Reply in Support of Its Motion to Dismiss*** was served upon all parties to this action via CM/ECF.

/s Shannon M. Ward
OF HIRST APPLEGATE, LLP
Attorneys for Defendant