UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:22-cv-00125-SWS |
| BOARD OF GOVERNORS OF ) | |
| THE FEDERAL RESERVE SYSTEM & ) | |
| FEDERAL RESERVE BANK ) | |
| OF KANSAS CITY, ) | |
| ) | |
| Defendants. ) | |

**THE STATE OF WYOMING'S
CONSOLIDATED REPLY TO DEFENDANTS' RESPONSES IN OPPOSITION
TO ITS MOTION FOR PERMISSION TO INTERVENE**

The State of Wyoming by and through Attorney General Bridget Hill, Supervising Attorney General Karl Anderson, and Senior Assistant Attorney General Devin Kenney, hereby responds to the Defendants' oppositions to its motion to intervene. [ECF 155, 156].

I. The State of Wyoming has both Article III and prudential standing to intervene and bring its claims against the Defendants.

Federal standing jurisprudence contains two strands: Article III standing and the zone-of-interests analysis sometimes referred to as "prudential standing." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125-28 (2014). To prove Article III constitutional standing, "[t]he plaintiff must show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Id.* at 12 (citation omitted). "To establish [an] injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized'

1

and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted). One "prudential" limitation is that a plaintiff must assert his **own** rights rather than those of third parties. *Secretary of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984).

      A.      The State of Wyoming has a legally protected interest and injury in fact that is concrete, particularized, and actual.

Defendants' reasoning related to Custodia (as explained in the State's Memorandum in Support) applies equally to all SPDI Banks chartered under Wyoming law. [ECF 129 at 7-8]. To briefly name just a few of these, the Kansas City Fed prominently notes that:

- "Neither the federal capital framework nor the Wyoming state rules have incorporated requirements related specifically to crypto-assets." [ECF 129 at 7].

- "[T]he Wyoming rules allow Custodia to hold other high-quality liquid assets, which may introduce credit or market risk to the institution." [ECF 129 at 7, n.8].

- "[T]he firm will be subject to a legal regime and resolution process that has not been subject to a court validated claims process (even where assets purportedly are in excess of deposit liabilities)." [ECF 129 at 7].

- "The absence of a proven resolution process exacerbates the risk to the Reserve Bank presented by the receipt of deposits from Custodia." [*Id.*]

- "The statutory and regulatory safety and soundness framework for SPDIs is substantially different from the framework that applies to federally insured institutions." [ECF 129 at 8].

Each of the foregoing statements is equally true about every potential SPDI Bank that may come into existence as it is about Custodia. Each of those statements demonstrate the

Kansas City Fed's disdain for Wyoming's overall statutory and regulatory regime for SPDI Banks.

While it is true that Defendants have, thus far, only denied a master account to one SPDI Bank applicant, that denial based on the lack of federal oversight and the structure of Wyoming's SPDI statutes, if uniformly applied, would assure denials to other non-federally regulated Wyoming SPDI Banks. [*See* ECF 155 at 5]. It is reasonable, therefore, to infer that the Defendants will consistently apply their apparent animus towards SPDI Banks on any future applications. Moreover, the decision letter makes clear that the Kansas City Fed's decision is not based solely "on the facts and circumstances" of Custodia, but is tied to its distrust of the SPDI model itself. [ECF 129 at 7-8; *see also* ECF 140 at 6-10]. Defendants' conduct thus injures the State's regulatory interest.

> B. The State of Wyoming's claims are based entirely in its own rights, and not the rights or interests of third parties (including Custodia).

The State agrees with the general proposition that its SPDI-chartered financial institutions have their own interests in receiving master accounts and being able to open and operate as banks in the United States. [ECF 155 at 5-6]. However, the State is not advocating for any new SPDI charter applicants or that any particular existing SPDI Bank receive a master account, but rather is protecting its interest in the administration of its own statutes. [*See* ECF 140 at 2 and n.1]. The State of Wyoming has an interest in its regulation of banking activities that occur within its borders and in vindicating its bank chartering role under the United States' dual banking system. [*Id.*] The State also has a direct pecuniary interest in the creation and regulation of SPDI Banks, given that it collects fees from

regulated and operating SPDIs. Wyo. Stat. Ann. § 13-12-119(d); [*see also* ECF 140-4 at 2-3]. Defendants' prior equivocations, compounded with Defendants' decisions questioning Wyoming law, make clear that Defendants have impinged upon Wyoming's regulatory authority.

II.   The State of Wyoming shares common questions of both law and fact with Custodia's action.

   A.   As noted previously, the State of Wyoming's intervention shares common questions of law with Custodia's main action.

The Defendants' denial of Custodia's master account, by the text alone, is closely tied to the State's regulatory framework. [ECF 129 at 7-8]. It is ironic that, although the Kansas City Fed relied heavily on its construction of Wyoming statutes to deny Custodia a master account, the Defendants now contend that the State's intervention does not share common questions of law with Custodia's suit. [ECF 155 at 6-8; ECF 156 at 3-4]. The State's position ties to the SPDI regulatory regime that it administers and that the Kansas City Fed questions—thereby demonstrating a common question of law. [ECF 140 at 6].

   B.   The State's claims share common facts with Custodia's main action.

Custodia is contesting the Defendants' denial of its master account, and the State of Wyoming is contesting that same denial. [*Compare* First Amended Complaint, ECF 121 at 1-2, *with* Proposed Intervention Complaint, ECF 140-4 at 2]. Custodia's claims are premised in the **fact** of the Kansas City Fed's denial letter, while the State's claims are premised in the exact same document. [*Compare* ECF 121 at 3, *with* ECF 140 at 6-10 *and* ECF 140-4 at 9-12]. These facts, which are central to and indeed the driving force behind Custodia's action, are thus common with the State's intervention.

4

III.    Defendants will not be prejudiced by the State of Wyoming's intervention while the State will be prejudiced if it is not allowed to intervene.

The Defendants' dismissal motions against Custodia's amended complaint share much of the same factual and legal underpinnings as their previously filed and failed **original** dismissal motions against Custodia's **original** complaint. [*Compare* ECF 51 at 20-29, *with* ECF 124 at 7-11; *and compare* ECF 49 at 17-26, *with* ECF 127 at 12-24]. As the Court noted when it denied Custodia's request for a hearing, "the Court is familiar with the issues and [so] another round of oral arguments on dismissal motions would not materially assist the Court in deciding the matter." [ECF 141]. Thus, there is no particular reason to believe Defendants' motions will be successful this time around.[1]

Moreover, the Defendants themselves created the issue that the State now challenges by specifically referencing and denigrating Wyoming's legal framework and ability to create a legal framework for new and innovative banks that protect consumers. [*See* ECF 129 at 7-8]. There can be no prejudice to Defendants when the State objects to precisely that mischaracterization, whereas the State will be prejudiced significantly if those decisions are allowed to stand. [ECF 140 at 3-6; ECF 140-4 at 2-3].

---

[1] Defendant Kansas City Fed's throwaway line that it would follow the State's successful intervention with a motion to dismiss the State's Complaint is similarly unpersuasive: the mere fact that the existing parties may elect to react to the State's intervention (if successful) hardly creates grounds to deny the State's intervention. [*See* ECF 156 at 6].

In light of the foregoing, the Court should grant the State of Wyoming's motion to intervene.

Dated this 3rd day of May, 2023.

/s/ Devin Kenney
Bridget Hill, Wyo. Bar No. #6-3616
Attorney General
Karl Anderson, Wyo. Bar No. #6-2807
Supervising Attorney General
Devin Kenney, Wyo. Bar No. #7-5964
Senior Assistant Attorney General
109 State Capitol
Cheyenne, WY 82002
(307) 777-7886
bridget.hill@wyo.gov
karl.anderson@wyo.gov
devin.kenney1@wyo.gov

*ATTORNEYS FOR STATE OF WYOMING*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of May 2023, a copy of the foregoing **THE STATE OF WYOMING'S CONSOLIDATED REPLY TO DEFENDANTS' RESPONSES IN OPPOSITION TO ITS MOTION FOR PERMISSION TO INTERVENE** was served in the following manner as addressed to:

| | |
|---|---|
| John K. Vila<br>Ryan Thomas Scarborough<br>Whitney D. Hermandorfer<br>Jamie Wolfe<br>WILLIAMS & CONNOLLY<br>680 Maine Avenue SW<br>Washington, DC 20024<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Scott E. Ortiz<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Angela Tarasi<br>KING &SPALDING LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, CO 80202<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |
| Billie LM Addleman<br>John P. Fritz<br>HIRST APPLEGATE<br>P.O. Box 1083<br>Cheyenne, WY 82003<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |

Joshua P. Chadwick                          VIA CM/ECF
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
*Attorneys for Defendant Federal Reserve Board of Governors*

                                      /s/ Jessica Curless
                                        Paralegal
                                        Wyoming Attorney General's Office