

FILED
3:29 pm, 5/17/23
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM & FEDERAL RESERVE BANK OF KANSAS CITY,<br><br>  Defendant. | Case No.  1:22-CV-125-SWS |

### ORDER DENYING STATE OF WYOMING'S MOTION FOR PERMISSION TO INTERVENE

Before the Court is Petitioner State of Wyoming's (the "State") Motion for Permission to Intervene. (ECF No. 138). The State seeks permissive intervention to assert two claims against Defendants: inequitable treatment of Wyoming SPDI Banks in violation of 12 U.S.C. § 248a(c)(2) and that the Federal Reserve Bank of Kansas City's ("FRBKC") summary analysis is deficient. (ECF No. 140-4). Both claims seek relief under the Declaratory Judgment Act. Each Defendant opposes the present Motion while Plaintiff filed a brief in support. The Court, being fully advised, finds that the Motion should be denied.

## BACKGROUND

This case stems from Defendants' delay in evaluating and ultimate denial of Plaintiff Custodia's application for a master account. (ECF No. 121, at 1). Plaintiff Custodia is a crypto-asset based Wyoming chartered bank organized under the Special Purpose Depository Institution ("SPDI") laws of Wyoming. *Id.* at 4. The core of Plaintiff Custodia's claims is that Defendants have a non-discretionary duty to grant its application. *Id.* Both Defendants are presently seeking dismissal of Plaintiff Custodia's claims.

The State has previously filed an amicus brief in this matter in opposition to Defendants' initial Motions to Dismiss. (ECF No. 89). After the ultimate denial of Plaintiff Custodia's application, the State seeks to permissively intervene as it asserts the circumstances have changed and warrant intervention.

## RELEVANT LAW

Rule 24 of the Federal Rules of Civil Procedure provides for permissive intervention. "On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "'Unlike Rule 24(a), which governs mandatory intervention, Rule 24(b) specifically vests discretion in district courts to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 663 (D.N.M. 2017). "'In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Kane County, Utah v. U.S.*, 597 F.3d 1129, 1135 (10th Cir. 2010) (quoting Fed. R. Civ. P. 24(b)(3)).

As apparent in the language of Rule 24(b)(1)(B), the analysis of granting permission to intervene is two-fold. First, the motion must be timely which "is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984) (analyzing the timeliness of a motion to intervene in the context of intervention as of right). The timeliness analysis is contextual and is not solely a measure of absolute time between the filing of the suit and the motion to intervene or to punish the intervenor, but a tool to protect the original parties. *Id.* A court should not prohibit intervention based on timeliness when there is little harm to the existing parties and greater justice will result. *Id.* Importantly, this analysis must focus on the prejudice caused by delay, not intervention itself. *Id.*

Second, the claim must present a claim or defense that shares a common question of law or fact with the existing action. Fed. R. Civ. P. 24(b)(1)(B). This is a requirement shared with many other rules and is not a difficult concept to apply. Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1911 (3d ed. 2023). However, "a filing that 'substantially mirror[s] the positions advanced' by one of the parties [does not] necessarily identif[y] a common question of law or fact." *Kirsch v. Dean*, 733 Fed. Appx. 268, 279 (6th Cir. 2018) (quoting *Bay Mills Indian Cmty. v. Snyder*, 730 Fed. Appx. 754, 757–58 (6th Cir. 2018)) (first alteration in original). "[A] proposed intervenor may not inject itself into a lawsuit under Rule 24(b) where … it has no interest in a factual or legal dispute

3

between the parties, but instead is merely concerned that the resolution of the parties' claims might have collateral consequences for the proposed intervenor's independent interests." *Id.*

## RULING OF THE COURT

At the outset, the Court will note the State's Motion is timely. Defendant FRBKC issued a letter to Plaintiff Custodia Bank, Inc. that its request for a master account was denied on January 27, 2023. (ECF No. 116, at 1). That denial provides that basis for the State's claims and the Motion to Intervene comes less than three months after the denial. Additionally, the case is still in the early stages and neither Defendant objected to the timeliness of the Motion in their Responses. (ECF No. 155); (ECF No. 156). However, the timeliness of a motion is only one aspect of the analysis of a permissive motion to intervene. Fed. R. Civ. P. 24(b)(1)(B); *Romero v. Bd. Of Cnty. Comm'rs for Curry*, 313 F.R.D. 133, 142 (D.N.M. 2016). In exercising the Court's broad discretion, other factors counsel hesitation and warrant denial of the State's Motion.

The State seeks intervention to "defend its statutory framework." (ECF No. 140, at 2). Primarily, the State takes issue with FRBKC's denial of Plaintiff's application for a master account inasmuch as the decision was based on FRBKC's interpretation of Wyoming's legal framework. *Id.* As part of FRBKC's basis for the denial, the State argues that FRBKC's "perceived inadequacies in Wyoming's law and regulations for SPDI's is partially responsible for [the application's] denial." *Id.* at 3–4. The State takes no position on whether Plaintiff is entitled to a master account or if the Defendants can make a determination against Plaintiff's application. *Id.* at 2 n.1.

4

Permitting the State's intervention would unnecessarily complicate the present claims. As the case stands, Plaintiff brings claims for an unlawful denial of its master account application, equitable relief to have the denial rescinded and the application approved, and to have its right to a master account declared by the Court. (ECF No. 121). At the core of Plaintiff's claims is that Defendants have a nondiscretionary duty under 12 U.S.C. § 248a(c)(2) to approve the application. *Id.* at 28. Allowing the State's intervention would unnecessarily expand this case from statutory construction to one that involves what the Defendants are allowed to consider and further analysis into the sufficiency of Wyoming's statutory framework. This change is like going to a mechanic for an oil change, then being told you need to replace your rear-view camera. Two unrelated concepts with no relation to each other, yet still part of the same vehicle. Similarly, the Court need only address the potential of a mandatory duty on part of the Defendants and does not need to delve into any collateral issues such as the sufficiency of the Wyoming legal framework or the dual banking system as a whole. The reasoning for the denial is not at issue and expanding the case to those matters would unduly prejudice the Defendants. While the issues may be related, each can be separately decided without effect on the other.

Aside from the prejudicial issues, the State's Motion also fails because there does not appear to be an actual claim. "The first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's claims. Obviously, if the proposed complaint-in-intervention does not state a valid claim for relief, the motion must be denied." *Lucero ex rel. Chavez v. City of Albuquerque*, 140 F.R.D. 455, 457 (D.N.M. 1992). This follows the language of Rule 24(b)(1)(B), as it permits anyone to

5

intervene who "has a **claim or defense** that shares with the main action a common question of law or fact." (emphasis added).

For its first claim, the State seeks declaratory judgment alleging Defendants violated 12 U.S.C. § 248a(c)(2) acting inequitable toward Wyoming SPDI Banks. (ECF No. 140-4, at 9). Even assuming the State has standing to bring such a claim, there is no indication the statute provides for a claim of inequitable treatment.[1] "[T]he Declaratory Judgment Act does not provide an independent federal cause of action." *Nero v. Oklahoma*, No 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022) (unpublished). Rather, the power to issue a declaratory judgment must be based in an independent basis of jurisdiction. *Devon Energy Production, Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012). Section 248a of the United States Code does not provide for any independent right to sue and the Court is not aware of another basis for jurisdiction to preside over a claim by the State premised on the statute. Similarly, the State's second claim relies on the Declaratory Judgment Act and fails to provide any independent basis of jurisdiction. (ECF No. 140-4, at 11–12). Without providing a legitimate claim, the State fails to satisfy the most basic requirement of intervention.

## CONCLUSION

A "district court possesses broad discretion in determining whether to grant permissive intervention and will rarely be reversed on appeal." *Payne*, 322 F.R.D. at 663 (quoting 6 James W. Moore, Moore's Federal Practice § 24.10[1], at 24–63 (3d ed. 2012)).

---

[1] The analysis here differs from Plaintiff Custodia's claims as it has asserted a claim through the Administrative Procedures Act.

6

The decision to grant or deny a motion to permissively intervene is subject to considerations of equity, judicial economy, and trial convenience. *Id.* The State's proposed intervention would unduly prejudice Defendants by expanding the scope of the issues well beyond what is required to adjudicate Plaintiff Custodia's claims. Aside from the prejudicial aspect, the State fails to offer any legitimate claim providing jurisdiction to the Court. Considering these findings, the State's Motion is denied. However, "allowing a proposed intervenor to file an amicus brief is an adequate alternative to permissive intervention." *McHenry v. Comm'r of Internal Revenue*, 677 F.3d 214, 227 (4th Cir. 2012). The state has already filed an amicus brief but may supplement or file an amended amicus brief addressing the new issues it argues it has an interest in.

NOW, THEREFORE, IT IS ORDERED the State of Wyoming's Motion for Permission to Intervene is DENIED.

IT IS FURTHER ORDERED the State of Wyoming may supplement its amicus brief or file an amended amicus brief on or before June 2, 2023.

Dated this 17th day of May, 2023.

Kelly H. Rankin
United States Magistrate Judge