UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOARD OF GOVERNORS OF )<br>THE FEDERAL RESERVE SYSTEM & )<br>FEDERAL RESERVE BANK )<br>OF KANSAS CITY, )<br>)<br>Defendants. ) | Case No. 1:22-cv-00125-SWS |

**AMENDED *AMICUS CURIAE* BRIEF OF THE STATE OF WYOMING IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

The Court, in denying the State of Wyoming's motion to intervene, granted the State leave to file an amended *amicus curiae* brief relaying its concerns regarding the Defendants' treatment of Plaintiff Custodia and their denial of its master account application.

The Wyoming Attorney General is further authorized to file this *amicus* by Wyo. Stat. Ann. § 9-1-603(a)(iv) which authorizes her to "[r]epresent the state in suits, actions or claims in which the state is interested in . . . any United States court[.]" Wyo. Stat. Ann. § 9-1-603(a)(iv). The tenor of the dispute between Custodia and Defendants Federal Reserve Bank of Kansas City (Kansas City Fed) and Federal Reserve Board of Governors (Board) appears to include, in part, a debate over Wyoming's legal framework for Special Purpose Depository Institutions (SPDIs). To the extent that Defendants' decisions and

interpretation of federal law, and Wyoming's SPDI statutes and regulations, question or challenge Wyoming's legal framework, the Attorney General seeks to provide the Court context in defense of that framework.[1]

In accordance with District of Wyoming Local Civil Rule 7.1(b)(1)(A), the State has conferred with the parties in this matter and they consent to the State filing its amended *amicus*. Defendant Kansas City Fed consented on the understanding that it is entitled to file a response to this *amicus* within 14 days, as contemplated by Local Civil Rule 7.1(b)(1)(B).

## ARGUMENT

Custodia initially filed its lawsuit in June 2022. [ECF 1-1 at 1]. At that time, Custodia's Complaint was premised on the harms from Defendants' delay in deciding the master account request. [ECF 1 at 2]. The State of Wyoming filed its *amicus* brief in September, establishing that its primary concern was the harm Defendants' reluctance to act caused to Wyoming's regulatory regime. [ECF 88 at 5]. Since that time, the Defendants have acted to deny Custodia a master account and Custodia has sought, and obtained, leave to amend its Complaint to challenge that denial. [ECF 116 at 1-2; ECF 121 at 1].

---

[1] The State reaffirms that, as noted in its original *amicus* brief, it "is not taking a position on whether federal law even allows Defendants to make a determination against Custodia Bank's master account application, which is a disputed matter in this lawsuit," nor is it taking a position on whether or not Custodia is entitled to a master account.

**I.      The State is amending its *amicus* with this filing because the circumstances have changed since it filed its original *amicus*.**

The "Custodia Master Account Summary Analysis" (Summary Analysis), which the Kansas City Fed provided Custodia, makes clear that the Kansas City Fed's view of perceived inadequacies in Wyoming's SPDI laws and regulations is partially responsible for its denial. [ECF 129 at 7-8]. The State of Wyoming believes this view questions the legitimacy and viability of the State's statutory framework. For that reason, the State of Wyoming has filed this *amicus* to ensure that its concerns are heard in defense of the State's statutory framework.

Additionally, Defendant Kansas City Fed's reliance upon its incantation of the "dual banking system"—and seeming derogatory attitude towards state-chartered banks within that system—in its renewed Motion to Dismiss directly implicate the State's interests, banking regulatory authority, and autonomy. [ECF 124 at 10]. Indeed, despite the robust protections the State of Wyoming has imposed upon SPDI Banks, the Kansas City Fed disparages state regulatory bodies by suggesting that states (like Wyoming) are issuing charters "under whatever standards and procedures" which "contain[] unique features that remove or weaken protections that exist for traditional bank customers." [*Id.*] Such a line of argument further ignites the State of Wyoming's concerns as it seeks to advocate for its regulatory autonomy within the United States' dual banking system.

**II.     The State, as the administrator of Wyoming's SPDI statutes and regulatory regime, takes issue with the Defendants' characterization of Wyoming's statutes and rules, as embodied in the Kansas City Fed's Summary Analysis letter.**

Several points in the Kansa City Fed's Summary Analysis cause Wyoming concern. Examples include the Kansas City Fed's statement that "comparisons between [an institution with a crypto-focused business like] Custodia and insured depository institutions are misplaced" because "Custodia is an uninsured, *de novo* institution . . . seeking to engage in multiple high risk endeavors in a high-risk industry." [ECF 129 at 7]. Defendants also state that: "Custodia is not subject to the regulatory capital framework for insured banks. Neither the federal capital framework nor the Wyoming state rules have incorporated requirements related specifically to crypto-assets."[2] [*Id.*] Wyoming does not deny that the Rules themselves do not require this, but the Wyoming Division of Banking has issued Guidance providing that:

---

[2] The Kansas City Fed does not mention that the Board also denied Custodia Federal Reserve membership, thereby preventing it from becoming a member bank or from receiving direct federal oversight. [ECF 140-1]. In addition to the Kansas City Fed's letter denying Custodia's master account, the State of Wyoming also received the Board's order denying Custodia's application for Federal Reserve membership and supervision on March 24, 2023, when it was released to the public (with redactions). *Federal Reserve Board publishes its order denying the application by Custodia Bank, Inc., to be supervised by the Federal Reserve*, Board of Governors of the Federal Reserve System:

https://www.federalreserve.gov/newsevents/pressreleases/orders20230324a.htm.

Although the State understands, to some degree, Defendants' seeming concerns that SPDI Banks like Custodia are not subject to direct federal oversight, the Board's decision to deny Custodia's Federal Reserve membership application has the effect of preventing exactly that supervision.

> A prospective SPDI should anticipate an initial capital requirement similar to a federally-insured institution and other recently chartered de novo banks. Additionally, the Division expects that each SPDI meet the capital ratios set by the Federal Reserve and FDIC.

[ECF 140-2 at 1]. Additionally, the State of Wyoming notes that other requirements, such as a SPDI's obligations to hold unencumbered liquid assets in at least the amount of one hundred percent of their fiat currency deposit liabilities, provide other means of oversight and security. Wyo. Stat. Ann. § 13-12-105(a).

The Kansas City Fed goes on to characterize this requirement as a liability because "the Wyoming rules allow Custodia to hold other high-quality liquid assets, which may introduce credit or market risk to the institution." [ECF 129 at 7, n.8]. Here Defendants' disregard for Wyoming SPDI Banks and perhaps the two-tier banking system itself is evident.[3]

Equality between federally-chartered and state-chartered banks is "firmly embedded in the statutes governing the national banking system." *First Nat. Bank in Plant City v. Dickinson*, 396 U.S. 122, 133 (1969). Multiple precedential decisions confirm this stance. *See, e.g.*, *State of Colo. ex rel. Colorado State Banking Bd. v. Resolution Trust Corp.*, 926 F.2d 931, 946 (10th Cir. 1991) (outlining how regulation that "applie[d] equally to both state and national banks" "protect[ed] competitive equality" between them); *State of Colo.*

---

[3] For example, Wyoming's SPDI Bank regulations ensure that a SPDI Bank's assets "are managed prudently, consistent with safe and sound banking practices, in a manner that [a]ddresses interest rate risk, including repricing, basis, yield curve and option risk; [p]revents mismatching; and [a]ccounts for potential stress scenarios." Wyo. Dep't of Audit Rules, Ch. 20 § 9(d)(i)-(iii). Defendants make no mention of these requirements, appearing to disregard them entirely.

*ex rel. State Banking Bd. v. First Nat. Bank of Fort Collins*, 540 F.2d 497, 500 (10th Cir. 1976) ("[T]he congressional intent behind the provisions of [federal branch banking statute] was to place national and state banks on a basis of 'competitive equality[.]'"). Indeed, the principle of regulatory equality is further enhanced by the requirement of 12 U.S.C. § 248a(c)(2) that "[a]ll Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions"—of which class Plaintiff Custodia is. 12 U.S.C. § 248a(c)(2); 12 U.S.C. § 461(b)(1)(A)(i).

Nevertheless, Defendants seek to treat Wyoming SPDI Banks (as entities thus far denied a federal regulator) in an inequitable manner *vis-à-vis* regulated state and national banks and member institutions. For example, rather than preemptively declaring all crypto-currency or digital asset-related activities impermissible, Defendant Board has issued a letter "provid[ing] that a Federal Reserve-supervised banking organization engaging or seeking to engage in crypto-asset-related activities should notify its lead supervisory point of contact at the Federal Reserve." [ECF 140-3 at 2]. The letter defines "crypto-asset-related activities as "includ[ing], but . . . not limited to, crypto-asset safekeeping and traditional custody services; ancillary custody services; facilitation of customer purchases and sales of crypto-assets; loans collateralized by crypto-assets; and issuance and distribution of stablecoins." [Attachment C at 2 n.3]. Notably, many of these activities are the precise activities Wyoming's SPDI regulations and statutes permit SPDI Banks to engage in, subject to approval by the Commissioner. Wyoming Dep't of Audit Rules, Ch. 20, § 11(d), 13(a); Wyo. Stat. Ann. § 13-12-103(b)(vii).

Defendants have also expressed skepticism over the aptitude of "new" state-chartered banks while allowing "old" state-chartered banks like BNY Mellon to engage in much the same activity Wyoming SPDI Banks intend to engage in. [ECF 98, Ex. A]. A disregard of Wyoming's right to charter depository institutions in the two-tier banking system appears to be the motivation for this disparate treatment of Wyoming-chartered banks. Indeed, the Defendants appear to have arbitrarily created a distinction between federally regulated and non-federally regulated banks. If that is so, the Defendants have acted outside the parameters of the law.

Importantly, Wyoming SPDI Banks are subject to a range of state-level regulations as outlined under Wyoming statutes. SPDI Banks have attempted to obtain federal regulation—including, in Plaintiff Custodia's case, by applying for membership in the Federal Reserve—but to no avail. This has created a Kafkaesque situation where a SPDI Bank is denied a master account because it is not federally regulated, even while it is also denied federal regulation. This situation frustrates Wyoming regulatory scheme and its right to charter state banks.

Accordingly, this case implicates elements of significant public interest relating to the ability of non-federally regulated banks to operate, and of states to administer their own statutory regimes. To any extent the decision to deny Custodia a master account was based on perceived inadequacies in Wyoming's regulatory scheme, it was improper. These overarching concerns should be considered when the Court rules on the Defendants' motions to dismiss.

## CONCLUSION

The State of Wyoming respectfully requests that the Court deny Defendants' motions to dismiss.

Dated this 2nd day of June, 2023.

                                                 */s/ Devin Kenney*
                                                 Bridget Hill, Wyo. Bar No. #6-3616
                                                 Attorney General
                                                 Karl Anderson, Wyo. Bar No. #6-2807
                                                 Supervising Attorney General
                                                 Devin Kenney, Wyo. Bar No. #7-5964
                                                 Senior Assistant Attorney General
                                                 109 State Capitol
                                                 Cheyenne, WY 82002
                                                 (307) 777-7886
                                                 bridget.hill@wyo.gov
                                                 karl.anderson@wyo.gov
                                                 devin.kenney1@wyo.gov

                                                 *ATTORNEYS FOR STATE OF WYOMING*

## CERTIFICATE OF SERVICE

I certify that on this 2d day of June 2023, a copy of the foregoing **THE STATE OF WYOMING'S MEMORANDUM IN SUPPORT OF MOTION FOR PERMISSION TO INTERVENE** was served in the following manner as addressed to:

| | |
|---|---|
| John K. Vila<br>Ryan Thomas Scarborough<br>Whitney D. Hermandorfer<br>Jamie Wolfe<br>WILLIAMS & CONNOLLY<br>680 Maine Avenue SW<br>Washington, DC 20024<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Scott E. Ortiz<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Angela Tarasi<br>KING &SPALDING LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, CO 80202<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |
| Billie LM Addleman<br>John P. Fritz<br>HIRST APPLEGATE<br>P.O. Box 1083<br>Cheyenne, WY 82003<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |

Joshua P. Chadwick                                    VIA CM/ECF
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
*Attorneys for Defendant Federal Reserve Board of Governors*

                                       /s/ Jessica Curless
                                       Paralegal
                                       Wyoming Attorney General's Office