Billie L.M. Addleman, #6-3690
Erin E. Berry, #7-6063
HIRST APPLEGATE, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

Andrew Michaelson
Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Phone: (212) 556-2100
amichaelson@kslaw.com
lharris@kslaw.com

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 737-0500

*Counsel for Defendant the Federal Reserve Bank of Kansas City*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CUSTODIA BANK, INC., | |
| *Plaintiff,* | |
| v. | No. 1:22-cv-00125-SWS |
| FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY, | |
| *Defendants.* | |

**DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S
ANSWER TO CUSTODIA'S FIRST AMENDED COMPLAINT**

Federal Reserve Bank of Kansas City ("FRBKC") answers the Complaint of Plaintiff Custodia Bank, Inc. ("Plaintiff") as follows, answering the allegation of each paragraph of the Complaint and using the same headings, which are not admissions, and paragraph numbers. All allegations are denied except as admitted herein.

## BACKGROUND

1.      Answering Paragraph 1, this paragraph consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, FRBKC admits that Custodia brings this Complaint against FRBKC and the Federal Reserve Board of Governors ("the Board").

2.      Answering Paragraph 2, FRBKC denies that "Defendants" denied Custodia's request for a master account; FRBKC denied Custodia's request in the exercise of its discretion. FRBKC admits that the holder of a master account may access Federal Reserve services directly, without the need to use an intermediary bank. The remainder of Paragraph 2 sets forth legal conclusions to which no answer is required or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. FRBKC denies the remaining allegations in Paragraph 2.

3.      Answering Paragraph 3, FRBKC admits that Custodia is a financial institution that has received a Special Purpose Depository Institution ("SPDI") charter from Wyoming, and that Custodia requested a Federal Reserve master account. FRBKC admits that it communicated the denial of Custodia's master account request to Custodia on January 27, 2023. FRBKC denies the remainder of Paragraph 3's allegations.

4.      Answering Paragraph 4, FRBKC admits that it maintains that it has discretion to grant or deny Custodia's master account request.  FRBKC denies the remaining allegations in

Paragraph 4.

5.     Answering Paragraph 5, this paragraph contains legal conclusions and citations to correspondence that require no response.  To the extent a response is required, FRBKC respectfully refers the Court to the cited documents for a complete and accurate statements of their contents, and otherwise denies the allegations in Paragraph 5.

6.      Answering Paragraph 6, FRBKC admits that FRBKC informed Custodia that its master account request was denied on January 27, 2023. The remainder of Paragraph 6 makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them.

7.     Answering Paragraph 7, this paragraph sets forth legal conclusions to which no answer is required or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies the allegations in Paragraph 7.

8.     Answering Paragraph 8, FRBKC admits that Custodia operates under a Special Purpose Depository Institution charter created by Wyoming, and that no SPDI has received a Federal Reserve master account. The remainder of Paragraph 8 includes Plaintiff's characterization of Wyoming statutes and legal conclusions, neither of which require a response. To the extent a response is required, FRBKC denies the remainder of Paragraph 8.

9.      Answering Paragraph 9, FRBKC admits that it received a business plan from Custodia in May 2020, and that Custodia submitted its request for a master account in October 2020. FRBKC admits that there was a communication between Custodia and Tara Humston, FRBKC's head of Supervision and Risk Management, in 2021, but denies that Custodia's allegation reflects a complete and accurate characterization of that conversation. The remainder of Paragraph 9 sets forth legal conclusions requiring no response. To the extent a response is required,

the remainder of Paragraph 9 is denied.

10.     Answering Paragraph 10, FRBKC denies the allegations in this paragraph.

11.     Answering Paragraph 11, FRBKC denies that Custodia's allegations present an accurate characterization of the risks digital assets may pose to financial systems.  No response is required for the remaining allegations because this allegation is directed to the Board.  To the extent a response is required, FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies the allegations in Paragraph 11.

12.     Answering Paragraph 12, this paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Paragraph 12 is denied.

13.     Answering Paragraph 13, this paragraph contains legal conclusions requiring no response or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them.

## PARTIES

14.     Answering Paragraph 14, FRBKC admits that Plaintiff was issued an SPDI charter by the Wyoming State Banking Board in October of 2020 and that Plaintiff is located at 2120 Carey Avenue, Suite 300, Cheyenne, WY 82001. FRBKC admits that Caitlin Long was appointed by then-Governor Mead to serve on the Wyoming Blockchain task force. The characterization of Custodia as a bank is a legal conclusion to which no response is required. FRBKC lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 14, and on that basis, FRBKC denies them.

15.     Answering Paragraph 15, FRBKC admits that the Board has various supervisory responsibilities over the Federal Reserve System and the twelve regional Federal Reserve Banks, and that it is a federal agency based in Washington, D.C. that is headed by seven governors

nominated by the President and confirmed by the Senate. FRBKC admits that the Board has its principal place of business at Constitution Ave N.W. & 20th St. N.W., Washington, DC 20551.

16.     Answering Paragraph 16, FRBKC admits that the Board and the twelve regional Federal Reserve Banks, including FRBKC, are parts of the Federal Reserve System. FRBKC admits that it provides certain services within seven states, and that a portion of its activities concern the exercise of authority delegated to it by the Board, including some authority relating to the supervision and regulation of bank holding companies and member banks in its district and related applications or requests. FRBKC denies that it operates for all purposes pursuant to statutory and regulatory authority delegated to it by the Board. FRBKC admits that it has its principal place of business at 1 Memorial Drive, Kansas City, MO 64108. FRBKC denies any remaining allegations in Paragraph 16.

## JURISDICTION AND VENUE

17.     Answering Paragraph 17, this paragraph consists of legal conclusions requiring no response.

18.     Answering Paragraph 18, this paragraph consists of legal conclusions requiring no response.

19.     Answering Paragraph 19, Custodia's assertions that this controversy is justiciable and that Custodia is suffering an injury set forth legal conclusions to which no answer is required. To the extent a response is required, FRBKC denies the allegations in Paragraph 19.

20.     Answering Paragraph 20, FRBKC admits that Custodia filed its initial complaint on June 7, 2022. FRBKC admits that Custodia's master account request was denied on January 27, 2023. The remainder of Paragraph 20 consists of legal conclusions requiring no response. To the extent a response is required, FRBKC denies the remainder of Paragraph 20.

**FACTUAL ALLEGATIONS**

21.     Answering Paragraph 21, FRBKC admits that Custodia requested a master account from FRBKC on October 29, 2020, because decisions on individual requests for access to accounts and services are made by the Reserve Bank in whose district the requestor is located. FRBKC denies that "Defendants" denied Custodia's request; FRBKC denied Custodia's request in the exercise of its discretion and communicated this denial to Custodia on January 27, 2023. FRBKC admits that during the relevant time period, a form submitted in connection with a master account request contained the following language: "[p]rocessing may take 5 – 7 business days. Please contact the Federal Reserve Bank to confirm the date that the master account will be established." FRBKC denies that the denial of Custodia's master account request was orchestrated by the Board. FRBKC also denies that it lacks discretion to deny master account requests. FRBKC denies the remaining allegations in Paragraph 21.

**A.  History of Dual-Chartering and State-Level Banking Regulation**

22.     Answering Paragraph 22, this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, FRBKC admits that in the United States, banks may be chartered by either the federal or state governments and that at the founding of the United States most banks were state chartered. FRBKC denies the remaining allegations in Paragraph 22.

23.     Answering Paragraph 23, FRBKC admits that Congress passed the National Bank Act, 12 U.S.C. §§ 38 *et seq.*, in 1863 and that nationally chartered banks became more common thereafter.

24.     Answering Paragraph 24, FRBKC admits that Congress passed the Federal Reserve Act, 12 U.S.C. §§ 226 *et seq.*, in 1913, and that the Federal Reserve Act established the Board and the Federal Reserve Banks. FRBKC denies the remaining allegations in Paragraph 24.

25.     Answering Paragraph 25, this paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, FRBKC admits that the chartering and regulation of banks may involve federal and state governments, that the owners of certain financial institutions may choose the type of charter to apply for based on a variety of considerations, and that the existence of different charter types may allow for innovation. However, the dual banking system does not remove Reserve Bank oversight regarding access to the payment system, and FRBKC denies any implication to the contrary and any remaining allegations in Paragraph 25.

26.     Answering Paragraph 26, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, FRBKC admits that a bank may obtain either a national charter from the Office of the Comptroller of the Currency ("OCC") or a state charter from a state banking authority with certain continuing oversight from the state banking authority. FRBKC denies the remaining allegations in Paragraph 26.

27.     Answering Paragraph 27, this paragraph consists of legal conclusions to which no response is required. To the extent a response is required, FRBKC admits that nationally-chartered banks generally become members of the Federal Reserve System and that state-chartered banks may decide whether to apply to become member banks (and thereby subject themselves to evaluation by the Federal Reserve under statutory criteria set forth by Congress and ongoing supervision and regulation by the Federal Reserve if approved), and further that, as part of its responsibilities, the Board regulates bank holding companies. FRBKC also admits that state-chartered banks that have joined the Federal Reserve System are often referred to as "state member banks" and those that do not are often referred to as nonmember banks. FRBKC admits that when a state-chartered bank becomes a member bank, it is subject to additional legal requirements.

6

FRBKC admits that state member banks are regulated by both the Federal Reserve and a relevant state banking agency, and state-chartered non-member banks are regulated by a state banking agency and also are usually regulated by the Federal Deposit Insurance Corporation ("FDIC"). Otherwise, Paragraph 27 consists of legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, FRBKC denies the remaining allegations in Paragraph 27.

28.     Answering Paragraph 28, FRBKC admits that deposit-taking national banks are generally required to obtain FDIC insurance and that most states require their state-chartered depository institutions engaged in taking deposits to be FDIC-insured. FRBKC admits it is aware some states or territories have charters that do not require FDIC insurance. The remainder of Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, FRBKC lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28.

**B.  The Monetary Control Act of 1980**

29.     Answering Paragraph 29, this paragraph contains Custodia's characterizations of federal statutes and legal conclusions, neither of which require a response. To the extent a response is required, FRBKC admits that the Depository Institutions Deregulation and Monetary Control Act ("MCA") was passed in 1980. FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the remaining allegations in Paragraph 29.

30.     Answering Paragraph 30, this paragraph contains Custodia's characterizations of federal statutes and legal conclusions, neither of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate

statement of their contents, and otherwise denies the allegations in Paragraph 30.

31.     Answering Paragraph 31, FRBKC admits that the holder of a master account may access Federal Reserve services directly, without the need to use an intermediary bank.  The remainder of this paragraph and footnote 1 contain Custodia's characterizations of federal statutes and legal conclusions, neither of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 31.

32.     Answering Paragraph 32, FRBKC admits that the holder of a master account may access Federal Reserve services directly, without the need to use an intermediary bank.  The remainder of this paragraph and footnote 2 contain Custodia's characterizations of federal statutes and legal conclusions, neither of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 32.

33.     Answering Paragraph 33, this paragraph and footnotes 3, 4, and 5 contain legal conclusions and Custodia's characterizations of federal statutes and the Board's website, neither of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 33.

34.     Answering Paragraph 34, this paragraph and footnote 6 contains legal conclusions and Custodia's characterizations of federal statutes and case law, neither of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 34.

35.     Answering Paragraph 35, FRBKC denies that Defendants' position contravenes statutory mandates or prior interpretations and positions taken by the Board. This paragraph also contains Custodia's characterizations of federal statutes and legal conclusions, neither of which require a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 35.

### C.     The Development of SPDI Banks in Wyoming

36.     Answering Paragraph 36, FRBKC admits that Wyoming passed Wyo. Stat. §§ 13-12-101, *et seq.*, creating Special Purpose Depository Institutions, in 2019. The remainder of Paragraph 36 includes Plaintiff's characterization of Wyoming statutes and legal conclusions, neither of which require a response, or consists of allegations that FRBKC lacks the knowledge or information to admit or deny, and on that basis FRBKC denies them.

37.     Answering Paragraph 37, FRBKC admits that SPDIs do not lend fiat currency. Paragraph 37 otherwise consists of legal conclusions that require no response as well as allegations that FRBKC lacks the knowledge or information to admit or deny, and on those bases FRBKC denies them.

38.     Answering Paragraph 38, FRBKC admits that a master account provides a means of accessing the Federal Reserve payment system for clearing U.S. dollar transactions. The assertion that SPDIs are banks is a legal conclusion requiring no response. The remainder of Paragraph 38 consists of allegations that FRBKC lacks the knowledge or information to admit or deny, which FRBKC denies on that basis, and otherwise contains allegations that FRBKC denies.

39.     Answering Paragraph 39, this paragraph consists of citations of legal authority and legal conclusions to which no response is required. To the extent a response is required, FRBKC

respectfully refers the Court to the cited authority for a complete and accurate statement of their contents. FRBKC admits that no SPDI has received a Federal Reserve master account. The assertion that SPDIs are banks is a legal conclusion requiring no response. The remainder of Paragraph 39 contains Plaintiff's characterization of federal legislation to which no response is required. FRBKC otherwise denies Paragraph 39.

40.      Answering Paragraph 40, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, FRBKC admits that it has communicated that Custodia satisfied the threshold legal definition of an entity eligible for a master account. The remainder of Paragraph 40 is denied.

41.      Answering Paragraph 41, this paragraph and footnote 7 contain Plaintiff's characterizations of Wyoming statutes and a Wall Street Journal Op-Ed or legal conclusions, neither of which requires a response, or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies Paragraph 41.

42.      Answering Paragraph 42, this paragraph contains Plaintiff's characterizations of Wyoming statutes, to which no response is required, or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies Paragraph 42.

**D.      Custodia's Application and Board Intervention**

43.      Answering Paragraph 43, FRBKC admits that Custodia submitted its request for a master account on October 29, 2020, and that it was required to file a one-page Master Account

Agreement with its master account request. FRBKC admits that during the relevant time period, a form submitted in connection with a master account request contained the following language: "[p]rocessing may take 5 – 7 business days. Please contact the Federal Reserve Bank to confirm the date that the master account will be established." FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents. FRBKC denies the remainder of Paragraph 43.

44.    Answering Paragraph 44, FRBKC admits that there was a communication between Custodia and Tara Humston, FRBKC's head of Supervision and Risk Management, in 2021, but denies that Custodia's allegation reflects a complete and accurate characterization of that conversation. FRBKC admits that it informed Custodia in January 2022 that it satisfied the threshold legal definition of an entity eligible for a master account. FRBKC denies the remainder of Paragraph 44.

45.    Answering Paragraph 45, FRBKC admits that it communicated with Custodia regarding its master account request while a decision on the request was pending. The remainder of Paragraph 45 is denied.

46.    Answering Paragraph 46, Paragraph 46 is denied.

47.    Answering Paragraph 47, FRBKC admits that, in August 2021, Plaintiff initiated the process to become a member bank of the Federal Reserve System, and that, as a member bank, Plaintiff would be supervised and regulated by the Board and by the Wyoming Division of Banking. The remainder of Paragraph 47 consists of legal conclusions and allegations that FRBKC lacks the knowledge or information to admit or deny, and on that basis, FRBKC denies the remainder of Paragraph 47.

48.    Answering Paragraph 48, FRBKC admits that it held a meeting with Custodia on

March 2, 2022, concerning its master account request. FRBKC denies informing Custodia that it had not started processing Custodia's master account request.

49.     Answering Paragraph 49, FRBKC admits that its President and Chief Executive Officer Esther George received a March 3, 2022, letter from Custodia. FRBKC admits that the letter contained Custodia's characterization of certain of its communications with FRBKC. The remainder of Paragraph 49 is denied.

50.     Answering Paragraph 50, FRBKC admits that Ms. George agreed to meet with Custodia on March 24, 2022. FRBKC admits that Custodia, by letter, offered to hold $1.08 in cash in its master account for every $1.00 of U.S. dollar deposits during its first three years of operation, to provide monthly financial statements, and to agree to other restrictions. The remainder of Paragraph 50 is denied.

51.     Answering Paragraph 51, this paragraph contains Plaintiff's characterization of correspondence with Defendant FRBKC, to which no response is required. To the extent a response is required, Defendant Board respectfully refers the Court to the cited authority for a complete and accurate statement of its contents. FRBKC denies the remaining allegations in Paragraph 51.

   **E.     Coordination of Efforts to Deny Custodia's Master Account Application**

52.     Answering Paragraph 52, FRBKC denies all allegations in Paragraph 52.

   **1.  The Board's Guidelines for Evaluating Account and Services Requests**

53.     Answering Paragraph 53, FRBKC admits that it stated its intention to consider Board guidelines when evaluating Plaintiff's request for a master account. The remaining allegations of this paragraph otherwise contain Plaintiff's characterization of the Board's Proposed Guidelines for Evaluating Account and Services Requests, published May 11, 2021 ("Proposed

Guidelines"), and its Supplemental Proposed Guidelines issued March 8, 2022 ("Supplemental Proposed Guidelines"), to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 53.

54.     Answering Paragraph 54, FRBKC admits that the Board issued Guidelines for Evaluating Account and Services Requests on August 15, 2022 ("Guidelines"). FRBKC denies that the Board had taken control over the consideration of Custodia's master account request, and FRBKC also denies that the Board was "seeding the ground" for the denial of that request. The remaining allegations of this paragraph contain Plaintiff's characterization of those Guidelines, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 54.

55.     Answering Paragraph 55, this paragraph consists of Plaintiff's characterization of the Board's Guidelines, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents. Footnote 8 makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. FRBKC otherwise denies the allegations in Paragraph 55.

56.     Answering Paragraph 56, this paragraph consists of Plaintiff's characterization of the Board's Guidelines, to which no response is required, or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 56.

## 2. Joint Statement on Crypto-Asset Risks to Banking Organizations

57. Answering Paragraph 57, this paragraph and footnotes 9 and 10 consist of Plaintiff's characterization of the Joint Statement on Crypto-Asset Risks to Banking Organizations ("Joint Statement on Crypto-Asset Risks"), jointly published by the Board, the FDIC, and the OCC on January 3, 2023, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents.

58. Answering Paragraph 58, this paragraph and footnote 11 consist of Plaintiff's characterization of the Joint Statement on Crypto-Asset Risks, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 58.

59. Answering Paragraph 59, this paragraph and footnote 12 consist of Plaintiff's characterization of the Joint Statement on Crypto-Asset Risks, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies Paragraph 59.

60. Answering Paragraph 60, this paragraph and footnotes 13 and 14 consist of Plaintiff's characterization of a press release issued by BNY Mellon and of the Board's SR Letter 22-06/CA Letter 22-6: Engagement in Crypto-Asset-Related Activities by Federal Reserve-Supervised Banking Organizations (August 16, 2022), to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents. FRBKC denies the remaining allegations in Paragraph 60.

61. Answering Paragraph 61, this paragraph consists of legal conclusions to which no

response is required. To the extent a response is required, FRBKC denies the allegations in Paragraph 61.

### 3.   Denial of Custodia's Master Account Application

62.    Answering Paragraph 62, FRBKC admits that it communicated to Custodia that its request for a master account was denied on January 27, 2023. FRBKC denies the remaining allegations in Paragraph 62.

63.    Answering Paragraph 63, FRBKC admits that on January 23, 2023, at 9:00 a.m. Mountain Time, Board and FRBKC staff held a meeting with Custodia, during which Board staff provided Custodia representatives with an opportunity to withdraw its membership application by January 25. FRBKC admits that Board staff indicated during the meeting that they would recommend that the Board vote to deny Custodia's application for membership in the Federal Reserve. FRBKC admits that Board staff granted an extension but denied Custodia's request for a week-long extension of time to January 30. FRBKC denies the remaining allegations in Paragraph 63.

64.    Answering Paragraph 64, with respect to allegations about Board staff's interactions with individual Governors concerning Plaintiff's membership application, FRBKC lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis, FRBKC denies them. FRBKC denies the remaining allegations in Paragraph 64, including Plaintiff's characterization that the Board "orchestrated" a denial of Plaintiff's master account request with FRBKC and the White House.

65.    Answering Paragraph 65, FRBKC admits that Board staff granted Custodia an extension until January 26, 2023, to decide whether to withdraw its membership application. FRBKC lacks knowledge or information sufficient to admit or deny the remaining allegations in

this paragraph, and on that basis, FRBKC denies them.

66. Answering Paragraph 66, FRBKC admits that it was copied on a January 26, 2023, letter from Custodia to Board staff concerning its membership application. FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents. FRBKC otherwise denies the allegations in Paragraph 66 or lacks knowledge or information sufficient to admit or deny the allegations, and on that basis, denies them.

67. Answering Paragraph 67, FRBKC lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, and on that basis, FRBKC denies them.

68. Answering Paragraph 68, this paragraph and footnotes 15 and 16 contain Custodia's characterizations of a statement released by the White House on January 27, 2023, titled "The Administration's Roadmap to Mitigate Cryptocurrencies' Risks" ("White House Statement"). FRBKC otherwise lacks knowledge of the remaining allegations in Paragraph 68, and on that basis denies them.

69. Answering Paragraph 69, FRBKC admits that it communicated to Custodia the denial of its master account request. FRBKC denies this was done at the direction of the Board. This paragraph and footnote 17 also consist of legal conclusions and Custodia's characterizations of the White House Statement. To the extent a response is required, FRBKC denies those allegations. FRBKC denies the remaining allegations in Paragraph 69.

70. Answering Paragraph 70, FRBKC admits it denied Custodia's request for a master account after discovery requests to FRBKC had been served.  FRBKC denies the remaining allegations in Paragraph 70.

### F.    Statutory Basis for Denial of Master Account Applications

71. Answering Paragraph 71, this paragraph consists of legal conclusions and

Custodia's characterizations of federal statutes and case law, neither of which requires a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 71.

72.     Answering Paragraph 72, FRBKC admits that there was a communication between Custodia and Tara Humston, FRBKC's head of Supervision and Risk Management in 2021, but denies that Custodia's allegation reflects a complete and accurate characterization of that conversation.   FRBKC denies that the Board took control of and decided Custodia's master account request.  The remaining allegations in this paragraph consist of legal conclusions and Custodia's characterizations of federal statutes, neither of which requires a response, or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on that basis, FRBKC denies them. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 72.

73.     Answering Paragraph 73, this paragraph consists of legal conclusions and Custodia's characterizations of federal statutes, neither of which requires a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of their contents, and otherwise denies the allegations in Paragraph 73.

74.     Answering Paragraph 74, FRBKC denies that the Board coordinated the denial of Custodia's master account request or asserted control over the decision-making process concerning Custodia's master account request.  The remainder of the paragraph consists of legal conclusions and Custodia's characterizations of prior filings or federal case law, neither of which requires a response. To the extent a response is required, FRBKC denies the allegations in Paragraph 74.

75.     Answering Paragraph 75, FRBKC denies the allegations in this paragraph.

76.     Answering Paragraph 76, FRBKC denies that the Board coordinated the denial of Custodia's master account request. This paragraph otherwise consists of legal conclusions and Custodia's characterizations of federal statutes, neither of which requires a response. To the extent a response is required, FRBKC denies the allegations in Paragraph 76.

**CLAIM FOR RELIEF** I
**Violation of APA, 5 U.S.C. § 706(2)**
**Claim for Unlawful Denial of Master Account Application**
**Against the Board**

77.     Answering Paragraph 77, no response is required because this claim is not asserted against FRBKC.

78.     Answering Paragraph 78, no response is required because this claim is not asserted against FRBKC.

79.     Answering Paragraph 79, no response is required because this claim is not asserted against FRBKC.

80.     Answering Paragraph 80 and footnote 18, no response is required because this claim is not asserted against FRBKC.

81.     Answering Paragraph 81, no response is required because this claim is not asserted against FRBKC.

82.     Answering Paragraph 82, no response is required because this claim is not asserted against FRBKC.

83.     Answering Paragraph 83, no response is required because this claim is not asserted against FRBKC.

84.     Answering Paragraph 84, no response is required because this claim is not asserted against FRBKC.

85.     Answering Paragraph 85, no response is required because this claim is not asserted against FRBKC.

## CLAIM FOR RELIEF II
### Relief Under the Mandamus Act, 28 U.S.C. § 1361
### Claim for Mandamus Against All Defendants

86.     Answering Paragraph 86, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

87.     Answering Paragraph 87, this paragraph contains Plaintiff's characterization of this action and a quotation from 28 U.S.C. § 1361, to which no response is required. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the allegations contained therein.

88.     Answering Paragraph 88, this paragraph consists of a legal conclusion requiring no response.

89.     Answering Paragraph 89, this paragraph consists of legal conclusions requiring no response.

90.     Answering Paragraph 90, this paragraph and footnote 19 contain legal conclusions requiring no response. To the extent a response is required, FRBKC denies the allegations in Paragraph 90.

91.     Answering Paragraph 91, this paragraph contains legal conclusions requiring no response.

92.     Answering Paragraph 92, FRBKC admits that Custodia's master account request was denied on January 27, 2023. The remainder of this paragraph contains legal conclusions requiring no response. To the extent a response is required, FRBKC denies the remainder of Paragraph 92.

93.     Answering Paragraph 93, FRBKC lacks knowledge or information to admit or deny

the allegations in Paragraph 93, and on that basis denies them.

94.     Answering Paragraph 94, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 94 is denied.

**CLAIM FOR RELIEF III**
**Relief Under the Declaratory Judgment Act, 28 U.S.C. § 2201**
**Claim for Declaratory Judgment Against All Defendants**

95.     Answering Paragraph 95, FRBKC incorporates by reference herein its responses to the preceding paragraphs as though set forth fully herein.

96.     Answering Paragraph 96, this paragraph quotes a federal statute and characterizes Plaintiff's Complaint, neither of which requires a response. To the extent a response is required, FRBKC respectfully refers the Court to the cited authority for a complete and accurate statement of its contents, and otherwise denies the allegations contained therein.

97.     Answering Paragraph 97, this paragraph contains legal conclusions and characterizations of Plaintiff's claims to which no response is required or makes claims that FRBKC lacks knowledge or information sufficient to admit or deny, and on these bases, FRBKC denies them. To the extent a response is required, Paragraph 97 is denied.

98.     Answering Paragraph 98, FRBKC admits that Custodia was chartered in Wyoming. The remainder of Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 98 are denied.

99.     Answering Paragraph 99, FRBKC admits that a master account is necessary to access Federal Reserve services directly, without the need to use an intermediary bank. The remainder of Paragraph 99 and footnote 20 contain legal conclusions requiring no response. To the extent a response is required, the remainder of Paragraph 99 is otherwise denied.

100.    Answering Paragraph 100, this paragraph consists of legal conclusions requiring no response. To the extent a response is required, Paragraph 100 is denied.

101.    Answering Paragraph 101, this paragraph consists of a legal conclusion requiring no response. To the extent a response is required, Paragraph 101 is denied.

### AS TO THE PRAYER FOR RELIEF

FRBKC denies that Custodia is entitled to any of the relief for which it prays in subparagraphs (a)–(f) on page 33 of the Complaint.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof for any claim or element of any claim that properly lies with Plaintiff, FRBKC asserts the following affirmative defenses to Custodia's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against FRBKC for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not alleged an injury in fact that would be redressed by a decision in its favor, and therefore lacks standing and ripeness to bring its complaint.

### THIRD AFFIRMATIVE DEFENSE

This action is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

This action is barred by estoppel.

### FIFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of illegality.

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

FRBKC reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

DATED 22 June 2023.

Respectfully submitted,

s/Billie LM Addleman
Billie LM Addleman, #6-3690
Erin E. Berry, #7-6063
HIRST APPLEGATE, LLP
Attorneys for Defendant FRBKC
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

Andrew Michaelson
Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
212-556-2100
amichaelson@kslaw.com
lharris@kslaw.com

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
202-737-0500
jbucholtz@kslaw.com
jmitchell@kslaw.com
ccarletta@kslaw.com

*Counsel for Defendant*
*the Federal Reserve Bank of Kansas City*

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of June, 2023, a copy of the foregoing **DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S ANSWER TO CUSTODIA'S FIRST AMENDED COMPLAINT** was served upon all parties to this action via CM/ECF.

 s/ Shannon M. Ward
OF HIRST APPLEGATE, LLP
Attorneys for Defendant