## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL RESERVE BOARD OF ) <br> GOVERNORS, and ) <br> FEDERAL RESERVE BANK OF KANSAS ) <br> CITY, ) <br> ) <br> Defendants. ) <br> ) | Case No. 22-CV-00125-SWS <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND DOCUMENTS** |

The parties jointly submit the following Stipulated Protective Order:

### INTRODUCTION

1. *Generally.* Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff Custodia Bank, Inc. ("Custodia") and Defendants the Federal Reserve Board of Governors ("the Board") and the Federal Reserve Bank of Kansas City ("Kansas City Fed") hereby stipulate under Federal Rule of Civil Procedure 26(c) to the entry of the following Protective Order, subject to the Court's approval.

2. *Purpose.* Each party seeks to avoid undue harm by preventing disclosure of sensitive proprietary or confidential information to the public or to other parties. The parties accordingly propose this Order to facilitate the discovery and pretrial preparation processes by avoiding the need for seriatim motions to the Court for protective orders covering specifically identified materials.

3. *Limitation.* The parties acknowledge that the confidentiality provisions of this Order do not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords from disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles and factual circumstances.

4.      *Applicability*.  The confidentiality provisions of this Order shall apply to depositions, production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure including third-party discovery, as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as Confidential Information in connection with this action.

## DEFINITIONS

5.      *Confidential Information*.  "Confidential Information" shall mean (i) any information that has not been made generally available to the public and the disclosure of which the designating party contends would cause material harm or a competitive disadvantage to the designating party's business operations or personal, business, regulatory, or privacy interests; (ii) relates in any way to the regulation or supervision of a bank or bank holding company, in whatever form, whether preliminary or final, including reports of examination or inspection, examiner workpapers, correspondence, communications, memoranda, agreements, orders, or other documents prepared by, on behalf of, or for the use of the Board, Kansas City Fed, any other Federal Reserve Bank, or any federal or state regulatory authority; (iii) is treated as confidential, non-public, or exempt from disclosure under any applicable statute or regulation, including 12 C.F.R. §§ 261.2(b) and (c), 261.15, 261.20-261.23; (iv) data derived from such Confidential Information, including any summaries, compilations, quotes, or paraphrases thereof; and/or (v) any other oral, written, or recorded material that consists of or contains trade secrets.  The term and designation "Confidential" shall mean any document or information that the designating party believes in good faith meets the requirements set forth above.  Notwithstanding the foregoing, by agreeing to this Stipulation, no party or third party waives the right to challenge any designating party's designation of any Document or information as "Confidential."

6. *Attorneys' Eyes Only*. The term and designation "Highly Confidential – Attorneys' Eyes Only Information" shall mean any document or information that, in addition to satisfying the requirements set forth in Paragraph 5 above, the designating party or third party believes in good faith includes highly confidential business information, including but not limited to highly sensitive financial information the unrestricted disclosure of which to another party or third party could cause significant, irreparable injury to the designating party that cannot be avoided by less than restrictive means. Notwithstanding the foregoing, by agreeing to this Stipulation, unless otherwise agreed elsewhere, no party or third party waives the right to challenge any designating party's designation of any document as "Highly Confidential – Attorneys' Eyes Only."

7. *Scope*. The protections conferred by this Order cover not only Confidential or Highly Confidential – Attorneys' Eyes Only information (as defined above), but also (1) any information copied or extracted from such information; (2) all copies, excerpts, summaries, or compilations of such information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such information.

8. *Access to and use of Confidential Information.*

8.1 *Basic Principles*. All documents, testimony, or other materials produced by designating parties in this case and labeled "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only" shall be used only in the above-captioned proceeding. Any receiving party may use Confidential or Highly Confidential – Attorneys' Eyes Only information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Highly Confidential – Attorneys' Eyes Only information may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential or Highly Confidential – Attorneys' Eyes Only information must be stored and maintained by a receiving party's counsel at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     *Disclosure of Confidential Information.*  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, board members, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants retained by a party to work on this litigation to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A;

(d) the Court, court personnel, and court reporters and their staff;

(e) any mediator retained to assist the parties in settlement negotiations and who have signed the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A;

(f) discovery, copy or imaging services retained by counsel to assist in the collection, review, production, or duplication of Confidential Information, provided that counsel for the party has a general confidentiality agreement with the service and requires the service to immediately return all originals and copies of any such Confidential Information;

(g) during their depositions, witnesses in the action and their counsel to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" set forth in Exhibit A, unless the deponent is employed by the Producing Party, is already obligated to comply with the terms of this Protective Order, or as otherwise agreed by the designating party;

(h) the author or recipient of a document containing the information or any other person expressly identified in the Confidential Information as having previously had access to the Confidential Information;

(i) any local, state or federal agency empowered to investigate matters or prosecute laws, regulations, or rules which any party determines may be implicated by documents or information subject to this Order.

8.3     *Filing Confidential Information*.  If portions of documents or other materials deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they, unless the Parties otherwise agree in writing or the Court otherwise orders, shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8.2 OF THE PROTECTIVE ORDER.
>
> *or*
>
> HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8.4 OF THE PROTECTIVE ORDER.

8.4     *"Highly Confidential – Attorneys' Eyes Only"*.  Use of any information, documents, or portions of documents marked "Highly Confidential – Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 8.2(a), 8.2(c) 8.2(d), 8.2(e), 8.2(f), 8.2(h), and 8.2(i) unless additional persons are stipulated by counsel or authorized by the Court.  Such information shall not be restricted from in-house counsel for the Federal Reserve Bank of Kansas City and/or the Federal Reserve Board of Governors.

9.     *DESIGNATING PROTECTED INFORMATION*.

9.1     *Manner and Timing of Designations*.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this Order must be clearly so designated before or when the material is disclosed or produced.

(a) *Information in documentary form*. (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Confidential or Highly Confidential – Attorneys' Eyes Only information.

(b) *Testimony given in deposition.* For testimony given in deposition, all such testimony shall initially be deemed "Confidential." Any party or non-party shall have thirty (30) days after the court reporter issues the final, certified transcript to identify the specific portions of the testimony that contain Confidential Information. Only those portions of the testimony that are appropriately designated as Confidential within thirty (30) days shall remain covered by the provisions of this Order

(c) *Other pretrial or trial proceedings*. The parties and any participating non-parties may identify on the record, before the close of the proceeding, all protected testimony. Any party or non-party may, within thirty (30) days after receiving the final, certified transcript of the proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect Confidential Information at trial, the issue should be addressed during the pre-trial conference.

(d) *Other tangible items*. The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

9.2 *Inadvertent Failures to Designate*.  An inadvertent failure to designate qualified information or items does not waive the designating party's right to secure protection under this Order for such material.  The receiving party or its counsel shall not disclose such

documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, shall make reasonable efforts to retrieve and destroy such documents and materials and to prevent further disclosure, and shall confirm in a letter to the designating party's counsel that it has done so. The designating party must provide, at its own expense, substitute documents bearing the appropriate confidentiality designation.

9.3    *Designating Non-Party Materials*. A party may designate for protection information contained in documents that are in the possession of a non-party if the documents contain the party's Confidential Information.

10.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

10.1    *Timing of Challenges*. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.2    *Meet and Confer*. A party receiving Confidential Information that elects to initiate a challenge to a designating party's designation of information as Confidential under this Order must do so in writing to the designating party. The receiving party must explain in writing the basis for its position that the confidentiality designation was not proper. The parties must attempt to resolve any dispute regarding confidential designations without court involvement. Following written notice to a designating party of a challenge, the Parties shall attempt an informal resolution of the dispute. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to

resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a virtual meeting/telephone conference.

        10.3    *Judicial Intervention*. If the parties are unable to resolve the matter informally, pursuant to U.S.D.C.L.R. 37.1(b), the receiving party may, after attempting to resolve the dispute without court intervention, contact the appropriate judge's chambers (with the designating party included on the communication) to schedule an informal telephonic discovery call. If the Court determines that the issue requires the formal filing of a motion and briefing, only then may the receiving party file an appropriate motion pursuant to Local Rule 7.1 before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. The party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party that disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

    11.    *PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION*

If a party is served with a subpoena or a court order issued in other litigation or proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

    (a)    promptly, and in no event more than seven (7) calendar days after receiving the subpoena or order, notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena or order is subject to this Order and provide a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

12. *UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL*

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential – Attorneys' Eyes Only information to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. *INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL*

The inadvertent production of information protected by the attorney-client privilege, work product doctrine, deliberative process privilege, bank examination privilege, law enforcement investigative privilege, or any other privilege applicable to governmental or associated entities is not a waiver in the pending case or in any other federal, state, or arbitration proceeding. In the event of an inadvertent production that is apparent on its face, or after receiving notice of an inadvertent production from the producing party, the receiving party shall promptly return the specified information and any copies in its possession, custody, or control, and make no further use or disclose the information.

14. *CHALLENGING CLAIM OF PRIVILEGE*

A party opposing the claim of privilege may present the information to the Court under seal for a determination of the claim. Until the issue of privilege has been finally adjudicated by the Court that the document is not privileged, the parties agree to respect the claim of privilege and treat the document accordingly. Absent an expressed agreement to waive, the presumption will be in favor of privilege or protection.

15. *NON-TERMINATION AND RETURN OF DOCUMENTS.*

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential or Highly Confidential – Attorneys' Eyes Only information to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Nothing in this paragraph shall be construed as limiting a defendant's right to retain materials to comply with federal recordkeeping requirements in a manner which ensures the confidentiality of the information. The receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the sixty (60) day deadline that identifies (by category, where appropriate) the Confidential Information that was returned, destroyed, or retained in compliance with federal recordkeeping requirements in a manner which ensures the confidentiality of the information, and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Information other than in compliance with federal recordkeeping requirements.

Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, discovery materials, and consultant and expert work product, even if such materials contain Confidential or Highly Confidential – Attorneys' Eyes Only information. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential or Highly Confidential – Attorneys' Eyes Only information, or other modifications, subject to order by the Court.

IT IS SO STIPULATED

DATED this July 20, 2023.

Counsel for Plaintiff:  /s/ Scott E. Ortiz

PAGE 10 –STIPULATED PROTECTIVE ORDER

Counsel for Defendant Federal Reserve Board of Governors:  /s/ Joshua P. Chadwick

Counsel for Defendant Federal Reserve Bank of Kansas City:  /s/ Andrew Michaelson

      The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:_____

_____
Hon. Scott W. Skavdahl
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], employed by _____, declare under penalty of perjury that:

1. I have read in its entirety and understand the above Stipulated Protective Order in *Custodia Bank v. Federal Reserve Board of Governors, et al.*, Case No. 22-CV-00125-SWS (D. Wyo.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.

2. I will not make copies or notes of Confidential or Highly Confidential – Attorneys' Eyes Only material except as necessary to enable me to render assistance in connection with this action;

3. I will not disclose Confidential or Highly Confidential – Attorneys' Eyes Only material to any person not expressly entitled to receive it under the terms of the Stipulated Protective Order;

4. I will not use Confidential or Highly Confidential – Attorneys' Eyes Only material for any purpose other than that authorized by the Stipulated Protective Order; and

5. I agree to submit to the jurisdiction of this Court for the sole purpose of having the terms of the Order enforced.

Date: _____

Printed name: _____

Signature: _____