Scott E. Ortiz, WSB No. 5-2550
WILLIAMS, PORTER, DAY, & NEVILLE P.C.
PO Box 10700
Casper, WY 82602
Phone: 307-265-0700
Fax: 307-266-2306
Email:   sortiz@wpdn.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-CV-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF CUSTODIA BANK, INC.'S
### MOTION TO FOR AN EXTENSION OF TIME TO MOVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Custodia Bank, Inc., by and through its undersigned counsel of record, respectfully requests an extension of the deadline to file any motions regarding the content of the administrative record produced by Defendant, the Federal Reserve Board of Governors ("the Board"). The Board produced the administrative record on August 21, 2023, making the deadline to challenge its contents September 4, 2023. Custodia requests an extension until October 27, 2023.

Custodia has reason to believe that the administrative record is missing key documents and communications related to Custodia's master account application. The first Board document included in the administrative record to mention Custodia's master account application dates from January 6, 2023, almost two and half years after Custodia first requested its master account, six

months after this lawsuit was filed, and less than three weeks before Custodia's master account

application was ultimately denied.  In two meet and confer sessions with the Board, counsel for

the Board acknowledged that there were Board documents and communications about Custodia's

master account application that pre-date January 6, 2023.  Internal Board materials as well as

materials shared with the Federal Reserve Bank of Kansas City ("Kansas City Fed") relating to

Custodia's master account application are key to the Court's ultimate determination of whether

"the Board of Governors in fact inserted itself into FRBKC's consideration of Custodia's

application."  ECF No. 164, 10.  However, the Board refuses to supplement the administrative

record with any such documents that admittedly exist.  Instead, the Board agrees only to consider

supplementing the administrative record with specific documents that Custodia identifies as

missing.  Asking Custodia to identify specific internal Board materials or materials shared with

the Kansas City Fed, to which Custodia is not privy, is a Herculean task.

This task is made all the more impossible by the fact that, to date, the Kansas City Fed has

produced no documents.  Custodia first previewed its discovery requests to the Kansas City Fed

in May 2022, and formally served discovery after the first motions to dismiss were denied.  On

June 14, 2023, Custodia served substantially similar discovery requests when the second motions

to dismiss were denied.  After Custodia agreed to a one-week extension, the Kansas City Fed

served responses and objections to Custodia's Requests for Production on July 21, 2023.  However,

the Kansas City Fed still has produced no documents to Custodia, which is especially concerning

given that Custodia's expert designation deadline is in a little over five weeks (October 6, 2023),

the end of discovery is in less than three months (December 18, 2023), and a start-up institution

like Custodia cannot afford further delay.  After the Kansas City Fed has produced documents and

Custodia has reviewed them, then Custodia will be able make particularized challenges to the

administrative record as requested by the Board.  But, at this point, Custodia doesn't know what it doesn't know.

The fact that Custodia is soon to receive documents which have the potential to elucidate the completeness of the administrative record distinguishes this case from the typical case envisioned by the Wyoming Local Rules.  While parties usually must move for supplementation of the administrative record within fourteen days, Wyo. L. R. 83.6(b)(3), there is good cause to grant an extension in these circumstances.  After the Kansas City Fed makes its document production, Custodia will be able to challenge the content of the administrative record without having to simply guess at what is missing.  The existence of materials about Custodia's master account application "*directly or indirectly* considered by the [Board's] decision-makers," Wyo. L. R. 83.6(b)(1)(B), will become more apparent after the Kansas City Fed produces its documents. With this additional information, Custodia may be able to work with the Board to resolve any dispute about the content of the administrative record without Court intervention.  However, Custodia requests this extension because it must reserve its ability to request that the Court order the Board to supplement the record if agreement cannot be reached.

Custodia thus requests that the Court grant additional time for Custodia to challenge the content of the administrative record so that the Kansas City Fed can produce the information necessary for Custodia to effectively challenge the completeness of the record.  Granting this extension will not alter any of the dates in the Court's Scheduling Order.  Custodia met and conferred with the Board about this extension, and the Board consents to the relief requested.  At the Board's request, Custodia includes the following: "The Board does not agree that discovery is in any way relevant to or informs the contents of the administrative record, or that ordinary civil discovery is appropriately used for such purposes. The Board does not oppose plaintiff's requested

extension, however, given the possibility that it may eliminate unnecessary motion practice before the Court."

RESPECTFULLY SUBMITTED this 29th day of August, 2023.

**Custodia Bank Inc.,**
**Plaintiff.**

By:     /s/ Scott E. Ortiz_____
        Scott E. Ortiz, WSB No. 5-2550
        WILLIAMS, PORTER, DAY, & NEVILLE, P.C.
        PO Box 10700
        Casper, WY 82602
        Phone:       307-265-0700
        Fax:         307-266-2306
        Email:       sortiz@wpdn.net

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel via the manner set forth below on this 29th day of August, 2023.

| | |
|---|---|
| Mark Van Der Weide<br>Richard M. Ashton<br>Joshua P. Chadwick<br>Yvonne F. Mizusawa<br>Yonatan Gelblum<br>Katherine Pomeroy<br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM<br>20th Street and Constitutional Avenue, N.W.<br>Washington, DC 20551 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Billie L.M. Addleman<br>John P. Fritz<br>HIRST APPLEGATE, LLP<br>P.O. Box 1083<br>Cheyenne, Wyoming 82003 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Andrew Michaelson<br>Laura Harris<br>KING & SPALDING, LLC<br>1185 Avenue of the Americas, 34th Floor<br>New York, New York 10036 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Jeffrey S. Bucholtz<br>Joshua N. Mitchell<br>Christine M. Carletta<br>KING & SPALDING, LLP<br>1700 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |

_/s/ Scott E. Ortiz
Scott E. Ortiz