Mark Van Der Weide, General Counsel
Richard M. Ashton, Deputy General Counsel
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 263-4835
joshua.p.chadwick@frb.gov

*Counsel for Defendant Board of Governors of the Federal Reserve System*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CUSTODIA BANK, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:22-cv-00125-SWS<br>) |
| BOARD OF GOVERNORS OF<br>THE FEDERAL RESERVE SYSTEM &<br>FEDERAL RESERVE BANK<br>OF KANSAS CITY, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**DECLARATION OF DAVID G. CAPERTON**

I, David G. Caperton, declare as follows:

**BACKGROUND**

1. I am Senior Special Counsel in the Legal Division of the Board of Governors of the Federal Reserve System ("Board"). I have been employed as an attorney at the Board since

June 30, 2009. As Senior Special Counsel, I am the most senior attorney in the Board's Legal Division responsible for reviewing legal issues related to requests for disclosure received by the Board pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and other legal authorities.

2.      My primary responsibilities include making recommendations providing legal advice on issues related to disclosure, particularly related to the assertion of the deliberative process privilege and other exemptions from disclosure, and asserting the applicability of such privileges when the Board's determination on withholding is challenged in litigation.

3.      As part of my responsibilities, I, or Legal Division staff members or attorneys working under my direction, review materials potentially subject to disclosure and identify documents or portions of documents that are exempt from disclosure.

4.      As a result of these responsibilities, I am familiar with requirements for and the exemptions from disclosure available to the Board, including the deliberative process privilege, and am experienced in judging whether responsive materials should be provided in full, redacted, or withheld in their entirety.

5.      The statements in this declaration are based on my personal knowledge and best recollections, on information made known to me in my official capacity as Senior Special Counsel through consultation with attorneys working under my supervision, consultation with other attorneys in the Board's Legal Division who were involved in the deliberative processes described herein and aware of relevant facts concerning these processes, my own review of the referenced documents and deposition questions, and upon conclusions and determinations reached and made in accordance therewith.

## THE PRIVILEGE LOG

6.	In connection with this litigation, I, along with attorneys working under my supervision, reviewed a privilege log dated November 1, 2023, created by King & Spalding LLP on behalf of the Federal Reserve Bank of Kansas City ("FRBKC"), that identified certain documents as being subject to the Deliberative Process Privilege.

7.	I determined that the Board should assert the deliberative process privilege for the documents listed on the following line numbers of the log:

37, 46, 47, 58, 70, 71, 72, 73, 74, 77, 78, 82, 84, 139, 166, 203, 231, 245, 247, 248, 259, 263, 264, 265, 266, 267, 268, 269, 270, 271, 277, 278, 279, 280, 282, 284, 285, 286, 287, 288, 289, 290, 291, 293, 294, 296, 297, 298, 299, 304, 305, 307, 308, 313, 316, 317, 318, 319, 320, 321, 323, 324, 329, 334, 364, 365, 371, 375, 380, 414, 415, 418, 419, 420, 421, 422, 423, 428, 429, 430, 432, 433, 434, 435, 436, 437, 446, 447, 452, 453, 455, 457, 461, 462, 474, 475, 476, 477, 478, 483, 486, 488, 493, 494, 499, 500, 501, 503, 504, 509, 516, 519, 520, 521, 541, 542, 552, 567, 583, 584, 612, 613, 634, 635, 647, 650, 651, 674, 675, 676, 677, 678, 686, 723, 739, 740, 741, 742, 744, 745, 765, 766, 767, 775, 788, 792, 813, 814, 815, 823, 824, 908, and 909

8.	With respect to the foregoing documents, I have confirmed through consultations with attorneys in the Board's Legal Division that the privilege log identifies documents withheld from the plaintiff on the basis of the deliberative process privilege.

9.	Based on my understanding as described in paragraph 5, *supra*, the privilege log accurately represents the Board's assertion of deliberative process privilege for these documents.

10.	I identified several categories of documents, some of which overlap, that reflect communications subject to the Board's deliberative process privilege (including a small number of the documents authored after the relevant decisions were made that described discussions of these prior deliberations that had not been incorporated into the final decision).

11.	One category of documents reflects deliberations concerning what criteria the Board may wish to incorporate in prospective guidance to the twelve Federal Reserve Banks as relevant to consideration of requests for Reserve Bank master accounts or services. The Board

decided to adopt the resulting Guidelines for Evaluating Account and Services Requests ("Access Guidelines") on August 15, 2022. These documents reflect deliberations preceding this decision in which Reserve Bank staff, which had been consulted by Board staff during the Board's decisionmaking process, had participated, as well as deliberations about what to publicly communicate about this process.

12. A second category of documents reflects deliberations concerning what guidance the Board may wish to provide to the twelve Federal Reserve Banks on the general process for considering requests for Reserve Bank master accounts or services, including implementation of the Access Guidelines referenced in paragraph 11, *supra*, information-sharing within the Federal Reserve Systems on related issues, and notification to and consultation with Board staff before communicating decisions on certain requests. The Board decided to adopt the resulting policy, communicated in S-Letter 2677, on January 17, 2023. These documents reflect deliberations preceding this decision in which the Reserve Bank staff, which had been consulted by Board staff during the Board's decisionmaking process, had participated.

13. Additional documents concerned predecisional deliberations in which Board staff consulted with Reserve Bank staff with respect to a Board decision about the correct interpretation of the Federal Reserve Act concerning legal eligibility to seek a master account; Custodia's application for membership in the Federal Reserve System, which the Board ultimately decided to deny on January 27, 2023; discussion of issues relating to cryptocurrency for purposes of formulating general supervisory policy that, *inter alia*, contributed to the Board's decision to adopt a Joint Statement on Crypto-Asset Risks to Banking Organizations on January 3, 2023; and decisions with respect to various matters unrelated to Custodia or these other issues,

4

including decisions concerning Board ethics policies, enforcement and other supervision matters involving unrelated financial institutions, and public disclosure policies.

## DEPOSITION QUESTIONS

14. In connection with this litigation, I reviewed deposition excerpts filed at ECF No. 194-13 in this action.

15. I have determined that questions on pages 87 and 110 of the transcript seeking to elicit testimony concerning the recollections of participants in the deliberations identified in paragraphs 11-12; questions concerning the reasons for the Board's resulting decisions, or questions about what issues were raised or considered by participants to the deliberations would have the effect of revealing the give and take associated with these deliberations, as described in greater detail below.

## ASSERTION OF THE DELIBERATIVE PROCESS PRIVILEGE

16. Based on my understanding as described in paragraph 5, *supra*, disclosure of the materials identified in paragraphs 6-15, *supra* would reveal advisory opinions, recommendations, drafts, deliberations, and other subjective communications that comprise part of the process by which Board decisions and policies were formulated.  They reflect the mental impression or personal opinions of the personnel involved rather than a policy or position adopted by the Board, and their disclosure may prematurely disclose the tentative views of Board staff or Reserve Bank staff acting in a consultative capacity to the Board, suggesting an agency position which was, at the time, only a personal position.

17. Disclosure of these materials would therefore reveal the mental processes of participants in the deliberations and the give-and-take of the consultation process leading up to the formulation of a Board decision.  Moreover, the factual materials withheld from documents with respect to which no other privilege is claimed are so intertwined with advisory opinions,

recommendations, conclusions, or reasoning by Board staff or Reserve Bank staff acting as consultants on decisions made by the Board that they cannot be excised from the privileged material or disclosed without revealing, through their selection and distillation by participants, these participants' mental processes or the deliberations that preceded the associated Board decision.

18.     Disclosure of the above materials would be expected to inhibit the frank and honest discussion of legal and policy matters, and thus would adversely affect the quality of the Board's decisions and policies. Such disclosure would reveal the opinions of Board staff and Reserve Bank staff acting in a consultative capacity to the Board at a time when the opinions were not fully developed and the issues were still being debated.  None of the withheld information represents a statement of agency policy or a final decision and release of the withheld information could, therefore have a negative impact on the processes in which agency decisions are considered.  By inhibiting the frank discussion of policy and legal matters, disclosure of the withheld information would adversely affect the Board's ability to effectively carry out its statutory mandates and therefore have an adverse impact on the quality of Executive Branch decision-making.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

6

I declare under penalty of perjury that the foregoing is true and correct. Executed in Warrenton, VA on this 7th day of November, 2023.

/s/ David G. Caperton

David G. Caperton

7