Scott E. Ortiz, WSB No. 5-2550
WILLIAMS, PORTER, DAY, & NEVILLE P.C.
PO Box 10700
Casper, WY 82602
Phone: 307-265-0700
Fax: 307-266-2306
Email:   sortiz@wpdn.net

*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-CV-00125-SWS |
| ) | |
| FEDERAL RESERVE BOARD OF ) | |
| GOVERNORS and FEDERAL RESERVE ) | |
| BANK OF KANSAS CITY, ) | |
| ) | |
| Defendants. ) | |

---

**PLAINTIFF CUSTODIA BANK, INC.'S**
**OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO AMEND THE SCHEDULING ORDER**

---

As a start-up bank, Custodia challenges a status quo system that favors incumbent banks at the expense of Wyoming's state-chartered, Special Purpose Depository Institutions. It wants to provide the same services for crypto-assets that BNY Mellon and other Fed member banks do. Unfortunately, Defendants the Federal Reserve Board of Governors ("Board") and the Federal Reserve Bank of Kansas City ("Kansas City Fed") orchestrated the denial of Custodia's master account request in contravention of the Monetary Control Act, 12 U.S.C. § 248a.

Custodia has worked assiduously with both Defendants to avoid unnecessary discovery disputes and to compromise whenever possible, and Defendants have reciprocated. In that spirit, the original schedule was the product of a compromise; Custodia wanted a shorter schedule, and

the Defendants sought a longer one. Both sides compromised and agreed upon a six-month discovery schedule with a trial date in early April 2024. Custodia has conducted itself accordingly, producing two expert reports—one from an independent expert, and another from a hybrid fact/expert witness—by the October 20 expert deadline notwithstanding the fact that discovery is ongoing. Defendants' November 20 expert deadline and the December 18 deadline for discovery and dispositive motions are achievable. There is no reason to abandon the current schedule, and certainly no reason to postpone the trial date. The Court should deny Defendants' motion to amend the Court's scheduling order (ECF 198) for four separate reasons.

First, the existing deadlines in the Court's scheduling order remain realistic and achievable. Custodia will complete all but one of the fact depositions it intends to take by November 16.[1] For its part, the Kansas City Fed has served expansive document requests on Custodia and requested four depositions—two fact witnesses, one hybrid fact/expert witness, and one expert witness. Custodia is dubious about the supposed need for the Kansas City Fed to take affirmative discovery. After all, the significant factual question in this case is "the *Board of Governors'* actual conduct related to this lawsuit." (ECF 164 at 12 (emphasis added).) There is little, if anything, the Kansas City Fed can learn from Custodia about the Board of Governors' conduct that it does not already know or could not learn from its codefendant. Nonetheless, Custodia will substantially complete its document production by November 17, and has offered deposition dates in the latter part of November and early December for all four of its witnesses.

There are two overarching questions that will need to be answered prior to the December 18 deadline for dispositive motions. One is Custodia's challenge to the assertion of deliberative

---

[1] The parties have agreed to substitute one deposition witness and the Kansas City Fed has agreed to offer a deposition date in late November or early December, based on the witness' availability.

process, which will be fully briefed and ripe for decision by November 14; if its challenge is successful, the Kansas City Fed should promptly produce the withheld documents and Custodia will complete the remaining discovery within the existing schedule. The other is a potential challenge by Plaintiff to the adequacy of the Board's Administrative Record, which largely is limited to documents created on or after January 6, 2023 even though discovery of the Kansas City Fed shows significant pre-decisional documents and communications with the Kansas City Fed dating back to 2020 concerning SPDIs generally and Custodia specifically. If that dispute cannot be resolved, Custodia intends to file an expedited motion to compel the Board to supplement the Administrative Record with specific documents or categories in advance of the November 27 deadline. Neither should require an extension of the agreed-upon schedule.

Second, the Kansas City Fed should not be rewarded for creating the circumstances that it now uses to justify an extension. Custodia originally served document requests on January 4, 2023, after having shared a draft version of its document requests with the Kansas City Fed in May 2022, before it filed its complaint. Those requests were mooted when the Kansas City Fed denied Custodia's master account request on January 27, 2023 and both Defendants moved to dismiss Custodia's original complaint as moot. Custodia amended its complaint to challenge the denial, and after defeating a second round of dismissal motions, served its Requests for Production on the Kansas City Fed on June 14, 2023. So it is not an overstatement to say that the Kansas City Fed had a lengthy head start, having had Custodia's document requests, in one form or another, for more than one year.

Whether intentional or not, and Custodia does not ascribe motive, the Kansas City Fed did not produce its first document until the Friday before Labor Day weekend. That production began a pattern that has repeated itself out throughout subsequent documents productions: belated

document productions that occur late Friday night, including documents relevant to depositions scheduled for the following week, and supplemental productions relevant to a witness shortly before, during, or after the deposition.[2]

Third, as the Court's scheduling order notes, "this is a non-complex case." (ECF 169 at 3.) Custodia seeks an answer to a question of statutory interpretation, informed by discovery into the Board's involvement in Kansas City Fed's decision-making process. Custodia served the ordinary number of interrogatories and requests for admission and requested the ordinary number of depositions.[3] That discovery reveals the Board's involvement in deciding Custodia's master account application at every step along the way:

- The Board utilized its Payments Systems Policy Advisory Committee and created a Non-Traditional Account Access working group to decide policy questions for SPDI charters and institutions that wanted to provide banking services for crypto-assets, including the permissibility of those activities;

- The Board determined and communicated Custodia's legal eligibility for a master account;

- The Board issued Account Access Guidelines which, for the first time, expressly took the position that Reserve Banks had discretion to deny master accounts, obligated Reserve Banks to consult with the Board on policy questions, and established a never-before-seen tiering system that allowed the Board to dictate an applicant's tier by controlling the decision on the applicant's membership application;

- The Board issued a rare form of non-pubic guidance called an S-Letter that required Reserve Banks to obtain non-objection from the Board's Director of Reserve Bank Operations and Payment Systems (RBOPS) and required Reserve Banks to utilize

---

[2] For example, Custodia was scheduled to depose Judith Hazen, Christi May Oder, and Jackie Nugent the week of October 16. Custodia received a document production from the Kansas City Fed at 1:07 am ET Saturday, October 14. The Kansas City Fed followed up on Sunday, October 15 at 3:35 pm ET by emailing May-Oder's and Humston's personal handwritten notebooks.

[3] The first time the Kansas City Fed said it would oppose an eleventh deposition was in its motion to extend. Custodia promptly dropped a deposition request and brought its total number of depositions down to ten.

> Federal Reserve System Implementation Procedures acceptable to the Board.

- The Board's staff edited and essentially rewrote the Kansas City Fed's recommendation memo on Custodia's master account request before it was shared with the Kansas City Fed's executive leadership.

Finally, delaying the trial date poses practical scheduling conflicts as well as significant—potentially existential—concerns to Custodia. As a practical matter, the proposed extension to May 2024 conflicts with a trial that Mr. Ortiz will handle in Judge Skavdahl's court, *Daley & Patrick v. McPheeters*, *et al.*, 22-CV-217-SWS, starting May 13, 2024. This means any rescheduled trial could be weeks or, more likely, months further down the road. From a more existential standpoint, justice delayed is justice denied, as the costs of operating without a master account continue to mount. As a start-up institution without a master account, Custodia must operate with a slimmed-down business plan while waiting for the decision in this case and must pay far higher prices to access the federal payments system through a correspondent bank than it would pay if it had its own master account. As a litigant who has challenged Defendants' unlawful actions in court, Custodia is incurring substantial legal fees to obtain a decision on the merits and vindication of a position on which it believes it is entirely correct. Custodia has a finite amount of capital, which dwindles each day that it is unable to operate as entitled while also funding this lawsuit. Delaying the resolution in this case for several additional months easily could be the difference in Custodia's ability to operate as it was approved by the Wyoming Division of Banking to do or to maintain this lawsuit.

**WHEREFORE**, Plaintiff respectfully requests this Court deny Defendants' Expedited Motion to Amend the Scheduling Order.

RESPECTFULLY SUBMITTED this 8th Day of November, 2023.

         CUSTODIA BANK, INC., Plaintiff

    By: /s/ Scott E. Ortiz_____
       Scott E. Ortiz, W.S.B. # 6-4254
       WILLIAMS, PORTER, DAY & NEVILLE, P.C.
       159 No. Wolcott, Suite 400
       P.O. Box 10700
       Casper, Wyoming 82602
       Telephone: (307) 265-0700
       Facsimile: (307) 266-2306
       Email: sortiz@wpdn.net

       -and-

       John K. Villa, *pro hac vice*
       Ryan Scarborough, *pro hac vice*
       Jamie Wolfe, *pro hac vice*
       Lauren Weinberger, *pro hac vice*
       Ian Swenson, *pro hac vice*
       WILLIAMS & CONNOLLY, LLP
       680 Maine Avenue SW
       Washington, DC 20024
       Telephone: (202) 434-500
       Emails: jvilla@wc.com
          rscarborough@wc.com
          jwolfe@wc.com
          lweinberger@wc.com
          iswenson@wc.com

       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was served upon counsel via the manner set forth below on this 5th day of September, 2023.

| | |
|---|---|
| Mark Van Der Weide<br>Richard M. Ashton<br>Joshua P. Chadwick<br>Yvonne F. Mizusawa<br>Yonatan Gelblum<br>Katherine Pomeroy<br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM<br>20th Street and Constitutional Avenue, N.W.<br>Washington, DC 20551 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Billie L.M. Addleman<br>John P. Fritz<br>HIRST APPLEGATE, LLP<br>P.O. Box 1083<br>Cheyenne, Wyoming 82003 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Andrew Michaelson<br>Laura Harris<br>KING & SPALDING, LLC<br>1185 Avenue of the Americas, 34th Floor<br>New York, New York 10036 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Jeffrey S. Bucholtz<br>Joshua N. Mitchell<br>Christine M. Carletta<br>KING & SPALDING, LLP<br>1700 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |

      /s/ Scott E. Ortiz
Scott E. Ortiz