

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

CUSTODIA BANK, INC.,

    Plaintiff,

vs.

FEDERAL RESERVE BOARD OF
GOVERNORS and FEDERAL RESERVE
BANK OF KANSAS CITY,

    Defendants.

Case No. 22-CV-125-S

## SECOND AMENDED SCHEDULING ODER

On November 13, 2023, the Honorable Kelly H. Rankin, United States Magistrate Judge for the District of Wyoming, held an informal telephonic hearing to address the Defendant Federal Reserve Bank of Kansas City's Motion for Order to Amend Scheduling Order [ECF No. 198]. Counsel participating were: Scott Ortiz and Ryan Scarborough for Plaintiff; Billie Addleman, Andrew Michaelson, and Christine Carletta on behalf of Defendant the Federal Reserve Bank of Kansas City; and Joshua Chadwick on behalf of Defendant the Federal Reserve Board of Governors. After hearing from the parties, the Court finds good cause to amend certain portions of the trial schedule. However, the final pretrial and trial dates remain as previously imposed. Therefore, Defendant's Motion to Amend is granted in part and denied in part. The previously imposed dates and deadlines are vacated, and the following trial schedule shall control the case moving forward.

**JURISDICTION AND VENUE —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**CLAIMS AND DEFENSES —**

This case is before the Court on Plaintiff's claims under the Administrative Procedures Act. Plaintiff requested a master account with the Federal Reserve Bank of Kansas City over two years ago. Plaintiff's request is still pending. There are four claims remaining after the Court ruled on Defendants' Motions to Dismiss [ECF No. 102]. The four remaining claims are for: 1) unreasonable delay under the Administrative procedure Act 5 U.S.C. § 706(1); 2) Statutory mandamus compelling Defendants to decide Plaintiff's master account request in a timely manner, 28 U.S.C. § 1361; 3) account request in a timely manner, 28 U.S.C. § 1361; 3) declaratory judgment that Defendants have unreasonably delayed resolving Plaintiff's master account request, 28 U.S.C. § 2201; and 4) violation of Constitutional due process by depriving Custodia of its property interest in a master account, U.S. Const. amend. V.

Defendant The Federal Reserve Bank of Kansas City generally denies Plaintiff's allegations and asserts the following affirmative defenses:: 1) Plaintiff has failed to state a claim upon which relief can be granted; 2) Plaintiff's claims are non-justiciable because they are not ripe and because Plaintiff lacks standing; 3) Plaintiff's claims are barred by the doctrine of unclean hands; 4) Plaintiff's claims are barred by estoppel; 5) Plaintiff's claims are barred by the doctrine of waiver; and 6) Plaintiff's claims are barred by the doctrine of illegality.

Defendant the Federal Reserve Board of Governors generally denies Plaintiff's allegations.

On November 11, 2022, the Court issued an Order [ECF No. 102] Granting in Part and Denying in Part Defendants' Motions to Dismiss. After the Order, Plaintiff's claims will proceed on two tracks. Track one will conclude with a bench trial. Track two is the review of an agency action. However, for purposes of judicial efficiency, and at the request of all parties, the two tracks will follow a parallel briefing schedule for dispositive motions and appellate briefs.

## **BENCH TRIAL**

### COMPLEXITY OF THE CASE —

The undersigned Judge is of the opinion that this is a non-complex case.

### RULE 26(F) SCHEDULING CONFERENCE —

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

### SELF-EXECUTING ROUTINE DISCOVERY —

The parties have complied with the self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**Proposed Orders** —

All proposed orders regarding dispositive motions filed in this matter should be submitted to Judge Skavdahl's chambers in a word processing format and emailed to wyojudgesws@wyd.uscourts.gov.

All proposed orders regarding non-dispositive motions should be submitted to Judge Rankin's chambers in a word processing format and emailed to wyojudgekhr@wyd.uscourts.gov.

**SELF-EXECUTING ROUTINE DISCOVERY** —

The parties have complied with the self-executing routine discovery exchanges as required by U.S.D.C.L.R. 26.1(b).

Pursuant to the January 24, 2014 General Order Regarding Discovery Motions, available at http://www.wyd.ucourts.gov/htmlpages/genorders.html, the parties shall confer regarding any discovery dispute, and in the event the parties cannot settle the discovery dispute on their own, counsel shall jointly contact Judge Rankin's Chambers prior to filing any written discovery motions.

THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).

**EXPERT WITNESS DESIGNATION** —

**Plaintiff Designation Deadline — Completed**

**Defendant Designation Deadline — December 4, 2023**

In accordance with U.S.D.C.L.R. 26.1(e), Plaintiff has already designated expert witnesses and provided Defendant with a complete summary of the testimony of each expert.  In accordance

with U.S.D.C.L.R. 26.1(e), Defendants shall designate expert witnesses and provide the Plaintiff with a complete summary of the testimony of each expert by December 4, 2023.  These summaries SHALL include a comprehensive statement of the expert's opinions and the basis for the opinions.  *See Smith v. Ford Motor Co.*, 626 F.2d 784 (10th Cir. 1980).  This expert designation does not satisfy the obligation to provide an expert report under Federal Rule of Civil Procedure 26(a)(2)(B).  Plaintiff may depose Defendant's experts after the discovery cutoff date, but must complete the depositions **fourteen (14) days** PRIOR to the final pretrial conference.

THE PARTIES SHALL SERVE UPON ONE ANOTHER, AND FILE WITH THE COURT, THEIR WRITTEN EXPERT AND SUMMARY REPORTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(B) and (C).

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable.  In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation.  U.S.D.C.L.R. 26.1(e).

**LISTING OF OTHER WITNESSES — December 4, 2023.**

The parties shall list all other witnesses that may be called at trial, other than the witnesses already identified in the initial disclosures and the expert witnesses to be designated as set forth above, on or before December 4, 2023.  Such listing of witnesses shall include the name, address, and a summary of the expected testimony of each witness.  Copies of such witness lists shall be filed with the Court.  Witnesses not listed will be prohibited from testifying, absent consent of the

Court for good cause shown. Testimony not reasonably set out in the summary may be disallowed on motion of the opposing party.

**DISCOVERY CUTOFF DATE — December 18, 2023**

The discovery cutoff date is December 18, 2023. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Subject to the limitations set forth in Fed. R. Civ. P. 32, trial depositions may be taken up to **seven (7) days** prior to the trial date.

**DISPOSITIVE MOTIONS AND *DAUBERT* CHALLENGES[1] —**

**Filing Deadline – January 19, 2024**

**Response Deadline – February 9, 2024**

**Reply Deadline – February 23, 2024**

The deadline for the parties to file all dispositive motions and *Daubert* challenges together with briefs and materials in support thereof is January 19, 2024. The parties shall file responsive briefs and materials on or before February 9, 2024, with any reply due by February 23, 2024. <u>The parties shall strictly comply with all provisions of U.S.D.C.L.R. 7.1. Provided, however, the Court grants the parties twenty-one days to file any responsive brief and fourteen days for any reply brief.</u>

---

[1] A *"Daubert* Challenge" refers to those challenges made to the validity or admissibility of an expert's opinion testimony based upon the requirements under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

IF A DISPOSITIVE MOTION AND/OR *DAUBERT* CHALLENGE IS FILED EARLIER THAN THE ABOVE SCHEDULED DATE, THE RESPONDING PARTY MUST RESPOND IN ACCORDANCE WITH U.S.D.C.L.R. 7.1.

**FINAL PRETRIAL CONFERENCE — March 21, 2024, at 1:00 p.m.**

A final pretrial conference in this matter has been scheduled on March 21, 2024, at 1:00 p.m. in the Ewing T. Kerr Courthouse in Casper, Wyoming, before the Honorable Scott W. Skavdahl. Counsel for the parties shall appear in person.

BEFORE THE CONFERENCE, COUNSEL FOR REPRESENTED PARTIES ALL MUST AGREE UPON, PREPARE, AND SIGN A JOINT PROPOSED FINAL PRETRIAL ORDER PREPARED FOR JUDGE SKAVDAHL'S SIGNATURE IN THE FORMAT PROVIDED ON THE DISTRICT COURT WEBSITE UNDER CIVIL FORMS. THIS FORM WILL TAKE THE PLACE OF A FINAL PRETRIAL MEMORANDUM. If you cannot locate the form, please contact Judge Skavdahl's chambers. All represented parties are jointly responsible for the preparation of the proposed Joint Final Pretrial Order. <u>A copy of the proposed order must be delivered directly to Judge Skavdahl's chambers (but not filed) via e-mail</u> to *wyojudgesws@wyd.uscourts.gov* or by U.S. Mail at least **seven (7) days** before the final pretrial conference.

WITNESS AND EXHIBIT LISTS MUST BE EXCHANGED BY THE PARTIES (BUT NOT FILED) AT LEAST TEN (10) DAYS BEFORE THE FINAL PRETRIAL CONFERENCE. <u>Exhibit lists must be attached to, and witness lists must be included as part of, the proposed Final Pretrial Order in accordance with the instructions in the form order.</u> The parties are not required to list rebuttal witnesses or impeachment exhibits.

COPIES OF ALL EXHIBITS AS TO WHICH THERE MAY BE OBJECTIONS MUST BE BROUGHT TO THE FINAL PRETRIAL CONFERENCE.  If an exhibit is not brought to the final pretrial conference and an objection to the exhibit is asserted, the exhibit may be excluded from evidence for noncompliance with this order.  EXHIBITS MUST BE PREPARED FOR THE FINAL PRETRIAL CONFERENCE AND FOR TRIAL IN ACCORDANCE WITH THE FOLLOWING INSTRUCTIONS:

    ***A. Marking of Exhibits***: All exhibits must be marked by the parties before trial.  The plaintiff(s) shall list and mark each exhibit with numerals and the number of the case, and counsel for the defendant(s) shall mark each exhibit intended to be offered with letters and the number of the case, e.g., Civil No.____, Plaintiff's Exhibit 1; Civil No. _____, Defendant's Exhibit A.  In the event there are multiple parties, "plaintiff" or "defendant" and the surname or abbreviated names of the parties shall proceed the word "Exhibit," e.g., Defendant Jones Exhibit A, Defendant Smith Exhibit A, etc.

    ***B. Elimination of Duplicate***.  The parties should compare the exhibits and eliminate duplicates.  If more than one party wants to offer the same exhibit, then it should be marked with a number and listed as a joint exhibit on the exhibit list of the plaintiff(s).

    ***C. Copies for the Court***.  Before trial, each party must supply the Court with <u>one (1) hard copy and one (1) electronic/digital copy</u> of all exhibits to be used at trial.  The hard copies of exhibits should be placed in a ringed binder with a copy of the exhibit list at the front and with each exhibit tabbed.

**EXHIBIT LISTS** — The parties' exhibit lists are to be prepared in the following format:

| EXHIBIT NO. | DESCRIPTION | FILE NAME | OBJECTIONS (CITE FED.R.EVID) | CATEGORY A, B, C | OFFERED | ADMIT/NOT ADMITTED (A)-(NA)* |
|---|---|---|---|---|---|---|
| | | (e.g. *****.pdf) | | | | |

|  |  | (e.g. *****.jpeg) |  |  |  |  |
|--|--|--|--|--|--|--|
|  |  |  |  |  |  |  |

\* This column is for use by the trial judge at trial.

The following categories are to be used for objections to exhibits:

**Category A**. These exhibits are admissible upon motion of any party, and will be available for use by any party at any stage of the proceedings without further proof or objection.

**Category B**. These exhibits are objected to on grounds other than foundation, identification, or authenticity. This category should be used for objections such as hearsay or relevance.

**Category C**. These exhibits are objected to on grounds of foundation, identification, or authenticity. This category should not be used for other grounds, such as hearsay or relevance. Failure to indicate objections to foundation shall be deemed to be a waiver of objections as to foundation for listed exhibits. Any party establishing foundation over objection may move for attorney fees and costs necessary to establish the foundation.

ANY COUNSEL REQUIRING AUTHENTICATION OF AN EXHIBIT MUST SO NOTIFY THE OFFERING COUNSEL IN WRITING WITHIN **FIVE (5) BUSINESS DAYS** AFTER THE EXHIBIT IS MADE AVAILABLE TO OPPOSING COUNSEL FOR EXAMINATION. Failure to do so is an admission of authenticity.

ANY EXHIBIT NOT LISTED ON THE EXHIBIT LISTS IS SUBJECT TO EXCLUSION AT TRIAL. THE COURT MAY DEEM ANY OBJECTION NOT STATED ON THE EXHIBIT LIST AS WAIVED.

**JURY EVIDENCE RECORDING SYSTEM (JERS) —**

The Court is implementing a new system for electronic submission of exhibits to the jury (or to the Court in the case of a bench trial).  The jury evidence recording system (JERS) allows jurors to review evidence (documentary, photo, or video exhibits) on a large plasma screen during deliberations.  Attorneys should provide their trial exhibits in electronic format on a USB drive, DVD, or CD to the office of the Clerk of Court a minimum of **seven (7) days** prior to the start of trial.

All electronic evidence should be provided using the following formats:

- Documents and Photographs:  .pdf, .jpg, .bmp, .tif, .gif
- Video and Audio Recordings:  .avi, .wmv, .mpg, .mp3, .mp4, .wma, .wav

Regarding the file size of electronic evidence, <u>individual files should not exceed 500MB</u>.  If possible, exhibits approaching or exceeding this size limit should be separated into multiple files.  Parties may obtain additional information regarding the submission of electronic exhibits by contacting the Clerk's Office.

**WITNESS LISTS —**

The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape.

<u>In bench trials</u>, Witness Statements shall be provided for expert witnesses and witnesses whose testimony involves significant technical matters, but no significant issues of credibility.  <u>Witness statements shall be prepared and used at trial in accordance with Judge Skavdahl's Procedure for Presentation of Direct Testimony by Witness Statement</u>, which is available on the Court's website under forms or by contacting Judge Skavdahl's chambers.

**BENCH TRIAL — April 8, 2024, at 9:00 a.m.**

A bench trial is set before the Honorable Scott W. Skavdahl for 9:00 a.m. on April 8, 2024, in Casper, Wyoming, and is expected to last 8 days. This case is stacked # 2 on the Court's docket. U.S.D.C.L.R. 40.1(a).

## ADMINISTRATIVE REVIEW

A federal district court sitting in review of an agency action must sit as a court of appeals including governing itself by referring the to Federal Rules of Appellate Procedure. Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1580 (10th Cir. 1994).

**Administrative Record**

    **Deadline August 21, 2023; Objections September 5, 2023**

Defendant, the Federal Reserve Board of Governors shall file the administrative record by August 21, 2023. Per Local Rule 83.6(b)(3), motions regarding the content of the administrative record will be filed no later than fourteen (14) days after the final administrative record is lodged with this Court, or by September 5, 2023, if filed on August 21, 2023.

The Court notes Plaintiff reserves the right to move to supplement or complete the administrative record after discovery has been obtained.

**APPELLATE BRIEFS —**

    **Filing Deadline – December 18, 2023**

    **Response Deadline – January 18, 2024**

    **Reply Deadline – February 1, 2024**

The Appellant-Petitioner shall file a brief in accordance with Federal Rules of Appellate Procedure 28 and 31(a) and (c), by December 18, 2023. The Appellee-Respondent

shall file a response brief in accordance with Federal Rules of Appellate Procedure 28 and 31(a) and (c) January 18, 2024.  Any reply briefs are be due by February 1, 2024.

If Appellant-Petitioner files the initial brief before the above imposed deadline, the parties shall comply with the briefing deadlines imposed by Local Rule 83.6(c)

**Oral Argument –**

Any party may request an oral argument after the initial briefing has been filed.

Dated this 13th day of November 2023.

_____
Kelly H. Rankin
U.S. Magistrate Judge