# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| CUSTODIA BANK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-00125-SWS |
| v. ) | |
| ) | |
| BOARD OF GOVERNORS OF ) | |
| THE FEDERAL RESERVE SYSTEM & ) | |
| FEDERAL RESERVE BANK ) | |
| OF KANSAS CITY, ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION AND STIPULATION TO ALIGN AND CONSOLIDATE APA AND SUMMARY JUDGMENT BRIEFING**

Plaintiff Custodia Bank, Inc. ("Custodia") and Defendants Board of Governors of the Federal Reserve System ("Board") and Federal Reserve Bank of Kansas City ("FRBKC") hereby stipulate and move the Court for an order regarding Custodia's anticipated motion for summary judgment against FRBKC and the appellate briefing of its Administrative Procedure Act (APA) claim against the Board.

1. In accordance with the Second Amended Scheduling Order, D.E. 211, motions for summary judgment by FRBKC and Custodia with respect to the mandamus claim are currently due on January 19, 2024. Pursuant to the Scheduling Order and Local Rule 83.6, Custodia's appellate brief on its APA claim against the Board is currently due on December 18, 2023.

2. The Board filed its administrative record on August 21, 2023, D.E. 178, and Custodia has received an extension of the period to challenge the administrative record until November 27, 2023, D.E. 190. The Board maintains that its administrative record is complete in accordance with Local Rule 83.6 and Custodia takes the opposite position. Custodia and the Board have met and conferred on this issue several times without reaching agreement.

3. Notwithstanding the parties' respective positions, given the unique circumstances of this record review case with parallel civil discovery involving a separate defendant, the parties have agreed that both the civil discovery (including documents and deposition testimony) between Custodia and Defendant FRBKC (the "Civil Discovery Materials") and the Board's administrative record may be relied upon by all parties and any court hearing this case, including in any appeal involving agency record review, throughout the remainder of this litigation, which may include review by a federal appellate court. Such agreement to consider these documents and deposition testimony serves to resolve all disputes regarding the contents of the administrative record.

4.  Custodia agrees not to seek augmentation, completion, or supplementation of the administrative record (or any other relief with respect to the record) or any further documents, discovery, or testimony from the Board, its officers, or employees. The Board agrees not to challenge, or support a challenge to, Custodia's use of the Civil Discovery Materials in connection with Custodia's claims against the Board throughout the remainder of this litigation, including in any appellate proceedings. Custodia likewise agrees to the Board's use of the Civil Discovery Materials. Both parties reserve their right to object to the use of any particular Civil Discovery Materials on any ground other than that they are extra-record materials. If a court deems this stipulation to be void or unenforceable, then Custodia reserves the right to move for completion and/or supplementation of the administrative record at that time, and the Board agrees not to challenge the timeliness or procedural posture of such motion while reserving its right to challenge any such motion on the merits.

5.  In light of this stipulation, the parties ask the Court to amend the current scheduling order so that the appellate briefing dates align with the dispositive motion briefing dates. In doing so, the parties believe that the matter will be streamlined for the Court by reducing the total number of substantive briefs filed and resolving the administrative record dispute without unnecessary motions practice. If the current scheduling order is so amended, the parties intend to move the court for a page extension on the combined briefing at a later date.

Dated: November 27, 2023

                                              Respectfully submitted,

                                              /s/ Scott E. Ortiz
                                              Scott E. Ortiz, W.S.B. # 5-2550
                                              WILLIAMS, PORTER, DAY & NEVILLE, P.C.
                                              159 No. Wolcott, Suite 400
                                              P.O. Box 10700

Casper, WY  82602
Telephone:     (307) 265-0700
Facsimile:      (307) 266-2306
Email:             soartiz@wpdn.net


John K. Villa
Ryan Thomas Scarborough
Sarah M. Harris
Ian Swenson
Jamie Wolfe
Lauren Weinberger
WILLIAMS & CONNOLLY
680 Maine Avenue SW
Washington, DC 20024
*Counsel for Plaintiff*


 /s/ Joshua P. Chadwick
Joshua P. Chadwick, Senior Special Counsel (*pro hac vice*)
Yvonne F. Mizusawa, Senior Counsel (*pro hac vice*)
Yonatan Gelblum, Senior Counsel (*pro hac vice*)
Katherine Pomeroy, Senior Counsel (*pro hac vice*)
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
(202) 263-4835
joshua.p.chadwick@frb.gov
*Counsel for Defendant Board of Governors of the Federal Reserve System*



 /s/ Billie LM Addleman
Billie LM Addleman, #6-3690
John P. Fritz, #7-6318
HIRST APPLEGATE, LLP
Attorneys for Defendant FRBKC
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
jfritz@hirstapplegate.com

Andrew Michaelson

3

Laura Harris
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Phone: (212) 556-2100
amichaelson@kslaw.com
lharris@kslaw.com

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 737-0500
jbucholtz@kslaw.com
jmitchell@kslaw.com
ccarletta@kslaw.com
*Counsel for Defendant the*
*Federal Reserve Bank of Kansas City*