

FILED

7:40 am, 12/7/23

U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

CUSTODIA BANK, INC.,

    Plaintiff,

vs.

FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY,

    Defendants.

Case No. 22-CV-125-S

### ORDER DENYING PLAINTIFF'S MOTION ON THE UNJUSTIFIED INVOCATION OF THE DELIBERATIVE PROCESS PRIVILEGE [194]

This matter is before the Court on Plaintiff's Motion on the Unjustified Invocation of the Deliberative Process Privilege. [ECF No. 194]. The Court, having carefully considered the Motion, Response, and Reply, FINDS: the Board has properly asserted the deliberative process privilege and is entitled to the provided protections, and that Plaintiff has not shown a compelling need to overcome these protections.

#### BACKGROUND

This case is originally before the Court on Plaintiff's claims under the Administrative Procedures Act. Plaintiff requested a master account with the Federal Reserve Bank of Kansas City. There are four claims remaining after the Court ruled on Defendants' Motions to Dismiss. [ECF No. 102]. The four remaining claims are for: 1) unreasonable delay under the Administrative Procedure Act 5 U.S.C. § 706(1); 2) statutory mandamus compelling Defendants to decide Plaintiff's master account request in a timely manner, 28 U.S.C. § 1361;

3) declaratory judgment that Defendants have unreasonably delayed resolving Plaintiff's master account request, 28 U.S.C. § 2201; and 4) violation of Constitutional due process by depriving Custodia of its property interest in a master account, U.S. Const. amend. V.

In the instant Motion, Plaintiff moves to compel disclosure of documents and information Defendants have withheld asserting the deliberative process privilege. Plaintiff contends the Federal Reserve Board of Governors ("the Board") adopted and issued Guidelines for Evaluating Account and Services Requests ("the Guidelines") and a Supervisory Letter (S-Letter") that gave the Board unprecedented control over master account application decisions. Plaintiff alleges the Federal Reserve Bank of Kansas City ("Kansas City Fed") played a role in the development of both the S-Letter and the Guidelines. Plaintiff argues the documents are not protected from disclosure by the deliberative process privilege because the Kansas City Fed is not a federal agency and because the Board improperly designated the entire subject matter as privileged instead of making a particularized showing for each document. Plaintiff goes on to argue that even if the privilege is applicable then the process is overcome by Plaintiff's need for the information. In short, Plaintiff argues the information is relevant and discoverable to whether the Board inserted itself into the Kansas City Fed's consideration of Plaintiff's master account application.

The Board argues the disputed information and documentation is protected from disclosure by the deliberative process privilege because the Board, as a federal agency, is entitled to protection from disclosure of pre-decisional deliberations, and disclosure would reveal the decision-making process. The Board argues this privilege extends to discussions between it and the Kansas City Fed because the Kansas City Fed acted as a consultant

corollary. The Board further argues Plaintiff fails to make the necessary showing of a compelling need that would overcome the privilege. The Kansas City Fed also argues Plaintiff has failed to overcome the privilege because the information and documentation at issue is not relevant, that other similar evidence is available, the privilege was asserted in good faith, and disclosure would chill open and frank discussions. The Kansas City Fed claims the documents are protected not only by the deliberative process privilege, but by the attorney client privilege as well.

### RELEVANT LAW

Under Rule 26 of the Federal Rules of Civil Procedure, parties to a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Trial courts have broad discretion in fashioning the terms and conditions of discovery. *See, e.g.*, *Marsee v. U.S. Tobacco Co.,* 866 F.2d 319, 326 (10th Cir. 1989). "The purpose of this rule is to allow broad discovery of relevant information, even if that information is not admissible at trial." *Hedquist v. Patterson*, 215 F. Supp. 3d 1237, 1243 (D. Wyo. 2016). Broad discovery is not unlimited however, and a court has considerable discretion to balance the rights of both the plaintiff and defendant. *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1520 (10th Cir. 1995); Fed. R. Civ. P. 37(a). "[A] party's right to obtain discovery of 'any matter, not privileged, that is relevant to the claim or defense of a party,'... may be constrained

where the court determines that the desired discovery is unreasonable or unduly burdensome given the needs of the case, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Simpson v. University of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (internal citations omitted).

If a party fails to provide documents through proper discovery, the requesting party may move to compel production under Rule 37. *See Lane v. Page*, 727 F. Supp. 2d 1214, 1236 n.15 (D. N.M. 2010). Rule 37(a)(3)(B) provides: "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). In short, Rule 37(a) provides an enforcement mechanism for Rules 33 and 34 and allows a party to move a court to compel a response in situations where the opposing party has failed to respond to an interrogatory or request for production. *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 383 (D. N.M. 2018). Evasive or incomplete responses, answers, or disclosures are to be treated as a failure to respond, answer, or disclose. *Id.* (internal citations omitted).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002). A trial court has broad discretion with respect to discovery and a reviewing court will not set aside a trial court's decision unless it abused its discretion. *Shaklee Corp. v. Gunnel*, 748 F.2d 548, 550 (10th Cir. 1984).

Defendants have withheld production of certain documents and information under a claim of governmental deliberative process privilege. The deliberative process privilege was established to protect open and frank discussion by governmental decision makers and to

enhance the quality of agency decisions. *Department of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8–9 (2001) (internal quotations and citations omitted). The deliberative process privilege only applies to "documents reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated." *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1226 (10th Cir. 2007) (internal citations omitted). Before the deliberative process privilege can apply the information and materials must be both pre-decisional and deliberative. *Id* at 1227. Purely factual materials are generally not privileged unless they are "inextricably intertwined with policy-making processes" or "their disclosure would reveal deliberative material." *Id* at 1229.

### RULING OF THE COURT

Plaintiff seeks to compel disclosure of documents and information the Board has withheld asserting the deliberative process privilege. Plaintiff contends the adoption and issuance of the Guidelines and S-Letter gave the Board unprecedented control over master account application decisions, and that the Kansas City Fed played a role in the development of both the S-Letter and Guidelines. Plaintiff argues the documents are not protected from disclosure by the deliberative process privilege and that even if applicable the privilege is overcome by Plaintiff's need for the information. An entity asserting the deliberative process privilege must demonstrate that the information is predecisional and deliberative. *Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1227 (10th Cir. 2007); *FTC v. Wagner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (10th Cir. 1984).

*Deliberative Process Privilege*

Plaintiff first argues the deliberative process privilege is not applicable because the Kansas City Fed is not a federal agency. Plaintiff is correct in that the deliberative process privilege was created to protect advisory opinions, recommendations, and deliberations used by the government in making decisions and policies. *DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The deliberative process privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.'" *Id.* at 8-9 (*citing N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)). However, the applicability of the deliberative process privilege is not limited to intra-agency communications or even to communications between governmental agencies. Rather, the deliberative process privilege "may include materials generated by agency employees as well as consultants." *Stewart v. U.S. Dep't of Interior*, 554 F.3d 1236, 1239 (10th Cir. 2009)(holding that documents authored by non-governmental paid consultant were exempt from disclosure as confidential intra-agency communications within deliberative process privilege).

Plaintiff acknowledges the existence of a consultant exemption in certain circumstances but claims the Board has not shown how the Kansas City Fed functioned akin to the Board's own personnel sufficiently to justify labelling the communications as intra-agency, and therefore protected from disclosure by the deliberative process privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001). Plaintiff argues the Kansas City Fed claims to be "independent for purposes of refuting the amended complaint's allegations

6

but lacks independence to the extent privilege is invoked" and that Defendants "provide no details as to how this unusual relationship functions in practice." [ECF No. 214 at 3]. The Court is not persuaded by Plaintiff's argument.

While the wording may greatly vary, both sides offer similar factual assertions as to why the Board sought to issue guidance. Plaintiff claims "[t]he development of the Guidelines reflected the Board's desire to exert control over master account applications from novel banking institutions, like Custodia. The Board feared 'a recent uptick in novel charter types being authorized or considered by federal and state banking authorities across the country.' " [ECF No. 194, at 4] (quoting 87 Fed. Reg. 51,099 at 51,099 (Aug. 19, 2022)). Whereas the Board claims the disputed information involves "the Board's contemplation of prospective guidance to the twelve Federal Reserve Banks on (1) what might be relevant criteria in considering requests for Reserve Bank master accounts and services; and (2) how to develop a process that would facilitate adequate consideration of these criteria when Reserve Banks receive such requests." [ECF No. 207, at 1]. Both recitations make clear the Board was seeking to issue guidance to Reserve Banks when addressing requests by modern charter types for master accounts and services with Reserve Banks, and the Board has sufficiently shown the Kansas City Fed acted as a consultant corollary.

This case differs from *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001) cited by Plaintiff. Specifically, the dispute in *Klamath* involved the Department of the Interior's claims that documents from Indian Tribes addressing tribal interests regarding water allocations were protected from disclosure as intra-agency communications. *Id*. The court declined to extend the privilege to consultants whose own interests might be affected by the governmental action. The court found the Tribes' communications with the governmental

7

agency were based on "their own, albeit entirely legitimate, interests" and this distinguishes tribal communications from consultants, whose communications have been protected from disclosure. *Id*. at 12. Plaintiff argues this holding supports the proposition that because the Kansas City Fed has denied that it is under the Board's control regarding Plaintiff's master account decision, that it cannot then claim to be controlled by the Board during the drafting and implementation of the Guidelines and S-Letter. [ECF No. 194, at 10]. The two issues are not, however, mutually exclusive. The Kansas City Feds discussions and involvement with the Board in the development of the Guidelines, a decision vested in the Board, do not directly relate to the Reserve Bank's vested authority to decide a related matter. *McKinley v. Bd. of Governors of Fed. Rsrv. Sys.*, 647 F.3d 331, 336-38 (D.C. Cir. 2011). The Kansas City Fed is not claiming or asserting it is controlled by the Board for purposes of the claimed privilege. Rather, both Defendants argue the Board consulted with several Reserve Banks, including the Kansas City Fed, in developing a process to address requests for Reserve Bank master account services. It is logical that the Board would consult the entity responsible for directly addressing such issues when developing policies and procedures on that particular issue. If, as Plaintiff argues, the Board is acting as a puppet master pulling the strings, why consult with the Kansas City Fed instead of simply imposing its will.

While the timing surrounding these processes is suspect, the Board has adequately explained that the Kansas City Fed, along with other Reserve Banks, were consulted in its development of guidelines for Reserve Banks to utilize in evaluating requests for master accounts and services in response to "a recent uptick in novel charter types being authorized or considered by federal and state banking authorities across the country." [ECF No. 194, at 4] (quoting 87 Fed. Reg. 51,099 at 51,099 (Aug. 19, 2022); *Greenspan v. Bd. of Governors of*

*Fed. Rsrv. Sys.*, 643 F. Supp. 3d 176, 190–91 (D.D.C. 2022)("The Board's declarants adequately explain that that Board relied on Federal Reserve Bank staff and a former board employee as consultants in its deliberations before specific meetings, speeches, and press conferences."). The interests between the Kansas City Fed and the Board are also sufficiently similar to consider the Kansas City Fed as a consultant corollary to the Board for purposes of the communications at issue. *McKinley*, 647 F.3d at 337 (quoting 12 C.F.R. § 201.1(b)("Statutes, regulations and case law make clear, therefore, that the Board and the Reserve Banks share a common goal, namely 'the maintenance of a sound and orderly financial system.'"). Further, Plaintiff's assertion that its request for a master account is the underlying motivation for the Board's development of the polices at issue does not automatically require the disclosure of the pre-decisional and deliberative communications. The subjective motivation for a decision is not precluded from protections provided by the deliberative process privilege. *Ridenour v. Kaiser-Hill Co.*, 397 F.3d 925, 939 (10th Cir. 2005); *Pub. Emps. for Env't Resp. v. Off. of Sci. & Tech. Pol'y*, 881 F. Supp. 2d 8, 17 (D.D.C. 2012)("[I]nformation about the deliberative process, that reveals what the agency is considering, should still be exempt from disclosure, even if it could be characterized as facts.")(internal citations and quotations omitted); *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001)(finding non-factual materials that express opinions or recommendations are deliberative).

The disputed information is also pre-decisional and deliberative. A document is pre-decisional when "prepared to assist an agency decisionmaker in arriving at his decision. *Ctr. for Biological Diversity v. Norton*, 336 F. Supp. 2d 1149, 1153 (D.N.M. 2004) (citations omitted). Pre-decisional documents "may include recommendations, draft documents,

9

proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id*. A document "is part of the deliberative process if it relates to government decision-making and its disclosure to the public would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id*. As stated above, the Kansas City Fed and other Reserve Banks were consulted in the development of new Board policies and procedures. Plaintiff acknowledges these communications and states that discovery has confirmed that the Kansas City Fed "played a role in the development of both the Board's internal S-Letter and the Board's public Guidelines for Evaluating Account and Service Requests." [ECF No. 194, at 1]. These consultations were directly related to the Board's development of guidelines for Reserve Banks to utilize in evaluating requests for master accounts and services. The disputed information directly relates to the decision-making process and the exercise of discretion on the policies and issues at stake that, if disclosed, could potentially limit the free exchange of ideas and information in such a forum.

Consequently, the documents and information at issue are subject to the protections of the deliberative process privilege.

<u>Overcoming the Privilege</u>

However, even when properly asserted, the deliberative process privilege is not absolute. *Ctr. for Biological Diversity v. Norton*, 336 F. Supp. 2d 1149, at 1161 (D.N.M. 2004). Plaintiff argues the need to access the documents in question outweighs the Board's need in maintaining confidentiality. "Factors to consider in making this determination are: (1) relevance of the evidence; (2) availability of other evidence; (3) Government's role in the

litigation; and (4) extent to which disclosure would hinder frank and independent discussion regarding contemplative policies and decisions." *Id*. Each factor will be considered in turn.

First, and most importantly, the relevance of the requested evidence appears marginal at best. The primary issue in this litigation is whether the Board inserted itself into the Kansas City Fed's consideration of Plaintiff's application for a master account and directed its application be denied. Nothing has been shown as to why the Kansas City Fed's consultation on the Guidelines and the S-Letter are relevant to whether the Board ordered the denial of Plaintiff's master account application. The issue here is the Board's role on the decision to deny Plaintiff's master account request, and not on the deliberations between the two entities over policies later adopted by the Board.

The second factor is intertwined with the first in that there is other evidence available to address the issue in this case of whether the Board exerted control over the Kansas City Fed's decision on Plaintiff's request for a master account. Any relevance of Guidelines and the S-letter to determining whether the Board exercised control over the Kansas City Fed's decision to deny Plaintiff's request for a master account stems from the contents and application of the documents, and not by the process by which the documents were formed. Defendants have produced discovery related to the Kansas City Fed's application of the Guidelines and S-Letter in denying Plaintiff's master account application.

Third, the Board is a party to this litigation, and other than the ultimate issue before the Court, there has been no direct allegation of bad faith or misconduct.

Lastly, disclosure of the documents and information would hinder the exchange of communications and would discourage candid and open dialog in the Board's process of reviewing and implementing policy. The Reserve Banks provide accounts and financial

services to depository institutions. Consequently, it is reasonable that the Board would consult Reserve Banks, including the Kansas City Fed, when developing a framework for the Reserve Banks to make decisions regarding account requests. Disclosure of this pre-decisional and deliberative information would likely chill open and honest discussions between the two entities.

## CONCLUSION

Based on the analysis above the Board has properly asserted the deliberative process privilege and is entitled to the provided protections. Further, Plaintiff has not shown a compelling need to overcome these protections and require disclosure of the information and documentation at issue.

NOW, THEREFORE, IT IS ORDERED Plaintiff's Motion on the Unjustified Invocation of the Deliberative Process Privilege. [194] is, DENIED.

Dated this 7th day of December 2023.

Kelly H. Rankin
U.S. Magistrate Judge