# EXHIBIT F

# [PUBLIC VERSION]

2019        *STATE OF WYOMING*        **19LSO-0055**
**Working Draft**
**0.7**

> **DRAFT ONLY**
> **NOT APPROVED FOR**
> **INTRODUCTION**



HOUSE BILL NO. [BILL NUMBER]

Special purpose depository institutions.

Sponsored by: HDraft Committee

A BILL

for

1   AN ACT relating to banking; making legislative findings;

2   creating special purpose depository institutions as a new

3   financial institution; providing that special purpose

4   depository institutions shall be mutual corporations with

5   dividends and assessments; limiting membership to nonnatural

6   persons engaged in a bona fide business; specifying

7   compliance with applicable federal laws; authorizing the use

8   of a specialized technology platform; establishing procedures

9   for the incorporation, chartering and operation of special

10  purpose depository institutions; establishing procedures for

11  liquidation, receivership and dissolution of special purpose

12  depository institutions; requiring a surety bond or pledged

13  investments; exempting special purpose depository

2019                    STATE OF WYOMING                 19LSO-0055
                                                       **Working Draft**
                                                               **0.7**

1   institutions from depository insurance requirements; making

2   conforming amendments; and providing for effective dates.

3

4   *Be It Enacted by the Legislature of the State of Wyoming:*

5

6       **Section 1.**

7

8       (a)   The legislature finds the following:

9

10              (i)   The rapid innovation of blockchain technology,

11   including the growing use of virtual currency and digital

12   assets, has resulted in many blockchain innovators being

13   unable to access secure and reliable banking services,

14   hampering development of blockchain services and products in

15   the marketplace;

16

17              (ii)   Federally insured financial institutions are

18   not generally permitted to manage accounts in virtual

19   currency or hold other digital assets;

20

21              (iii)  Blockchain    innovators    have    greater

22   compliance challenges with federal customer identification,

23   anti-money laundering and beneficial ownership requirements

2019                    STATE OF WYOMING                    19LSO-0055
                                                          Working Draft
                                                                0.7

1   because of the complex nature of these obligations and the

2   unfamiliarity of regulators with blockchain innovators'

3   businesses;

4

5          (v)  These intricate obligations have resulted in

6   many financial institutions in Wyoming and across the United

7   States refusing to provide banking services to technology

8   innovators and also refusing to accept deposits in United

9   States currency obtained from the sale of virtual currency or

10  other digital assets;

11

12         (vi)  Compliance with applicable federal and state

13  laws is critical to ensuring the future growth and reputation

14  of the blockchain and technology industries as a whole;

15

16         (vii)  Most financial institutions today do not

17  have the expertise or familiarity with the challenges facing

18  blockchain innovators which is required to provide secure and

19  reliable banking services;

20

21         (viii)  A new type of Wyoming financial institution

22  that has expertise with customer identification, anti-money

23  laundering and beneficial ownership requirements could

2019                    STATE OF WYOMING                    19LSO-0055
                                                         Working Draft
                                                                  0.7

1    seamlessly integrate these requirements into its operating

2    model; and

3

4         (ix) Authorizing special purpose depository

5    institutions to be chartered in Wyoming will provide a

6    necessary and valuable service to the blockchain industry,

7    emphasize Wyoming's partnership with technology and financial

8    innovators and safely grow this state's developing financial

9    sector.

10

11   **Section 2.** W.S. 13-2-406 and 13-12-101 through

12   13-12-129 are created to read:

13

14   **13-2-406. Applicability to special purpose depository**

15   **institutions.**

16

17        (a) This article shall apply to special purpose

18   depository institutions, as defined in W.S. 13-1-101(a)(xvi).

19

20        (b) As used in this article, "shareholders" or

21   "stockholders" shall include subscribers of a special purpose

22   depository institution.

23

2019                STATE OF WYOMING                19LSO-0055
                                                   Working Draft
                                                        0.7

1                       CHAPTER 12

2           [SPECIAL PURPOSE DEPOSITORY INSTITUTIONS]

3

4       13-12-101.  Short title.

5

6   This chapter may be cited as the "[XXXXXXXXXXXXXXXXXXX]."

7

8   **************************************************************
9                   *******************
10                      STAFF COMMENT
11
12  The Task Force could consider inserting an appropriate
13  short title here.
14
15  **************************************************************
16                  *******************
17

18      13-12-102.  Definitions.

19

20      (a)  As used in this chapter:

21

22          (i)  "Insolvent"  means,  consistent  with  rules

23  adopted by the commissioner, a circumstance when a special

24  purpose depository institution fails to:

25

26              (A)  Comply  with  the  requirements  of  W.S.

27  13-12-105;

1

2              (B)  Maintain  a  contingency  account,  as

3   required by W.S. 13-12-107(e);

4

5              (C)  Pay,  in  the  manner  commonly  accepted  by

6   business  practices,  its  legal  obligations  to  depositors  on

7   demand  or  to  discharge  any  certificates  of  deposit,

8   promissory  notes  or  other  indebtedness  when  due.

9

10  ************************************************************
11                   ********************
12                        STAFF COMMENT
13
14  These requirements are from W.S. 13-4-201(a)(ii) and (iii).
15  "Contingency  account"  was  used  instead  of  "reserve"  to
16  further  clarify  the  difference  between  it  and  the  "liquid
17  assets" required under W.S. 13-12-105.
18
19  ************************************************************
20                   ********************
21

22              (ii)  "Subscriber"  means  an  entity  which  is  not  a

23  natural person and which:

24

25              (A)  Has paid all required subscriptions to a

26  special purpose depository institution;

27

2019                    STATE OF WYOMING                **19LSO-0055**
                                                        **Working Draft**
                                                        **0.7**

1            (B)   Is in good standing with the jurisdiction

2    in the United States in which it is incorporated or organized;

3    and

4

5            (C)   Is engaged in a bona fide business, as

6    provided in W.S. 13-12-106(b).

7

8            (iii)   "Unsafe   or   unsound   condition"   means,

9    consistent   with   rules   adopted   by   the   commissioner,   a

10   circumstance   relating   to   a   special   purpose   depository

11   institution, excluding compliance with anti-money laundering,

12   customer   identification   and   beneficial   ownership

13   requirements, which is likely to:

14

15           (A)   Cause the insolvency of the institution;

16

17           (B)   Cause a substantial dissipation of assets

18   or earnings;

19

20           (C)   Substantially   disrupt   the   services

21   provided by the institution to subscribers;

22

[Bill Number]

1                (D)   Otherwise  substantially  prejudice  the

2    depository interests of subscribers.

3

4    ************************************************************
5                        ********************
6                           STAFF COMMENT
7
8    The Task Force should consider whether it is appropriate to
9    include anti-money laundering, customer identification and
10   beneficial ownership requirements as a potential unsafe or
11   unsound condition.
12
13   The Banking Commissioner requested clarification of this
14   issue.
15
16   ************************************************************
17                        ********************
18

19        13-12-103.  Applicability of other provisions.

20

21        (a)   Except as otherwise provided in subsection (b) of

22   this section, all other provisions of this title shall apply

23   to this chapter.

24

25        (b)   The following provisions of this title shall not

26   apply to this chapter:

27

28                (i)    W.S. 13-1-101(a)(vii) *[definition of "director"*

29                       *(of the department of audit)]*;

30

2019                    STATE OF WYOMING                    19LSO-0055
                                                          Working Draft
                                                                    0.7

1              (ii)    W.S. 13-1-201 *[applicability of banking code]*;

2

3              (iii)   W.S. 13-2-101 *[powers of banks]*;

4

5              (iv)    W.S. 13-2-201 through 13-2-214 *[chartering]*;

6

7              (v)     W.S.  13-2-301   through   13-2-314   *[capital

8                      requirements]*;

9

10             (vi)    W.S. 13-2-709 *[loan production offices]*;

11

12             (vii)   W.S. 13-3-304 *[accounting practices-dividends]*;

13

14             (viii)  W.S. 13-3-401  through  13-3-405  *[restricted

15                     transactions]*;

16

17             (ix)    W.S.  13-3-701   through   13-3-703   *[reports &

18                     examinations]*;

19

20             (x)     W.S. 13-4-201 through 13-4-206 *[insolvency]*;

21

22             (xi)    W.S. 13-4-302 *[appointment of FDIC as receiver]*;

23    and

1

2          (xii)  W.S.  13-4-701  *[payment  of  stockholders  in*

3          *liquidation]*.

4

5     (c)  Consistent with subsection (d) of this section, the

6  provisions  of  the  Wyoming  Business  Corporation  Act,  W.S.

7  17-16-101 through 17-16-1810,  shall  apply  to  special  purpose

8  depository institutions.

9

10    (d)  If  any  provision  of  law  conflicts  with  this

11  chapter, this chapter shall control.

12

13    **13-12-104.  Special   purpose   depository   institutions**

14  **created; operating authority; prohibition on lending.**

15

16    (a)  Special  purpose  depository  institutions  may  be

17  organized as a corporation to exercise the powers and rights

18  set forth in subsection (b) of this section.

19

20    (b)  Each special purpose depository institution may:

21

22          (i)  Make contracts as a corporation under Wyoming

23  law;

2019                     STATE OF WYOMING                     19LSO-0055
                                                             Working Draft
                                                                 0.7

1

2            (ii)  Sue and be sued;

3

4            (iii)  Receive notes, buy and sell gold and silver

5    coins and bullion as permitted by federal law;

6

7            (iv)  Carry on a banking business for subscribers;

8

9            (v)  Provide payment services upon the request of

10   a subscriber;

11

12   **************************************************************
13                   *******************
14                       STAFF COMMENT
15
16   Paragraphs (i) through (v), (ix) and (x) are largely from
17   W.S. 13-2-101(a).
18
19   "Banking business" is a defined term in W.S. 13-1-101(a)(ii):
20   "opening credits by the deposit or collection of money or
21   negotiable paper subject to be paid upon draft, receipt, check
22   or order;"
23
24   **************************************************************
25                   *******************
26

27           (vi)  Become a member bank of the federal reserve

28   system;

29

2019                    STATE OF WYOMING                    19LSO-0055
                                                        Working Draft
                                                               0.7

1          (vii)  Engage in any other activity that is usual

2  or incidental to the business of banking, subject to the prior

3  written approval of the commissioner. The commissioner shall

4  not approve a request to engage in an incidental activity if

5  he finds that the requested activity will adversely affect

6  the solvency or the safety and soundness of the special

7  purpose depository institution or conflict with any provision

8  of this chapter;

9

10         (viii)  Exercise  powers  and  rights  otherwise

11  authorized by law which are not inconsistent with this

12  chapter.

13

14    (c)  A special purpose depository institution shall not

15  make loans.

16

17  **************************************************************
18                    ********************
19                       STAFF COMMENT
20
21  The Task Force should consider the potential scope of
22  subsection (c) and W.S. 13-12-105(a) below, including
23  potential overdrafts and payment clearing issues.
24
25  It is likely possible to restrict the scope of "make loans"
26  to cover 'typical' loan agreements and exclude overdrafts and
27  payment clearing.
28

[Bill Number]

1   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2                        \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

3

4        (d)  A  special  purpose  depository  institution  shall

5   maintain its principal operating headquarters and the primary

6   office of its chief executive officer in Wyoming. The special

7   purpose  depository  institution  shall  also  conduct  at  least

8   two (2) board meetings each year in Wyoming.

9

10       (e)  As  otherwise  authorized  by  this  section,  the

11  special purpose depository institution may conduct business

12  with subscribers outside this state. Subject to the laws of

13  the host state, a special purpose depository institution may

14  open a branch in another state in the manner set forth in

15  W.S. 13-2-803.

16

17       **13-12-105.  Required liquid assets.**

18

19       (a)  At  all  times,  a  special  purpose  depository

20  institution shall maintain liquid assets valued at not less

21  than  one  hundred  percent  (100%)  of  its  depository

22  liabilities.

23

2019                    STATE OF WYOMING                19LSO-0055
                                                       Working Draft
                                                            0.7

1   ************************************************************
2                        *******************
3                        STAFF COMMENT
4
5   Consistent  with  Task  Force  discussions  in  Jackson  Hole,
6   subsection  (a)  may  need  to  be  clarified  alongside  W.S.  13-
7   12-104(c) above.
8
9   ************************************************************
10                        *******************
11

12      (b)  As used in this section, "liquid assets" means:

13

14          (i)  United States currency held on the premises of

15   the special purpose depository institution;

16

17          (ii)  United States currency held for the special

18   purpose depository institution by a federal reserve bank or

19   a federally insured financial institution;

20

21          (iii)  Investments  which  are  highly  liquid,

22   including those specified by W.S. 13-3-202 and obligations of

23   the  United  States  treasury  or  other  federal  agency

24   obligations,  consistent  with  rules  adopted  by  the

25   commissioner.

26

27   ************************************************************
28                        *******************
29                        STAFF COMMENT

14                              [Bill Number]

2019                    STATE OF WYOMING                 19LSO-0055
                                                        Working Draft
                                                              0.7

Banks are typically required to only have a fraction of
depository liabilities on hand at any one time. This provision
requires special purpose depository institutions to maintain
a very high proportion (100%) of liabilities as liquid assets.

*****************************************************************
*******************

13-12-106.   Subscribers and organizational structure of

special purpose depository institutions; required deposit

amount; business requirement; amendment of articles of

incorporation.


*****************************************************************
*******************
STAFF COMMENT

All virtual currency provisions were deleted from W.S. 13-
12-106 and the remainder of this bill.

*****************************************************************
*******************

(a)   No person shall maintain an account with a special

purpose depository institution or otherwise receive any

services from the institution unless the person is a

subscriber, as defined in W.S. 13-12-102(a)(ii). A subscriber

shall maintain not less than five thousand dollars

($5,000.00) in deposits with a special purpose depository

institution.

2019                    STATE OF WYOMING                19LSO-0055
                                                        Working Draft
                                                        0.7

1

2        (b)  Consistent  with  W.S.  13-12-102(a)(ii)  and  in

3  addition  to  any  requirements  specified  by  federal  law,  a

4  special  purpose  depository  institution  shall  require  that  a

5  potential  subscriber  provide  reasonable  evidence  that  the

6  person is engaged in bona fide business, or is likely to open

7  a bona fide business within the next six (6) months. As used

8  in  this  subsection,  "reasonable  evidence"  shall  include

9  business  entity  filings,  articles  of  incorporation  or

10  organization, bylaws, operating agreements, business plans,

11  promotional  materials,  financing  agreements  or  other

12  evidence.

13

14  **************************************************************
15                   *******************
16                       **STAFF COMMENT**
17
18  **This  provision  exists  to  reduce  the  money  laundering,**
19  **customer  identification  and  beneficial  ownership  risks  faced**
20  **by  the  institution,  by  requiring  that  subscribers  be**
21  **businesses or prospective businesses.**
22
23  **************************************************************
24                   *******************
25

26        (c)  A special purpose depository institution shall be

27  a mutual corporation in which the institution is owned by its

28  subscribers and these subscribers share in all profits and

2019                STATE OF WYOMING              19LSO-0055
                                                 Working Draft
                                                      0.7

1   losses. A special purpose depository institution may require

2   subscribers to pay periodic membership subscriptions, as

3   specified in the bylaws of the institution, which are

4   sufficient to conduct the operations of the institution and

5   to maintain a contingency account, pursuant to W.S.

6   13-12-107(e) and consistent with rules adopted by the

7   commissioner. The special purpose depository institution may

8   create multiple classes of subscribers, except that all

9   subscribers shall have voting rights.

10

11  ****************************************************************
12                   *********************
13                      STAFF COMMENT
14
15  This provision establishes the institution as a mutual
16  entity. This model was chosen to ensure the solvency of the
17  bank in the absence of it being an FDIC-insured operation.
18  This provision authorizes institutions to require subscribers
19  to pay periodic subscriptions to the institution. This is
20  essentially a service charge and will be used to fund the
21  operations of the institution.
22
23  ****************************************************************
24                   *********************
25

26      (d)  Subject to the approval of the commissioner under

27  subsection (e) of this section, a special purpose depository

28  institution may amend its articles of incorporation for any

29  lawful purpose by affirmative vote of a majority of its

30  subscribers present or represented by proxy at any regular

                            17                  [Bill Number]

1   annual meeting of its subscribers or at any special meeting

2   of subscribers. Written notice of the proposed articles of

3   amendment and notice of the meeting to vote on proposed

4   articles  shall  be  given  as  provided  by  the  articles  of

5   incorporation of the special purpose depository institution.

6

7        (e)  Upon approval by subscribers of the special purpose

8   depository institution under subsection (d) of this section,

9   the articles of amendment shall be executed, with an executive

10  officer executing in the place of the corporate secretary,

11  and shall be delivered to the commissioner, together with the

12  fee required for filing documents, with the office of the

13  secretary of state. If the commissioner finds that the

14  articles of amendment do not conform to law, the commissioner

15  shall  return  them  to  the  special  purpose  depository

16  institution and the articles shall not become effective. If

17  the commissioner finds that the articles of amendment conform

18  to law, the commissioner shall endorse on the articles of

19  amendment a certificate of approval together with the word

20  "filed" and the month, day and year of filing, and shall file

21  one (1) copy at the office of the commissioner and one (1)

22  copy with the office of the secretary of state. The

23  commissioner shall issue a certificate of amendment, affix it

1   to a copy of the articles of amendment and return it to the

2   special purpose depository institution.

3

4        (f)  Upon the issuance of the certificate of amendment

5   by the commissioner, the amendment is effective and the

6   articles of incorporation shall be amended accordingly.

7

8   ************************************************************
9                    ******************
10                     STAFF COMMENT
11
12  Subsections (e) and (f) are largely from W.S. 13-4-102.
13
14  ************************************************************
15                    ******************
16

17       13-12-107.  Dividends   and   assessments;   required

18  reserve; rules.

19

20       (a)  Dividends may be paid to subscribers when the

21  special purpose depository institution is solvent and is not

22  operating in an unsafe or unsound condition. Subscribers who

23  initially pledge subscriptions under W.S. 13-12-111(a) may

24  have preferential dividend rights as provided by the articles

25  of  incorporation  of  the  special  purpose  depository

26  institution. The commissioner may adopt rules to implement

27  this subsection.

1

2       (b)  Assessments  may  be  made  on  subscribers  of  the

3    special purpose depository institution. If a majority of the

4    directors  of  the  special  purpose  depository  institution

5    reasonably  believe  that  the  assessments  are  necessary  to

6    prevent  insolvency  or  operation  in  an  unsafe  or  unsound

7    condition,  the  directors  may,  by  resolution,  levy  an

8    assessment  on  the  subscribers  of  the  institution.  Written

9    notice  of  the  assessment  shall  be  delivered  to  each

10   subscriber, consistent with W.S. 17-16-141(c).

11

12      (c)  If the commissioner has reason to believe that a

13   special  purpose  depository  institution  may  be  nearing

14   insolvency  or  operation  in  an  unsafe  or  unsound  condition,

15   the commissioner shall examine the special purpose depository

16   institution  and  ascertain  the  facts.  If  the  commissioner

17   finds that an assessment is necessary, the commissioner may

18   order  the  institution  to  levy  an  assessment  as  provided  in

19   subsection (b) of this section.

20

21      (d)  If a subscriber fails to pay an assessment levied

22   under  subsection  (b)  or  (c)  of  this  section  within  thirty

23   (30)  days  of  delivery  of  the  required  written  notice,  the

2019                    STATE OF WYOMING                 19LSO-0055
                                                       Working Draft
                                                             0.7

1   special   purpose   depository   institution   may   deduct   the

2   assessment   from   any   deposits   or   other   assets   held   by   the

3   institution on behalf of the subscriber or commence a civil

4   action  against  the  subscriber  to  recover  the  assessment. A

5   subscriber shall have thirty (30) days after an assessment is

6   deducted under this subsection to restore any necessary funds

7   on   deposit   with   the   institution   to   comply   with   the

8   requirements of W.S. 13-12-106(a).

9

10       (e)  A  special  purpose  depository  institution  shall

11   maintain a contingency account to cover unexpected losses and

12   expenses. Consistent with W.S. 13-12-111(a), the contingency

13   account shall be adequate and reasonable in light of current

14   and  prospective  business  conditions,  as  determined  by  the

15   commissioner, and shall not be less than two percent (2%) of

16   the depository liabilities of the special purpose depository

17   institution.  Initial  subscriptions  pledged  by  subscribers

18   under W.S. 13-12-111(a) shall constitute compliance with this

19   subsection  until  the  contingency  account  of  the  special

20   purpose depository institution consists of not less than five

21   million dollars ($5,000,000.00).

22

2019                    STATE OF WYOMING                    19LSO-0055
                                                        Working Draft
                                                               0.7

```
 1    ************************************************************
 2                        *******************
 3                         STAFF COMMENT
 4
 5    Subsection (e) contains language from W.S. 13-2-212(a)(iv)
 6    and 13-5-209(d)(ii).
 7
 8    This subsection also contains the 2% contingency account.
 9
10    ************************************************************
11                        *******************
12
13        13-12-108.  Federal law; technology standards.
14
15        (a)  A  special  purpose  depository  institution  shall
16    comply  with  all  applicable  federal  laws,  including those
17    relating  to  anti-money  laundering,  customer  identification
18    and beneficial ownership.
19
20    ************************************************************
21                        *******************
22                         STAFF COMMENT
23
24    The institution is required to comply with all federal laws
25    which   are   applicable   to   special   purpose  depository
26    institutions.  This  provision  makes  it  clear  that  the
27    institution is not merely an artifice to escape federal anti-
28    money  laundering,  customer  identification  and  beneficial
29    ownership requirements.
30
31    ************************************************************
32                        *******************
33
34        (b)  Nothing  in  this  act  shall  be  construed  to require
35    compliance with any federal or state law which does not apply
```

2019                 STATE OF WYOMING                19LSO-0055
                                                     Working Draft
                                                         0.7

1    to special purpose depository institutions. Rules adopted

2    under this chapter shall not adopt federal or state standards

3    governing other financial institutions, if the federal or

4    state standards impose conditions on the operation of special

5    purpose depository institutions which would prevent the

6    reasonable operation of an institution under this chapter.

7

8    **************************************************************
9                        *******************
10                        STAFF COMMENT
11
12   **This provision exists to ensure this chapter will be**
13   **implemented and limits the imposition of non-mandatory**
14   **federal banking best practices or standards used for other**
15   **financial institutions on special purpose depository**
16   **institutions via rule.**
17
18   **************************************************************
19                        *******************
20

21       (c)  If a special purpose depository institution is

22   denied authorization to access any services required to be

23   made available under 12 U.S.C. § 248a, the attorney general

24   shall, on behalf of the state of Wyoming and the institution,

25   commence a civil action to enforce the requirements of 12

26   U.S.C. § 248a relating to the institution and to maintain the

27   authority of the state of Wyoming to charter, supervise and

28   ensure the continued operation of institutions in this state.

29

1   ************************************************************
2                       *******************
3                          STAFF COMMENT
4
5   1.  12 U.S.C. § 248a requires federal reserve banks to provide
6   certain services, including currency and coin supplies, check
7   clearing, wire transfer and ACH payments, and depository
8   services for reserve funds. This provision of federal law
9   requires federal reserve banks to make these services
10  available to all depository institutions.
11
12  2.  The Attorney General is not a constitutional officer in
13  Wyoming, and as a result, the Legislature has defined the
14  duties of this office in W.S. 9-1-603 and other statutes. The
15  Attorney General is directed to bring suit in various
16  circumstances in W.S. 35-11-306(o), 35-11-422, 35-11-504(k),
17  35-11-515(m), 35-11-525(f), 35-11-1701(g), 35-15-111, 40-4-
18  103 and 41-2-111(a).
19
20  ************************************************************
21                      *******************
22

23       (d)  Subject to other applicable law, a special purpose

24  depository institution is authorized to develop and maintain

25  a technology platform, which may include a blockchain, for

26  the operations of the institution which:

27

28            (i)  Integrates federal customer identification,

29  anti-money laundering and beneficial ownership requirements

30  into the platform, including periodic reporting requirements,

31  in order to streamline compliance demands for subscribers;

32

2019                    STATE OF WYOMING                 19LSO-0055
                                                         Working Draft
                                                         0.7

1          (ii)  Provides   an   efficient,   transparent   and

2    accessible means for the commissioner and other state and

3    federal officials to examine and otherwise ensure that a

4    special purpose depository institution is complying with all

5    applicable laws;

6

7    **************************************************************
8                       *******************
9                          STAFF COMMENT
10
11   **Streamlining compliance demands is one of the main objects of**
12   **this bill.**
13
14   **************************************************************
15                       *******************
16

17         (iii)  Utilizes any of the following, or standards

18   similar to the following:

19

20              (A)   Legal    entity    identifier    data

21   specifications  adopted  by  the  legal  entity  identifier

22   regulatory oversight committee;

23

24   **************************************************************
25                       *******************
26                          STAFF COMMENT
27
28   **The technology platform could use "legal entity identifier**
29   **data specifications" to ensure that all parties/businesses to**
30   **a transaction are more easily identifiable.**
31

                               25                    [Bill Number]

1    ************************************************************
2                        *******************
3
4                (B)   Standardized        input        language,
5    transformation functions and output language for specific
6    financial   transactions   and   contracts.   If   standardized
7    language   and   functions   under   this   subparagraph   are
8    implemented, the standardized language and functions shall:
9
10               (I)   Be open source and contain a data
11   dictionary of all relevant data elements;
12
13               (II)   If necessary, contain transaction
14   or contract terms relating to the occurrence or nonoccurrence
15   of specified events, as well as specified data sources, which
16   the   parties   to   the   transaction   or   contract   agree   will
17   conclusively determine the occurrence or nonoccurrence of
18   specified events; and
19
20               (III)  Consist    of    uniform    data
21   structures that are capable of automatically modifying
22   transaction or contract elements based on transaction or
23   contract terms specified under subdivision (II) of this
24   subparagraph.

2019                    STATE OF WYOMING                    19LSO-0055
                                                        Working Draft
                                                               0.7

1

2  ***************************************************************
3                    ******************
4                      STAFF COMMENT
5
6  1.   Subparagraph (B) above envisions smart contracts. Smart
7  contracts are self-executing contracts reduced to computer
8  code.
9
10 2.   The Task Force may wish to consider whether this section
11 is   overly   prescriptive.   However,   it   may   serve   an
12 "authorizing" or incentive function for technology companies.
13
14 ***************************************************************
15                    ******************
16

17      (e)  A  special  purpose  depository  institution  shall

18 utilize  robust  electronic  and  physical  best  practices  which

19 ensure  the  security  of  all  data  and  assets  held  by  the

20 institution  and  may  include  multi-signature  requirements,

21 consistent with rules adopted by the commissioner. As used in

22 this subsection, "multi-signature requirement" means the use

23 of private keys to execute a transaction based on the consent

24 of two (2) or more persons.

25

26      (f)  Notwithstanding  any  other  provision  of  law,  the

27 commissioner may develop and implement an electronic filing

28 system for any reports, applications, submissions, filings or

29 other documents required to be filed under this chapter. The

2019                    STATE OF WYOMING                    19LSO-0055
                                                          Working Draft
                                                                  0.7

1  commissioner may, by rule, adopt standards for this system

2  and require electronic filing of all documents.

3

4      (g)  As used in this section:

5

6          (i)  "Blockchain"  means  a  digital  ledger  or

7  database   which   is   chronological,   consensus-based,

8  decentralized and mathematically verified in nature;

9

10         (ii)  "Open  source"  means  data  underlying  a

11 technology platform:

12

13             (A)  Which can be examined and interpreted by

14 any  person  without  the  use  of  proprietary  technology  or

15 software; and

16

17             (B)  For which the creator or developer of the

18 platform  has  granted  an  unrestricted  license  for  any  person

19 to modify and use the data of the platform.

20

21         (iii)  "Transformation  function"  means  a  data

22 structure that transforms data inputs into specified outputs

23 dependent upon specific financial transactions or contracts.

[Bill Number]

2019 STATE OF WYOMING 19LSO-0055
**Working Draft**
**0.7**

1

2 **13-12-109.   Required disclosures.**

3

4 (a)  A  special  purpose  depository  institution  shall

5 display  on  any  internet  website  it  maintains,  and  at  each

6 window  or  place  where  it  accepts  deposits,  a  sign

7 conspicuously  stating  that  deposits  are  not  insured  by  the

8 federal  deposit  insurance  corporation  and  that  cash

9 assessments  may  be  levied  on  subscribers  if  warranted  by  the

10 financial  condition  of  the  institution.

11

12 (b)  Upon  opening  an  account,  a  special  purpose

13 depository  institution  shall  require  each  subscriber  to

14 execute  a  statement  acknowledging  that  all  deposits  at  the

15 special  purpose  depository  institution  are  not  insured  by  the

16 federal  deposit  insurance  corporation  and  that  cash

17 assessments  may  be  levied  on  subscribers  if  warranted  by  the

18 financial  condition  of  the  institution.  The  special  purpose

19 depository  institution  shall  permanently  retain  this

20 acknowledgment.

21

1    (c)  A  special  purpose  depository  institution  shall

2    include in all advertising a disclosure that deposits are not

3    insured by the federal deposit insurance corporation.

4

5    **13-12-110.  Formation.**

6

7    (a)  Except  as  otherwise  provided  by  subsection  (d)  of

8    this  section,  five  (5)  or  more  adult  persons  may  form  a

9    special  purpose  depository  institution.  The  incorporators

10   shall  subscribe  the  articles  of  incorporation  and  transmit

11   them  to  the  commissioner  as  part  of  an  application  for  a

12   charter under W.S. 13-12-112.

13

14   (b)  The  persons  forming  a  special  purpose  depository

15   institution  shall  execute  articles  of  incorporation  as

16   otherwise  provided  by  law.  These  articles  shall,  as  nearly

17   possible,  include  the  requirements  contained  in  W.S.

18   17-16-202  for  corporations.  The  commissioner  may  establish,

19   by  rule,  other  documents  and  materials  to  be  filed  by  a

20   special purpose depository institution.

21

22   *************************************************************
23                        *******************
24                            **STAFF COMMENT**

2019                STATE OF WYOMING                19LSO-0055
                                                   Working Draft
                                                        0.7

1
2   This section and the sections that follow are based heavily
3   on the bank formation/chartering provisions of W.S. 13-2-201
4   et seq.
5
6   ************************************************************
7                     *******************
8

9        (c)  The  incorporators  shall  solicit  subscribers  and

10   subscriptions  prior  to  filing  an  application  for  a  charter

11   with  the  commissioner,  pursuant  to  W.S.  13-12-111  and  13-12-

12   112.  In  the  event  an  application  for  a  charter  is  not  filed

13   or  is  denied  by  the  board,  all  subscriptions  shall  be  promptly

14   returned  to  the  pledging  subscribers  without  loss.

15

16        (d)   Subject  to  applicable  federal  and  state  law,  a  bank

17   holding  company  may  form  and  hold  a  special  purpose  depository

18   institution.

19

20        **13-12-111.  Required initial subscriptions; capital.**

21

22        (a)  A  special  purpose  depository  institution  shall

23   possess  not  less  than  five  million  dollars  ($5,000,000.00)

24   plus  three  (3)  years  of  estimated  operating  expenses,

25   consistent  with  W.S.  13-12-112(b),  in  initial  subscriptions

26   from  subscribers  prior  to  applying  to  the  commissioner  for  a

1  charter. Subscribers may not withdraw initial subscriptions

2  pledged under this subsection until the contingency account

3  required by W.S. 13-12-107(e) equals five million dollars

4  ($5,000,000.00).

5

6  **************************************************************
7                      *******************
8                         STAFF COMMENT
9
10 **The Task Force may want to consider increasing the withdrawal**
11 **threshold to $5m plus three years of operating expenses or**
12 **not permitting withdrawals within the first three years.**
13
14 **************************************************************
15                      *******************
16

17     (b)  The  special  purpose  depository  institution  may

18 acquire additional capital prior to the granting of a charter

19 and may report this capital in its charter application.

20

21     **13-12-112.  Application  for  charter;  fee;  subaccount**

22 **created.**

23

24     (a)  No person shall act as a special purpose depository

25 institution without first obtaining a charter and certificate

26 of  authority  to  operate  from  the  commissioner  under  this

27 chapter.

28

2019                 STATE OF WYOMING                **19LSO-0055**
                                                     **Working Draft**
                                                     **0.7**

1      (b)   The  incorporators  under  W.S.  13-12-110(a)  shall

2   apply to the commissioner for a charter. The application shall

3   contain the special purpose depository institution's articles

4   of  incorporation,  a  detailed  business  plan,  a  comprehensive

5   estimate  of  operating  expenses  for  the  first  three  (3)  years

6   of  operation,  a  complete  proposal  for  compliance  with  the

7   provisions of this chapter and evidence of the subscriptions

8   required  under  W.S.  13-12-111(a).  The  commissioner  may

9   prescribe the form of application by rule.

10

11      (c)   Each  application  for  charter  shall  be  accompanied

12   by   an   application   fee   established   by   the   commissioner

13   pursuant  to  rule,  which  shall  be  no  greater  than  the  costs

14   incurred  by  the  commissioner  in  reviewing  the  application.

15   The  application  fee  shall  be  credited  to  the  special  purpose

16   depository institutions subaccount created by subsection (d)

17   of this section.

18

19      (d)   The   special   purpose   depository   institutions

20   subaccount within the financial institutions administration

21   account is created. Funds in the subaccount shall be used by

22   the  commissioner  to  supervise  special  purpose  depository

23   institutions and to otherwise carry out the duties specified

1    by this chapter. Funds in the subaccount are continuously

2    appropriated to the subaccount and shall not lapse at the end

3    of any fiscal period.

4

5        **13-12-113.  Procedure upon filing application.**

6

7        (a)  Upon receiving an application for a special purpose

8    depository  charter,  the  commissioner  shall  notify  the

9    applicants in writing within thirty (30) calendar days of any

10   deficiency  in  the  required  information  or  that  the

11   application  has  been  accepted  for  filing.  When  the

12   commissioner is satisfied that all required information has

13   been furnished, he shall notify the chairman of the board who

14   shall establish a time and place for a public hearing which

15   shall be conducted not less than sixty (60) days, nor more

16   than one hundred twenty (120) days, after notice from the

17   commissioner that the application is in order.

18

19       (b)  Within thirty (30) days after receipt of notice of

20   the time and place of the public hearing, the applicants shall

21   cause notice of filing of the application and the hearing to

22   be published at applicant's expense in a newspaper of general

23   circulation  within  the  county  where  the  proposed  special

[Bill Number]

1  purpose depository institution is to be located. Publication

2  shall be made at least once a week for three (3) consecutive

3  weeks before the hearing, stating the proposed location of

4  the special purpose depository institution, the names of the

5  applicants for a charter, the nature of the activities to be

6  conducted by the proposed institution and other information

7  required by rule. The applicants shall furnish proof of

8  publication to the commissioner not more than ten (10) days

9  prior to the hearing. The commissioner shall send notice of

10 the hearing to state and national banks, federal savings and

11 loan associations and other financial institutions in the

12 state and federal agencies who have requested notice from the

13 commissioner.

14

15 **13-12-114. Procedure     for     hearings     on     charter**

16 **applications.**

17

18 The hearing for a charter application shall be conducted as

19 a contested case under the Wyoming Administrative Procedure

20 Act, W.S. 16-3-101 through 16-3-115, and shall comply with

21 the requirements of that act.

22

2019                    STATE OF WYOMING                19LSO-0055
                                                        Working Draft
                                                            0.7


1      13-12-115.  Investigation   and   examination   by

2  commissioner.

3

4      (a)  Upon receiving the articles of incorporation, the

5  application for a charter and other information required by

6  the commissioner, the   commissioner shall make a careful

7  investigation and examination of the following:

8

9          (i)  The character, reputation, financial standing

10  and ability of the incorporators;

11

12          (ii)  The   character,  financial  responsibility,

13  banking  or  other  financial  experience  and  business

14  qualifications of those proposed as officers; and

15

16          (iii)  The application for a charter, including the

17  adequacy and plausibility of the business plan of the special

18  purpose depository institution and whether the institution

19  has  offered  a  complete  proposal  for  compliance  with  the

20  provisions of this chapter.

21

22  ****************************************************************
23                    ********************
24                       STAFF COMMENT

                            36                    [Bill Number]

1
2   These standards are more focused than those contained in W.S.
3   13-2-211(a) because this institution is not a retail-focused
4   financial institution.
5
6   ************************************************************
7                       *******************
8

9       (b)  The  commissioner  shall  submit  the  results  of  his

10  investigation  and  examination  at  the  public  hearing  on  the

11  charter application and shall be subject to cross-examination

12  by  any  interested  party.  No  relevant  information  shall  be

13  excluded by the board as hearsay.

14

15      13-12-116.  Approval  or  disapproval  of  application;

16  criteria for approval; action upon application.

17

18      (a)  Within  ninety  (90)  days  after  receipt  of  the

19  transcript of the public hearing, the board shall consider

20  the  charter  application  based  solely  on  the  following

21  criteria:

22

23          (i)  Whether the character, reputation, financial

24  standing and ability of the incorporators is sufficient to

25  afford reasonable promise of a successful operation;

26

1          (ii)   Whether    the    character,    financial

2  responsibility, banking or other financial experience and

3  business qualifications of those proposed as officers and

4  directors is sufficient to afford reasonable promise of a

5  successful operation;

6

7          (iii)  The   adequacy   and   plausibility   of   the

8  business plan of the special purpose depository institution;

9

10         (iv)  Compliance    with    the    subscription

11 requirements of W.S. 13-12-111(a);

12

13         (v)   The special purpose depository institution is

14 being formed for no other purpose than legitimate objectives

15 authorized by law;

16

17         (vi)   The   name   of   the   proposed   special   purpose

18 depository institution does not resemble so closely as to

19 cause  confusion  with  the  name  of  any  other  financial

20 institution transacting business in the state; and

21

22         (vii)  Whether  the  applicants  have  complied  with

23 all applicable provisions of state law.

1

2          (b) The board shall approve an application that

3    complies with the requirements of subsection (a) of this

4    section. If an application fails to meet the requirements of

5    subsection (a) of this section, the board may conditionally

6    approve or disapprove the application. The board shall state

7    findings of fact and conclusions of law as part of its

8    decision. If the board approves the application, the

9    commissioner shall endorse upon the articles of incorporation

10   the approval of the board and shall transmit one (1) copy

11   with the office of the secretary of state, retain one (1)

12   copy and return a copy to the applicants within twenty (20)

13   days after the date of the decision of the board approving

14   the application. If the board conditionally approves an

15   application to require compliance with one (1) or more of the

16   factors set forth in paragraphs (a)(i) through (vii) of this

17   section, and upon compliance by the applicants, the

18   commissioner shall proceed as provided in the preceding

19   sentence. If the board disapproves the application, the

20   commissioner shall mail notice of the disapproval to the

21   applicants within twenty (20) days of the board's

22   disapproval.

23

2019                    STATE OF WYOMING                    19LSO-0055
                                                          Working Draft
                                                                   0.7

1   ************************************************************
2                      *******************
3                        STAFF COMMENT
4
5   Subsection (b) is from W.S. 13-2-212(b).
6
7   ************************************************************
8                      *******************
9

10      13-12-117. Certificate   of   authority   to   commence

11  business required; application; approval or denial; failure

12  to commence business.

13

14      (a)  If an application is approved and a charter granted

15  by the board under W.S. 13-12-116, the special purpose

16  depository institution shall not commence business before

17  receiving a certificate of authority to operate from the

18  commissioner. The application for a certificate of authority

19  shall be made to the commissioner and shall certify the

20  address at which the special purpose depository institution

21  will operate and that all of the adopted bylaws of the

22  institution have been attached as an exhibit to the

23  application. The application shall state the identities and

24  contact information of officers and directors. The

25  commissioner shall approve or deny an application for a

26  certificate of authority to operate within thirty (30) days

27  after a complete application has been filed. The authority of

                              40                    [Bill Number]

2019                STATE OF WYOMING              19LSO-0055
                                                Working Draft
                                                     0.7

1    the  commissioner  to  disapprove  any  application  shall  be

2    restricted solely to noncompliance with this section. If the

3    commissioner  approves  the  application,  he  shall  issue  a

4    certificate of authority to the applicants within twenty (20)

5    days. If the commissioner denies the application, he shall

6    mail a notice of denial to the applicants within twenty (20)

7    days, stating the reasons for denying the application, and

8    grant to the applicants a maximum period of ninety (90) days

9    to resubmit the application with the necessary corrections.

10   If  the  applicants  fail  to  comply  with  requirements  of  the

11   notice of denial within ninety (90) days from the receipt of

12   the notice, the approval of the charter of the special purpose

13   depository institution shall be revoked by the commissioner.

14   The failure of the commissioner to act upon an application

15   for a certificate of authority within thirty (30) days shall

16   be deemed an approval.

17

18        (b)  If   an   approved   special   purpose   depository

19   institution fails to commence business in good faith within

20   six  (6)  months  after  the  issuance  of  a  certificate  of

21   authority to operate by the commissioner, the charter and

22   certificate of authority shall expire. The board, for good

23   cause and upon an application filed prior to the expiration

1  of the six (6) month period, may extend the time within which

2  the special purpose depository institution may open for

3  business.

4

5      **13-12-118.  Decisions by board appealable; grounds.**

6

7  Any decision of the board or commissioner in approving,

8  conditionally approving or disapproving a charter for a

9  special purpose depository institution or the issuance or

10 denial of a certificate of authority to operate is appealable

11 to the district court of the county in which the institution

12 is to be located in accordance with the provisions of the

13 Wyoming Administrative Procedure Act, W.S. 16-3-101 through

14 16-3-115. In addition to the grounds for appeal contained in

15 the Wyoming Administrative Procedure Act, an appellant may

16 appeal if the board or the commissioner fails to make any of

17 the required findings or otherwise take an action required by

18 law.

19

20     **13-12-119.  Surety    bond;    pledged    investments;**

21 **investment income; bond or pledge increases; hearings.**

22

2019                STATE OF WYOMING                19LSO-0055
                                                 Working Draft
                                                      0.7

1       (a)  Except as otherwise provided by subsection (b) of

2  this section, a special purpose depository institution shall,

3  before transacting any business, pledge or furnish a surety

4  bond to the commissioner to cover costs likely to be incurred

5  by the commissioner in a liquidation or receivership of the

6  special purpose depository institution. The amount of the

7  surety bond or pledge of assets under subsection (b) of this

8  section shall be determined by the commissioner in an amount

9  sufficient  to  defray  the  costs  of  a  liquidation  or

10  receivership.

11

12       (b)  In lieu of a bond, a special purpose depository

13  institution  may  irrevocably  pledge  specified  capital

14  equivalent to a bond under subsection (a) of this section.

15  Any capital pledged to the commissioner under this subsection

16  shall be held in a state or nationally chartered bank or

17  savings and loan association having a principal or branch

18  office in this state and all costs associated with pledging

19  and holding such capital are the responsibility of the special

20  purpose depository institution.

21

1       (c)  Capital pledged to the commissioner shall be of the

2  same nature and quality as those required for state financial

3  institutions under W.S. 9-4-805.

4

5       (d)  Surety bonds shall run to the state of Wyoming, and

6  shall be approved under the terms and conditions required

7  under W.S. 9-4-804(b) and (c).

8

9       (e)  The commissioner may adopt rules to establish

10  additional investment guidelines or investment options for

11  purposes of the pledge or surety bond required by this

12  section.

13

14       (f)  In the event of a liquidation or receivership of a

15  special purpose depository institution as provided in W.S.

16  13-12-123, the commissioner may, without regard to

17  priorities, preferences or adverse claims and with court

18  approval, reduce the surety bond or capital pledged under

19  this section to cash as soon as practicable and utilize the

20  cash to defray the costs associated with the liquidation or

21  receivership.

22

2019               STATE OF WYOMING               19LSO-0055
                                                 Working Draft
                                                        0.7

1       (g)   Income from capital pledged under subsection (b) of

2  this section shall be paid to the special purpose depository

3  institution  unless  a  court  places  the  institution  in

4  liquidation or receivership.

5

6       (h)   Upon  evidence  that  the  current  surety  bond  or

7  pledged capital is insufficient, the commissioner may require

8  any  special  purpose  depository  institution  to  increase  its

9  surety  bond  or  pledged  capital  by  providing  not  less  than

10 thirty  (30)  days  written  notice  to  the  institution.  The

11 special purpose depository institution may request a hearing

12 before  the  board  not  more  than  thirty  (30)  days  after

13 receiving  written  notice  from  the  commissioner  under  this

14 subsection.  Any  hearing  before  the  board  shall  be  held

15 pursuant  to  the  Wyoming  Administrative  Procedure  Act,  W.S.

16 16-3-101 through 16-3-115.

17

18 **************************************************************
19                    *******************
20                      STAFF COMMENT
21
22 The Banking Commissioner has indicated that a surety bond may
23 not   be   appropriate   for   special   purpose   depository
24 institutions. The language above authorizes, but does not
25 require, a surety bond. Pledged capital may be used instead.
26
27 **************************************************************
28                    *******************

1

2       **13-12-120.   Reports and examinations; supervisory fees;**

3   **resolution fund.**

4

5       (a)  The  commissioner  may  call  for  special  reports

6   verified  under  oath  from  a  special  purpose  depository

7   institution  at  any  time,  as  necessary  to  inform  the

8   commissioner of the condition of the institution.

9

10      (b)  All reports required of special purpose depository

11  institutions by the commissioner and all materials relating

12  to examinations of these institutions shall be subject to the

13  provisions of W.S. 9-1-512.

14

15      (c)  Every  special  purpose  depository  institution  is

16  subject  to  the  inspection  of  the  commissioner.  The

17  commissioner  or  a  duly  appointed  examiner  shall  visit  and

18  examine special purpose depository institutions on a schedule

19  established  by  rule.  The  commissioner  or  a  duly  appointed

20  examiner shall make a complete and careful examination of the

21  condition  and  resources  of  the  special  purpose  depository

22  institution,  the  mode  of  managing  institution  affairs  and

23  conducting business, the actions of officers and directors in

2019                 STATE OF WYOMING              19LSO-0055
                                                 Working Draft
                                                     0.7

1    the  investment  and  disposition  of  institution  funds,  the

2    safety  and  prudence  of  institution  management,  compliance

3    with  the  requirements  of  this  chapter  and  such  other  matters

4    as  the  commissioner  may  require.  After  any  examination,  the

5    special  purpose  depository  institution  shall  remit  to  the

6    commissioner  an  amount  equal  to  the  total  cost  of  the

7    examination.  This  amount  shall  be  remitted  to  the  state

8    treasurer  and  deposited  into  the  special  purpose  depository

9    institutions  subaccount  created  by  W.S.  13-12-112(d).

10

11   ****************************************************************
12                      ********************
13                          STAFF COMMENT
14
15   At the request of the Task Force, this provision was modified
16   to require special purpose depository institutions to pay the
17   cost of examinations, much like trust companies are currently
18   required to do.
19
20   ****************************************************************
21                      ********************
22

23       (d)  On or before January 31 and July 31 of each year,

24   a  special  purpose  depository  institution  shall  compute  and

25   pay  supervisory  fees  to  the  commissioner  based  on  the  total

26   deposits  of  the  special  purpose  depository  institution  as  of

27   the  preceding  December  31  and  June  30  respectively.

28   Supervisory  fees  under  this  section  shall  provide  for  the

1   operating costs of the office of the commissioner and the

2   administration of the laws governing special purpose

3   depository institutions. Such fees shall be established by

4   rule of the commissioner and shall be adjusted by the

5   commissioner to assure consistency with the cost of

6   supervision. Supervisory fees shall be deposited by the

7   commissioner with the state treasurer and credited to the

8   special purpose depository institutions subaccount created by

9   W.S. 13-12-112(d).

10

11      (e) The special purpose depository institution

12   resolution account is created. A portion of each supervisory

13   fee paid pursuant to subsection (d) of this section shall be

14   paid to the resolution account and shall be used by the

15   commissioner in the event of a liquidation or receivership of

16   a special purpose depository institution. The amount paid to

17   the resolution account shall be established by rule of the

18   commissioner. All amounts paid shall be remitted to the state

19   treasurer and credited to the special purpose depository

20   institution resolution account. Funds in the account are

21   continuously appropriated and shall not lapse at the end of

22   any fiscal period.

23

2019                 STATE OF WYOMING                 19LSO-0055
                                                   Working Draft
                                                         0.7

1    ***********************************************************
2                     *******************
3                       STAFF COMMENT
4
5    1.  The Task Force should consider whether the resolution
6    fund established by this section is necessary or appropriate
7    in light of the structure of the institution. The funding
8    mechanism of the resolution fund should also be considered.
9
10   2.  The Task Force could consider establishing a captive
11   insurer for special purpose institutions, much like South
12   Dakota's captive for trust companies. See S.D.C.L. § 51A-6-
13   23.
14
15   3.  The Task Force could also consider requiring directors
16   and officers to maintain a corporate liability insurance
17   policy, in the same way as South Dakota. See S.D.C.L. § 51A-
18   6A-19.
19
20   ***********************************************************
21                     *******************
22
23       13-12-121.  Suspension or revocation of charter.
24
25       (a)  The commissioner may suspend or revoke the charter
26   of a special purpose depository institution if, after notice
27   and opportunity for a hearing, the commissioner determines
28   that:
29
30            (i)  The special purpose depository institution has
31   failed or refused to comply with an order issued under W.S.
32   13-10-201 through 13-10-209;
33

                              49                    [Bill Number]

1            (ii)  The  application  for  a  charter  contained  a

2    false statement or material misrepresentation or omission; or

3

4            (iii)  An officer or agent of the special purpose

5    depository institution, in connection with an application for

6    a charter, examination, report or other document filed with

7    the commissioner, knowingly made a false statement, material

8    misrepresentation  or  material  omission  to  the  board,  the

9    commissioner  or  the  duly  authorized  agent  of  the  board  or

10   commissioner.

11

12       **13-12-122.  Continuing jurisdiction.**

13

14   If the charter of a special purpose depository institution is

15   surrendered,  suspended  or  revoked,  the  institution  shall

16   continue  to  be  subject  to  the  provisions  of  this  chapter

17   during any liquidation or receivership.

18

19       **13-12-123.  Insolvency;  unsound  or  unsafe  condition;**

20   **receivership; payment of subscribers.**

21

22       (a)  If  the  commissioner  finds  that  a  special  purpose

23   depository  institution  is  insolvent  or  is  operating  in  an

1   unsafe or unsound condition that has not been remedied within

2   the time prescribed under an order of the commissioner issued

3   pursuant to W.S. 13-10-201 through 13-10-209, the

4   commissioner shall apply to the district court, in the county

5   in which the principal office of the special purpose

6   depository institution is located, to be appointed receiver

7   for the liquidation or receivership of the special purpose

8   depository institution. The expense of the liquidation or

9   receivership shall be paid out of the assets of the special

10  purpose depository institution and the bond or pledged

11  investments required under W.S. 13-12-119.

12

13      (b) Title to the assets of the special purpose

14  depository institution shall vest in the commissioner upon

15  appointment of the commissioner as receiver by the court

16  pursuant to subsection (a) of this section, without the

17  execution of any instrument of conveyance, assignment,

18  transfer or endorsement.

19

20      (c) Subject to the approval of the appointing court, as

21  receiver, the commissioner may:

22

1                  (i)  Take  possession  of  all  books,  records  of

2        account  and  assets  of  the  special  purpose  depository

3        institution;

4

5                  (ii)  Collect debts, claims and judgments belonging

6        to the special purpose depository institution and take any

7        other action necessary to preserve and liquidate the assets

8        of the institution;

9

10                 (iii)  Appoint a special assistant to take charge

11       of the affairs of the special purpose depository institution.

12       The special assistant shall qualify, give bond and receive

13       compensation in the same manner as the commissioner acting as

14       a receiver, but compensation for the special assistant shall

15       be paid by the institution;

16

17                 (iv)  Execute, in the name of the special purpose

18       depository institution, any instrument necessary or proper to

19       effectuate the powers of a receiver or perform the duties of

20       a receiver;

21

1          (v)  Initiate,  pursue,  compromise  and  defend

2     litigation involving any right, claim, interest or liability

3     of the special purpose depository institution;

4

5          (vi)  Exercise  all  powers  of  the  special  purpose

6     depository  institution  as  of  the  date  of  appointment  as

7     receiver;

8

9          (vii)  Incur  debt  as  necessary  in  the  liquidation

10    or receivership of the special purpose depository institution

11    and  secure  any  debt  by  the  pledge  or  mortgage  of  assets  of

12    the institution;

13

14         (viii)  Sell  assets  to  compromise  any  debt,  claim,

15    obligation or judgment due to the special purpose depository

16    institution,  discontinue  any  pending  action  or  other

17    proceeding and sell or otherwise transfer any portion of the

18    asset or liabilities of the institution;

19

20         (ix)  Establish  necessary  ancillary  receiverships

21    in other jurisdictions;

22

1          (x)  Distribute assets, in accordance with court

2     approval, after notice to all claimants. Subject to the

3     approval of the court, the receiver may make periodic and

4     interim liquidating distributions; and

5

6          (xi)  Take any other incidental action reasonably

7     related to the powers set forth in this subsection.

8

9     (d)  If provided by the articles of incorporation of the

10    special purpose depository institution, subscribers who

11    initially pledge subscriptions under W.S. 13-12-111(a) may

12    receive payment of subscriptions and accumulated dividends in

13    order of preference before payments are made to other

14    subscribers.

15

16    **13-12-124.  Order declaring special purpose depository**

17    **institution properly wound up and dissolved.**

18

19    (a)  Upon the completion of the liquidation of a special

20    purpose depository institution pursuant to W.S. 13-12-123,

21    the commissioner shall petition the court for an order

22    declaring the special purpose depository institution properly

23    wound up and dissolved.

2019                    STATE OF WYOMING                  19LSO-0055
                                                          Working Draft
                                                                0.7

1

2       (b)  After notice and hearing as ordered by the court,

3   the court shall enter an order declaring the special purpose

4   depository institution wound up and dissolved. The order

5   shall, to the extent applicable, declare that:

6

7           (i)   The institution has been properly wound up;

8

9           (ii)  All known assets of the institution capable

10  of distribution have been distributed, pursuant to W.S.

11  13-12-123;

12

13          (iii)  The special purpose depository institution

14  is dissolved; and

15

16          (iv)  If there are known debts or other

17  liabilities, describe the provision made for their payment,

18  setting forth all information necessary to enable a creditor

19  or other person to whom payment is to be made to appear and

20  claim payment of the debt or liability.

21

22      (c)  An order issued pursuant to subsection (b) of this

23  section shall review, modify as necessary and adopt a plan

2019            STATE OF WYOMING            19LSO-0055
                                           Working Draft
                                           0.7

1   proposed  by  the  commissioner  for  the  disposition  or

2   maintenance of any remaining real or personal property or

3   other special purpose depository institution assets. The plan

4   shall  include  written  notice  to  all  known  owners  or

5   beneficiaries of the assets.

6

7       (d)  The  court  may  enter  additional  orders  and  grant

8   further relief as it determines appropriate upon the evidence

9   submitted.

10

11      (e)  Upon  the  issuance  of  the  order  declaring  the

12  special   purpose   depository   institution   dissolved,   the

13  existence of the special purpose depository institution as a

14  corporation shall cease, except for purposes of any necessary

15  additional winding up. The commissioner shall promptly file

16  a copy of the order, certified by the clerk of the court,

17  with the office of the secretary of state.

18

19      13-12-125.  **Change of place of business, dissolution,**

20  **conversion, merger or sale of special purpose depository**

21  **institutions.**

22

2019                 STATE OF WYOMING              19LSO-0055
                                                  **Working Draft**
                                                  **0.7**

1        (a)  A  proposal  to  change  the  place  of  business,

2   dissolve, convert, merge or sell a special purpose depository

3   institution  may  be  proposed  by  the  officers,  directors  or

4   subscribers  of  the  institution.  The  proposal  shall  be

5   considered and approved or rejected by the subscribers of the

6   special  purpose  depository  institution  in  the  same  manner  as

7   an  amendment  to  the  articles  of  incorporation  of  the

8   institution under W.S. 13-12-106.

9

10       (b)  A  proposal  approved  under  subsection  (a)  of  this

11  section to change the place of business, convert or merge a

12  special  purpose  depository  institution  shall  be  conducted  as

13  nearly  as  practicable  under  W.S.  13-4-101  through  13-4-114,

14  subject to exceptions specified by the commissioner which are

15  necessary  to  comply  with  this  chapter.  The  applicable

16  provisions  of  the  Wyoming  Business  Corporation  Act,  W.S.

17  17-16-101 through 17-16-1810, shall not apply to a change of

18  a place of business or merger conducted under this subsection.

19

20  ************************************************************
21                  ********************
22                  **STAFF COMMENT**
23
24  **This  section  grants  the  subscribers  of  a  special  purpose**
25  **depository  institution  a  great  deal  of  control  over  the**

2019                  STATE OF WYOMING               19LSO-0055
                                                  Working Draft
                                                        0.7

1   operation of the institution. The Task Force should consider
2   whether this authority is appropriate.
3
4   *************************************************************
5                        *******************
6
7        13-12-126.  Voluntary  dissolution  of  special  purpose
8   depository   institution;   liquidation;   reorganization;
9   application  for  dissolution;  filing  fee;  filing  with  the
10  office of the secretary of state; revocation of charter.
11
12       (a)  A  special  purpose  depository  institution  may
13  voluntarily  dissolve  in  accordance  with  the  provisions  of
14  this  section.  If  a  proposal  to  dissolve  a  special  purpose
15  depository  institution  is  approved  under  W.S.  13-12-125(a),
16  voluntary  dissolution  shall  be  accomplished  by  either
17  liquidating  the  special  purpose  depository  institution  or
18  reorganizing  the  institution  into  an  appropriate  business
19  entity  that  does  not  engage  in  any  activity  authorized  only
20  for  a  special  purpose  depository  institution.  Upon  complete
21  liquidation  or  completion  of  the  reorganization,  the
22  commissioner  shall  revoke  the  charter  of  the  special  purpose
23  depository  institution  and  afterward,  the  company  shall  not
24  use  the  word  "special  purpose  depository  institution"  or

1    "bank" in its business name or in connection with its ongoing

2    business.

3

4          (b)  The  special  purpose  depository  institution  may

5    dissolve its charter either by liquidation or reorganization

6    and  shall  file  an  application  for  dissolution  with  the

7    commissioner, accompanied by a filing fee established by rule

8    of  the  commissioner.  The  application  shall  include  a

9    comprehensive plan for dissolution setting forth the proposed

10   disposition  of  all  assets  and  liabilities,  in  reasonable

11   detail  to  effect  a  liquidation  or  reorganization,  and  any

12   other  plans  required  by  the  commissioner.  The  plan  of

13   dissolution shall provide for the discharge or assumption of

14   all of the known and unknown claims and liabilities of the

15   special  purpose  depository  institution.  Additionally,  the

16   application  for  dissolution  shall  include  other  evidence,

17   certifications, affidavits, documents or information as the

18   commissioner  may  require  demonstration  of  how  assets  and

19   liabilities  will  be  disposed,  the  timetable  for  effecting

20   disposition of the assets and liabilities and the proposal of

21   the special purpose depository institution for addressing any

22   claims  that  are  asserted  after  dissolution  has  been

23   completed. The commissioner shall examine the application for

1   compliance with this section, the business entity laws

2   applicable to the required type of dissolution and applicable

3   rules. The commissioner may conduct a special examination of

4   the special purpose depository institution, at the cost of

5   the institution, for purposes of evaluating the application.

6

7        (c)  If the commissioner finds that the application is

8   incomplete, the commissioner shall return it for completion

9   not later than sixty (60) days after it is filed. If the

10  application is found to be complete by the commissioner, not

11  later than thirty (30) days after it is filed, the

12  commissioner shall approve or disapprove the application.  If

13  the commissioner approves the application, the special

14  purpose depository institution may proceed with the

15  dissolution pursuant to the plan outlined in the application,

16  subject to any further conditions the commissioner may

17  prescribe. If the special purpose depository institution

18  subsequently determines that the plan of dissolution needs to

19  be amended to complete the dissolution, it shall file an

20  amended plan with the commissioner and obtain approval to

21  proceed under the amended plan. If the commissioner does not

22  approve the application or amended plan, the special purpose

23  depository institution may appeal the decision to the board

1   pursuant to the Wyoming Administrative Procedure Act, W.S.

2   16-3-101 through 16-3-115.

3

4        (d)  Upon completion of all actions required under the

5   plan  of  dissolution  and  satisfaction  of  all  conditions

6   prescribed   by   the   commissioner,   the   special   purpose

7   depository institution shall submit a written report of its

8   actions  to  the  commissioner.  The  report  shall  contain  a

9   certification made under oath that the report is true and

10  correct.  Following receipt of the report, the commissioner,

11  no later than sixty (60) days after the filing of the report,

12  shall examine the special purpose depository institution to

13  determine  whether  the  commissioner  is  satisfied  that  all

14  required actions have been taken in accordance with the plan

15  of  dissolution  and  any  conditions  prescribed  by  the

16  commissioner. If all requirements and conditions have been

17  met, the commissioner shall, within thirty (30) days of the

18  examination,   notify   the   special   purpose   depository

19  institution  in  writing  that  the  dissolution  has  been

20  completed and issue a certificate of dissolution.

21

22       (e)  Upon receiving a certificate of dissolution, the

23  special  purpose  depository  institution  shall  surrender  its

1  charter to the commissioner. The special purpose depository

2  institution shall then file articles of dissolution and other

3  documents required by W.S. 17-16-1401 through 17-16-1440 for

4  a corporation with the office of the secretary of state. In

5  the case of reorganization, the special purpose depository

6  institution shall file the documents required by the

7  secretary of state to finalize the reorganization.

8

9      (f)  If the commissioner determines that all required

10  actions under the plan for dissolution, or as otherwise

11  required by the commissioner, have not been completed, the

12  commissioner shall notify the special purpose depository

13  institution, not later than thirty (30) days after this

14  determination, in writing what additional actions shall be

15  taken in order for the institution to be eligible for a

16  certificate of dissolution. The commissioner shall establish

17  a reasonable deadline for the submission of evidence that

18  additional actions have been taken and the commissioner may

19  extend any deadline upon good cause. If the special purpose

20  depository institution fails to file a supplemental report

21  showing that the additional actions have been taken before

22  the deadline, or submits a report that is found not to be

23  satisfactory by the commissioner, the commissioner shall

1    notify the special purpose depository institution in writing

2    that its voluntary dissolution is not approved, and the

3    institution may appeal the decision to the board pursuant to

4    the Wyoming Administrative Procedure Act, W.S. 16-3-101

5    through 16-3-115.

6

7        **13-12-127.  Failure to submit required report; fees;**

8    **rules.**

9

10   If a special purpose depository institution fails to submit

11   any report required by this chapter or by rule within the

12   prescribed period, the commissioner may impose and collect a

13   fee for each day the report is overdue, as established by

14   rule.

15

16       **13-12-128.  Willful neglect to perform duties imposed by**

17   **law or failure to conform to material lawful requirement made**

18   **by commissioner; removal.**

19

20       (a)  Each officer, director, employee or agent of a

21   special purpose depository institution, following written

22   notice from the commissioner, is subject to removal upon order

23   of the commissioner if he knowingly or willfully fails to:

2019                    STATE OF WYOMING                 19LSO-0055
                                                        Working Draft
                                                               0.7

1

2          (i)  Perform any duty required by this act or other

3     applicable law; or

4

5          (ii)  Conform  to  any  rule  or  order  of  the

6     commissioner.

7

8        **13-12-129.  Rules.**

9

10    The commissioner shall adopt all rules necessary to implement

11    this chapter, consistent with W.S. 13-12-108(b).

12

13       **Section 3.**  W.S.  13-1-101(a)(i)  and  by  creating  a  new

14    paragraph (xvi), 13-1-201, 13-1-203, 13-1-204, 13-1-605(b) by

15    creating  a  new  paragraph  (vii),  13-2-103,  13-4-504  by

16    creating  a  new  subsection  (e)  and  13-10-201(a)(iv)  are

17    amended to read:

18

19       **13-1-101.  Definitions.**

20

21       (a)  As used in this act, unless another definition is

22    specifically provided for a section, article or chapter of

23    this act:

                                 64                    [Bill Number]

2019                STATE OF WYOMING                **19LSO-0055**
                                                    **Working Draft**
                                                    **0.7**

1

2          (i)  "Bank"  means  any  corporation,  excluding

3  national banks, having a place of business within this state

4  which  engages  in  banking  business  or a special purpose

5  depository institution, subject to the limitations set forth

6  in W.S. 13-12-101 through 13-12-129;

7

8          (xvi)  "Special  purpose  depository  institution"

9  means a corporation operating pursuant to W.S. 13-12-101

10 through 13-12-129.

11

12     **13-1-201.   Generally.**

13

14 Subject to W.S. 13-12-103, this act applies to all banks in

15 this state organized under this act and to national banks

16 where specifically provided by the text.

17

18     **13-1-203.   Compliance required.**

19

20 No person or entity shall carry on a banking business except

21 in  compliance  with  this  act  or  W.S.  13-12-101  through

22 13-12-129.

23

2019                    STATE OF WYOMING                    19LSO-0055
                                                            Working Draft
                                                            0.7

1       13-1-204.  **Use of terms or names.**

2

3       (a)  No  person  or  entity  shall  advertise,  issue  or

4   circulate any paper or exhibit any sign using any of the terms

5   "bank",  "banker",  "banking",  "special  purpose  depository

6   institution",  or words of similar import, or use the name of

7   any   other   financial   institution   as   defined   by   W.S.

8   13-1-101(a)(ix) until they have fully complied with this act

9   or W.S. 13-12-101 through 13-12-129.

10

11      (b)  Consistent with subsection (a) of this section, a

12  special purpose depository institution may refer to itself as

13  a bank.

14

15      13-1-605.  **State banking board; meetings; compensation;**

16  **purpose.**

17

18      (b)  The banking board shall:

19

20          (vii)  Perform  the  duties  prescribed  in  W.S.

21  13-12-101 through 13-12-129.

22

23      13-2-103.  **Federal deposit insurance.**

                              66                    [Bill Number]

2019                     STATE OF WYOMING                **19LSO-0055**
                                                        **Working Draft**
                                                              **0.7**

1

2      (a)  All  banks, except  special  purpose  depository

3   institutions, shall obtain insurance of their deposits by the

4   United States and shall subscribe for insurance of deposit

5   accounts by the federal deposit insurance corporation (FDIC).

6

7      (b)  Nothing  in  this  section  shall  be  construed  as

8   prohibiting  a  special  purpose  depository  institution  from

9   obtaining FDIC insurance, if available.

10

11      **13-4-504.  Reorganization.**

12

13      (e)  Subparagraph  (a)(ii)(B)  of  this  section  shall  not

14   apply to a special purpose depository institution.

15

16   ***********************************************************
17                     *******************
18                     **STAFF COMMENT**
19
20   **This   provision   eliminates   potential   ambiguity   in   a**
21   **reorganization since the depositors and stockholders of a**
22   **special purpose depository institution are the same.**
23
24   ***********************************************************
25                     *******************
26

27      **13-10-201.  Definitions.**

28

1      (a)  As used in this article:

2

3           (iv)  "Wyoming  financial  institution"  means  any

4  bank,  savings  and  loan  association, special purpose

5  depository institution  or  trust  company  chartered  or

6  organized under the laws of Wyoming.

7

8      **Section  4.**  Consistent  with  this  act,  the  banking

9  commissioner  shall  adopt  rules  governing  special  purpose

10 depository  institutions  on  or  before  July 1,  2019,  provided

11 these rules shall not take effect until July 1, 2019.

12

13     **Section 5.**

14

15     (a)  Except as otherwise provided by subsection (b) of

16 this section, this act is effective July 1, 2019.

17

18     (b)  Section 4 of this act is effective immediately upon

19 completion of all acts necessary for a bill to become law as

20 provided by Article 4, Section 8 of the Wyoming Constitution.

21

22 ************************************************************
23                  *******************
24                     **STAFF COMMENT**

                        68                        [Bill Number]

2019                    STATE OF WYOMING                19LSO-0055
                                                        Working Draft
                                                               0.7

1
2    July 1, 2019 is the default effective date for legislation
3    in Wyoming. The Task Force should consider whether July 1,
4    2019 gives the Banking Commissioner adequate time to adopt
5    rules governing special purpose depository institutions.
6
7    ***************************************************************
8                        *******************
9
10                               (END)