# EXHIBIT T

# [PUBLIC VERSION]



## FEDERAL RESERVE BANK *of* KANSAS CITY



May-Oder
EXHIBIT NO. 64
10423         KPS
METROPOLITAN
COURT REPORTING + LEGAL VIDEO

August 2, 2021

**VIA ELECTRONIC MAIL**
Caitlin Long
Chairman and Chief Executive Officer
Avanti Financial Group, Inc.
P.O. Box 22475
Cheyenne, WY 82003
caitlin@avantibank.com

Dear Caitlin:

Thank you for taking the time to speak with us again regarding Avanti's request for a master account. As communicated in our call last week, we have not reached a decision regarding Avanti's account access request. We are working closely with the Board of Governors as we continue to evaluate the novel risks and opportunities presented by digital assets and the SPDI charter.

The Board of Governors recently received approximately 40 unique comments in response to its proposed Account Access Guidelines to evaluate requests for accounts and services at Federal Reserve Banks. We appreciate your participation in this process. As you know, one purpose of the proposed guidelines is to ensure that Reserve Banks evaluate a transparent and consistent set of factors when reviewing requests for accounts and services. The Board has also indicated that it is considering whether it should clarify the interpretation of legal eligibility for a master account under the Federal Reserve Act. Ultimately, we anticipate that a final decision on your application will be made pursuant to the guidelines and legal interpretation the Board may provide and it would be inappropriate for us to issue a decision before this work has progressed further.

In the meantime, we would appreciate your assistance in continuing to advance our understanding of the intended nature and use of Avanti's proposed Avit. We have the following questions for you concerning the Avit, which we ask that you respond to in writing:

1) Does Wyoming law specifically authorize the issuance of digital assets by an SPDI? If not, what state authority do you rely on to issue the Avit (or any other digital asset)?
2) Please provide any legal authority adopting Avanti's interpretation of blockchain-based electronic negotiable instruments or otherwise authorizing the use of blockchain-based electronic negotiable instruments.
3) Please address the interplay between the Uniform Commercial Code (UCC) Article 3 and the Uniform Electronic Transactions Act's (UETA) as related to the proposed Avit product. Specifically, how do the comments to UETA (particularly Sections 3 and 16 where the comments generally reference that UETA is not intended to impact payment systems or mechanisms) apply to Avanti's analysis?





Caitlin Long
Page 2

4) Please discuss the distinction between a depository institution and other issuers of negotiable instruments or stablecoins and provide supporting references for the proposition that only a depository institution may create an electronic version of a negotiable promissory note.
5) Does UETA Section 16 or Wyoming law provide certainty regarding enforceability or holder-in-due-course status in the case of intermediate transfers among third parties that are not Avanti customers?
6) Do these laws address the effect of taking a transferable record (note) on the underlying obligation? Please specify whether the answer/analysis is the same for Avanti customers and Avit holders outside of the Avanti customer base.
7) Does UCC Article 9's requirement that a promissory note be in writing impact security interests in an Avit, and if yes, how so?
8) Does the transfer for consideration of an Avit create an electronic funds transfer and therefore implicate the Electronic Funds Transfer Act and Regulation E?
9) Would the Avit would be considered a "security" for purposes of the 1933 Securities Act?
10) How would uncertainty or a reversal in the Avit's legal status as an electronic negotiable instrument might impact Avit holders and Avanti?

Please provide your responses through secure email to me. We may request additional information from time to time, and we appreciate your patience during this process.

Sincerely,

Craig Zahnd
General Counsel and Senior Vice President

c: Albert Forkner, Wyoming Division of Banking Commissioner (albert.forkner@wyo.gov)

CONFIDENTIAL - Subject to Protective Order                                                                   FRB-AR-003859