# EXHIBIT AO

# [PUBLIC VERSION]

Message

**From**: katie@coxfedlaw.com [katie@coxfedlaw.com]
**Sent**: 10/22/2022 9:37:16 PM
**To**: 'Caitlin Long' [caitlin@custodiabank.com]
**Subject**: RE: definition of "complex bank"

I think everything is addressable and Board staff more than likely believes that too. But the volume of the findings is what is driving the tone of the letter – there's just a lot to address. As I mentioned yesterday, the tone of these letters is almost always more conservative than the verbal meetings with the examiners and bankers are often surprised with how the tone doesn't match the impression they got in final discussions.

**KATIE S. COX**
katie@coxfedlaw.com
C: +1 (703) 640-8666

**From:** Caitlin Long <caitlin@custodiabank.com>
**Sent:** Saturday, October 22, 2022 4:50 PM
**To:** katie@coxfedlaw.com
**Subject:** Re: definition of "complex bank"

Got it, thanks.

Something is gnawing at me and I'd like your reaction to it. In the 2:2 final feedback session with Ross and Jenifer (the co-EIC) to Zev and me, Ross was reading from a script and twice said "everything is addressable." He then reiterated that to me in our 1:1 afterwards. I also asked him in our 1:1 whether his oral feedback meant it's "no" or "not yet" -- he said "not yet." Then, this letter comes and it doesn't mention the "everything is addressable" comment. What's your take on that? He wasn't talking off the cuff -- he was reading from a script when he said "everything is addressable." I was thinking about what you said yesterday -- that sometimes examiners aren't as direct in oral feedback when they like the examinee personally. But I don't think that's what happened here, because Ross was reading from a script.

Thoughts?

On Sat, Oct 22, 2022 at 1:55 PM <katie@coxfedlaw.com> wrote:

> Caitlin,
>
> I don't think hiving off Avit and just having digital asset custody will get you out of the complex bucket. Fed staff have great discretion in determining whether an institution is "complex." Given that Custodia business will be to offer digital products and services, the Fed for this reason alone believes that this is business plan makes Custodia Bank a complex institution. However, under the Fed's tailoring supervisory approach, community banks with assets under $10 billion are rarely considered complex.
>
> Typically being determined to be a complex institution means that if the bank has a bank holding company, the BHC would need to calculate consolidated capital ratios regardless of consolidated asset size. For Custodia, it probably

CONFIDENTIAL                                                                                    Custodia-00003104

means that the bank's capital structure needs to meet consolidated capital standards – such as having voting common stock be the predominant form of capital.

The bank is going to be subject to a customized and more detailed examination process – see below.  It also means that Custodia is expected to have more robust corporatewide enterprise risk management programs – so more is expected from Custodia than an ordinary community bank.  This is reasonable.

https://www.federalreserve.gov/supervisionreg/srletters/sr1909.htm

In reading the guidance below, as long as Custodia Bank is below $3 billion in assets, once the bank is out of de novo status, it should be subject to 18 month examination cycles rather than 12 month examination cycles.

https://www.federalreserve.gov/supervisionreg/srletters/sr1807.htm

I'm worried that they could require Custodia to do stress testing or resolution planning, which is a big effort that has to be done every three years and typically is only required for organizations with consolidated assets of $250 billion or more.

For the next meeting with Fed staff, I think we should ask what does being determined to be a complex banking institution specifically mean for Custodia.  At this point, I think it means that the KC Fed will do more in depth examinations and Custodia needs to have robust corporatewide enterprise management programs.  I don't know if it means Custodia is going to be subject to consolidated capital guidelines (voting common stock matter noted above)  - but that won't be an issue for Custodia.  I don't think it means that Custodia will need to do stress testing and resolution, but we should confirm that.

There's probably some other area of concern that I haven't thought of.

Katie

**KATIE S. COX**

CONFIDENTIAL

Custodia-00003105

katie@coxfedlaw.com

C: +1 (703) 640-8666

---

**From:** Caitlin Long <caitlin@custodiabank.com>
**Sent:** Saturday, October 22, 2022 11:42 AM
**To:** Katie Cox <katie@coxfedlaw.com>
**Subject:** Re: definition of "complex bank"


Related — if we hived off Avit and just had digital asset custody, do you think we would still be considered a "complex bank"?


On Sat, Oct 22, 2022 at 9:28 AM Caitlin Long <caitlin@custodiabank.com> wrote:

> Hi Katie -- whey they use the term "complex bank," what does that actually mean? Is there anything I can read to understand the standards they're applying as a result of determining (mid-exam) that they would examine us as a "complex bank"? thanks

CONFIDENTIAL