Bridget Hill, WY Bar #6-3616
Karl D. Anderson, WY Bar #6-2807
Devin Kenney, WY Bar #7-5964
Wyoming Attorney General's Office
2320 Capitol Avenue
Cheyenne, WY 82002
307-777-7886
bridget.hill@wyo.gov
karl.anderson@wyo.gov
devin.kenney1@wyo.gov

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:22-cv-00125-SWS |
| BOARD OF GOVERNORS OF | ) |
| THE FEDERAL RESERVESYSTEM & | ) |
| FEDERAL RESERVE BANK | ) |
| OF KANSAS CITY, | ) |
| | ) |
| Defendants. | ) |

## THE STATE OF WYOMING'S
## SECOND MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE*

The State of Wyoming (State), through counsel, moves this Court for permission to file a brief under Fed. R. App. P. Rule 29 through District of Wyoming Local Rule 83.6(d) as *amicus curiae* to support Plaintiff's request for declaratory judgment and mandamus against the Federal Reserve Board of Governors (Board) and the Federal Reserve Bank of Kansas City (Kansas City Fed) (collectively, Defendants) and to support Plaintiff Custodia Bank's (Custodia) Motion for Judgment as a Matter of Law on its Statutory Mandamus Claim filed on December 22, 2023.

**STANDARD**

The Local Civil Rules for the United States District Court for the District of Wyoming allow for *amicus* briefs. D. Wyo. Local R. Rule 7.1(b)(2)(G). The Rules provide that "[u]nless otherwise ordered by the Court, motions for leave to file and the filing of amicus briefs shall be governed by Fed. R. App. P. 29." D. Wyo. Local R. Rule 83.6(d). Rule 29 permits "[t]he United States or its officer or agency or **a state** may file an amicus brief without the consent of the parties or leave of court." Fed. R. App. P. Rule 29(2). Furthermore, this Court's Order Granting Unopposed Motion to Amend the Scheduling Order set a deadline for amicus briefs in support of Plaintiff Custodia for January 19, 2024. Although the State believes this Order impliedly authorizes the filing of *amicus* briefs, it has opted, in deference to the Court and the parties, to request from the parties and the Court leave to file this *amicus* brief.

Rule 29 requires that a motion for leave to file an *amicus* brief shall state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. Rule 29(3)(A)-(B). Beyond those principles, other courts in the 10th Circuit have recognized that "District courts . . . have broad discretion in allowing participation of amicus curiae." *Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020) (citation and internal quotation marks omitted). "[A]lthough courts consider a variety of factors in determining whether to accept an amicus brief, the most important factor is the usefulness of information and argument presented by the potential *amicus curiae* to the court." *United States v. Bd. of Cnty. Commissioners of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1118 (D.N.M. 2015), *aff'd sub nom. United States v. Bd. of Cnty. Commissioners of Cnty. of Otero*, 843 F.3d 1208 (10th Cir. 2016) (internal quotation marks, brackets, and citation omitted).

The State previously filed a motion for leave to file an *amicus* brief with this Court, and the motion was granted. [*See* ECF 77, ECF 86]. Rather than repeat its interests, the desirability of receiving this *amicus*, and why this *amicus* is relevant to the Court's disposition, the State refers the Court to the relevant portions of the prior motion. [ECF 77 at 3-5]. Instead, the State will limit its explication of those principles to only those matters that are being raised in addition to those original grounds.

I.      **The State's interests in the issues before this Court**

The State has an interest in the validation of the dual banking system and in a resolution of this case that establishes proper grounds for the review of the master account application of a Special Purpose Depository Institution (SPDI). The State has a pecuniary interest in its ability to regulate such entities and charter them in a manner that they may become operational; but more than that, the State has an interest in regulating these entities. The State's *amicus* brief will show how the Defendants' reflexive denial of Custodia's application, largely on the basis of the fact that it is a Wyoming SPDI, is detrimental to the State's interests.

II.     **The State's *amicus* brief is desirable**

An *amicus* filing by the State is desirable because it frames the contest between Plaintiff and Defendants in a more precedent-setting manner than might appear at first blush between the two sides. At issue in this case is, as will be shown from Defendants' bias against State-chartered institutions, much more than simply whether or not Custodia receives a master account—instead, what is really being decided is whether Wyoming SPDI institutions may qualify for any services from Defendants. If they do not, then Wyoming's model is rendered useless.

### III. The matters that the State asserts are relevant to the disposition of the case

The State does not advocate for or on behalf of Plaintiff on the merits of Plaintiff's application and substantive arguments. Rather, the State seeks to provide information about the dual banking system that provides context for the backdrop of this matter and the manner in which Defendants have arbitrarily enforced and utilized their authority. With an *amicus*, the State will provide a perspective on this matter that is useful to the disposition of the case that Plaintiff simply lacks.

The State therefore seeks leave to provide information and argument on this subject in the form of its *amicus* to this Court. The State has contacted Plaintiff and both Defendant Board and Defendant Kansas City Fed with regards to objections to the filing of this *amicus* motion and brief and all parties have indicated that they have no objection.

WHEREFORE, the State of Wyoming respectfully requests leave to fully participate in this matter as an *amicus* pursuant to Fed. R. App. P. Rule 29 through District of Wyoming Local Rule 83.6(d). The State simultaneously serves attached with this Motion its *Amicus* Brief (Exhibit A) and requests any other relief which the Court may deem appropriate to grant.

Dated this 17th day of January, 2024.

    State of Wyoming

    /s/ *Devin Kenney*
    Bridget Hill, Wyo. Bar No. 6-3616
    Attorney General
    Karl Anderson, Wyo. Bar No. 6-2807
    Supervising Attorney General
    Devin Kenney, Wyo. Bar No. 7-5964
    Senior Assistant Attorney General
    109 State Capitol
    Cheyenne, WY 82002
    (307) 777-7650

## CERTIFICATE OF SERVICE

I certify that on this 17th day of January 2024, a copy of the foregoing **THE STATE OF WYOMING'S SECOND MOTION FOR LEAVE TO FILE BRIEF AS** *AMICUS CURIAE* was served in the following manner as addressed to:

| | |
|---|---|
| John K. Vila<br>Ryan Thomas Scarborough<br>Whitney D. Hermandorfer<br>Jamie Wolfe<br>WILLIAMS & CONNOLLY<br>680 Maine Avenue SW<br>Washington, DC 20024<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Scott E. Ortiz<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Angela Tarasi<br>KING &SPALDING LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, CO 80202<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |
| Billie LM Addleman<br>John P. Fritz<br>HIRST APPLEGATE<br>P.O. Box 1083<br>Cheyenne, WY 82003<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |

Joshua P. Chadwick                                                     VIA CM/ECF
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
*Attorneys for Defendant Federal Reserve Board of Governors*

                                        /s/ *Jessica Curless*
                                        Paralegal
                                        Office of the Attorney General