# UNITED STATES DISTRICT COURT

# DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:22-cv-00125-SWS |
| BOARD OF GOVERNORS OF ) | |
| THE FEDERAL RESERVE SYSTEM & ) | |
| FEDERAL RESERVE BANK ) | |
| OF KANSAS CITY, ) | |
| ) | |
| Defendants. ) | |

## *AMICUS CURIAE* BRIEF OF THE STATE OF WYOMING IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to this Court's Order setting the deadline for amicus briefs in support of Plaintiff Custodia for January 19, 2024 and the Court's Order Granting the State of Wyoming Leave to File dated January 18, 2024, the State of Wyoming files this *amicus curiae* brief. The Wyoming Attorney General is further authorized to file this *amicus* by Wyo. Stat. Ann. § 9-1-603(a)(iv) which authorizes her to "[r]epresent the state in suits, actions or claims in which the state is interested in . . . any United States court[.]" Wyo. Stat. Ann. § 9-1-603(a)(iv). This brief is intended to provide further context and support to the Plaintiff's Petition for Review on its APA Claim and its Motion for Judgment as a Matter of Law on its Statutory Mandamus Claim filed on December 22, 2023. [ECF 238] While the State does not seek to vindicate Custodia's individual interests, it instead speaks

in favor of its regulatory banking regime and the United States' dual banking system to provide the Court with additional insight in analyzing Plaintiff's arguments.

## ARGUMENT

Defendants' internal correspondence, uncovered during discovery, makes clear that they saw Plaintiff's request for a master account as being precedential for all Special Purpose Depository Institutions (SPDI). *See* ECF 240-19 (writing in regard to Plaintiff's master account application, "[d]ue to the unique nature of SPDIs and the broader impacts this decision may have, we are working with our colleagues across the system and at the Board to understand their viewpoints on the matter"). This revelation confirms the State's existing concern that the Defendants' overwhelming bias against State-chartered banks, and those chartered by Wyoming particularly, makes any Wyoming issued SPDI charter irrelevant. Even though it is carefully crafted, the State's regulatory banking regime for all SPDIs is essentially nullified by the Defendants' posture and actions taken in this appeal.

The State's primary concern is that Defendants' reasoning, as it relates to the Plaintiff, applies equally to all SPDI banks chartered under Wyoming law. [ECF 129 at 7-8]. Statements made by Defendants, demonstrate that Defendants' denial was due in large part to the fact that Plaintiff would operate under a SPDI charter from the State of Wyoming. For example, to briefly name just a few of these, the Kansas City Fed has prominently noted that:

- "Neither the federal capital framework nor the Wyoming state rules have incorporated requirements related specifically to crypto-assets." [ECF 129 at 7].

- "[T]he Wyoming rules allow Custodia to hold other high-quality liquid assets, which may introduce credit or market risk to the institution." [ECF 129 at 7, n.8].

- "[T]he firm will be subject to a legal regime and resolution process that has not been subject to a court validated claims process (even where assets purportedly are in excess of deposit liabilities)." [ECF 129 at 7].

- "The absence of a proven resolution process exacerbates the risk to the Reserve Bank presented by the receipt of deposits from Custodia." [*Id.*]

- "The statutory and regulatory safety and soundness framework for SPDIs is substantially different from the framework that applies to federally insured institutions." [ECF 129 at 8].

While directed toward Plaintiff's individual application, each of the foregoing statements are equally true about every potential Wyoming SPDI which may come into existence. Each of those statements demonstrate the Kansas City Fed's disdain for and disparagement of Wyoming's statutory and regulatory banking regime.

Given the apparent internal position of Defendants, it is reasonable to infer that they will consistently apply their apparent animus towards all Wyoming SPDI banks on future applications. Moreover, the decision letter makes clear that the Kansas City Fed's decision is not based solely "on the facts and circumstances" of the Plaintiff but is rather tied to the Fed's distrust of Wyoming's SPDI model itself. [ECF 129 at 7-8]. The Defendants' actions in this case essentially nullifies, without adequate justification, Wyoming's SPDI regulatory structure. Defendants' conduct thus injures the State's regulatory banking interest.

The State of Wyoming has an interest in its regulation of banking activities that occur within its borders and in upholding its bank chartering role under the United States'

dual banking system. The State also has a direct pecuniary interest in the creation and regulation of SPDI banks, given that it collects fees from regulated and operating SPDIs. Wyo. Stat. Ann. § 13-12-119(d). Defendants' equivocations and its questioning of Wyoming law, illuminates the impingement on Wyoming's regulatory authority.

Equality between federally-chartered and state-chartered banks is "firmly embedded in the statutes governing the national banking system." *First Nat. Bank in Plant City v. Dickinson*, 396 U.S. 122, 133 (1969). Multiple precedential decisions confirm this stance. *See, e.g.*, *State of Colo. ex rel. Colorado State Banking Bd. v. Resolution Trust Corp.*, 926 F.2d 931, 946 (10th Cir. 1991) (outlining how regulation that "applie[d] equally to both state and national banks" "protect[ed] competitive equality" between them); *State of Colo. ex rel. State Banking Bd. v. First Nat. Bank of Fort Collins*, 540 F.2d 497, 500 (10th Cir. 1976) ("[T]he congressional intent behind the provisions of [federal branch banking statute] was to place national and state banks on a basis of 'competitive equality[.]'"). Indeed, the principle of regulatory equality is further enhanced by the requirement of 12 U.S.C. § 248a(c)(2) that "[a]ll Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions"—of which class Plaintiff is. 12 U.S.C. § 248a(c)(2); 12 U.S.C. § 461(b)(1)(A)(i).

However, instead of considering that precedent, the Defendants appear to have tied everything together related to cryptocurrency, bias against new financial devices, and apparent fraud within these spheres (including FTX, as discussed in Plaintiff's omnibus brief), in a reflexive posture that amounts to "*virtual currency is risky, thus Wyoming SPDIs are risky, thus a Wyoming SPDI (such as the Plaintiff) should be denied the ability*

*to operate through a master account.*" This approach is both improper and offensive to the proper division of finance regulation in the United States. Indeed, Defendant Board's Policy Statement declared that

> the Board would presumptively prohibit SMBs [state member banks] from holding most crypto-assets as principal, and also would provide that any SMB seeking to issue a dollar token would need to demonstrate, to the satisfaction of Federal Reserve supervisors, that the bank has controls in place to conduct the activity in a safe and sound manner, and to receive a Federal Reserve supervisory nonobjection before commencing such activity

Statement, Board of Governors of the Federal Reserve System, Policy Statement on Section 9(13) of the Federal Reserve Act (Jan. 27, 2023).[1] This disrespect for the dual banking system and Wyoming's chartered banks should not stand.

## CONCLUSION

Plaintiff's use of the SPDI charter should not impact whether it receives a master account; instead, it should be judged according to its own merits and the legal constraints on Defendants during the master account application review process. Rather than apply a logical method based on Plaintiff's actual plan of operation, or even a true assessment of the risks and features of SPDIs, the Defendants appear to have applied an automatic and tenuous heuristic in settling on their decision to deny the Plaintiff's application. In sum, Wyoming chartered SPDIs, utilizing innovative financial and banking markets, should not be penalized reflexively for doing so. Rather, those entities should instead be subject to an appropriate level of scrutiny free from bias against the structure of the dual banking system.

---

[1] https://www.federalreserve.gov/newsevents/pressreleases/files/bcreg20230127a1.pdf

The State of Wyoming has, thus far in vain, tried to comply with all the requirements that the Defendants have put out in creating SPDI charters, and yet the Defendants still have not granted master accounts for any SPDIs.

The State of Wyoming respectfully requests that the Court consider the State's regulatory position in analyzing Plaintiff's motion for judgment as a matter of law.

Dated this 18th day of January, 2024.

                                                 */s/ Devin Kenney*
                                                 Bridget Hill, Wyo. Bar No. #6-3616
                                                 Attorney General
                                                 Karl Anderson, Wyo. Bar No. #6-2807
                                                 Supervising Attorney General
                                                 Devin Kenney, Wyo. Bar No. #7-5964
                                                 Senior Assistant Attorney General
                                                 109 State Capitol
                                                 Cheyenne, WY 82002
                                                 (307) 777-7886
                                                 bridget.hill@wyo.gov
                                                 karl.anderson@wyo.gov
                                                 devin.kenney1@wyo.gov

                                                 *ATTORNEYS FOR STATE OF WYOMING*

# CERTIFICATE OF SERVICE

I certify that on this 18th day of January 2024, a copy of the foregoing *AMICUS CURIAE* BRIEF OF THE STATE OF WYOMING IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW was served in the following manner as addressed to:

| | |
|---|---|
| John K. Vila<br>Ryan Thomas Scarborough<br>Whitney D. Hermandorfer<br>Jamie Wolfe<br>WILLIAMS & CONNOLLY<br>680 Maine Avenue SW<br>Washington, DC 20024<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Scott E. Ortiz<br>WILLIAMS PORTER DAY & NEVILLE<br>159 North Wolcott, Suite 400<br>P.O. Box 10700<br>Casper, WY 82602<br>*Attorneys for Plaintiff* | VIA CM/ECF |
| Angela Tarasi<br>KING &SPALDING LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, CO 80202<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |
| Billie LM Addleman<br>John P. Fritz<br>HIRST APPLEGATE<br>P.O. Box 1083<br>Cheyenne, WY 82003<br>*Attorneys for Defendant Federal Reserve Bank of Kansas City* | VIA CM/ECF |

Joshua P. Chadwick                                       VIA CM/ECF
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
Board of Governors of the Federal Reserve
System
20th Street and Constitution Avenue, N.W.
Washington, D.C. 20551
*Attorneys for Defendant Federal Reserve Board*
*of Governors*


                          /s/ Jessica Curless
                          Paralegal
                          Wyoming Attorney General's Office