Tyler J. Garrett, #6-4400
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
Cheyenne, WY 82001
(307) 634-7723
tgarrett@hkwyolaw.com

Michelle S. Kallen*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
mkallen@jenner.com

Matthew I. Summers*
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105
(628) 267-6800
msummers@jenner.com
*Admitted *pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CUSTODIA BANK, INC., | Civil Case No.: 1:22-CV-00125-SWS |
| *Plaintiff,* | |
| v. | |
| BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, and | |
| FEDERAL RESERVE BANK OF KANSAS CITY, | |
| *Defendants.* | |

BLOCKCHAIN ASSOCIATION AND PAYMENT SYSTEM SCHOLARS' MOTION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF PLAINTIFF

Blockchain Association (BA) and scholars Gerald P. Dwyer, Frank Emmert, Tonya M. Evans, Julie Andersen Hill, and George Selgin ((Amici scholars) collectively (Amici)), through their undersigned counsel, move this Court for leave to file a brief under District of Wyoming Local Rule 7.1(b)(2)(G) as amici curiae in the above captioned case.

## STANDARD AND ARGUMENT

Amici acknowledge that the Federal Rules of Civil Procedure do not provide for amicus participation at the district court level. The Local Civil Rules for the United States District Court for the District of Wyoming, however, do allow for amicus briefs with "leave of [the] court." D. Wyo. Local Rule 7.1(b)(2)(G). Local Rule 7.1(b)(2)(G) states that such a motion for leave to file an amicus brief "shall include a short, concise statement of the arguments and authorities in support of the motion." D. Wyo. Local Rule 7.1(b)(1)(B), as referenced by D. Wyo. Local Rule 7.1(b)(2)(G). However, the Local Rules further provide in another section that "[u]nless otherwise ordered by the Court, motions for leave to file and the filing of amicus briefs shall be governed by Fed. R. App. P. 29." D. Wyo. Local Rule 83.6(d). Although Section 83.6 does not control in this instance (as it is related to the review of actions of administrative agencies), Amici have chosen to model their motion utilizing Rule 29 of the Federal Rules of Appellate Procedure as a guide. Furthermore, in compliance with Local Rule 7.1(b)(2)(G), Amici have requested and received consent from the parties to file this brief. Amici now seek from the Court leave to file their amicus brief. Amici's [Proposed] Amicus Curiae Brief in Support of Plaintiff's Petition for Review and Motion for Judgment As a Matter of Law is attached; if this Court grants Amici leave to file, Amici will file their amicus brief separately in conformance with the Court's order.

Rule 29 requires that a motion for leave to file an amicus brief shall state "the movant's interest" and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(A)–(B). Beyond those principles, other courts in the Tenth Circuit have recognized that "[d]istrict courts . . . have 'broad discretion in allowing participation of *amicus curiae*."' *Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020) (citation omitted). "[A]lthough courts consider a variety of factors in determining whether to accept an amicus brief, the most important factor is the usefulness of information and argument presented by the potential *amicus curiae* to the court." *United States v. Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1118 (D.N.M. 2015), *aff'd*, 843 F.3d 1208 (10th Cir. 2016) (internal quotation marks, brackets, and citation omitted).

I. **AMICI'S INTERESTS IN THE ISSUES BEFORE THIS COURT**

BA is the leading nonprofit membership organization dedicated to promoting a pro-innovation policy environment for digital assets. BA endeavors to achieve regulatory clarity and to educate policymakers, regulators, courts, and the public about how blockchain technology can pave the way for a more secure, competitive, and consumer-friendly digital marketplace. BA represents over 100 member companies that reflect the diversity of the dynamic blockchain industry, including software developers, infrastructure providers, exchanges, custodians, investors, and others supporting the public blockchain ecosystem. Blockchain technology, which underlies digital assets, has demonstrated the potential to foster a more equitable financial system and return control over user data back to individuals instead of large corporations. Unlike traditional payment methods, digital assets are accessible to anyone with an internet connection,

enabling those who may lack financial services—or those who wish for more efficiency, transparency, and fewer fees—to join the global economy. Although the industry is still in its nascency, growth is rapid and protecting the ability of developers and entrepreneurs to innovate through sensible regulation is key.

BA and Amici scholars therefore have an undeniable interest in the issues in this proceeding.

## II.     AMICI'S AMICUS BRIEF IS DESIRABLE

An amicus filing by BA and Amici scholars is desirable because it provides useful information and argument to the Court relating to the dual banking system and Wyoming's innovative SPDI framework. Thus, having Amici's input in this matter as an amicus will help the Court make an informed ruling and will benefit the Court's adjudication of the issues presented which Plaintiff and Defendants alone may not be able to fully address.

## III.    THE MATTERS THAT AMICI ASSERT ARE RELEVANT TO THE DISPOSITION OF THE CASE

Amici do not advocate for or on behalf of Plaintiff on the merits of Plaintiff's entire petition and/or substantive arguments. Rather, Amici seek to provide information about innovation and regulatory architecture that is relevant to issues before the Court. With their brief, Amici will provide information useful to the disposition of the case.

Amici therefore seek leave to provide information and argument on this subject in the form of their amicus brief to this Court. Amici's counsel has contacted Plaintiff and Defendants with regard to objections to the filing of this amicus motion and brief and all parties have indicated that they consent.

WHEREFORE, Amici respectfully request leave to participate in this matter as an amicus pursuant to District of Wyoming Local Rule 7.1(b)(2)(G).  Amici simultaneously submit with this Motion their [Proposed] Amicus Brief and Proposed Order and request any other relief which the Court may deem appropriate to grant.

Dated: January 18, 2024

Tyler J. Garrett, #6-4400
HATHAWAY & KUNZ, LLP
2515 Warren Avenue, Suite 500
Cheyenne, WY  82001
(307) 634-7723
tgarrett@hkwyolaw.com

Respectfully submitted,

By: */s/ Michelle S. Kallen*
Michelle S. Kallen*
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000
mkallen@jenner.com

Matthew I. Summers*
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105
(628) 267-6800
msummers@jenner.com
*Admitted *pro hac vice*

*Counsel for Amici Curiae*

## CERTIFICATE OF CONFERRAL

Pursuant to D. Wyo. Local Rule 7.1(b)(1)(A), counsel for amici conferred with counsel for both Plaintiff and Defendants. No Party had an objection to the filing of the proposed brief.

Submitted respectfully this 18th day of January 2024.

*/s/ Michelle S. Kallen*
JENNER & BLOCK LLP

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of January 2024, I caused the foregoing document to be electronically transmitted to the Clerk of Court of the U.S. District Court, District of Wyoming, using the CM/ECF system for filing. Based on the records currently on file the Clerk of Court will transmit a Notice of Electronic Filing to all registered counsel of record.

                                              */s/ Michelle S. Kallen*
                                                JENNER & BLOCK LLP