# EXHIBIT 7

CONFIDENTIAL

In accordance with a protective order, the enclosure(s) shall be treated as confidential and shall not be shown to any person other than those persons designated in paragraph 8.2 of the paragraph order.



# Guidance for Federal Reserve Financial Services Applicants That Are Deemed High Risk by the Federal Reserve Bank of New York

The Federal Reserve Bank of New York (the Bank) exercises care to ensure that it offers accounts and provides financial services to all financial institutions on an equitable and impartial basis. The Bank endeavors to maintain the integrity and credibility essential to the effective discharge of its public responsibilities. Accordingly, if a financial institution seeking an account or requesting to use one or more Federal Reserve financial services poses heightened risks to the integrity or assets of the Bank, the Bank may take steps to mitigate those risks.

The Bank deems certain categories of financial institutions seeking an account or Federal Reserve financial services to be high-risk applicants, as further described in this guidance. For each high-risk applicant, the Bank will conduct enhanced due diligence and a risk assessment, and the Bank may take steps to mitigate risks posed by the applicant. Generally, the types of information the Bank may require to conduct enhanced due diligence and that the Bank may use in conducting risk assessments are described below. The information the Bank requires may vary, however, depending on whether the application is for an account and/or a financial service.

In assessing each applicant's risk, the Bank will focus primarily on anti-money laundering (AML), Bank Secrecy Act (BSA), and Office of Foreign Assets Control (OFAC) compliance risks, as well as credit risk. The steps that the Bank may take to mitigate risks posed by high-risk applicants can vary, but they may include transaction monitoring, collateral requirements, onsite reviews, and service-level limitations.[1] Moreover, to better understand whether a high-risk applicant is effectively managing its AML and OFAC risk, the Bank may require the applicant to provide an independent consultant's assessment of the applicant's compliance program.

## What is a High-Risk Applicant?

High-risk applicants include the following financial institutions:

- Institutions that are not subject to the supervision of a United States federal banking regulator;

- Institutions established as Edge Act or agreement corporations;

- Institutions largely prohibited from providing services to residents in the jurisdiction in which they are licensed or located (i.e., institutions that operate similarly to offshore institutions); and

---

[1] This guidance is separate from and in addition to the Federal Reserve Policy on Payment System Risk (the PSR Policy). Nothing in this guidance limits a high-risk applicant's obligations or the Bank's rights under the PSR Policy, and the Bank may take steps to address the risk posed by a high-risk applicant either under the PSR Policy or as described in this document. Information on the PSR Policy can be found at this link:
http://www.federalreserve.gov/paymentsystems/psr_relpolicies.htm.



- Any other class of financial institution that the Bank may deem to be high risk following an internal risk assessment.

## What Information Must a High-Risk Applicant Submit to the Bank?

In order for the Bank to conduct enhanced due diligence to understand risks presented by high-risk applicants, the Bank requires each applicant falling within that class to submit information in addition to what is required to open an account under Operating Circular 1. This information may include the following:[2]

- A "know your customer" questionnaire, which the Bank will provide to each applicant;
- The applicant's organizational documents and documentation of authority to conduct the business of banking (e.g., chartering documents and banking licenses), as well as organizational documents relating to the applicant's ultimate parent;
- Information regarding the applicant's compliance program, such as its OFAC and AML policies and procedures, risk assessments, and audit reports relating to BSA/AML programs;
- Information about the applicant's organizational structure, management structure, and governance and information about the applicant's owners and other principals;
- A business plan and a capital plan, each in a form acceptable to the Bank;
- The applicant's recent audited and unaudited financial statements; and
- Other information the Bank may deem relevant for a particular applicant's request.

All information must be submitted in English.

Following the Bank's review of the required information, the Bank may invite an applicant to meet to discuss any areas of concern and to present in person any other information that may be relevant to the applicant's request for an account or for financial services.

## What Information Will the Bank Use to Assess a High-Risk Applicant's Risk?

To assess risks presented by a high-risk applicant and to determine the appropriate level of corresponding controls, the Bank will apply an internal risk assessment that may consider the following factors:

- The nature of the applicant's business and customer base and the markets the applicant serves;
- The applicant's financial condition;
- The type or types of financial services the applicant has requested and, if relevant, the purpose of and expected activity in the account it is seeking to open;
- The nature and duration of the Bank's relationship with the applicant (and, if relevant, with any affiliate of the applicant);
- The AML and supervisory regime of the jurisdiction that issued the applicant's charter or license or, if the applicant was

---

[2] The Bank will provide each applicant more specific guidance when the applicant requests an account or Federal Reserve financial services.

2

- chartered in the U.S., any foreign jurisdictions where the applicant has affiliates, whether a parent or otherwise;

- Information known or reasonably available to the Bank about the AML compliance record of the applicant and its affiliates;

- Whether the applicant has developed an effective AML and OFAC compliance program, including whether the applicant's policies and procedures address OFAC and AML risks;[3]

- Whether the applicant's affiliates are operating under charters or licenses issued by countries that are designated as of primary money laundering concern by the Secretary of the Treasury or as state sponsors of terrorism by the Secretary of State or that are identified as noncooperative by the Financial Action Task Force;

- Whether the applicant or one of its affiliates has been subject to formal or informal regulatory enforcement actions in any jurisdiction in the last five years;

- Whether the applicant or its affiliates (or the senior management, directors, or significant owners of any of them) have ever been convicted of a criminal offense or have ever been the subject of a deferred prosecution agreement or non-prosecution agreement (or other similar nonadjudicated resolution) or a civil or criminal forfeiture action relating to money laundering, drug trafficking, corruption, terrorism, fraud, or other serious crimes;

- Significant weaknesses identified in the applicant's control environment related to legal, regulatory, operational, credit, financial, and reputational risks, whether those weaknesses have been identified by the Bank or another party; and

- Whether the Bank has identified any other adverse information regarding the applicant or its affiliates (or the senior management, directors, or significant owners of any of them).

## Questions

Questions regarding this guidance or the application process may be directed to the following individuals:

| | |
|---|---|
| Mariette Levine | (201) 531-3632 |
| Larry Franqui | (816) 881-2537 |

August 18, 2014

---

[3] Applicants may refer to Federal Financial Institutions Examination Council's Bank Secrecy Act Anti-Money Laundering Examination Manual for guidance on the elements of an effective AML and OFAC compliance program.

3