# EXHIBIT 42

CONFIDENTIAL

In accordance with a protective order, the enclosure(s) shall be treated as confidential and shall not be shown to any person other than those persons designated in paragraph 8.2 of the paragraph order.

FEDERAL RESERVE BANK *of* KANSAS CITY

January 7, 2022

Bridget Hill
Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Bridget.hill@wyo.gov

Dear Attorney General Hill:

    I am writing in response to your recent letter regarding the pending requests for access to Federal Reserve accounts and services by two Wyoming Special Purpose Depository Institutions (SPDIs). As previously communicated to the State of Wyoming's Division of Banking and the two SPDIs themselves, the Federal Reserve Bank of Kansas City (Reserve Bank) has not reached a decision regarding the account access requests. However, as President George previously offered, we would welcome a call with you and Governor Gordon to discuss the issues and timing surrounding these decisions, if you would find it helpful.

    The emerging digital asset sector specifically and novel banking charters in general introduce a complex set of considerations for risks and opportunities to banking organizations, their customers and the Reserve Banks, as well as to the nation's overall financial system and the implementation of monetary policy. Our assessment of the SPDI requests necessarily takes into account these broader implications to ensure that requests for access to Federal Reserve master accounts and financial services for all legally eligible entities (those seeking master accounts and those already holding them) are fairly and equitably considered. This is a rapidly developing area of intense focus at the Federal and State level, and there is a great deal of work in progress related to the SPDIs' requests.

    We understand that the complex set of issues associated with the SPDIs' account requests have extended the timeframe for a decision. However, 12 U.S.C. § 4807(a) applies only to the federal banking agencies, and the Reserve Bank is not a federal banking agency. Since the ultimate decision to grant or deny a master account request rests with the Reserve Bank to whom the request is directed, 12 U.S.C. § 4807(a) does not apply to requests for Federal Reserve accounts and services.[1]

    The source of the Federal Reserve Banks' discretion in the provision of accounts and services to financial institutions can be found in Section 13 of the Federal Reserve Act. Section 13 provides that the Federal Reserve Banks "may" provide accounts to (receive deposits from) member banks and other

---

[1] 12 U.S.C. § 4807 applies to Federal banking agencies, as defined in 12 U.S.C. § 1813, which includes the Board of Governors but does not include the Reserve Banks.

CONFIDENTIAL FRBKC-00014934



depository institutions, but it does not require them to do so.[2] The Board, the federal agency with the authority to interpret the terms of the Federal Reserve Act, has been clear on this issue in the past.[3]  As the Board has also repeatedly stated, access to Reserve Bank master accounts is not a "priced service" under Section 11A of the Federal Reserve Act (12 U.S.C. § 248a).  Rather, Section 11A applies only to the Board and relates to the establishment by the Board of a schedule of fees for the listed Reserve Bank services.  The provision has no application to the issuance of master accounts and does not establish a statutory entitlement to a master account for any institution.

Finally, while Reserve Bank staff provided observations to the State on select provisions in the draft SPDI bill and have remained engaged to understand the State's anticipated supervisory program, Reserve Bank staff did not design the SPDI charter in conjunction with the State, nor guarantee or state that SPDIs would automatically have access to Federal Reserve accounts and services.  Reserve Bank staff were clear that their feedback and engagement should not be construed to be an endorsement of the SPDI charter or an indication of the official views of the Reserve Bank or the Federal Reserve System.

As mentioned, we would be glad to further discuss these issues at your convenience.  Please let us know if that would be of interest to you.

    Sincerely,

    *[signature]*

    Craig Zahnd
    General Counsel and Senior Vice President

c:    Renny MacKay
    Policy Director for Governor Mark Gordon
    State Capitol
    200 West 24th Street
    Cheyenne, WY  82002
    Renny.mackay@wyo.gov

    Ms. Esther George
    President and Chief Executive Officer
    Federal Reserve Bank of Kansas City

---

[2] *See Farmers and Merchants Bank v. Federal Reserve Bank of New York*, 262 U.S. 649, 663 (1923) (the words "may receive" in section 13 of the Federal Reserve Act are "words of authorization merely… Throughout the act, the distinction is clearly made between what the Board and the reserve banks 'shall' do and what they 'may' do").

[3] *See, e.g.*, amicus briefs in both *TNB USA Inc. v. Fed. Reserve Bank of N.Y.*, No. 1:18-cv-7978 (S.D.N.Y) and *Fourth Corner Credit Union v. Fed. Reserve Bank of Kansas City*, No. 16-1016 (10th Cir.).

CONFIDENTIAL      FRBKC-00014935