# EXHIBIT 43

CONFIDENTIAL

In accordance with a protective order, the enclosure(s) shall be treated as confidential and shall not be shown to any person other than those persons designated in paragraph 8.2 of the paragraph order.

SPDI In-Person

September 1, 2021

## Prep Notes:

SPDI – novel activity in nontraditional charter/structure

- Don't fit nicely within regulatory regime

## Outstanding Questions:

POLICY

- Any updates on positions from other regulatory agencies on how they view regulatory/supervision gaps of this type of activity?
- Any updates on Federal Reserve's view regarding the monetary policy and financial stability implications of cryptocurriencies?

CRM-RELATED

- What additional controls/tools FRB should implement through a MA agreement to ensure appropriate insight and authority?
- What's our appetite for closing a master account in situations where we believe it poses undue risk to the RB and/or payment system?

GAPS in INFO for RB

- Level of risk posed by SPDIs
- Effectiveness of risk management frameworks proposed by the entities
- Profitability assumptions, payment volumes; expected predictability, volatility and size of end of day balances
- Legal status of Avit?

Principle 1 – Legal Eligibility

Principle 2 – Undue Credit, Operational, Settlement, Cyber or other risks to the Reserve Bank

- Little to no credit risk
- Elevated operational risk due to technological vulnerabilities; operational reliability
- Elevated cyber, fraud, and compliance risks w/BSA/AML risks
- Elevated liquidity and market risk due to volatility of crypto assets

GAPS:

- Effectiveness of risk management frameworks is hard to assess given the newness of Wy's supervisory program
- Capital, liquidity and market risk management expectations are untested in a significant stress environment

CONFIDENTIAL

- SPDI supervisory framework – is untested; not clear how it will tailor CAMELS rating system to SPDIs; resolution and receivership processes lack clarity – potential impacts to the RB in the event of a failure are uncertain.  How would the State approach a deposit payout to help wind down a failed SPDI?

Principle 3 – Undue credit, liquidity, operational, settlement, cyber or other risks to the Payment System

- Risk to payment system is low due to limited number of SPDIs and anticipated transaction volumes
- SPDIs required to adhere to same MA agreements and policies as other MA holders
- Cryptocurrency or stablecoin with mass adoption (Diem) could affect payment system risk
- SPDIs main liquidity exposure is in payment operations (managing deposit flows, customer w/drawals, account activity, and daylight OD positions)
- Wy law requires SPDIs to maintain unencumbered liquid assets equal to 100% of deposit liabilities
- Entities indicated plan to park cash in MA but if they would decide to invest in longer-term, high quality assets, this could cause a mismatch between maturities and liquidity needs, posing liquidity risk
- Vulnerable to cyberattacks that create payments system disruptions

GAPS

- Hard to assess given the nascent nature of SPDIs and the current impact of the crypto ecosystem relative to the financial market

Principle 4 – Undue risk to the US Financial System

- Don't appear to have a network effects to achieve a volume that could impact financial stability
- SPDIs don't have business model, like pass through investment entities, encouraging customers to park significant amounts of money in a MA to earn higher interest rate
- Currently, both entities plan to offer DDA and/or MMKT accts, but could offer longer term deposits which may introduce new liquidity risks
- Credit risk posed by SPDI is limited on an individual basis (not being able to bring account positive) and can be managed by implementing controls (reject wires) and limiting access to services
- This would change if they requested access to the DW

GAPS

- [REDACTED] has CFO w/banking experience but we do not have information about treasury operations staff
- Avanti has a new CFO – how much treasury operations experience?
- Currently, don't plan to access DW but what if that changed – would they be eligible? Sufficient collateral to pledge?
- It is unclear how SPDIs and their customers would react during market-wide financial or economic stress and whether, as the crypto ecosystem grows, SPDIs could eventually pose financial stability concerns

CONFIDENTIAL

Principle 5 – Undue risk to overall Economy by facilitating activities such as money laundering, terrorism financing, fraud or cybercrimes

- BSA/AML risk is elevated
- SPDIs are subject to same BSA/AML expectations as traditional banks
- State will also regularly monitor crypto activity through a 3rd party, Chainalysis, a tool that tracks transactions
- Compliance personnel at both entities considered experienced

GAPS

- Do these companies have safe compliance mindset as traditional banks?  Are they more

Principle 6 – Ability to implement Monetary Policy

- Widespread cryptocurrency use could affect implementation of monetary policy

GAPS

- Several unanswered questions:
    o Would balances in SPDI"s MA earn interest? (assume yes)
    o What is the expected predictability, volatility and size of end of day MA balance? (Avanti is de novo and don't have info from ⌈REDACTED⌉
    o Would RB controls on MA affect intended function of master arrangement? (Not expecting ONOD or DW access)
        ▪ Mary-Frances' response to this question:  I think this question is more related to ways in which the Reserve Bank could work with the account holder to manage end of day balance account volatility, which OD or discount window access would not really address.  Let's say in a very extreme case that an entities account started to fluctuate so much that it hampered the Fed's ability to manage the supply of reserve balances in the system efficiently.  In this (extreme) case, we could talk to the account holder about what was going on and consider steps to increase the predictability of the account balances (maybe thru asking them to share balance forecasts or some other means).  Actually, the busines model forecasts cash holdings at the Fed.  Based on this, you could augment your response here to based on business model forecasts of reserve holdings (note the size relative to total reserves in the system) and indicate that the imposition of a limit on account volatility does not seem necessary.  That said, this could change over time as supply and demand dynamics of reserve balances change and thus we  have flagged this for MA staff so that they are aware (something like this).

<u>NY High Risk Handbook & Supplemental Controls:</u>

CONFIDENTIAL

Overall, can leverage their handbook and controls; it provides pretty wide coverage for FRBNY to engage/request independent reviews or their own review of the entities operations and records related to its MA and/or Fin'l Services; security assessment; investigation/follow up to any red flag (defined in Appendix B); notifications of material changes in activity, relationships, etc. Also speaks to suspending, modifying and terminating MA or financial services.

Escalation protocol describes the actions the Bank takes to manage the risks posed by a high risk customer and how it makes the determination to restrict access.

Areas where we would want to enhance: This would continue to evolve as we learn and better understand risks associated with various entity types; but for SPDIs specifically -

- Need Liquidity reports to monitor/ensure they're 100% reserves against liabilities; may want infor on off balance sheet items (custodial activity)
- Triggers
- Handbook includes request for a security assessment but we would want more detail on Info Security/IT controls
- In addition to modifying, suspending or terminating accounts/services, we would want to include more detail around being able to limit activity (e.g. only 2 wires/day) This is in their Escalation Protocol
- Not for the Handbook – but would want to pursue establishing an indemnity agreement with the State's similar to indemnity agreements for FDIC insured institutions, to protect the RB from loss in the event of a failing SPDI

CONFIDENTIAL