# EXHIBIT CW

# [PUBLIC VERSION]

CONFIDENTIAL * * * CONFIDENTIAL * * * CONFIDENTIAL

Page 363

1      IN THE UNITED STATES DISTRICT COURT
2      FOR THE WESTERN DISTRICT OF MISSOURI
3
4   CUSTODIA BANK, INC.,
5              Plaintiff,
6   vs.                                No.
7   FEDERAL RESERVE BOARD OF           22-cv-00125-SWS
8   GOVERNORS and FEDERAL RESERVE
9   BANK OF KANSAS CITY,
10             Defendants.
11
12
13
14                    VOLUME II
15
16
17      CONTINUED CONFIDENTIAL DEPOSITION OF
18   JUDITH HAZEN, a Witness, taken on behalf of the
19   Plaintiff before Kelsey Robbins Schmalz, CSR No.
20   1571, CCR No. 1148, RPR, pursuant to Notice on the
21   15th of November, 2023, at the offices of the Federal
22   Reserve Bank of Kansas City, 1 Memorial Drive, Kansas
23   City, Missouri.
24
25

Page 390

1   entity that had a brand new charter type that was
2   uninsured and that had a novel business model would
3   have been a nonroutine request for us.
4   BY MS. WEINBERGER:
5         Q.    And an entity like Custodia would've
6   been nonroutine regardless of whether its membership
7   application was granted?
8             MS. CARLETTA:  Objection.  Form.
9             Also, I'll note we've been going for a
10  half hour.
11        A.    So by its nature of being one of the
12  first entities to receive a charter that had just
13  been just been created, it would be unique.  The fact
14  that it was not insured would also be unique.  The
15  fact that it's a de novo entity would also be unique.
16  So all of those factors and probably more would drive
17  it into being a nonroutine request, so I don't know
18  that the membership decision would have influenced
19  whether it was routine or nonroutine.
20  BY MS. WEINBERGER:
21        Q.    Whereas under the guidelines, whether
22  Custodia's membership application was granted
23  affected whether it was going to be in Tier 2 or
24  Tier 3; is that correct?
25        A.    So far as the definition that the

Page 391

1     Board ascribed to those different tiers, yes.  I
2     believe that if Custodia had been granted membership
3     that would have moved it to be considered a Tier 2
4     institution versus a Tier 3 institution.
5          Q.    Okay.  I want to move on to what I've
6     marked as Exhibit 192, which is Bates No. 17747.
7                So if you could look -- first of all,
8     do these appear to be your notes?
9          A.    They do.
10         Q.    And if you could look at Page 17749.
11    Can you tell when these notes are from?  And if you
12    need a moment to look at them, I'm happy to go off
13    the record for a minute.
14         A.    So the notes in this notebook I think
15    would have been from July of 2020 through August of
16    2020, but I don't know these specific pages where in
17    that timeline they would have been.
18         Q.    Okay.  And it says SPDI meeting at the
19    top of the page; is that correct?
20         A.    Yes.  SPDI meeting.
21         Q.    And who were you meeting with?
22         A.    It doesn't say.
23         Q.    Do you have any recollection?
24         A.    I don't.
25         Q.    So it seems to be referring to