# EXHIBIT 94

CONFIDENTIAL

In accordance with a protective order, the enclosure(s) shall be treated as confidential and shall not be shown to any person other than those persons designated in paragraph 8.2 of the paragraph order.

**FRBKC's Responses to Facts Contained in**
**Appendix A of Custodia's Opposition and Reply (ECF No. 295)**

| Paragraph of Custodia Appendix | Response of the Federal Reserve Bank of Kansas City |
|---|---|
| 1 | Undisputed. |
| 2 | Disputed. *See* FRBKC Summary Judgment Cross-Motion and Opposition Brief (ECF No. 273) ("FRBKC Br.") ¶ 28 and n.6; FRBKC Reply in Support of Summary Judgment ("FRBKC Reply Br.") at 10 n.4. |
| 3 | Disputed. *See* FRBKC Br. ¶ 25. While the statute requires SPDIs to be fully reserved, that does not mean, as Custodia suggests, that SPDIs "are" fully reserved. It is important to have examinations and ongoing supervision to confirm. |
| 4 | Undisputed. |
| 5 | Undisputed. |
| 6 | Disputed. *See* FRBKC Br. ¶ 92. At that time, FRBKC informed Custodia that it did not intend to issue its decision on the master account until the draft proposed Guidelines had been finalized. |
| 7 | Undisputed. |
| 8 | Undisputed. |
| 9 | Disputed. *See* FRBKC Br. ¶ 93; Ex. 73. The document speaks for itself. The "S-Letter" does not "instruct" Reserve Banks; it provides Reserve Banks with guidance on implementing the final Guidelines. |

| Paragraph of Custodia Appendix | Response of the Federal Reserve Bank of Kansas City |
|---|---|
| 10 | Disputed. *See* FRBKC Br. ¶ 94; Ex. 73. The S-Letter speaks for itself and does not "require" Reserve Banks to take action as Custodia contends. Ex. 73 at FRB-AR-000016. |
| 11 | Disputed. *See* FRBKC Br. ¶ 97; Ex. 80. The Handbook speaks for itself. It provides "guidance" but does not "require" Reserve Banks to take action as Custodia contends. Ex. 80 at FRBKC-00017290, FRBKC-00017292, FRBKC-00017299. |
| 12 | Disputed. *See* FRBKC Br. ¶ 95; Ex. 73. The S-Letter speaks for itself and does not "require" Reserve Banks to take action as Custodia contends. Ex. 73. |
| 13 | Disputed. *See* FRBKC Reply Br. at 18 n.10. Custodia's proof that the Board "urged" Custodia to apply for membership is inadmissible hearsay. |
| 14 | Disputed. *See* FRBKC Br. ¶ 100. FRBKC objects to Custodia's characterization of the decision on its master account request as being "delayed" while the Board considered Custodia's membership application. FRBKC made an independent decision to deny Custodia's master account request. President George chose not to communicate that decision until membership was decided, because if the Board had granted membership, then FRBKC would have re-evaluated Custodia's master account taking into account the presence of federal supervision. *See* FRBKC Br. ¶ 100; Ex. 23, George Tr. at 196:4-8; 210:17–20, 211:12–17; Ex. 16, 30(b)(6) Tr. at 314:16–315:17. |
| 15 | Undisputed. |

| Paragraph of Custodia Appendix | Response of the Federal Reserve Bank of Kansas City |
|---|---|
| 16 | Disputed. *See* FRBKC Br. ¶ 100. Custodia's reference to FRBKC "officials" is vague and unclear. FRBKC also objects to the characterizations of the relationship between its master account work and the Board's decision on Custodia membership application. FRBKC considered the Board's ultimate decision on Custodia's membership application as one factor in FRBKC's ongoing analysis of Custodia's master account request. *See* Ex. 23, George Tr. at 210:17–20, 211:12–17; Ex. 16, 30(b)(6) Tr. at 314:16–315:17. |
| 17 | Disputed. *See* FRBKC Br. ¶¶ 68–71, 100; *see also* above response to Custodia Appendix ¶¶ 14, 16. |
| 18 | Disputed. FRBKC objects that Custodia's description applies only to direct access of Federal Reserve services. A depository institution may also access services by being a customer of another depository institution that does not have its own master account. *See, e.g.*, Ex. 2 ("Ricks Rep.") ¶¶ 13, 16, and n.32. |
| 19 | Undisputed. |
| 20 | Disputed. FRBKC objects to Custodia's assertion that Custodia "is" eligible for a master account. Custodia *was* deemed legally eligible as of January 2022. *See* FRBKC Br. ¶ 55. |
| 21 | Disputed. *See* FRBKC Br. ¶¶ 59, 62, 94. |
| 22 | Disputed. *See* FRBKC Br. ¶¶ 54–55. |
| 23 | Disputed. FRBKC objects to Custodia's assertion that "more than a dozen individuals at the Board were involved in reviewing Custodia's master account request." The list on which Custodia bases this assertion instead identifies a dozen Board staffers who participated only in general, non-Custodia-specific discussions as part of system-wide working groups. *See* FRBKC Reply Br. at 15 n.7. |

| Paragraph of Custodia Appendix | Response of the Federal Reserve Bank of Kansas City |
|---|---|
| 24 | Disputed.  *See* FRBKC Br. ¶ 79.  President George directed FRBKC staff to draft a memo recommending denial (not, as Custodia contends, a memo "regarding potential actions"). |
| 25 | Undisputed. |
| 26 | Undisputed. |
| 27 | Disputed.  The documents reflecting feedback from individuals at the Board on the recommendation memo speak for themselves.  *See* Ex. 64; Ex. 66.  FRBKC implemented some of the feedback from Board staff, declined to implement some of the feedback from Board staff, and made additional edits of its own.  *Compare* Ex. 61 *with* Ex. 64 & Ex. 66. |
| 28 | Disputed.  *See* FRBKC Br. ¶ 79.  The document reflects that the Board had "no concerns with the Reserve Bank moving forward with its plan to communicate to Custodia."  ECF 236-81. |
| 29 | Undisputed. |