Scott E. Ortiz, W.S.B. # 5-2550
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:       (307) 265-0700
Facsimile:       (307) 266-2306
Email:           sortiz@wpdn.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Number: 22-cv-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF | ) | |
| GOVERNORS and FEDERAL RESERVE | ) | |
| BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF CUSTODIA BANK, INC.'S OBJECTION TO THE DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S BILL OF COSTS

Plaintiff Custodia Bank, Inc. ("Custodia"), by and through its undersigned counsel, respectfully submits its Objection to the Defendant Federal Reserve Bank of Kansas City's (hereinafter "Kansas City Fed") Bill of Costs (ECF 319) seeking an award of $25,728.25 in costs associated with deposition transcripts, and requests the Court deny the Kansas City Fed's Bill of Costs.  In support of this Objection, Custodia states as follows:

Counsel for Custodia met and conferred with the Kansas City Fed's counsel regarding this objection, but the parties have been unable to reach a resolution.

The Court entered summary judgment in favor of the Kansas City Fed but should decline to award the Kansas City Fed its requested costs because (1) all judicial remedies have not yet

been exhausted, as a Notice of Appeal has been filed; (2) judicial economy counsels this Court to preserve the issue of costs until the appeal is decided; (3) this Court has denied costs in a similar case where the facts and legal authority were unique and the defendant was a government entity; and (4) awarding costs to the Kansas City Fed would risk chilling future legitimate lawsuits against the Federal Reserve System.

First, in *Milligan-Hitt v. Bd. of Trustees of Sheridan Cnty. Sch. Dist. No. 2*, Judge Brimmer found that the exhaustion of all judicial remedies, including an appeal, is material to "prevailing party" status when determining whether to award costs. Judge Brimmer found that the "Tenth Circuit's decision extinguishes the findings made by the jury" and noted in a parenthetical that "a reversal annuls the judgment below and the case is put in the same posture in which it was before the judgment was entered." WL 10696535, at *2 (D. Wyo. Jan. 23, 2009). Consequently, at this stage of the litigation – *in medias res* – it would be materially premature to award costs to the Kansas City Fed, especially since many of conclusions drawn by the Court in this matter on summary judgment will be reviewed *de novo* on appeal to the Tenth Circuit.

Other precedent from the District of Wyoming accords with this conclusion. Judge Freudenthal found in *Fremont Cnty. Sch. Dist. No. 25 v. Wyo. Dep't of Educ.* that attorney fees in an Individuals with Disabilities Act (IDEA) lawsuit cannot be decided "until the parties have exhausted judicial remedies…because the decision must be **final** in order to determine who is a prevailing party" (emphasis added). 2018 U.S. Dist. LEXIS 250223, at *9 (D. Wyo. Apr. 10, 2018).

Second, it is manifestly in the interests of judicial economy not to allow costs at this intermediate stage of the litigation, because if Plaintiff is vindicated at the Tenth Circuit or United States Supreme Court the issue of costs will be reopened. Moreover, the United States Supreme

Court on April 22, 2024 granted *certiorari* on the question of "prevailing party" status, and while that matter is focused on preliminary injunctions and dispositive relief, it will nonetheless provide further clarity on the finality of relief required to claim "prevailing party" status. *See, e.g., Pet. for Writ of Cert., Lackey v. Stinnie*, No. 23-621 (S. Ct., Apr. 22, 2024). If this case is reversed on appeal, Plaintiff would likely be entitled to file its own Bill of Costs for its expenses, which are substantial.

Third, the District of Wyoming did not allow costs in *Milligan-Hitt* because the "facts and legal authority surrounding this case are unique." WL 10696535, at *4 (D. Wyo. Jan. 23, 2009). This Court in *Milligan-Hitt* determined that "[t]he plaintiffs in this situation should not be required to assume the heaving burden of paying the costs of the [defendant]. To do so would deter legitimate lawsuits by [plaintiffs] who may suffer from constitutional violations." *Id*

It is settled that taxable costs, other than attorney's fees, should "generally be allowed to the prevailing party" pursuant to FED. R. CIV. P. 54(d), but courts retain discretion to deny such costs. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009); *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). Indeed, courts may deny requests for taxable costs so long as the court provides a valid reason for doing so. *Id*.

The same valid reason cited by this Court to deny costs in *Milligan-Hitt* applies here. This case similarly entails unique facts and law, and is similarly a David versus Goliath lawsuit brought against a government or quasi-government entity whose actions are rarely subjected to judicial review in practice. ("In only two administrative and constitutional law cases did a bank file suit as an individual plaintiff against the Fed [between 2010 and 2020]." David T. Zaring, *The Corporatist Foundations of Financial Regulation,* 108 Iowa L. Rev. 1303 (2023)). This case is the first lawsuit to move past motions to dismiss, and the first to complete discovery, on the issue

of the Federal Reserve System's collective handling of banks' access to the national payment system (via so-called "Fed master accounts"); moreover, since this lawsuit began, two banks initiated two more lawsuits against the Federal Reserve System on the topic. *See PayServices Bank v. Federal Reserve Bank of San Francisco*, Civil Action No. 23-CV-00305, United States District Court for the District of Idaho; *Banco San Juan International, Inc. v. The Federal Reserve Bank of New York et al.*, Civil No. 2023-cv-06414, United States District Court for the Southern District of New York. To date, only one appellate judge has addressed the statutory question at issue in this case. *See* Judge Bacharach opinion in *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052 (10th Cir. 2017). Regarding Defendant Kansas City Fed specifically, early in this case this Court treated it as a quasi-government entity by deeming its president to be an inferior officer of the United States. *See Order Granting in Part and Denying in Part Defendants' 12(b)(6) Motions to Dismiss.* ECF 102, p. 31. ("Accordingly, assuming for purposes of this Order that she is an officer of the Executive Branch, she is an inferior officer…")

Fourth, the regulation of the banking system by the federal government or quasi-government agencies is of critical importance, especially in a dual banking system where Congress established equal powers between state-chartered banks and nationally-chartered banks, and where both federal and state banking regulations apply. Administrative agencies are obligated to discharge the duties that Congress intended them to perform, and those served by such agencies must not be discouraged from shining a light on potential abuses of power or instances where an agency fails to fulfill its legislative mandate. *See Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991); *see also U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000) (denying costs to prevailing party because of the "significant 'chilling effect' on future" plaintiffs if the plaintiff were assessed more than $34,000.00 in costs because future parties

"may be persuaded from bringing complex and expensive FCA actions, especially if future [plaintiffs] face the risk of paying substantial litigation costs to a prevailing defendant"); *Milligan-Hitt*, 2009 WL 10696535, at \*4 (finding that "[t]he plaintiffs in this situation should not be required to assume the heavy burden of paying the costs of the [defendant]. To do so would deter legitimate lawsuits by [plaintiffs] who may suffer from constitutional violations").

An award of $25,728.25 in taxable costs to the Kansas City Fed would risk chilling future legitimate lawsuits challenging the administrative actions of governmental and quasi-governmental entities by concerned banking entities and interested citizens in an area of law that is of critical importance.

For the foregoing four reasons, this Court should not award costs to the Kansas City Fed.

**DATED** this 26th day of April, 2024.

CUSTODIA BANK, INC., Plaintiff

By:     /s/ Scott E. Ortiz_____
Scott E. Ortiz, W.S.B. # 5-2550
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
Email:          sortiz@wpdn.net

-and-

John K. Villa, *pro hac vice*
Ryan Scarborough, *pro hac vice*
Lauren Weinberger, *pro hac vice*
Ian Swenson, *pro hac vice*
Russell Mendelson, *pro hac vice*
WILLIAMS & CONNOLLY, LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone:     (202) 434-500
Emails:         jvilla@wc.com
                rscarborough@wc.com
                lweinberger@wc.com
                iswenson@wc.com
                rmendelson@wc.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served this 26th day of April, 2024, addressed to:

| | |
|---|---|
| Mark Van Der Weide<br>Joshua P. Chadwick<br>Yvonne F. Mizusawa<br>Yonatan Gelblum<br>Katherine Pomeroy<br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM<br>20th Street and Constitutional Avenue, N.W.<br>Washington, DC 20551 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Billie L.M. Addleman<br>John P. Fritz<br>Erin E. Berry<br>HIRST APPLEGATE, LLP<br>P.O. Box 1083<br>Cheyenne, Wyoming 82003 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Andrew Michaelson<br>Laura Harris<br>KING & SPALDING, LLC<br>1185 Avenue of the Americas, 34th Floor<br>New York, New York 10036 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Jeffrey S. Bucholtz<br>Joshua N. Mitchell<br>Christine M. Carletta<br>Emily Caroline Snell Freeman<br>KING & SPALDING, LLP<br>1700 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |
| Angela Tarasi<br>Jared M. Lax<br>KING & SPALDING, LLP<br>1401 Lawrence Street<br>Suite 1900<br>Denver, Colorado 80202 | ☐ U.S. Mail (Postage Prepaid)<br>☐ Email<br>☐ Overnight Delivery<br>☐ Hand Delivery<br>☒ CM/ECF System |

/s/ Scott E. Ortiz