APPEAL,PROSE,PROTO,TERMED

# U.S. District Court
## District of Wyoming (Casper)
## CIVIL DOCKET FOR CASE #: <u>1:22−cv−00125−SWS</u>
### *Internal Use Only*

| | |
|---|---|
| Custodia Bank Inc v. Federal Reserve Board of Governors et al | Date Filed: 06/07/2022 |
| Assigned to: Honorable Scott W Skavdahl | Date Terminated: 03/29/2024 |
| Referred to: US Magistrate Judge Stephanie A Hambrick | Jury Demand: None |
| Cause: 05:706(2) Administrative Procedures Act | Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Custodia Bank Inc**    represented by    **John K Villa**
JOHN K VILLA
680 Maine Avenue SW
Washington, DC 20024
202−434−5117
Email: jvilla@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Thomas Scarborough**
WILLIAMS & CONNOLLY
680 Maine Avenue SW
Washington, DC 20024
202−434−5173
Fax: 202−434−5029
Email: rscarborough@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah M. Harris**
Williams & Connolly
680 Maine Avenue SW
Washington, DC 20024
202−434−5599
Fax: 202−434−5029
Email: sharris@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ian Swenson**
WILLIAMS & CONNOLLY
680 Maine Ave. SW

Ste 452
Washington, DC 20024
202–434–5529
Email: iswenson@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie Wolfe**
WILLIAMS & CONNOLLY
680 Maine Avenue SW
Washington, DC 20024
202–434–5766
Email: jwolfe@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Weinberger**
WILLIAMS & CONNOLLY
680 Maine Avenue SW
Washington, DC 20024
202–434–5953
Email: lweinberger@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Russell Meir Mendelson**
WILLIAMS & CONNOLLY
680 Maine Ave SW
Washington, DC 20024
202–434–5668
Email: rmendelson@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Whitney D Hermandorfer**
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
202–434–5112
Fax: 202–434–5029
Email: whitney.hermandorfer@ag.tn.gov
*TERMINATED: 08/21/2023*
*PRO HAC VICE*

**Scott E Ortiz**
WILLIAMS PORTER DAY & NEVILLE
159 North Wolcott, Suite 400
P O Box 10700
Casper, WY 82602
307/265–0700
Fax: 307/266–2306
Email: sortiz@wpdn.net

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Federal Reserve Board of Governors** | represented by | **Joshua Paul Chadwick** |

Board of Governors of the Federal Reserve
System
20th Street and Constitution Avenue, NW
Washington, DC 20551
202–263–4835
Email: joshua.p.chadwick@frb.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Pomeroy**
Board of Governors of the Federal Reserve
System
Litigation, Enforcement, and System
Matters
20th Street and Constitution Avenue NW
Washington, DC 20551
202–912–4329
Email: katherine.pomeroy@frb.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yonatan Gelblum**
Board of Governors of the Federal Reserve
System
20th Street & Constitution Avenue NW
Mailstop I–4312
Washington, DC 20551
202–452–2046
Email: yonatan.gelblum@frb.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**C Levi Martin**
UNITED STATES ATTORNEYS
OFFICE
PO Box 668
Cheyenne, WY 82003–0668
307/772–2124
Fax: 307/772–2123
Email: christopher.martin@usdoj.gov
*TERMINATED: 08/01/2022*

Yvonne Facchina Mizusawa
Board of Governors of the Federal Reserve
System
20th Street and Constitution Ave., N.W.
Washington, DC 20551
202–452–3436
Fax: 202–736–5615
Email: yvonne.f.mizusawa@frb.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Federal Reserve Bank of Kansas City**   represented by   **Andrew Z. Michaelson**
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
212–790–5358
Fax: 212–556–2222
Email: amichaelson@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Angela Tarasi**
KING & SPAULDING LLP
1401 Lawrence Street
Suite 1900
Denver, CO 80202
720–535–2319
Fax: 720–535–2400
Email: atarasi@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Billie L M Addleman**
HIRST APPLEGATE LLP
1720 Carey Avenue, Suite 400
PO Box 1083
Cheyenne, WY 82003–1083
307/632–0541
Fax: 307/632–4999
Email: baddleman@hirstapplegate.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christine Carletta**
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Ste 200
20006
Washington, DC 20006
202–626–2997

Email: ccarletta@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Emily Caroline Snell Freeman**
KING & SPALDING
1700 Pennsylvania Ave NW
Suite 900
Washington, DC 20006
202–626–8971
Email: cfreeman@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Erin Elizabeth Berry**
HIRST APPLEGATE LLP
1720 Carey Avenue, Suite 400
Cheyenne, WY 82001
307/632–0541
Fax: 307/632–4999
Email: eberry@hirstapplegate.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jared Michael Lax**
KING & SPALDING
Government Matters
1401 Lawrence Street
Suite 1900
Denver, CO 80202
720–535–2300
Email: jlax@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Bucholtz**
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Suite 200
Washington, DC 20006
202–737–0500
Email: jbucholtz@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Mitchell**
KING & SPALDING LLP
1700 Pennsylvania Ave. N.W.
Washington, DC 20006
202–626–5571
Email: jmitchell@kslaw.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Laura Harris**
King & Spalding
1185 Avenue of the Americas
New York, NY 10036
212–790–5360
Fax: 212–556–2222
Email: lharris@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**State of Wyoming**                    represented by    **Bridget L. Hill**
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
307–777–7841
Email: bridget.hill@wyo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Devin Kenney**
WYOMING ATTORNEY GENERAL
Kendrick Building, 2320 Capitol Avenue
Cheyenne, WY 82002
307/777–3350
Fax: 307/777–3687
Email: devin.kenney1@wyo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Karl D Anderson**
WYOMING ATTORNEY GENERAL
2424 Pioneer, 3rd Floor
2320 Capitol Avenue
Cheyenne, WY 82002
307/777–6892
Fax: 307/777–3687
Email: karl.anderson@wyo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**United States Senate Banking, Housing**    represented by    **Christopher Land**
**and Urban Affairs Committee**                               United States Senate
**Members**                                                  Senator Cynthia M. Lummis
Russell Senate Office Building
Ste 127a
Washington, DC 20510
850–252–5053

Email: chris_land@lummis.senate.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Wyoming Select Committee on**          represented by   **David Gossett**
**Blockchain, Financial Technology and**                 DAVIS WRIGHT TREMAINE LLP
**Digital Innovation Technology**                         1301 K Street NW
**Co−Chair Rothfuss**                                     Suite 500 East
*also known as*                                           Washington, DC 20005
Christopher Rothfuss                                      202−262−4156
                                                          Email: davidgossett@dwt.com
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lisa Jerde Spillman**
                                                          Sterlington Law
                                                          Wyoming Attorney General's Office
                                                          1603 Capitol Avenue
                                                          Suite 211b
                                                          Cheyenne, WY 82001
                                                          307−314−8091
                                                          Email: lisa.spillman@sterlingtonlaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Stephen Gannon**
                                                          DAVIS WRIGHT TREMAINE
                                                          1301 K Street, NW
                                                          Ste 500 East
                                                          Washington, DC 20005
                                                          804−762−5339
                                                          Email: stevegannon@dwt.com
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Lisa Weingarten Richards**
                                                          DAVIS WRIGHT TREMAINE
                                                          1301 K Street, NW
                                                          Ste 500 East
                                                          Washington, DC 20005
                                                          202−661−7016
                                                          Email: lisarichards@dwt.com
                                                          *TERMINATED: 08/09/2023*
                                                          *PRO HAC VICE*

**Amicus**

**United States House of Representatives**   represented by   **Christopher Land**
**Financial Services Committee**                             (See above for address)

| | | |
|---|---|---|
| **Members** | | *LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Amicus**

| | | |
|---|---|---|
| **Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen**<br>*also known as*<br>Jaren Olsen | represented by | **David Gossett**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Lisa Jerde Spillman**<br>Sterlington Law<br>1603 Capitol Avenue<br>Suite 211b<br>Cheyenne, WY 82001<br>307–314–8091<br>Email: lisa.spillman@sterlingtonlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Stephen Gannon**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Lisa Weingarten Richards**<br>(See above for address)<br>*TERMINATED: 08/09/2023*<br>*PRO HAC VICE* |

**Amicus**

| | | |
|---|---|---|
| **Patrick J Toomey, Jr** | represented by | **Benjamin Gruenstein**<br>CRAVATH SWAINE & MOORE LLP<br>825 Eighth Avenue<br>New York, NY 10019<br>212/474–1000<br>Email: bgruenstein@cravath.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Darin Boyd Scheer**<br>CROWLEY FLECK PLLP<br>111 W. 2nd Street, Suite 200<br>Casper, WY 82601<br>307/265–2279<br>Fax: 307/265–2307<br>Email: dscheer@crowleyfleck.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **John Buretta** |

Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212–474–1000
Fax: 212–474–3700
Email: jburetta@cravath.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**Blockchain Association**                      represented by   **Michelle Kallen**
Jenner & Block LLP
1099 New York Ave., NW
Suite 900
Washington, DC 20001
202–639–6093
Email: mkallen@jenner.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler John Garrett**
HATHAWAY & KUNZ
2515 Warren Avenue, Suite 500
P O Box 1208
Cheyenne, WY 82003–1208
307/634–7723
Fax: 307/634–0985
Email: tgarrett@hkwyolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew I. Summers**
Berger Montague PC
505 Montgomery Street
Suite 625
San Francisco, CA 94111
415–906–1626
Email: msummers@jenner.com
*TERMINATED: 02/27/2024*
*PRO HAC VICE*

**Amicus**

**Payment System Scholars**                     represented by   **Michelle Kallen**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tyler John Garrett**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew I. Summers**
(See above for address)
*TERMINATED: 02/27/2024*
*PRO HAC VICE*

**Amicus**

**David Zaring**                    represented by  **David Zaring**
                                                    The Wharton School
                                                    The University of Pennsylvania
                                                    600 Jon M. Hunstman Hall
                                                    3730 Walnut Street, #600
                                                    Philadelphia, PA 19104–6340
                                                    PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2022 | 1 | COMPLAINT against Federal Reserve Bank of Kansas City, Federal Reserve Board of Governors (Filing fee $ 402,Receipt Number AWYDC–2111736) filed by Custodia Bank Inc. (Ortiz, Scott) Modified text on 6/7/2022 (Court Staff, stbd). (Additional attachment(s) added on 6/7/2022: # 1 Civil Cover Sheet) (Court Staff, stbd). (Additional attachment(s) added on 6/7/2022: # 2 Exhibit 1) (Court Staff, stbd). (Entered: 06/07/2022) |
| 06/07/2022 | 2 | CORPORATE DISCLOSURE filed by Custodia Bank Inc,. (Ortiz, Scott) (Entered: 06/07/2022) |
| 06/07/2022 | 3 | NOTICE of Attorney Appearance by Scott E Ortiz on behalf of Custodia Bank Inc (Ortiz, Scott) (Entered: 06/07/2022) |
| 06/07/2022 | 4 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Whitney Hermandorfer to appear pro hac vice; Check not tendered; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) Modified text on 6/7/2022 (Court Staff, stbd). (Entered: 06/07/2022) |
| 06/07/2022 | 5 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Ryan Scarborough to appear pro hac vice; Check not tendered; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) Modified text on 6/7/2022 (Court Staff, stbd). (Entered: 06/07/2022) |
| 06/07/2022 | 6 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for John K. Villa to appear pro hac vice; Check not tendered; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 06/07/2022) |
| 06/07/2022 |  | 4 MOTION for Whitney Hermandorfer to appear pro hac vice; Check not tendered;, 5 MOTION for Ryan Scarborough to appear pro hac vice; Check not tendered; REFERRED to Magistrate Judge (Court Staff, stbd) (Entered: 06/07/2022) |
| 06/07/2022 | 7 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Jamie Wolfe to appear pro hac vice; Check not tendered; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 06/07/2022) |

| 06/07/2022 | 8 | Notice of Judge Assignment and Consent to Proceed before a Magistrate Judge. The case has been assigned to the Honorable Scott W. Skavdahl (Presiding Judge) and the Honorable Kelly H. Rankin (Referral Judge). (Court Staff, stbd) (Entered: 06/07/2022) |
|---|---|---|
| 06/07/2022 | 9 | ORDER by the Honorable Kelly H Rankin granting 4 MOTION for Whitney Hermandorfer to appear pro hac vice, 5 MOTION for Ryan Scarborough to appear pro hac vice, 6 MOTION for John K. Villa to appear pro hac vice and 7 MOTION for Jamie Wolfe to appear pro hac vice filed by Custodia Bank Inc. (cc: Counsel via email)(Court Staff, stbd) (Entered: 06/07/2022) |
| 06/08/2022 | 10 | Notice of Pro Hac Vice Attorney Appearance by Ryan Thomas Scarborough on behalf of Custodia Bank Inc (Scarborough, Ryan) (Entered: 06/08/2022) |
| 06/08/2022 | 11 | Notice of Pro Hac Vice Attorney Appearance by Whitney D Hermandorfer on behalf of Custodia Bank Inc (Hermandorfer, Whitney) (Entered: 06/08/2022) |
| 06/09/2022 | 12 | Notice of Pro Hac Vice Attorney Appearance by John K Villa on behalf of Custodia Bank Inc (Villa, John) (Entered: 06/09/2022) |
| 06/13/2022 | 13 | Notice of Pro Hac Vice Attorney Appearance by Jamie Wolfe on behalf of Custodia Bank Inc (Wolfe, Jamie) (Entered: 06/13/2022) |
| 06/13/2022 | | FINANCIAL ENTRY: PAYMENT OF $400 RECEIVED FOR PRO HAC VICE FEES FOR WHITNEY HERMANDORFER, RYAN SCARBOROUGH, JOHN K VILLA, & JAMIE WOLFE. RECEIPT CAS002729. (Court Staff, sjk) (Entered: 06/13/2022) |
| 06/13/2022 | 14 | Praecipe for summons filed by Plaintiff Custodia Bank Inc (Attachments: # 1 Summons) (Ortiz, Scott) (Entered: 06/13/2022) |
| 06/13/2022 | 15 | Summons Issued. (Court Staff, skb) (Entered: 06/13/2022) |
| 06/15/2022 | 16 | Praecipe for summons filed by Plaintiff Custodia Bank Inc (Attachments: # 1 summons) (Ortiz, Scott) (Entered: 06/15/2022) |
| 06/15/2022 | 17 | Praecipe for summons filed by Plaintiff Custodia Bank Inc (Attachments: # 1 summons) (Ortiz, Scott) (Entered: 06/15/2022) |
| 06/16/2022 | 18 | Summonses Issued. (Court Staff, skb) (Entered: 06/16/2022) |
| 06/16/2022 | 19 | Amended Praecipe for Summons filed by Plaintiff Custodia Bank Inc (Attachments: # 1 summons) (Ortiz, Scott) Modified text on 6/16/2022 (Court Staff, skb). (Entered: 06/16/2022) |
| 06/16/2022 | 20 | Summons Issued. (Court Staff, skb) (Entered: 06/16/2022) |
| 06/21/2022 | 21 | AMENDED at 22 . NOTICE of Attorney Appearance by Angela Tarasi on behalf of Custodia Bank Inc (Tarasi, Angela) Modified on 6/22/2022 (Court Staff, sbh). Modified text on 7/5/2022 (Court Staff, skb). (Entered: 06/21/2022) |
| 06/22/2022 | 22 | AMENDED at 23 . AMENDED NOTICE of Attorney Appearance by Angela Tarasi on behalf of Federal Reserve Board of Governors, Federal Reserve Bank of Kansas City (Tarasi, Angela) Modified text per filer's request on 6/22/2022 (Court Staff, smxb). Modified filers on 6/22/2022 (Court Staff, sbh). Modified text on 6/23/2022 (Court Staff, skb). Modified text on 7/5/2022 (Court Staff, skb). (Entered: 06/22/2022) |

| 06/23/2022 | 23 | AMENDED NOTICE of Attorney Appearance by Angela Tarasi on behalf of Federal Reserve Bank of Kansas City (Tarasi, Angela) Modified text on 6/23/2022 (Court Staff, skb). (Entered: 06/23/2022) |
|---|---|---|
| 06/27/2022 | 24 | WAIVER OF SERVICE Returned Executed by Custodia Bank Inc. Federal Reserve Bank of Kansas City 6/7/2022, answer due 8/8/2022 (Ortiz, Scott) (Entered: 06/27/2022) |
| 06/27/2022 | 25 | SUMMONS Returned Executed by Custodia Bank Inc. Federal Reserve Board of Governors served on 6/16/2022, answer due on 8/16/2022 (Ortiz, Scott) Modified answer date on 6/29/2022 (Court Staff, skb). (Entered: 06/27/2022) |
| 06/27/2022 | 26 | AFFIDAVIT of Torri Schaffer re 25 Summons Returned Executed *Upon US Attorney General* filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 06/27/2022) |
| 06/27/2022 | 27 | AFFIDAVIT of Torri Schaffer re 25 Summons Returned Executed *Upon Federal Reserve Board of Governors* filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 06/27/2022) |
| 07/15/2022 | 28 | NOTICE of Attorney Appearance by Billie L M Addleman on behalf of Federal Reserve Bank of Kansas City (Addleman, Billie) (Entered: 07/15/2022) |
| 07/26/2022 | 29 | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Extension of Time (Non–Dispositive) requesting extension of answer or otherwise respond to Plaintiff's Complaint filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 07/26/2022) |
| 07/27/2022 | 30 | ORDER by the Honorable Kelly H Rankin granting 29 Motion for Extension of Time. Defendants shall answer or otherwise respond to Plaintiffs Complaint on or before August 16, 2022. (Court Staff, sjgc) (Entered: 07/27/2022) |
| 08/01/2022 | 31 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Joshua P. Chadwick, Yvonne F. Mizusawa, Yonatan Gelblum, and Katherine Pomeroy to appear pro hac vice; Check not tendered; and MOTION to Withdraw as Attorney filed by Defendant Federal Reserve Board of Governors. (Attachments: # 1 Proposed Order, # 2 Exhibit Chadwick Declaration, # 3 Exhibit Gelblum Declaration, # 4 Exhibit Mizusawa Declaration, # 5 Exhibit Pomeroy Declaration)(Martin, C). Added MOTION to Withdraw as Attorney on 8/1/2022 (Court Staff, skb). Modified filer on 8/1/2022 (Court Staff, skb). Modified text on 8/8/2022 (Court Staff, sjlg). (Entered: 08/01/2022) |
| 08/01/2022 | 32 | NOTICE of Attorney Appearance by C Levi Martin on behalf of Federal Reserve Board of Governors (Martin, C) (Entered: 08/01/2022) |
| 08/01/2022 | 33 | ORDER by the Honorable Kelly H Rankin granting 31 MOTION for Joshua P. Chadwick, Yvonne F. Mizusawa, Yonatan Gelblum, and Katherine Pomeroy to appear pro hac vice; granting 31 Motion to Withdraw as Attorney. (cc: Counsel via email) Attorney C Levi Martin terminated (Court Staff, skb) Modified text on 8/1/2022 (Court Staff, skb). (Entered: 08/01/2022) |
| 08/08/2022 | 34 | MOTION for Leave to File Excess Pages regarding brief in support of motion to dismiss (unopposed) filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 08/08/2022) |
| 08/09/2022 | 35 | ORDER by the Honorable Scott W Skavdahl granting 34 Motion for Leave to File Excess Pages regarding brief in support of motion to dismiss (unopposed). It is |

| | | hereby ORDERED that both Defendants may file briefs in support of their respective motions to dismiss not to exceed 45 pages. (Court Staff, skb) (Entered: 08/09/2022) |
|---|---|---|
| 08/11/2022 | 36 | Notice of Pro Hac Vice Attorney Appearance by Joshua Paul Chadwick on behalf of Federal Reserve Board of Governors (Chadwick, Joshua) (Entered: 08/11/2022) |
| 08/11/2022 | 37 | Notice of Pro Hac Vice Attorney Appearance by Yonatan Gelblum on behalf of Federal Reserve Board of Governors (Gelblum, Yonatan) (Entered: 08/11/2022) |
| 08/11/2022 | 38 | Notice of Pro Hac Vice Attorney Appearance by Katherine Pomeroy on behalf of Federal Reserve Board of Governors (Pomeroy, Katherine) (Entered: 08/11/2022) |
| 08/16/2022 | 39 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Laura Harris to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit Laura Harris, # 2 Proposed Order)(Addleman, Billie) (Entered: 08/16/2022) |
| 08/16/2022 | 40 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Andrew Michaelson to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit Andrew Michaelson, # 2 Proposed Order)(Addleman, Billie) (Entered: 08/16/2022) |
| 08/16/2022 | 41 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Christine Carletta to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit Christine Carletta, # 2 Proposed Order)(Addleman, Billie) (Entered: 08/16/2022) |
| 08/16/2022 | 42 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Joshua N. Mitchell to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit Joshua N. Mitchell, # 2 Proposed Order)(Addleman, Billie) (Entered: 08/16/2022) |
| 08/16/2022 | 43 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Jeffrey S. Bucholtz to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit Jeffrey S. Bucholtz, # 2 Proposed Order)(Addleman, Billie) (Entered: 08/16/2022) |
| 08/16/2022 | 44 | NOTICE of Pro Hac Vice Attorney Appearance by Yvonne Facchina Mizusawa on behalf of Federal Reserve Board of Governors (Mizusawa, Yvonne) Modified text on 8/17/2022 (Court Staff, skb). (Entered: 08/16/2022) |
| 08/16/2022 | 45 | ORDER by the Honorable Kelly H Rankin granting 39 MOTION for Laura Harris to appear pro hac vice; 40 MOTION for Andrew Michaelson to appear pro hac vice; 41 MOTION for Christine Carletta to appear pro hac vice; 42 MOTION for Joshua N. Mitchell to appear pro hac vice & 43 MOTION for Jeffrey S. Bucholtz to appear pro hac vice; filed by Federal Reserve Bank of Kansas City. (cc: Counsel via email)(Court Staff, stbd) (Entered: 08/16/2022) |
| 08/16/2022 | 46 | FILING ERROR – Counsel refiled. ~~MOTION to Dismiss filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua)~~ Modified on 8/17/2022 (Court Staff, stmo). Modified to term motion on 8/17/2022 (Court Staff, skb). (Entered: 08/16/2022) |
| 08/16/2022 | 47 | FILING ERROR – Counsel refiled. ~~MEMORANDUM in Support of 46 Motion to Dismiss filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua)~~ Modified on 8/17/2022 (Court Staff, stmo). (Entered: 08/16/2022) |

| 08/16/2022 | 48 | MOTION to Dismiss filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 08/16/2022) |
|---|---|---|
| 08/16/2022 | 49 | MEMORANDUM in Support of 48 Motion to Dismiss filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 08/16/2022) |
| 08/16/2022 | 50 | MOTION to Dismiss filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 08/16/2022) |
| 08/16/2022 | 51 | MEMORANDUM in Support of 50 Motion to Dismiss filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 08/16/2022) |
| 08/18/2022 | 52 | Notice of Pro Hac Vice Attorney Appearance by Jeffrey S. Bucholtz on behalf of Federal Reserve Bank of Kansas City Filing fee $ 100, receipt number AWYDC−2143479. (Bucholtz, Jeffrey) (Entered: 08/18/2022) |
| 08/18/2022 | 53 | Notice of Pro Hac Vice Attorney Appearance by Joshua Nathaniel Mitchell on behalf of Federal Reserve Bank of Kansas City Filing fee $ 100, receipt number AWYDC−2143483. (Mitchell, Joshua) (Entered: 08/18/2022) |
| 08/18/2022 | 54 | Notice of Pro Hac Vice Attorney Appearance by Christine Carletta on behalf of Federal Reserve Bank of Kansas City Filing fee $ 100, receipt number AWYDC−2143489. (Carletta, Christine) (Entered: 08/18/2022) |
| 08/26/2022 | | FINANCIAL ENTRY: PAYMENT OF $100 RECEIVED FOR PRO HAC VICE FEE FOR LAURA HARRIS. RECEIPT 2−249. (Court Staff, sjk) (Entered: 08/26/2022) |
| 08/26/2022 | | FINANCIAL ENTRY: PAYMENT OF $100 RECEIVED FOR PRO HAC VICE FEE FOR ANDREW MICHAELSON. RECEIPT 1−17. (Court Staff, sjk) (Entered: 08/26/2022) |
| 08/29/2022 | 55 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Extension of Time (Non−Dispositive) requesting extension of deadline for response brief to Defendants' Motion to Dismiss filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 08/29/2022) |
| 08/30/2022 | 56 | ORDER by the Honorable Kelly H Rankin granting 55 Motion for Extension of Time. Plaintiff shall file its omnibus response brief to Defendants' motions to dismiss on or by September 13, 2022. Plaintiff shall have up to and including 60 pages for its omnibus response brief to Defendants' motions to dismiss.(Court Staff, sjgc) (Entered: 08/30/2022) |
| 09/13/2022 | 57 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Sarah M. Harris to appear pro hac vice; Check tendered; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Ortiz, Scott) Modified filer on 9/13/2022 (Court Staff, scat). (Entered: 09/13/2022) |
| 09/13/2022 | 58 | MEMORANDUM in Opposition to 48 Motion to Dismiss, 50 Motion to Dismiss filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 09/13/2022) |
| 09/13/2022 | 59 | REQUEST for hearing on by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order) (Ortiz, Scott) (Entered: 09/13/2022) |
| 09/14/2022 | 60 | ORDER SETTING HEARING on 48 Defendant Board of Governors of the Federal Reserve Systems Motion to Dismiss and 50 Defendant Federal Reserve Bank of Kansas City's Motion to Dismiss by the Honorable Scott W Skavdahl. It is |

| | | |
|---|---|---|
| | | ORDERED that Plaintiff Custodia Bank, Inc.'s Request for Hearing 59 is GRANTED. IT IS FURTHER ORDERED that a hearing on Defendant Board of Governors of the Federal Reserve System's Motion to Dismiss, ECF No. 48 , and the Defendant Federal Reserve Bank of Kansas City's Motion to Dismiss, ECF No. 50 , is hereby set for the 13th day of October, 2022, at 1:30 p.m., via Videoconference. Videoconference connection information will be provided to counsel via email prior to the date of the hearing. (Court Staff, skb) (Entered: 09/14/2022) |
| 09/14/2022 | 61 | (TEXT–ONLY) NOTICE of Hearing on 50 MOTION to Dismiss, 48 MOTION to Dismiss VIA ZOOM –<br><br>NOTE:<br><br>1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely;the Zoom ID and Passcode will be provided separately to the participants email address of record.<br><br>2. Participants should connect to the proceeding 15 minutes prior to its scheduled start time to allow for troubleshooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality, participants are encouraged to utilize a headset to reduce static and background noise. If not using a headset, participants must ensure the audio feed at their location is muted when not speaking.<br><br>***REMINDER: Recording or broadcasting of this hearing is prohibited. ***<br><br>Motion Hearing set for 10/13/2022 at 01:30 PM before Honorable Scott W Skavdahl. (Court Staff, skb) (Entered: 09/14/2022) |
| 09/14/2022 | 62 | ORDER by the Honorable Kelly H Rankin granting 57 MOTION for Sarah M. Harris to appear pro hac vice filed by Custodia Bank Inc. (cc: Counsel via Email) (Court Staff, stbd) (Entered: 09/14/2022) |
| 09/15/2022 | 63 | MOTION REFERRED TO Judge Kelly H Rankin. Joint MOTION for Order to File Reply Briefs by October 4, 2022 filed by Defendants Federal Reserve Bank of Kansas City, Federal Reserve Board of Governors. (Attachments: # 1 Proposed Order)(Fritz, John) (Entered: 09/15/2022) |
| 09/15/2022 | 64 | Notice of Pro Hac Vice Attorney Appearance by Andrew Z. Michaelson on behalf of Federal Reserve Bank of Kansas City (Michaelson, Andrew) (Entered: 09/15/2022) |
| 09/15/2022 | 65 | Notice of Pro Hac Vice Attorney Appearance by Laura Harris on behalf of Federal Reserve Bank of Kansas City (Harris, Laura) (Entered: 09/15/2022) |
| 09/16/2022 | 66 | ORDER by the Honorable Kelly H Rankin granting 63 Motion for Order Permitting Reply Briefs. Defendants may file Reply briefs to the three expected Amicus Briefs and Plaintiff's Opposition to Defendants' Motion to Dismiss on or before October 4, 2022, not to exceed 25 pages. (Court Staff, sjdl) (Entered: 09/16/2022) |
| 09/16/2022 | 67 | MOTION to Continue (Dispositive). Requesting continuance of hearing and oral arguments filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 09/16/2022) |
| 09/17/2022 | 68 | RESPONSE to 67 Motion to Continue (Dispositive) filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 09/17/2022) |

| 09/19/2022 | 69 | Notice of Pro Hac Vice Attorney Appearance by Sarah M. Harris on behalf of Custodia Bank Inc Filing fee $ 100, receipt number CWYDC–2156656. (Harris, Sarah) (Entered: 09/19/2022) |
|---|---|---|
| 09/19/2022 | 70 | (TEXT–ONLY) ORDER by the Honorable Scott W Skavdahl granting 67 Motion to Continue hearing and oral arguments. The hearing on 50 MOTION to Dismiss and 48 MOTION to Dismiss is reset for Friday, October 28, 2022, at 1:00 p.m. via videoconference. (Court Staff, skb) (Entered: 09/19/2022) |
| 09/19/2022 | 71 | (TEXT–ONLY) NOTICE of Hearing on 50 MOTION to Dismiss , 48 MOTION to Dismiss VIA ZOOM –<br><br>NOTE:<br><br>1. This proceeding will be held via Zoom Video/Web Conferencing with all participants appearing remotely;the Zoom ID and Passcode will be provided separately to the participants email address of record.<br><br>2. Participants should connect to the proceeding 15 minutes prior to its scheduled start time to allow for troubleshooting of any connectivity issues.<br><br>3. To ensure the record is of the best quality, participants are encouraged to utilize a headset to reduce static and background noise. If not using a headset, participants must ensure the audio feed at their location is muted when not speaking.<br><br>***REMINDER: Recording or broadcasting of this hearing is prohibited. ***<br><br>Motion Hearing RESET for 10/28/2022 at 01:00 PM before Honorable Scott W Skavdahl. (Court Staff, skb) (Entered: 09/19/2022) |
| 09/20/2022 | 72 | NOTICE of Attorney Appearance by Bridget L. Hill on behalf of State of Wyoming (Hill, Bridget) (Entered: 09/20/2022) |
| 09/20/2022 | 73 | NOTICE of Attorney Appearance by Devin Kenney on behalf of State of Wyoming (Kenney, Devin) (Entered: 09/20/2022) |
| 09/20/2022 | 74 | NOTICE of Attorney Appearance by Karl D Anderson on behalf of State of Wyoming (Anderson, Karl) (Entered: 09/20/2022) |
| 09/20/2022 | 75 | NOTICE of Attorney Appearance by Christopher Land on behalf of United States Senate Banking, Housing and Urban Affairs Committee Members, United States House of Representatives Financial Services Committee Members (Land, Christopher) Modified filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/20/2022 | 76 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Dispositive) *Brief of Amici* filed by Amicus United States Senate Banking, Housing and Urban Affairs Committee Members, United States House of Representatives Financial Services Committee Members. (Attachments: # 1 Exhibit Proposed Brief of Amici, # 2 Proposed Order)(Land, Christopher) Modified text and filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/20/2022 | 77 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Non–Dispositive) *Amicus Curiae Brief* filed by Amicus State of Wyoming. (Attachments: # 1 Proposed Amicus Curiae Brief, # 2 Proposed Order)(Anderson, Karl) (Entered: 09/20/2022) |

| 09/20/2022 | 78 | Amended at 80 – NOTICE of Attorney Appearance by Lisa Jerde Spillman on behalf of Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen (Spillman, Lisa) Modified text and filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
|---|---|---|
| 09/20/2022 | 79 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Stephen T. Gannon to appear pro hac vice; Check not tendered; filed by Amicus Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen. (Attachments: # 1 Affidavit, # 2 Proposed Order)(Spillman, Lisa) Modified filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/20/2022 | 80 | AMENDED NOTICE of Attorney Appearance by Lisa Jerde Spillman on behalf of Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen (Spillman, Lisa) Modified text on 9/21/2022 (Court Staff, skb). Modified filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/20/2022 | 81 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for David M. Gossett to appear pro hac vice; Check not tendered; filed by Amicus Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen. (Attachments: # 1 Affidavit, # 2 Proposed Order)(Spillman, Lisa) Modified filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/20/2022 | 82 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Lisa Richards to appear pro hac vice; Check not tendered; filed by Amicus Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen. (Attachments: # 1 Affidavit, # 2 Proposed Order)(Spillman, Lisa) Modified filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/20/2022 | 83 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Dispositive) filed by Amicus Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen. (Attachments: # 1 Exhibit Proposed Amicus Brief, # 2 Exhibit, # 3 Proposed Order)(Spillman, Lisa) Modified text and filers on 9/21/2022 (Court Staff, skb). (Entered: 09/20/2022) |
| 09/21/2022 | 84 | ORDER by the Honorable Kelly H Rankin GRANTING 79 MOTION for Stephen T. Gannon to appear pro hac vice; 81 MOTION for David M. Gossett to appear pro hac vice; & 82 MOTION for Lisa Richards to appear pro hac vice; filed by Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen. (cc: Counsel via email.)(Court Staff, stbd) Modified text on 9/21/2022 (Court Staff, skb). (Entered: 09/21/2022) |

| 09/21/2022 | | 76 MOTION for Leave to File Reply/Brief/Supplement (Dispositive) *Brief of Amici*, 83 MOTION for Leave to File Reply/Brief/Supplement (Dispositive) REFERRED to Magistrate Judge (Court Staff, skb) (Entered: 09/21/2022) |
|---|---|---|
| 09/21/2022 | 85 | (TEXT−ONLY) ORDER by the Honorable Kelly H Rankin denying 76 Motion to File Reply/Brief/Supplement (Dispositive). Counsel failed to attach a certificate of conferral in accordance with the Local Rules. Counsel may re−file after conferring with the interested parties and indicate whether the motion is opposed or unopposed. (Court Staff, sjdl) (Entered: 09/21/2022) |
| 09/21/2022 | 86 | ORDER by the Honorable Kelly H Rankin granting 77 Motion to File Reply/Brief/Supplement (Non−Dispositive). The Court grants the State of Wyoming's Unopposed Motion for Leave to file its proposed Amicus Brief. (Court Staff, sjdl) (Entered: 09/21/2022) |
| 09/21/2022 | 87 | ORDER by the Honorable Kelly H Rankin granting 83 Motion to File Reply/Brief/Supplement (Dispositive). Senator Christopher Rothfuss and Representative Jared Olsen's Unopposed Motion to File an Amicus Brief is granted. (Court Staff, sjdl) (Entered: 09/21/2022) |
| 09/21/2022 | 88 | Amended at 163 . *Amicus Curiae* BRIEF *State of Wyoming in Opposition to Defendants' 48 Motion to Dismiss and 50 Motion to Dismiss* filed by Amicus State of Wyoming. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Anderson, Karl) Modified to add links on 9/22/2022 (Court Staff, skb). Modified text on 6/8/2023 (Court Staff, skb). (Entered: 09/21/2022) |
| 09/21/2022 | | FINANCIAL ENTRY: PHV FEES PAID ($300.00 RECEIPT #2−386) for Stephen T. Gannon, David M. Gossett, and Lisa Richards. (Court Staff, stmo) (Entered: 09/21/2022) |
| 09/21/2022 | 89 | *Amicus* BRIEF in Opposition to Defendants' 48 Motion to Dismiss and 50 Motion to Dismiss filed by Amicus Parties Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co−Chair Olsen, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co−Chair Rothfuss. (Attachments: # 1 Exhibit) (Spillman, Lisa) Modified text and add links on 9/22/2022 (Court Staff, skb). (Entered: 09/21/2022) |
| 09/21/2022 | 90 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Non−Dispositive) filed by Amicus Parties United States House of Representatives Financial Services Committee Members, United States Senate Banking, Housing and Urban Affairs Committee Members. (Attachments: # 1 Exhibit Proposed Brief of Amici, # 2 Proposed Order)(Land, Christopher) (Entered: 09/21/2022) |
| 09/22/2022 | 91 | ORDER by the Honorable Kelly H Rankin granting 90 Motion to File Reply/Brief/Supplement (Non−Dispositive). Movants may file an amicus curiae brief on or before September 26, 2022. (Court Staff, sjdl) (Entered: 09/22/2022) |
| 09/22/2022 | 92 | *Amici* BRIEF in Opposition to Defendants' 48 Motion to Dismiss and 50 Motion to Dismiss filed by Amicus Parties United States House of Representatives Financial Services Committee Members, United States Senate Banking, Housing and Urban Affairs Committee Members. (Land, Christopher) Modified to add links on 9/22/2022 (Court Staff, skb). (Entered: 09/22/2022) |
| 09/22/2022 | 93 | |

| | | |
|---|---|---|
| | | Notice of Pro Hac Vice Attorney Appearance by David Gossett on behalf of Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss (Gossett, David) (Entered: 09/22/2022) |
| 09/23/2022 | 94 | Notice of Pro Hac Vice Attorney Appearance by Lisa Weingarten Richards on behalf of Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss ~~Filing fee $ 100, receipt number AWYDC–2159777~~. (Richards, Lisa) Modified on 9/23/2022 to strike filing fee. Receipt AWYDC–2159777 voided via Pay.gov on 9/23/22 as $100 fee was already paid on 9/21/22 with receipt 2–386 (Court Staff, sjk). (Entered: 09/23/2022) |
| 09/23/2022 | 95 | Notice of Pro Hac Vice Attorney Appearance by Stephen Gannon on behalf of Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen, Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Rothfuss ~~Filing fee $ 100, receipt number AWYDC–2159786~~ . (Gannon, Stephen) Modified on 9/23/2022 to strike filing fee. Receipt AWYDC–2159786 voided via Pay.gov on 9/23/22 as $100 fee was already paid on 9/21/22 with receipt 2–386(Court Staff, sjk). (Entered: 09/23/2022) |
| 10/04/2022 | 96 | REPLY to 58 Memorandum in Opposition filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 10/04/2022) |
| 10/04/2022 | 97 | REPLY to 50 Motion to Dismiss filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 10/04/2022) |
| 10/12/2022 | 98 | SUPPLEMENT to 58 Memorandum in Opposition to Defendants' Motions to Dismiss Complaint filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit, # 2 Exhibit) (Ortiz, Scott) Modified text on 10/14/2022 (Court Staff, skb). (Entered: 10/12/2022) |
| 10/19/2022 | 99 | RESPONSE to 98 Supplement to 58 Memorandum in Opposition to Defendants' Motions to Dismiss Complaint filed by Defendant Federal Reserve Board of Governors. (Mizusawa, Yvonne) Modified text on 10/21/2022 (Court Staff, skb). (Entered: 10/19/2022) |
| 10/28/2022 | 100 | MINUTES for proceedings held before Honorable Scott W Skavdahl: Motion Hearing held on 10/28/2022. (Court Reporter Megan Strawn.) (Court Staff, skb) (Entered: 10/28/2022) |
| 11/03/2022 | 101 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing held on 10/28/2022 before Judge Scott W. Skavdahl. To purchase a copy of this transcript, please contact Court Reporter Megan Strawn, phone (307) 232–2626 or email strawnreporting@gmail.com. A party must file a Notice of Intent to Request Redaction within 7 calendar days. If a party fails to request redaction, the unredacted transcript attached to this entry will be made available electronically without redaction. Notice of Intent to Redact due 11/10/2022. Notice of Redaction Request due 11/24/2022. Redacted Transcript Deadline set for 12/5/2022. Release of Transcript Restriction set for 2/1/2023. (Strawn, Megan) (Entered: 11/03/2022) |
| 11/11/2022 | 102 | |

|  |  | ORDER by the Honorable Scott W Skavdahl granting in part and denying in part 48 Federal Reserve Board of Governors' Motion to Dismiss and 50 Federal Reserve Bank of Kansas City's Motion to Dismiss. Claims I, II, IV, and part of Claim III (alleging a due process violation) state plausible causes of action for relief. Claims V, VI, VII, VIII, and the remainder of Claim III (alleging a nondelegable doctrine violation) do not state plausible claims on which relief can be granted and are hereby dismissed. (Skavdahl, Scott) Modified text on 11/15/2022 (Court Staff, skb). (Entered: 11/11/2022) |
|---|---|---|
| 11/22/2022 | 103 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Extension of Time (Non–Dispositive) requesting extension of unopposed Answer deadline filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 11/22/2022) |
| 11/23/2022 | 104 | ORDER by the Honorable Kelly H Rankin granting 103 Motion for Extension of Time. Defendants shall have up to and including 11/30/22 to respond to Plaintiff's Complaint. (Court Staff, sjdl) (Entered: 11/23/2022) |
| 11/30/2022 | 105 | ANSWER to Complaint with Affirmative Defenses, by Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 11/30/2022) |
| 11/30/2022 | 106 | STATUS REPORT by Federal Reserve Board of Governors. (Gelblum, Yonatan) (Entered: 11/30/2022) |
| 12/02/2022 | 107 | DISREGARD ERROR IN FILING – COUNSEL WILL REFILE ~~MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Strike 106 Status Report and MOTION for Default Judgment filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) Modified text on 12/2/2022 (Court Staff, scat).~~ Modified on 12/2/2022 (Court Staff, scat). (Entered: 12/02/2022) |
| 12/02/2022 | 108 | ~~MOTION REFERRED TO Judge Kelly H. Rankin.~~ MOTION to Strike 106 Status Report, MOTION for Default Judgment as to filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) Modified docket text/unreferred motion on 12/6/2022 (Court Staff, szf). (Entered: 12/02/2022) |
| 12/02/2022 |  | Motions No Longer Referred: 108 MOTION to Strike 106 Status Report MOTION for Default Judgment as to (Court Staff, szf) (Entered: 12/06/2022) |
| 12/07/2022 | 109 | (TEXT–ONLY) NOTICE of Initial Pretrial Conference: BY TELEPHONE – All parties shall appear by telephone through the Court's conference call system. Guests call: 307–735–3644 Conference ID: 275 440 149#. Parties should have their calendars on hand for scheduling. Under Local Rule 16.1(a)(2) the parties are reminded to file a written Joint Case Management Plan three business days prior to the Initial Pretrial Scheduling Conference. The Plan form may be located at www.wyd.uscourts.gov/judges–info under Judge Rankin. **Initial Pretrial Conference set for 1/17/2022 at 09:00 AM before Honorable Kelly H Rankin.** (Court Staff, smxb) (Entered: 12/07/2022) |
| 12/07/2022 | 110 | RESPONSE in Opposition re 108 MOTION to Strike 106 Status Report MOTION for Default Judgment as to filed by Defendant Federal Reserve Board of Governors. (Attachments: # 1 Exhibit A) (Chadwick, Joshua) (Entered: 12/07/2022) |
| 12/08/2022 | 111 | REPLY to 110 Response in Opposition to Motion filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order) (Ortiz, Scott) (Entered: 12/08/2022) |
| 12/12/2022 | 112 |  |

| | | |
|---|---|---|
| | | ORDER by the Honorable Scott W Skavdahl denying <u>108</u> MOTION to Strike <u>106</u> Status Report; denying <u>108</u> Motion for Default Judgment. (Court Staff, skb) (Entered: 12/12/2022) |
| 12/14/2022 | 113 | (TEXT–ONLY) NOTICE RESETTING Initial Pretrial Conference: BY TELEPHONE – All parties shall appear by telephone through the Court's conference call system. Guests call: 307–735–3644 Conference ID: 275 440 149#. Parties should have their calendars on hand for scheduling. Under Local Rule 16.1(a)(2) the parties are reminded to file a written Joint Case Management Plan three business days prior to the Initial Pretrial Scheduling Conference. The Plan form may be located at www.wyd.uscourts.gov/judges–info under Judge Rankin. **Initial Pretrial Conference set for 1/17/2023 at 09:00 AM before Honorable Kelly H Rankin.** (Court Staff, smxb) (Entered: 12/14/2022) |
| 01/13/2023 | <u>114</u> | JOINT CASE MANAGEMENT PLAN by Custodia Bank Inc. (Ortiz, Scott) (Entered: 01/13/2023) |
| 01/17/2023 | <u>115</u> | SCHEDULING ORDER by the Honorable Kelly H Rankin. Dispositive Motions filing deadline 7/21/2023. Dispositive Motion response deadline 8/21/2023. Dispositive Motion replies due by 9/5/2023. Appellate Brief filing deadline 7/21/2023. Appellate Brief response due by 8/21/2023. Appellate Brief reply due by 9/5/2023. Expert Witness Designation–Plaintiff deadline 5/15/2023. Expert Witness Designation–Defendant deadline 6/15/2023. Other Fact Witness Deadline 6/30/2023. Discovery due by 7/21/2023. **Final Pretrial Conference set for 10/17/2023 01:00 PM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl. Bench Trial set for 11/6/2023 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl. Bench Trial set for 11/7/2023 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl. Bench Trial set for 11/8/2023 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl. Bench Trial (8 days/Stacked #1) set for 11/9/2023 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.**(Court Staff, smxb) (Entered: 01/18/2023) |
| 01/27/2023 | <u>116</u> | MOTION to Dismiss Case, filed by Defendants Federal Reserve Bank of Kansas City, Federal Reserve Board of Governors. (Addleman, Billie) (Entered: 01/27/2023) |
| 02/07/2023 | <u>117</u> | MOTION REFERRED TO Judge Kelly H Rankin. Joint MOTION to Stay Discovery *and Filing of Administrative Record and to Extend Deadline to Respond to Motion to Dismiss and/or Move to Amend Complaint* filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # <u>1</u> Proposed Order)(Addleman, Billie) (Entered: 02/07/2023) |
| 02/08/2023 | <u>118</u> | ORDER by the Honorable Kelly H Rankin granting <u>117</u> Motion to Stay Discovery. Discovery is stayed pending further Order of the Court. Plaintiff has up to and including February 17, 2023, to respond to Defendants' Motion to Dismiss. (Court Staff, sjdl) (Entered: 02/08/2023) |
| 02/17/2023 | <u>119</u> | ~~MOTION REFERRED TO Judge Kelly H Rankin.~~ Unopposed MOTION to Amend Complaint in Response to <u>116</u> Defendant's Motion to Dismiss filed by Plaintiff Custodia Bank Inc. (Attachments: # <u>1</u> Exhibit–A Amended Complaint, # <u>2</u> Proposed Order)(Ortiz, Scott) (Additional attachment added on 2/17/2023: # <u>3</u> Redlined Amended Complaint) (Court Staff, skb). Modified text on 2/17/2023 (Court Staff, skb). Unreferred on 2/21/2023 (Court Staff, sjdl). (Entered: 02/17/2023) |

| 02/21/2023 | | Motions No Longer Referred: 119 MOTION to Amend/Correct Complaint. (Court Staff, sjdl) (Entered: 02/21/2023) |
|---|---|---|
| 02/22/2023 | 120 | ORDER by the Honorable Scott W Skavdahl granting 119 Plaintiff's MOTION to Amend Complaint and denying as moot 116 Defendant's Motion to Dismiss Case. Plaintiff is directed to file its First Amended Complaint within seven days of the date of this Order. (Court Staff, scat) (Entered: 02/22/2023) |
| 02/28/2023 | 121 | AMENDED COMPLAINT against Defendant Federal Reserve Bank of Kansas City, Federal Reserve Board of Governors, filed by Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/28/2023) |
| 03/10/2023 | 122 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Extension of Time (Non–Dispositive) requesting extension of (unopposed) respond to Plaintiff's First Amended Complaint filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 03/10/2023) |
| 03/13/2023 | 123 | ORDER by the Honorable Kelly H Rankin granting 122 Motion for Extension of Time. Defendant Federal Reserve Bank of Kansas City has up to and including 3/28/2023 to answer or otherwise respond to the Amended Complaint. (Court Staff, sjdl) (Entered: 03/13/2023) |
| 03/28/2023 | 124 | MOTION to Dismiss filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 03/28/2023) |
| 03/28/2023 | 125 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Order to File Exhibit Related to Motion to Dismiss Under Seal filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 03/28/2023) |
| 03/28/2023 | 126 | MOTION to Dismiss *Amended Complaint* filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 03/28/2023) |
| 03/28/2023 | 127 | MEMORANDUM in Support of 126 Motion to Dismiss filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 03/28/2023) |
| 03/29/2023 | 128 | ORDER by the Honorable Kelly H Rankin granting 125 Motion for Order. Defendants may file the referenced exhibit under seal. (Court Staff, sjdl) (Entered: 03/29/2023) |
| 03/29/2023 | 129 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – EXHIBIT in reference to 124 Motion to Dismiss *(Declaration of Billie LM Addleman with Exhibit A)* filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) Modified text on 3/30/2023 (Court Staff, skb). (Entered: 03/29/2023) |
| 04/07/2023 | 130 | MOTION for Leave to File Excess Pages regarding response brief to Defendants' Motion to Dismiss filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 04/07/2023) |
| 04/07/2023 | 131 | ORDER by the Honorable Scott W Skavdahl granting 130 Motion to File Excess Pages. Plaintiff is directed to file a single, omnibus response to Defendants' Motion to Dismiss totaling no more than thirty–five (35) pages in length. (Court Staff, skb) (Entered: 04/07/2023) |
| 04/10/2023 | 132 | |

| | | |
|---|---|---|
| | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Intervene filed by Amicus State of Wyoming. (Attachments: # 1 Proposed Order)(Kenney, Devin) (Entered: 04/10/2023) |
| 04/10/2023 | 133 | MEMORANDUM in Support of 132 Motion to Intervene filed by Amicus State of Wyoming. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Kenney, Devin) (Entered: 04/10/2023) |
| 04/11/2023 | 134 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin denying 132 Motion to Intervene without prejudice. Prospective intervenor has failed to confer with the parties in accordance with Local Rule 7.1(b)(1)(A). (Court Staff, sjdl) (Entered: 04/11/2023) |
| 04/11/2023 | 135 | MEMORANDUM in Opposition to 126 MOTION to Dismiss *Amended Complaint*, 124 MOTION to Dismiss filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 04/11/2023) |
| 04/13/2023 | 136 | MOTION for Hearing re 126 MOTION to Dismiss *Amended Complaint*, 124 MOTION to Dismiss filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 04/13/2023) |
| 04/13/2023 | 137 | MOTION for Leave to File Reply/Brief/Supplement (Dispositive) filed by Defendants Federal Reserve Bank of Kansas City, Federal Reserve Board of Governors. (Attachments: # 1 Proposed Order)(Chadwick, Joshua) (Entered: 04/13/2023) |
| 04/13/2023 | 138 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Intervene filed by Amicus State of Wyoming. (Attachments: # 1 Proposed Order)(Kenney, Devin) (Entered: 04/13/2023) |
| 04/13/2023 | 139 | DISREGARD. Filing Error – Counsel to Re–File. ~~MEMORANDUM in Support of 138 Motion to Intervene filed by Amicus State of Wyoming. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Kenney, Devin)~~ Modified on 4/13/2023 (Court Staff, stmo). (Entered: 04/13/2023) |
| 04/13/2023 | 140 | MEMORANDUM in Support of 138 Motion to Intervene filed by Amicus State of Wyoming. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Kenney, Devin) (Entered: 04/13/2023) |
| 04/14/2023 | 141 | ORDER by the Honorable Scott W Skavdahl denying 136 Motion for Hearing; granting 137 Motion to File Reply. It is ORDERED that Plaintiff Custodia Bank, Inc.'s Request for Hearing (ECF 136 ) is DENIED. It is further ORDERED that the Defendants' Motion for Leave to File Reply Briefs (ECF 137 ) is GRANTED. Defendants may file their reply briefs on or before April 25, 2023. Additionally, Defendant Federal Reserve Board of Governors may file a reply brief of up to 20 pages. (Court Staff, skb) (Entered: 04/14/2023) |
| 04/18/2023 | 142 | NOTICE of Attorney Appearance by Darin Boyd Scheer on behalf of Patrick J Toomey, Jr (Scheer, Darin) (Entered: 04/18/2023) |
| 04/18/2023 | 143 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Benjamin Gruenstein, John Buretta to appear pro hac vice; Check not tendered; filed by Amicus Patrick J Toomey, Jr. (Attachments: # 1 Affidavit Declaration of B. Gruenstein, # 2 Affidavit Declaration of J. Buretta, # 3 Proposed Order)(Scheer, Darin) (Entered: 04/18/2023) |

| 04/18/2023 | 144 | ORDER by the Honorable Kelly H Rankin granting 143 MOTION for Benjamin Gruenstein, John Buretta to appear pro hac vice; Check not tendered; filed by Patrick J Toomey, Jr (Court Staff, scat) (Main Document 144 replaced on 4/20/2023 to include file stamp) (Court Staff, scat). (Entered: 04/18/2023) |
|---|---|---|
| 04/18/2023 | 145 | Notice of Pro Hac Vice Attorney Appearance by Benjamin Gruenstein on behalf of Patrick J Toomey, Jr Filing fee $ 100, receipt number AWYDC–2248474. (Gruenstein, Benjamin) (Entered: 04/18/2023) |
| 04/18/2023 | 146 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Non–Dispositive) *Amicus Curiae Brief* filed by Amicus Patrick J Toomey, Jr. (Attachments: # 1 Proposed Amicus Curiae Brief, # 2 Proposed Order)(Gruenstein, Benjamin) (Entered: 04/18/2023) |
| 04/19/2023 | 147 | Notice of Pro Hac Vice Attorney Appearance by John Buretta on behalf of Patrick J Toomey, Jr Filing fee $ 100, receipt number AWYDC–2248580. (Buretta, John) (Entered: 04/19/2023) |
| 04/20/2023 | 148 | MOTION REFERRED TO Judge Kelly H Rankin. Joint MOTION for Order for Leave to Each File Consolidated Reply Briefs and Responses to the Amicus Brief by May 2, 2023 filed by Defendants Federal Reserve Bank of Kansas City, Federal Reserve Board of Governors. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 04/20/2023) |
| 04/20/2023 | 149 | DISREGARD per the Honorable Kelly H. Rankin – ~~(TEXT–ONLY) ORDER by the Honorable Kelly H Rankin denying 146 Motion to File Reply/Brief/Supplement (Non–Dispositive). Counsel failed to attach a certificate of conferral in accordance with the Local Rules 7.1(b)(2)(G) and 7.1(b)(1). Counsel may re–file after conferring with the interested parties and indicate whether the motion is opposed or unopposed. (Court Staff, sjdl)~~ Modified text on 4/20/2023 (Court Staff, smxb). (Entered: 04/20/2023) |
| 04/20/2023 | 150 | ORDER by the Honorable Kelly H Rankin granting 146 Motion to File Reply/Brief/Supplement (Non–Dispositive). IT IS ORDERED THAT Senator Patrick J. Toomey may file an amicus curiae brief on or before April 25, 2023. (Court Staff, smxb) (Entered: 04/20/2023) |
| 04/20/2023 | 151 | BRIEF *of Amicus Curiae Former Senator Patrick J. Toomey in Support of Neither Party*, filed by Amicus Patrick J Toomey, Jr. (Gruenstein, Benjamin) Modified text on 4/21/2023 (Court Staff, skb). (Entered: 04/20/2023) |
| 04/21/2023 | 152 | ORDER by the Honorable Kelly H Rankin granting 148 Motion for Order. Each Defendant may file a consolidated brief due no later than May 2, 2023, and that the consolidated brief of Defendant Board of Governors of the Federal Reserve System shall not exceed 25 pages and the consolidated brief of Defendant Federal Reserve Bank of Kansas City shall not exceed 15 pages. (Court Staff, sjdl) (Entered: 04/21/2023) |
| 04/27/2023 | 153 | NOTICE of Attorney Appearance by Erin Elizabeth Berry on behalf of Federal Reserve Bank of Kansas City (Berry, Erin) (Entered: 04/27/2023) |
| 04/27/2023 | 154 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Order to Withdraw John P. Fritz as attorney filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 04/27/2023) |
| 04/27/2023 | 155 | |

| | | OPPOSITION to 138 Motion to Intervene filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 04/27/2023) |
|---|---|---|
| 04/27/2023 | 156 | OPPOSITION to 138 Motion to Intervene filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 04/27/2023) |
| 04/27/2023 | 157 | MEMORANDUM in Support of 138 Motion to Intervene filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 04/27/2023) |
| 04/28/2023 | 158 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting 154 Attorney John P. Fritz terminated. (Court Staff, sjdl) (Entered: 04/28/2023) |
| 05/02/2023 | 159 | REPLY to 124 Motion to Dismiss filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 05/02/2023) |
| 05/02/2023 | 160 | REPLY to 126 Motion to Dismiss *Amended Complaint* filed by Defendant Federal Reserve Board of Governors. (Attachments: # 1 Exhibit A) (Chadwick, Joshua) (Entered: 05/02/2023) |
| 05/03/2023 | 161 | REPLY to 155 Opposition, 156 Opposition filed by Amicus State of Wyoming. (Kenney, Devin) (Entered: 05/03/2023) |
| 05/17/2023 | 162 | ORDER by the Honorable Kelly H Rankin denying 138 Motion to Intervene. The State of Wyoming's Intervention would unduly prejudice Defendants and change the nature of the case. (Court Staff, sjdl) (Entered: 05/17/2023) |
| 06/02/2023 | 163 | *Amended Amicus Curiae* BRIEF in Opposition to Defendants' 48 Motion to Dismiss and 50 Motion to Dismiss filed by Amicus State of Wyoming. (Kenney, Devin) Modified text and added link on 6/7/2023 (Court Staff, skb). Modified text on 6/8/2023 (Court Staff, skb). (Entered: 06/02/2023) |
| 06/08/2023 | 164 | ORDER by the Honorable Scott W Skavdahl denying 124 Motion to Dismiss; granting in part and denying in part 126 Motion to Dismiss. It is ORDERED that Defendant Federal Reserve Bank of Kansas City's Motion to Dismiss (ECF 124 ) is DENIED. It is further ORDERED that Defendant Board of Governors of the Federal Reserve System's Motion to Dismiss the Amended Complaint (ECF 126 ) is GRANTED IN PART AND DENIED IN PART. The motion is granted solely as to Claim II, which is dismissed only as against the Board of Governors. The remainder of the motion to dismiss is denied. (Court Staff, skb) (Entered: 06/08/2023) |
| 06/22/2023 | 165 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Amend/Correct 115 Scheduling Conference Order, filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Wolfe, Jamie) Modified text on 6/23/2023 (Court Staff, skb). (Entered: 06/22/2023) |
| 06/22/2023 | 166 | ANSWER to 121 Amended Complaint with Affirmative Defenses, by Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 06/22/2023) |
| 06/23/2023 | 167 | (TEXT–ONLY) NOTICE of Status Conference: BY TELEPHONE – All parties shall appear by telephone through the Court's conference call system. Guests call: 307–735–3644 Conference ID: 275 440 149#. Status Conference set for 6/30/2023 at 03:00 PM before Honorable Kelly H Rankin. (Court Staff, smxb) (Entered: 06/23/2023) |
| 06/30/2023 | 168 | MINUTES for proceedings held before Honorable Kelly H Rankin: Court held an informal telephonic status conference regarding Plaintiff's motion to amend/ correct |

| | | |
|---|---|---|
| | | the scheduling order. Court and parties agreed on new trial dates and deadlines. Amended scheduling order will be entered. Magistrate Judge Status Conference held on 6/30/2023. (Court Staff, smxb) (Entered: 06/30/2023) |
| 06/30/2023 | 169 | AMENDED SCHEDULING ORDER by the Honorable Kelly H Rankin. Dispositive Motions filing deadline 12/18/2023. Dispositive Motion response deadline 1/18/2024. Dispositive Motion Replies due by 2/1/2024. Appellate Brief due by 12/18/2023. Appellate Response Brief due by 1/18/2024. Appellate Reply Brief due by 2/1/2024. Other Fact Witness Deadline 11/20/2023. Expert Witness Designation–Plaintiff deadline 10/6/2023. Administrative Record filing deadline 8/21/2023. Administrative Record objections deadline 9/5/2023. Expert Witness Designation–Defendant deadline 11/6/2023. Discovery due by 12/18/2023. **Final Pretrial Conference set for 3/21/2024 01:00 PM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl. Bench Trial (8 days/Stacked #2) set for 4/8/2024 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** (Court Staff, smxb) Modified text on 7/10/2023 (Court Staff, smxb). (Entered: 06/30/2023) |
| 07/18/2023 | 170 | (TEXT–ONLY) NOTICE of Hearing: IN–PERSON **Final Pretrial Conference RESET for 3/19/2024 at 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** (Court Staff, skb) (Entered: 07/18/2023) |
| 07/20/2023 | 171 | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Protective Order filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A)(Ortiz, Scott) (Entered: 07/20/2023) |
| 07/21/2023 | 172 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin denying 171 Motion for Protective Order without prejudice. Pursuant to Local Rule 7.1(b)(1)(A) & (E) all non–dispositive motions must be filed with both a motion certifying conferral and the requested relief as well as an accompanying proposed order. Plaintiff's filing only contains a proposed order with no motion requesting relief or certifying conferral. Plaintiff may refile its motion in the format required. (Court Staff, sjdl) (Entered: 07/21/2023) |
| 07/21/2023 | 173 | MOTION REFERRED TO Judge Kelly H Rankin. Joint MOTION for Protective Order filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 07/21/2023) |
| 07/24/2023 | 174 | ORDER by the Honorable Kelly H Rankin granting 173 Motion for Protective Order. The parties shall follow the procedures as stipulated. (Court Staff, sjdl) (Entered: 07/24/2023) |
| 08/07/2023 | 175 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin. The Court held a discovery conference regarding Plaintiff's discovery requests. Plaintiff seeks various documents from Defendants and third parties regarding other bank's master account applications. Defendants oppose the request on the basis the requests are overbroad and irrelevant. After hearing argument, the Court determined the requests were outside the scope of discovery at this stage of the litigation. The parties may reach out to the Court for further guidance in the future if needed. (Court Staff, sjdl) (Entered: 08/07/2023) |
| 08/09/2023 | 176 | NOTICE of Withdrawal of Lisa Weingarten Richards by Amicus Wyoming Select Committee on Blockchain, Financial Technology and Digital Innovation Technology Co–Chair Olsen (Spillman, Lisa) Modified text on 8/10/2023 (Court Staff, skb). (Entered: 08/09/2023) |

| 08/21/2023 | 177 | NOTICE by Plaintiff Custodia Bank Inc *of Withdrawal of Counsel* (Hermandorfer, Whitney) (Entered: 08/21/2023) |
| 08/21/2023 | 178 | NOTICE of Filing Administrative Record by Defendant Federal Reserve Board of Governors (Chadwick, Joshua). 4 USBs containing the Administrative Record (public and non–public versions) received in the Cheyenne Office of the Clerk on 8/21/2023. Delivered to SWS chambers via Casper bin. Modified on 8/21/2023 (Court Staff, stmo). (Entered: 08/21/2023) |
| 08/28/2023 | 179 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION TO SEAL DOCUMENTS IN THE ADMINISTRATIVE RECORD filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Order)(Ortiz, Scott) Modified text on 8/29/2023 (Court Staff, skb). (Entered: 08/28/2023) |
| 08/29/2023 | 180 | ORDER by the Honorable Kelly H Rankin granting 179 Motion for Order. Good cause exists to refrain from placing the identified documents on the public docket and replace them with redacted versions. Plaintiff Custodia Bank, Inc.'s Unopposed Motion to Seal Documents in the Administrative Record is GRANTED. The clerk is ordered to refrain from placing the identified documents on the public docket and replace them with redacted versions. (Court Staff, sjgc) (Main Document 180 replaced on 8/30/2023 to correct date in the Order.) (Court Staff, sjlg). (Entered: 08/29/2023) |
| 08/29/2023 | 181 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Extension of Time (Non–Dispositive) requesting extension of time to move to supplement the Administrative Record filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 08/29/2023) |
| 08/30/2023 | 182 | ORDER by the Honorable Kelly H Rankin granting 181 Motion for Extension of Time. Plaintiff Custodia Bank, Inc.'s Motion for an Extension of Time to Move to Supplement the Administrative Record is granted. The deadline to move to supplement the administrative record is extended to October 27, 2023.(Court Staff, sjgc) (Entered: 08/30/2023) |
| 09/01/2023 | 183 | Notice of Withdrawal of Document in Administrative Record filed by Federal Reserve Board of Governors. (Chadwick, Joshua) Modified text on 9/5/2023 (Court Staff, skb). (Entered: 09/01/2023) |
| 09/05/2023 | 184 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Extension of Time (Non–Dispositive) requesting extension of deadline to designate expert witnesses filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 09/05/2023) |
| 09/06/2023 | 185 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting 184 Motion for Extension of Time Expert Witness Designation–Plaintiff deadline 10/20/2023. Expert Witness Designation–Defendant deadline 11/20/2023. (Court Staff, sjdl) (Entered: 09/06/2023) |
| 10/11/2023 | 186 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Ian M. Swenson to appear pro hac vice; Fee paid, receipt 1–323; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) Modified text on 10/11/2023 (Court Staff, semt). (Entered: 10/11/2023) |
| 10/11/2023 | 187 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Lauren Weinberger to appear pro hac vice; Fee paid, receipt 1–324; filed by Plaintiff Custodia Bank Inc. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order)(Ortiz, Scott) Modified text on 10/11/2023 (Court Staff, semt). (Entered: 10/11/2023) |
| 10/12/2023 | 188 | ORDER by the Honorable Kelly H Rankin granting 186 MOTION for Ian M. Swenson to appear pro hac vice & 187 MOTION for Lauren Weinberger to appear pro hac vice; filed by Custodia Bank Inc.(cc: Counsel) (Court Staff, stbd) (Entered: 10/12/2023) |
| 10/12/2023 | | FINANCIAL ENTRY: PAYMENT OF $100 RECEIVED FOR PRO HAC VICE FEE FOR IAN M SWENSON. RECEIPT 1–323. (Court Staff, sjk) (Entered: 10/12/2023) |
| 10/12/2023 | | FINANCIAL ENTRY: PAYMENT OF $100 RECEIVED FOR PRO HAC VICE FEE FOR LAUREN WEINBERGER. RECEIPT 1–324. (Court Staff, sjk) (Entered: 10/12/2023) |
| 10/19/2023 | 189 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Extension of Time (Non–Dispositive) requesting extension of Supplement the Administrative Record filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 10/19/2023) |
| 10/20/2023 | 190 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting in part and denying in part 189 Motion for Extension of Time. For good cause shown, Petitioners have up to and including 11/27/2023 to file a motion to supplement the administrative record. (Court Staff, sjdl) (Entered: 10/20/2023) |
| 10/20/2023 | 191 | Designation of Expert Witnesses by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Swenson, Ian) (Entered: 10/20/2023) |
| 10/23/2023 | 192 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Order Motion to Seal filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 10/23/2023) |
| 10/24/2023 | 193 | ORDER by the Honorable Kelly H Rankin granting 192 Plaintiff's Motion to Seal its Motion on the Federal Reserve Bank of Kansas City's Unjustified Invocation of the Deliberative Process Privilege Order. (Court Staff, sjgc) Modified text on 10/27/2023 (Court Staff, semt). (Entered: 10/24/2023) |
| 10/24/2023 | 194 | MOTION REFERRED TO Judge Kelly H Rankin. NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – MOTION for Order Motion on the Federal Reserve Bank of Kansas City's Unjustified Invocation of the Deliberative Process Privilege filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Proposed Order)(Ortiz, Scott) (Entered: 10/24/2023) |
| 10/26/2023 | 195 | (TEXT–ONLY) NOTICE of Discovery Status Conference: BY TELEPHONE – All parties shall appear by telephone through the Court's conference call system. Guests call: 307–735–3644 Conference ID: 275 440 149#. Discovery Status Conference set for 11/2/2023 at 02:00 PM before Honorable Kelly H Rankin. (Court Staff, smxb) Modified date on 10/26/2023 (Court Staff, smxb). (Entered: 10/26/2023) |
| 10/26/2023 | 196 | (TEXT–ONLY) NOTICE RESETTING Discovery Status Conference: BY TELEPHONE – All parties shall appear by telephone through the Court's conference call system. Guests call: 307–735–3644 Conference ID: 275 440 149#. Discovery |

| | | |
|---|---|---|
| | | Status Conference reset for 10/30/2023 at 03:30 PM before Honorable Kelly H Rankin. (Court Staff, smxb) (Entered: 10/26/2023) |
| 10/30/2023 | 197 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin. The Court held an informal conference regarding the scope of discovery. At issue is if the Federal Reserve Bank of Kansas City is statutorily required to grant Plaintiff a master account. The soundness and correctness of that decision is not at issue. Plaintiff may pursue discovery concerning the independence of the Federal Reserves assessment. Such areas would include the policy and procedures the Federal Reserve followed in making its assessment, whether the Board of Governors (or others) inserted itself into the decisionmaking process, and foundational questions relating to disclosed documents. Plaintiff should sparingly seek discovery comparing Plaintiff to other depositories, as discrimination is not at issue and would lead to areas outside the scope of discovery. (Court Staff, sjdl) (Entered: 10/30/2023) |
| 11/02/2023 | 198 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Amend the Scheduling Order filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) Modified to terminate motion per order on 11/13/2023 (Court Staff, smxb). Modified text on 11/14/2023 (Court Staff, semt). (Entered: 11/02/2023) |
| 11/03/2023 | 199 | NOTICE of Attorney Appearance by Ian Swenson on behalf of Custodia Bank Inc (Swenson, Ian) (Entered: 11/03/2023) |
| 11/03/2023 | 200 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin. Plaintiff shall Respond to ECF No. 198 on or before 11/8/2023. (Court Staff, sjdl) Modified text on 11/14/2023 (Court Staff, semt). (Entered: 11/03/2023) |
| 11/03/2023 | 201 | (TEXT–ONLY) NOTICE of Hearing: BY TELEPHONE – All parties may appear by telephone through the Courts conference call system. Guests call: 307–735–3644, Access code 275440149#. Status Conference set for 11/13/2023 03:00 PM before Honorable Kelly H Rankin. (Court Staff, sjdl) (Entered: 11/03/2023) |
| 11/06/2023 | 202 | NOTICE of Attorney Appearance by Lauren Weinberger on behalf of Custodia Bank Inc (Weinberger, Lauren) (Entered: 11/06/2023) |
| 11/07/2023 | 203 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Order Granting Unopposed Motion for Leave to File Response to Motion Under Seal filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 11/07/2023) |
| 11/07/2023 | 204 | ORDER by the Honorable Kelly H Rankin granting 203 Motion for Order. Defendant may file its response as non–public. (Court Staff, sjdl) (Entered: 11/07/2023) |
| 11/07/2023 | 205 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – RESPONSE in Opposition re 194 MOTION for Order Motion on the Federal Reserve Bank of Kansas City's Unjustified Invocation of the Deliberative Process Privilege filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9) (Addleman, Billie) (Entered: 11/07/2023) |
| 11/07/2023 | 206 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Excess Pages regarding Opposition to Plaintiff's Motion on the Federal Reserve Bank of Kansas City's Invocation of the Deliberative Process Privilege filed by Defendant |

| | | |
|---|---|---|
| | | Federal Reserve Board of Governors. (Attachments: # <u>1</u> Proposed Order)(Chadwick, Joshua) (Entered: 11/07/2023) |
| 11/07/2023 | <u>207</u> | RESPONSE in Opposition re <u>194</u> MOTION for Order Motion on the Federal Reserve Bank of Kansas City's Unjustified Invocation of the Deliberative Process Privilege filed by Defendant Federal Reserve Board of Governors. (Attachments: # <u>1</u> Declaration of David G. Caperton) (Chadwick, Joshua) (Entered: 11/07/2023) |
| 11/08/2023 | 208 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting <u>206</u> Motion to File Excess Pages Non–Dispositive. The Court will accept Defendant's overlength Response. (Court Staff, sjdl) (Entered: 11/08/2023) |
| 11/08/2023 | <u>209</u> | RESPONSE in Opposition re <u>198</u> MOTION for Order to Amend the Scheduling Order filed by Plaintiff Custodia Bank Inc. (Swenson, Ian) (Entered: 11/08/2023) |
| 11/13/2023 | <u>210</u> | MINUTES for proceedings held before Honorable Kelly H Rankin: Court held a telephonic status conference to discuss the defendant's motion to amend the scheduling order <u>198</u> and plaintiff's response <u>209</u> . After discussion with parties, the final pretrial conference will remain as scheduled for 3/21/24 and the bench trial will remain as scheduled for 4/8/2024. Defendant's expert designation deadline and listing of other witnesses will be moved to 12/4/23. Dispositive motions will be due no later than 1/19/24 with responses due three weeks later and replies due two weeks thereafter. Second Amended scheduling order to be entered reflecting the new deadlines. Magistrate Judge Status Conference held on 11/13/2023. (Court Staff, smxb) (Entered: 11/13/2023) |
| 11/13/2023 | <u>211</u> | SECOND AMENDED SCHEDULING ORDER by the Honorable Kelly H Rankin, granting in part and denying in part <u>198</u> Motion to Amend Scheduling Order. Dispositive Motions filing deadline 1/19/2024. Dispositive Motion response deadline 2/9/2024. Dispositive Motion Replies due by 2/23/2024. Other Fact Witness Deadline 12/4/2023 Expert Witness Designation–Defendant deadline 12/4/2023. Discovery due by 12/18/2023. **Final Pretrial Conference set for 3/21/2024 01:00 PM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl. Bench Trial (8 days/Stacked #2) set for 4/8/2024 09:00 AM in Casper Courtroom No. 2 (Room No. 204) before Honorable Scott W Skavdahl.** (Court Staff, smxb) (Entered: 11/13/2023) |
| 11/14/2023 | <u>212</u> | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Order Motion to Seal Plaintiff's Reply Brief filed by Plaintiff Custodia Bank Inc. (Attachments: # <u>1</u> Proposed Order)(Ortiz, Scott) (Entered: 11/14/2023) |
| 11/14/2023 | 213 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting <u>212</u> Motion for Order. THIS MATTER came before the Court on Plaintiff Custodia Bank, Inc.'s Unopposed Motion to Seal its Reply Brief in Support of its Motion on the Federal Reserve Bank of Kansas City's Unjustified Invocation of the Deliberative Process Privilege. Finding good cause,IT IS HEREBY ORDERED that Plaintiff Custodia Bank, Inc.'s Motion to Seal is GRANTED.(Court Staff, sjgc) (Entered: 11/14/2023) |
| 11/14/2023 | <u>214</u> | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – REPLY to <u>194</u> Motion for Order,, filed by Plaintiff Custodia Bank Inc. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit D, # <u>5</u> Exhibit E, # <u>6</u> Exhibit F, # <u>7</u> Exhibit G, # <u>8</u> Exhibit H, # <u>9</u> Exhibit I, # <u>10</u> Exhibit J) (Ortiz, Scott) (Entered: 11/14/2023) |
| 11/15/2023 | <u>215</u> | |

| | | |
|---|---|---|
| | | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Leave to File Excess Pages regarding REPLY BRIEF IN SUPPORT OF ITS MOTION ON THE FEDERAL RESERVE BANK OF KANSAS CITYS UNJUSTIFIED INVOCATION OF THE DELIBERATIVE PROCESS PRIVILEGE filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 11/15/2023) |
| 11/15/2023 | 216 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting 215 Motion to File Excess Pages Non–Dispositive. Plaintiff's overlength Reply is accepted. (Court Staff, sjdl) (Entered: 11/15/2023) |
| 11/27/2023 | 217 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Russell M. Mendelson to appear pro hac vice; Check tendered; filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Ortiz, Scott) (Entered: 11/27/2023) |
| 11/27/2023 | 218 | ORDER by the Honorable Kelly H. Rankin granting 217 MOTION for Russell M. Mendelson to appear pro hac vice. (Court Staff, semt) Modified text on 12/1/2023 (Court Staff, semt). (Entered: 11/27/2023) |
| 11/27/2023 | 219 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Amend/Correct 211 Scheduling Conference Order,, filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 11/27/2023) |
| 11/28/2023 | 220 | ORDER by the Honorable Kelly H Rankin granting 219 MOTION to Amend/Correct 211 Scheduling Conference Order. The briefing schedule is consolidated. (Court Staff, sjdl) (Entered: 11/28/2023) |
| 11/28/2023 | 221 | NOTICE of Pro Hac Vice Attorney Appearance by Russell Meir Mendelson on behalf of Custodia Bank Inc (Mendelson, Russell) Modified text on 12/4/2023 (Court Staff, semt). (Entered: 11/28/2023) |
| 11/29/2023 | | FINANCIAL ENTRY: Pro Hac Vice Fee $100 Paid on Behalf of Russell Mendelson (Receipt #2–2379). (Court Staff, stmo) (Entered: 11/29/2023) |
| 12/04/2023 | 222 | Witness List by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 12/04/2023) |
| 12/04/2023 | 223 | Witness List by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 12/04/2023) |
| 12/04/2023 | 224 | Designation of Expert Witnesses by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit A) (Addleman, Billie) (Entered: 12/04/2023) |
| 12/07/2023 | 225 | ORDER by the Honorable Kelly H Rankin denying 194 PLAINTIFF'S MOTION ON THE UNJUSTIFIED INVOCATION OF THE DELIBERATIVE PROCESS PRIVILEGE. (Court Staff, sjgc) (Entered: 12/07/2023) |
| 12/12/2023 | 226 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Jared Lax to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit Jared Lax, # 2 Proposed Order)(Addleman, Billie) (Entered: 12/12/2023) |
| 12/12/2023 | 227 | ORDER by the Honorable Kelly H Rankin granting 226 MOTION for Jared Lax to appear pro hac vice (cc: Counsel via email)(Court Staff, semt) (Entered: 12/12/2023) |
| 12/15/2023 | 228 | Notice of Pro Hac Vice Attorney Appearance by Jared Michael Lax on behalf of Federal Reserve Bank of Kansas City Filing fee $ 100, receipt number |

| | | |
|---|---|---|
| | | AWYDC−2355886. (Lax, Jared) (Entered: 12/15/2023) |
| 12/19/2023 | 229 | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Order Motion to Seal filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 12/19/2023) |
| 12/19/2023 | 230 | Stipulated MOTION for Leave to File Excess Pages regarding Omnibus Brief filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 12/19/2023) |
| 12/19/2023 | 231 | ~~Stipulated MOTION for Leave to File Excess Pages regarding Omnibus Brief filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott)~~ Terminated and modified text on 12/20/2023. Duplicate motion. See 230 , 235 . (Court Staff, semt). (Entered: 12/19/2023) |
| 12/20/2023 | 232 | (TEXT−ONLY) ORDER by the Honorable Kelly H Rankin granting 229 Motion for Order. Custodia may redact or seal portions of its brief. (Court Staff, sjdl) (Entered: 12/20/2023) |
| 12/20/2023 | 233 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – MOTION for Judgment *as a matter of law on its Statutory Mandamus Claim* filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 12/20/2023) |
| 12/20/2023 | 234 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – *Omnibus* BRIEF re 233 Motion for Judgment, filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 12/20/2023) |
| 12/20/2023 | 235 | (TEXT−ONLY) ORDER by the Honorable Scott W Skavdahl granting 230 Plaintiff's Unopposed Motion for Leave to File Excess Pages. Plaintiff may file an Omnibus Brief not exceeding 55 pages in support of its Motion for Judgment as a Matter of Law. (Court Staff, semt) (Entered: 12/20/2023) |
| 12/20/2023 | 236 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Ryan Scarborough re 233 MOTION for Judgment *as a matter of law on its Statutory Mandamus Claim*, 234 Brief filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit AB, # 29 Exhibit AC, # 30 Exhibit AD, # 31 Exhibit AE, # 32 Exhibit AF, # 33 Exhibit AG, # 34 Exhibit AH, # 35 Exhibit AI, # 36 Exhibit AJ, # 37 Exhibit AK, # 38 Exhibit AL, # 39 Exhibit AM, # 40 Exhibit AN, # 41 Exhibit AO, # 42 Exhibit AP, # 43 Exhibit AQ, # 44 Exhibit AR, # 45 Exhibit AS, # 46 Exhibit AT, # 47 Exhibit AU, # 48 Exhibit AV, # 49 Exhibit AW, # 50 Exhibit AX, # 51 Exhibit AY, # 52 Exhibit AZ, # 53 Exhibit BA, # 54 Exhibit BB, # 55 Exhibit BC, # 56 Exhibit BD, # 57 Exhibit BE, # 58 Exhibit BF, # 59 Exhibit BG, # 60 Exhibit BH, # 61 Exhibit BI, # 62 Exhibit BJ, # 63 Exhibit BK, # 64 Exhibit BL, # 65 Exhibit BM, # 66 Exhibit BN, # 67 Exhibit BO, # 68 Exhibit BP, # 69 Exhibit BQ, # 70 Exhibit BR, # 71 Exhibit BS, # 72 Exhibit BT, # 73 Exhibit BU, # 74 Exhibit BV, # 75 Exhibit BW, # 76 Exhibit BX, # 77 Exhibit BY, # 78 Exhibit BZ) (Ortiz, Scott) (Additional attachment(s) added on 12/20/2023: # 79 Exhibit CA, # 80 Exhibit CB, # 81 Exhibit CC, # 82 Exhibit CD, # 83 Exhibit CE, # 84 Exhibit CF, # 85 Exhibit CG, # 86 Exhibit CH, # 87 Exhibit CI, # 88 |

| | | |
|---|---|---|
| | | Exhibit CJ, # 89 Exhibit CK, # 90 Exhibit CL, # 91 Exhibit CM, # 92 Exhibit CN, # 93 Exhibit CO, # 94 Exhibit CP, # 95 Exhibit CQ) (Court Staff, semt). (Attachments 54 and 88 blank pages removed on 12/21/2023) (Court Staff, semt). (Entered: 12/20/2023) |
| 12/22/2023 | 237 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION to Amend/Correct 211 Scheduling Conference Order, *Unopposed* filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) Modified text on 12/26/2023 (Court Staff, semt). (Entered: 12/22/2023) |
| 12/22/2023 | 238 | MOTION for Judgment filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 12/22/2023) |
| 12/22/2023 | 239 | *Omnibus* BRIEF re 238 Motion for Judgment filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 12/22/2023) |
| 12/22/2023 | 240 | AFFIDAVIT of Ryan Scarborough re 239 Brief, 238 MOTION for Judgment filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit AB, # 29 Exhibit AC, # 30 Exhibit AD, # 31 Exhibit AE, # 32 Exhibit AF, # 33 Exhibit AG, # 34 Exhibit AH, # 35 Exhibit AI, # 36 Exhibit AJ, # 37 Exhibit AK, # 38 Exhibit AL, # 39 Exhibit AM, # 40 Exhibit AN, # 41 Exhibit AO, # 42 Exhibit AP, # 43 Exhibit AQ, # 44 Exhibit AR, # 45 Exhibit AS, # 46 Exhibit AT, # 47 Exhibit AU, # 48 Exhibit AV, # 49 Exhibit AW, # 50 Exhibit AX, # 51 Exhibit AY, # 52 Exhibit AZ, # 53 Exhibit BA, # 54 Exhibit BB, # 55 Exhibit BC, # 56 Exhibit BD, # 57 Exhibit BE, # 58 Exhibit BF, # 59 Exhibit BG, # 60 Exhibit BH, # 61 Exhibit BI, # 62 Exhibit BJ, # 63 Exhibit BK, # 64 Exhibit BL, # 65 Exhibit BM, # 66 Exhibit BN, # 67 Exhibit BO, # 68 Exhibit BP, # 69 Exhibit BQ, # 70 Exhibit BR, # 71 Exhibit BS, # 72 Exhibit BT, # 73 Exhibit BU, # 74 Exhibit BV, # 75 Exhibit BW, # 76 Exhibit BX, # 77 Exhibit BY, # 78 Exhibit BZ, # 79 Exhibit CA, # 80 Exhibit CB, # 81 Exhibit CC, # 82 Exhibit CD, # 83 Exhibit CE, # 84 Exhibit CF, # 85 Exhibit CG, # 86 Exhibit CH, # 87 Exhibit CI, # 88 Exhibit CJ, # 89 Exhibit CK, # 90 Exhibit CL, # 91 Exhibit CM, # 92 Exhibit CN, # 93 Exhibit CO, # 94 Exhibit CP, # 95 Exhibit CQ) (Ortiz, Scott) (Attachments 54 and 88 blank pages removed on 12/27/2023) (Court Staff, semt). Modified text on 12/27/2023 (Court Staff, semt). (Entered: 12/22/2023) |
| 12/26/2023 | 241 | ORDER by the Honorable Kelly H Rankin granting 237 MOTION to Amend/Correct 211 Scheduling Conference Order, *Unopposed*. All deadlines in the Second Amended Scheduling Order dated February 23, 2023, not modified herein, shall remain in effect, including the pre–trial conference and bench trial dates. (Court Staff, sjgc) Modified text on 1/3/2024 (Court Staff, semt). (Entered: 12/26/2023) |
| 12/26/2023 | | Set/Reset Deadlines/Hearings: Plaintiff Dispositive Motions filing deadline 12/20/2023. Motion response deadline 1/26/2024. Reply Brief due by 2/16/2024. Plaintiff Amicus Briefs due 1/19/2024. Defendant Amicus Briefs due by 2/9/2024. (Court Staff, semt) (Entered: 01/03/2024) |
| 01/12/2024 | 242 | NOTICE of Attorney Appearance by Tyler John Garrett on behalf of Blockchain Association (Garrett, Tyler) (Entered: 01/12/2024) |
| 01/12/2024 | 243 | |

| | | |
|---|---|---|
| | | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Matthew I. Summers to appear pro hac vice; Check not tendered; filed by Movant Blockchain Association. (Attachments: # 1 Declaration of Matthew I. Summers, # 2 Proposed Order to Admit Pro Hac Vice)(Garrett, Tyler) (Entered: 01/12/2024) |
| 01/12/2024 | 244 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Michelle S. Kallen to appear pro hac vice; Check not tendered; filed by Movant Blockchain Association. (Attachments: # 1 Declaration of Michelle S. Kallen, # 2 Proposed Order to Admit Pro Hac Vice)(Garrett, Tyler) (Entered: 01/12/2024) |
| 01/16/2024 | 245 | ORDER by the Honorable Kelly H Rankin granting 243 MOTION for Matthew I. Summers to appear pro hac vice, 244 MOTION for Michelle S. Kallen to appear pro hac vice, filed by Blockchain Association. (cc: Counsel via email) (Court Staff, semt) (Entered: 01/16/2024) |
| 01/17/2024 | 246 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Non–Dispositive) *State's Second Motion for Leave to File Brief as Amicus Curiae* filed by Amicus State of Wyoming. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Kenney, Devin) (Entered: 01/17/2024) |
| 01/18/2024 | 247 | Notice of Pro Hac Vice Attorney Appearance by Michelle Kallen on behalf of Blockchain Association and Scholars, Filing fee $ 100, receipt number AWYDC–2370366. (Kallen, Michelle) Modified text on 1/18/2024 (Court Staff, semt). (Entered: 01/18/2024) |
| 01/18/2024 | 248 | Notice of Pro Hac Vice Attorney Appearance by Matthew I. Summers on behalf of Blockchain Association and Scholars, Filing fee $ 100, receipt number AWYDC–2370500. (Summers, Matthew) Modified text on 1/18/2024 (Court Staff, semt). (Entered: 01/18/2024) |
| 01/18/2024 | 249 | NOTICE of Attorney Appearance by Tyler John Garrett on behalf of Payment System Scholars (Garrett, Tyler) Modified party text on 1/19/2024 (Court Staff, semt). (Entered: 01/18/2024) |
| 01/18/2024 | 250 | ORDER by the Honorable Kelly H Rankin granting 246 Motion to File Reply/Brief/Supplement (Non–Dispositive). The State of Wyoming shall file its Amicus Brief within three business days. (Court Staff, sjdl) (Entered: 01/18/2024) |
| 01/18/2024 | 251 | *Amicus Curiae* BRIEF *of the State of Wyoming* filed by Amicus State of Wyoming. (Kenney, Devin) (Entered: 01/18/2024) |
| 01/18/2024 | 252 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Non–Dispositive) */ Blockchain Association and Payment Systems Scholars' Motion for Leave to File Brief as Amici Curiae in Support of Plaintiff* filed by Movants Blockchain Association, Payment System Scholars. (Attachments: # 1 Proposed Blockchain Association and Payment Systems Scholars' Amici Curiae Brief, # 2 Proposed Order)(Kallen, Michelle) Modified party text on 1/19/2024 (Court Staff, semt). (Entered: 01/18/2024) |
| 01/18/2024 | 253 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Reply/Brief/Supplement (Non–Dispositive) *Motion for Leave to File Amici Curiae Brief in Support of Plaintiff's Motion for Judgment as a Matter of Law (ECF 238 )* filed by Amicus Parties United States House of Representatives Financial Services Committee Members, United States Senate Banking, Housing and Urban Affairs Committee Members. (Attachments: # 1 Exhibit 1– Proposed Brief, # 2 Proposed |

| | | |
|---|---|---|
| | | Order)(Land, Christopher) Modified to add hyperlink on 1/19/2024 (Court Staff, sjlg). Removed repetitive text on 1/19/2024 (Court Staff, semt). (Entered: 01/18/2024) |
| 01/19/2024 | 254 | (TEXT–ONLY) ORDER by the Honorable Kelly H Rankin granting 252 Motion to File Reply/Brief/Supplement (Non–Dispositive); granting 253 Motion to File Reply/Brief/Supplement (Non–Dispositive). The movants shall file their Amicus Briefs within three business days. (Court Staff, sjdl) Modified on 1/19/2024 (Court Staff, sjdl). (Entered: 01/19/2024) |
| 01/19/2024 | 255 | MOTION REFERRED TO Judge Kelly H Rankin. Amended MOTION for Michelle S. Kallen to appear pro hac vice; Check not tendered; filed by Movants Blockchain Association, Payment System Scholars. (Attachments: # 1 Amended Declaration of Michelle S. Kallen, # 2 Proposed Order to Admit Pro Hac Vice)(Garrett, Tyler) Modified party text on 1/19/2024 (Court Staff, semt). (Entered: 01/19/2024) |
| 01/19/2024 | 256 | MOTION REFERRED TO Judge Kelly H Rankin. Amended MOTION for Matthew I. Summers to appear pro hac vice; Check not tendered; filed by Movants Blockchain Association, Payment System Scholars. (Attachments: # 1 Amended Declaration of Matthew I. Summers, # 2 Proposed Order to Admit Pro Hac Vice)(Garrett, Tyler) Modified party text on 1/19/2024 (Court Staff, semt). Modified attachment text on 1/19/2024 (Court Staff, semt). (Entered: 01/19/2024) |
| 01/19/2024 | 257 | *Amici Curiae* BRIEF *in Support of Plaintiff* filed by Amicus Parties Blockchain Association, Payment System Scholars. (Kallen, Michelle) Modified party text on 1/19/2024 (Court Staff, semt). (Entered: 01/19/2024) |
| 01/19/2024 | 258 | ORDER by the Honorable Kelly H. Rankin granting 255 Amended MOTION for Michelle S. Kallen to appear pro hac vice; and 256 Amended MOTION for Matthew I. Summers to appear pro hac vice, filed by Blockchain Association, Payment System Scholars (Court Staff, semt) Modified judge text on 1/22/2024 (Court Staff, semt). (Entered: 01/19/2024) |
| 01/19/2024 | 259 | *Amici Curiae* BRIEF *in Support of Plaintiff's Motion for Judgment as a Matter of Law (ECF 238 )* filed by Amicus Parties United States House of Representatives Financial Services Committee Members, United States Senate Banking, Housing and Urban Affairs Committee Members. (Land, Christopher) Modified text on 2/9/2024 (Court Staff, sjlg). (Entered: 01/19/2024) |
| 01/22/2024 | 260 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for E. Caroline Freeman to appear pro hac vice; Check not tendered; filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Affidavit E. Caroline Freeman, # 2 Proposed Order)(Addleman, Billie) (Entered: 01/22/2024) |
| 01/22/2024 | 261 | ORDER by the Honorable Kelly H Rankin granting 260 MOTION for E. Caroline Freeman to appear pro hac vice, filed by Federal Reserve Bank of Kansas City (cc: Counsel via email) (Court Staff, semt) Modified cc text on 1/22/2024 (Court Staff, semt). (Entered: 01/22/2024) |
| 01/23/2024 | 262 | Notice of Pro Hac Vice Attorney Appearance by Emily Caroline Snell Freeman on behalf of Federal Reserve Bank of Kansas City Filing fee $ 100, receipt number AWYDC–2372465. (Freeman, Emily) (Entered: 01/23/2024) |
| 01/23/2024 | 263 | Stipulated MOTION for Leave to File Excess Pages regarding 50 and 15 filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed |

| | | |
|---|---|---|
| | | Order)(Addleman, Billie) (Entered: 01/23/2024) |
| 01/24/2024 | 264 | ORDER by the Honorable Kelly H Rankin granting 263 Motion to File Excess Pages. Defendants are granted the requested page extensions. (Court Staff, sjdl) (Entered: 01/24/2024) |
| 01/25/2024 | 265 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Order Granting FRBKC's Unopposed Motion to File Its Motions Under Seal filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 01/25/2024) |
| 01/26/2024 | 266 | ORDER by the Honorable Kelly H Rankin granting 265 Motion for Order. Defendant is permitted to file Defendant's Cross–Motion for Summary Judgment and Opposition to Plaintiff's Petition for Review and Motion for Judgment as a Matter of Law, Defendant's Motion to Strike Reports and Exclude Testimony of Professor Peter Conti–Brown, Defendants Motion to Strike Reports and Exclude Testimony of Katie Cox under seal through February 1, 2024. (Court Staff, sjgc) (Entered: 01/26/2024) |
| 01/26/2024 | 267 | MOTION REFERRED TO Judge Kelly H Rankin. NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – MOTION for Order to Strike Reports and Exclude the Testimony of Professor Peter Conti–Brown filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 01/26/2024) |
| 01/26/2024 | 268 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Andrew Michaelson re 267 MOTION for Order to Strike Reports and Exclude the Testimony of Professor Peter Conti–Brown filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22) (Addleman, Billie) (Entered: 01/26/2024) |
| 01/26/2024 | 269 | MOTION REFERRED TO Judge Kelly H Rankin. NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – MOTION for Order to Strike Reports and Exclude the Testimony of Katie S. Cox filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 01/26/2024) |
| 01/26/2024 | 270 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Andrew Michaelson re 269 MOTION for Order to Strike Reports and Exclude the Testimony of Katie S. Cox filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 ~~Exhibit 22~~ DISREGARD – will be refiled by counsel, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25) (Addleman, Billie) Modified text on 2/1/2024 (Court Staff, sbh). (Entered: 01/26/2024) |
| 01/26/2024 | 271 | MEMORANDUM in Opposition to 238 Motion for Judgment, 233 Motion for Judgment, filed by Defendant Federal Reserve Board of Governors. (Chadwick, Joshua) (Entered: 01/26/2024) |

| 01/26/2024 | 272 | MOTION for Summary Judgment filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) Removed non–public restriction per counsel on 2/1/2024 (Court Staff, sbh). (Entered: 01/26/2024) |
|---|---|---|
| 01/26/2024 | 273 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – MEMORANDUM IN SUPPORT of 272 Motion for Summary Judgment and OPPOSITION to 238 Motion for Judgment and 233 Motion for Judgment filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) Modified text on 1/30/2024 (Court Staff, sjlg). (Entered: 01/26/2024) |
| 01/26/2024 | 274 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Andrew Michaelson re 272 MOTION for Summary Judgment, , 273 Brief, filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Exhibit 79, # 80 Exhibit 80, # 81 Exhibit 81, # 82 Exhibit 82, # 83 Exhibit 83, # 84 Exhibit 84) (Addleman, Billie) (Entered: 01/26/2024) |
| 02/02/2024 | 275 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – ERRATA re 268 Affidavit, by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 2, # 2 Exhibit 15) (Addleman, Billie) Modified text on 2/6/2024 (Court Staff, semt). (Entered: 02/02/2024) |
| 02/02/2024 | 276 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – ERRATA re 270 Affidavit,,, by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 22) (Addleman, Billie) (Entered: 02/02/2024) |
| 02/02/2024 | 277 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – ERRATA re 274 Affidavit, by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 12, # 2 Exhibit 14, # 3 Exhibit 16, # 4 Exhibit 18) (Addleman, Billie) Modified text on 2/6/2024 (Court Staff, semt). (Entered: 02/02/2024) |
| 02/02/2024 | 278 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 267 MOTION for Order to Strike Reports and Exclude the Testimony of Professor Peter Conti–Brown *REDACTED VERSION* (Addleman, Billie) (Entered: 02/02/2024) |
| 02/02/2024 | 279 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 268 Affidavit, *REDACTED VERSION (of certain exhibits)* (Attachments: # 1 Exhibit 1, # 2 Exhibit |

| | | |
|---|---|---|
| | | 2 (redacted), # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14 (redacted), # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 19, # 18 Exhibit 20, # 19 Exhibit 21, # 20 Exhibit 22) (Addleman, Billie) Modified text on 2/6/2024 (Court Staff, semt). (Entered: 02/02/2024) |
| 02/02/2024 | 280 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 269 MOTION for Order to Strike Reports and Exclude the Testimony of Katie S. Cox *REDACTED VERSION* (Addleman, Billie) (Entered: 02/02/2024) |
| 02/02/2024 | 281 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 270 Affidavit, *REDACTED VERSION (of certain exhibits)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (redacted), # 3 Exhibit 3 (redacted), # 4 Exhibit 4 (redacted), # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 18, # 16 Exhibit 20, # 17 Exhibit 21) (Addleman, Billie) Modified text on 2/6/2024 (Court Staff, semt). (Entered: 02/02/2024) |
| 02/02/2024 | 282 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 273 Brief, *REDACTED VERSION* (Addleman, Billie) (Entered: 02/02/2024) |
| 02/02/2024 | 283 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 277 Errata, 274 Affidavit, *REDACTED VERSION (of certain exhibits)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12 (redacted), # 11 Exhibit 13 (redacted), # 12 Exhibit 14, # 13 Exhibit 16 (redacted), # 14 Exhibit 17, # 15 Exhibit 18 (redacted), # 16 Exhibit 19, # 17 Exhibit 20, # 18 Exhibit 21, # 19 Exhibit 23, # 20 Exhibit 26 (redacted), # 21 Exhibit 28, # 22 Exhibit 29, # 23 Exhibit 31, # 24 Exhibit 34, # 25 Exhibit 35 (redacted), # 26 Exhibit 37, # 27 Exhibit 38, # 28 Exhibit 39, # 29 Exhibit 40, # 30 Exhibit 41, # 31 Exhibit 42, # 32 Exhibit 43, # 33 Exhibit 44, # 34 Exhibit 45, # 35 Exhibit 48, # 36 Exhibit 51, # 37 Exhibit 53, # 38 Exhibit 54 (redacted), # 39 Exhibit 56, # 40 Exhibit 57, # 41 Exhibit 58, # 42 Exhibit 59, # 43 Exhibit 60, # 44 Exhibit 61, # 45 Exhibit 62, # 46 Exhibit 63, # 47 Exhibit 64, # 48 Exhibit 65, # 49 Exhibit 66, # 50 Exhibit 67, # 51 Exhibit 68 (redacted), # 52 Exhibit 69, # 53 Exhibit 70, # 54 Exhibit 71, # 55 Exhibit 72, # 56 Exhibit 73, # 57 Exhibit 74, # 58 Exhibit 75 (redacted), # 59 Exhibit 76, # 60 Exhibit 77, # 61 Exhibit 78, # 62 Exhibit 79, # 63 Exhibit 81, # 64 Exhibit 82, # 65 Exhibit 83 (redacted)) (Addleman, Billie) Modified text on 2/6/2024 (Court Staff, semt). (Entered: 02/02/2024) |
| 02/09/2024 | 284 | MOTION REFERRED TO Judge Kelly H Rankin. MOTION for Leave to File Amicus Brief filed by Movant David Zaring. (Attachments: # 1 Proposed Order)(Court Staff, smxb) (Entered: 02/09/2024) |
| 02/09/2024 | 285 | ORDER by the Honorable Kelly H Rankin granting 284 Motion to File Reply/Brief/Supplement. David Zaring, the Elizabeth F. Putzel Professor of the Wharton School of the University of Pennsylvania may file an amicus brief on or before February 9, 2024. pro se Movant sent a copy of this Order via U.S. Postal Service sent on 2/9/2024. (Court Staff, sjgc) (Entered: 02/09/2024) |
| 02/09/2024 | 286 | AMICUS BRIEF is Support of Defendants filed by Amicus David Zaring. (Court Staff, sjlg) (Entered: 02/09/2024) |
| 02/15/2024 | 287 | Stipulated MOTION for Leave to File Excess Pages regarding Omnibus Opposition/Reply Brief and Oppositions to FRBKC Motions to Exclude Plaintiff's Expert Witnesses filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed |

| | | |
|---|---|---|
| | | Order)(Ortiz, Scott) (Entered: 02/15/2024) |
| 02/15/2024 | 288 | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Order Motion to Redact or Seal Portions of Its Omnibus Opposition/Reply Brief and Oppositions to the FRBKC Motions to Exclude Plaintiff's Expert Witnesses filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Proposed Order)(Ortiz, Scott) (Entered: 02/15/2024) |
| 02/15/2024 | 289 | ORDER by the Honorable Scott W Skavdahl granting Plaintiff Custodia Bank Inc's 287 Motion to File Excess Pages (Copy of order sent to Pro Se Amicus David Zaring via US Mail on 2/15/24) (Court Staff, semt) (Entered: 02/15/2024) |
| 02/16/2024 | 290 | ORDER by the Honorable Kelly H Rankin granting 288 Motion for Order. Plaintiff shall follow the procedure as outlined. (Court Staff, sjdl) (Entered: 02/16/2024) |
| 02/16/2024 | 291 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – RESPONSE in Opposition re 269 MOTION for Order to Strike Reports and Exclude the Testimony of Katie S. Cox filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/16/2024) |
| 02/16/2024 | 292 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Ryan Scarborough re 291 Response in Opposition to Motion, filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Ortiz, Scott) (Entered: 02/16/2024) |
| 02/16/2024 | 293 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – RESPONSE in Opposition re 267 MOTION for Order to Strike Reports and Exclude the Testimony of Professor Peter Conti–Brown filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/16/2024) |
| 02/16/2024 | 294 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Ryan Scarborough re 293 Response in Opposition to Motion, filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Ortiz, Scott) (Entered: 02/16/2024) |
| 02/16/2024 | 295 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – REPLY BRIEF re 238 Motion for Judgment filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/16/2024) |
| 02/16/2024 | 296 | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – AFFIDAVIT of Ryan Scarborough re 295 Reply Brief filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit CR, # 2 Exhibit CS, # 3 Exhibit CT, # 4 Exhibit CU, # 5 Exhibit CV, # 6 Exhibit CW, # 7 Exhibit CX, # 8 Exhibit CY, # 9 Exhibit CZ, # 10 Exhibit DA, # 11 Exhibit DB, # 12 Exhibit DC, # 13 Exhibit DD, # 14 Exhibit DE, # 15 Exhibit DF, # 16 Exhibit DG, # 17 Exhibit DH, # 18 Exhibit DI) (Ortiz, Scott) (Entered: 02/16/2024) |
| 02/21/2024 | 297 | RESPONSE in Opposition re 267 MOTION for Order to Strike Reports and Exclude the Testimony of Professor Peter Conti–Brown filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/21/2024) |
| 02/21/2024 | 298 | AFFIDAVIT of Ryan Scarborough re 297 Response in Opposition to Motion filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Ortiz, Scott) (Entered: 02/21/2024) |
| 02/21/2024 | 299 | |

| | | |
|---|---|---|
| | | REPLY BRIEF re 238 Motion for Judgment filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/21/2024) |
| 02/21/2024 | 300 | AFFIDAVIT of Ryan Scarborough re 299 Reply Brief filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit CR, # 2 Exhibit CS, # 3 Exhibit CT, # 4 Exhibit CU, # 5 Exhibit CV, # 6 Exhibit CW, # 7 Exhibit CX, # 8 Exhibit CY, # 9 Exhibit CZ, # 10 Exhibit DB, # 11 Exhibit DB, # 12 Exhibit DC, # 13 Exhibit DD, # 14 Exhibit DE, # 15 Exhibit DF, # 16 Exhibit DG, # 17 Exhibit DH, # 18 Exhibit DI) (Ortiz, Scott) (Entered: 02/21/2024) |
| 02/21/2024 | 301 | RESPONSE in Opposition re 269 MOTION for Order to Strike Reports and Exclude the Testimony of Katie S. Cox filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 02/21/2024) |
| 02/21/2024 | 302 | AFFIDAVIT of Ryan Scarborough re 301 Response in Opposition to Motion filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Ortiz, Scott) (Entered: 02/21/2024) |
| 02/22/2024 | 303 | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Order Granting Leave to File Excess Pages filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 02/22/2024) |
| 02/22/2024 | 304 | MOTION REFERRED TO Judge Kelly H Rankin. Stipulated MOTION for Order Granting Unopposed Motion to File Replies Under Seal filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Proposed Order)(Addleman, Billie) (Entered: 02/22/2024) |
| 02/23/2024 | 305 | ORDER by the Honorable Kelly H Rankin granting 303 Motion for Order. Defendant Federal Reserve Bank of Kansas City may file its Reply in Support of its Cross−Motion for Summary Judgment not to exceed 20 pages and replies in support of motions to exclude Plaintiffs expert witnesses not to exceed 10 pages for each reply in support of the motions to exclude. (Court Staff, sjdl) (Entered: 02/23/2024) |
| 02/23/2024 | 306 | ORDER by the Honorable Kelly H Rankin granting 304 Motion for Order. The Replies may be filed under seal through February 27, 2024, with redacted versions filed on or before February 28, 2024. (Court Staff, sjdl) (Entered: 02/23/2024) |
| 02/23/2024 | 307 | REPLY to 267 Motion for Order, *to Strike Reports and Exclude the Testimony of Professor Peter Conti−Brown* filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) Removed restriction per 314 Notice on 2/27/2024 (Court Staff, sbh). (Entered: 02/23/2024) |
| 02/23/2024 | 308 | AFFIDAVIT of Andrew Michaelson re 307 Reply, *in Support of Motion to Strike Reports and Exclude the Testimony of Professor Peter Conti−Brown* filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 23) (Addleman, Billie) Removed restriction per 314 Notice on 2/27/2024 (Court Staff, sbh). (Entered: 02/23/2024) |
| 02/23/2024 | 309 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access − REPLY to 269 Motion for Order, *to Strike Reports and Exclude the Testimony of Katie Cox* filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 02/23/2024) |
| 02/23/2024 | 310 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access − REPLY to 272 Motion for Summary Judgment, 273 Brief, *in* |

| | | |
|---|---|---|
| | | *Support of Its Cross–Motion for Summary Judgment* filed by Defendant Federal Reserve Bank of Kansas City. (Addleman, Billie) (Entered: 02/23/2024) |
| 02/23/2024 | 311 | AFFIDAVIT of Andrew Michaelson re 310 Reply, *in Support of Defendant FRBKC's Reply in Support of Its Cross–Motion for Summary Judgment* filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit 85, # 2 Exhibit 86, # 3 Exhibit 87, # 4 Exhibit 88, # 5 Exhibit 89, # 6 Exhibit 90, # 7 Exhibit 91, # 8 Exhibit 92, # 9 Exhibit 93, # 10 Exhibit 94) (Addleman, Billie) Removed restriction per 314 Notice on 2/27/2024 (Court Staff, sbh). (Attachment 7 blank pages removed on 2/28/2024) (Court Staff, semt). Modified text on 2/28/2024 (Court Staff, semt). (Entered: 02/23/2024) |
| 02/27/2024 | 312 | REDACTED REPLY by Defendant Federal Reserve Bank of Kansas City re 309 Reply, *in Support of 269 Motion to Strike Reports and Exclude the Testimony of Katie Cox REDACTED VERSION* (Addleman, Billie) Modified text on 2/29/2024 (Court Staff, semt). (Entered: 02/27/2024) |
| 02/27/2024 | 313 | REDACTED REPLY by Defendant Federal Reserve Bank of Kansas City re 310 Reply, *in Support of Its 272 Cross–Motion for Summary Judgment REDACTED VERSION* (Addleman, Billie) Modified text on 2/29/2024 (Court Staff, semt). (Entered: 02/27/2024) |
| 02/27/2024 | 314 | NOTICE by Defendant Federal Reserve Bank of Kansas City re 308 Affidavit, 311 Affidavit,, 307 Reply, *of Request to Lift Restrictions of ECF Nos. 307, 308 and 311* (Addleman, Billie) (Entered: 02/27/2024) |
| 02/27/2024 | 315 | NOTICE by Amicus Parties Blockchain Association, Payment System Scholars / *Notice of Withdrawal of Matthew I. Summers as Counsel for Amici Curiae* (Summers, Matthew) (Entered: 02/27/2024) |
| 03/05/2024 | 316 | (TEXT–ONLY) ORDER Vacating Trial Setting. The Court has had the opportunity to digest a substantial portion of the summary–judgment briefing and expansive materials submitted by all parties. Based upon this review, the Court currently does not find a decision on the merits depends on a disputed material fact, and the claims and issues can be resolved based upon the extensive record currently before it. Therefore, the Court hereby VACATES the TRIAL SETTING and FINAL PRETRIAL CONFERENCE AND ASSOCIATED FILING DEADLINES. A decision on the merits will be issued forthwith. (Court Staff, semt) (Copy of docket sheet and Text–Only order sent to Pro Se parties via US Mail on 3/5/24) Modified text on 3/5/2024 (Court Staff, semt). (Entered: 03/05/2024) |
| 03/29/2024 | 317 | ORDER ON DISPOSITIVE MOTIONS by the Honorable Scott W Skavdahl. IT IS THEREFORE ORDERED that Plaintiff's 233 , 238 Petition for Review on its APA Claim and its Motion for Judgment as a Matter of Law on its Statutory Mandamus Claim is DENIED. Plaintiff's petition for review under the APA alleged against Defendant Board of Governors (Claim I) is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION. Defendant FRBKC's 272 Cross–Motion for Summary Judgment is GRANTED. Judgment as a matter of law is granted in Defendant FRBKC's favor and against Plaintiff on the statutory mandamus claim (Claim II). Plaintiff's cause of action requesting declaratory judgment (Claim III) is DISMISSED. Defendant FRBKC's 267 Motion to Strike Reports and Exclude Testimony of Professor Peter Conti–Brown and 269 Motion to Strike Reports and Exclude the Testimony of Katie S. Cox are DENIED AS MOOT. See order for details. (Copy of order sent to pro se parties via US Mail on this date) (Court Staff, |

| | | semt) (Entered: 03/29/2024) |
|---|---|---|
| 03/29/2024 | 318 | JUDGMENT as a matter of law in favor of Defendant Federal Reserve Bank of Kansas City against Plaintiff Custodia Bank, Inc. on Plaintiff Custodia's cause of action seeking a writ of mandamus (Claim II), ordering and adjudging that Plaintiff Custodia's petition for review under the Administrative Procedure Act (Claim I) asserted against Defendant Federal Reserve Board of Governors is dismissed without prejudice for lack of jurisdiction, and dismissing Plaintiff Custodia's cause of action for declaratory judgment under the Declaratory Judgment Act (Claim III) by the Honorable Scott W Skavdahl.(Court Staff, semt)The AO133 Bill of Cost form is available at https://www.wyd.uscourts.gov/forms/bill–costs. (Copy of order sent to pro se parties via US Mail on this date) Modified text on 3/29/2024 (Court Staff, semt). (Entered: 03/29/2024) |
| 04/12/2024 | 319 | BILL OF COSTS filed by Defendant Federal Reserve Bank of Kansas City. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C – Affidavit) (Michaelson, Andrew) (Entered: 04/12/2024) |
| 04/26/2024 | 320 | OBJECTION to 319 Bill of Costs filed by Plaintiff Custodia Bank Inc. (Ortiz, Scott) (Entered: 04/26/2024) |
| 04/26/2024 | 321 | NOTICE OF APPEAL as to 317 Order on Dispositive Motions, 318 Judgment, filed by Plaintiff Custodia Bank Inc. (Attachments: # 1 Exhibit, # 2 Exhibit) (Ortiz, Scott) Modified text on 4/26/2024 (Court Staff, semt). (Entered: 04/26/2024) |



# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

CUSTODIA BANK, INC.,

      Plaintiff,

    v.

FEDERAL RESERVE BOARD OF
GOVERNORS, and FEDERAL RESERVE
BANK OF KANSAS CITY,

      Defendants.

Case No. 22-CV-125-SWS

---

## ORDER ON DISPOSITIVE MOTIONS

---

Plaintiff Custodia Bank is a Wyoming-chartered depository institution. In October 2020, it applied to Defendant Federal Reserve Bank of Kansas City (FRBKC) to obtain a Federal Reserve "master account," which is essentially a bank account for banks. In January 2023, Custodia's request for a master account was denied. In this lawsuit, Custodia contends FRBKC was statutorily required to grant the master account request, and Defendant Federal Reserve Board of Governors (the Board) hijacked FRBKC's consideration of the request and forced FRBKC to improperly deny the master account.

Custodia brings one cause of action against the Board (a federal agency) for violation of the Administrative Procedures Act (APA), alleging its actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and asking the Court to compel the Board to issue a master account to Custodia (Claim I). Custodia's

WYD 43

cause of action against FRBKC seeks a writ of mandamus compelling it to grant a master account to Custodia (Claim II).

Custodia has filed a motion for judgment as a matter of law, arguing it is entitled to a master account as a matter of statutory construction. (ECF 233.) FRBKC has filed a cross-motion for summary judgment, contending Custodia is not entitled to a writ of mandamus because the law does not require it to grant a master account to Custodia. (ECF 272.) The Board has not filed its own dispositive motion, but it opposes Custodia's motion and asks the Court to find Custodia's APA claim fails as a matter of law. (ECF 271.)

The Court has reviewed the extensive briefing and thousands of pages of exhibits submitted by the parties, as well as the administrative record lodged by the Board as to Claim I. (ECF 178, 234, 236, 271, 273, 274, 277, 295, 296, 310, 311.) The Court has also considered the several amicus briefs. (ECF 251, 257, 259, 286.) The Court agrees with the parties that no genuine dispute of material fact precludes the Court from rendering judgment as a matter of law. And the Court concludes Custodia's dispositive motion must be denied and Defendants are entitled to judgment as a matter of law in their favor.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Custodia is state-chartered as a Special Purpose Depository Institution (SPDI), a unique-to-Wyoming financial institution intended to facilitate cryptocurrency banking that is unlike other banks in that it is generally prohibited from extending loans. (Am. Compl.

---

[1] While the Court cites to Custodia's amended complaint for much of this background, which is unusual at the summary-judgment stage, the parties' briefing does not raise a genuine dispute of any material fact concerning these allegations.

¶¶ 36-37.[2]) "SPDI banks were designed to provide a bridge connecting crypto-asset companies to the U.S. payments system (for example, to pay their staff in U.S. dollars)." (*Id.* ¶ 37.)

> SPDI banks were also designed to provide custody services for crypto-assets via their trust departments, analogous to the custody services provided by the trust departments of custody banks for the trillions in securities held by retirement plans and mutual funds. SPDI banks allow, for example, a customer to use his or her Bitcoin held in the trust department of an SPDI bank to make a direct transfer, a purchase, or an investment, rather than having to first convert the Bitcoin into U.S. dollars.

(*Id.*) As a state-chartered depository institution, Custodia is regulated by the Wyoming Division of Banking. (*Id.* ¶ 36.) And as a SPDI bank, it is not required to be insured by the Federal Deposit Insurance Corporation (FDIC), but it is eligible to seek such deposit insurance because it is authorized and expected to take deposits. (*Id.* ¶ 40.)

In October 2020, Custodia applied to FRBKC to obtain a Federal Reserve master account (*id.* ¶ 21), which is "put simply, a bank account for banks" that "gives deposit institutions access to the Federal Reserve System's services, including its electronic payments system." *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052, 1053 (10th Cir. 2017) (Moritz, J.). "Without such access, a depository institution is nothing more than a vault." *Id.* at 1053 (Moritz, J.) (internal quotation marks omitted).

> The master account is both a record of financial transactions that reflects the financial rights and obligations of an account holder and the Reserve Bank with respect to each other, and the place where opening and closing balances are determined. For each institution, all credits and debits resulting from the use of Federal Reserve services at any Federal Reserve office are booked to

---

[2] ECF 121.

this single master account at one Reserve Bank.

*Id.* at 1064 n.1 (Bacharach, J.). A master account also enables its holder to access various services promised by 12 U.S.C. § 248a beyond deposit and withdrawal services, including wire transfer services, automated clearinghouse services, settlement services, securities safekeeping, and Federal Reserve float services. *See id.* at 1053 (Moritz, J.) (noting a master account "gives depository institutions access to the Federal Reserve System's services, including its electronic payments system").

Absent a master account, "Custodia cannot directly access the Federal Reserve and cannot offer the same custodial services for crypto-assets that incumbent banks like BNY Mellon presently provide." (Am. Compl. ¶ 2.) "Without a master account, if Custodia is able to operate at all, it is as a second-class citizen, relegated to dependency on and fealty to an intermediary bank [which does have a master account]." (*Id.*)

> Having a master account means that SPDI banks do not have to use an intermediary ["correspondent"] bank in order to access the Federal Reserve banking system for clearing U.S. dollar transactions. Eliminating the "middleman" cuts costs, lowers risk (including counterparty credit risk), and provides SPDI bank customers with more efficient and customizable payment services that can be programmed using software. It does not mean that SPDI banks hold crypto-assets within their master accounts. Custodia would hold no crypto-assets on its balance sheet or within its master account.

(*Id.* ¶ 38; *see also* ¶ 4.) For a while, and perhaps still, Custodia indeed accessed the Federal Reserve banking system through a correspondent bank with a master account. However, "[d]oing so imposes additional costs and counterparty credit risk, injects settlement risk given the inability to ensure simultaneous settlements, and exposes institutions to existential risks if the correspondent bank terminates the relationship." (ECF 234 p. 18.)

Accordingly, Custodia's own Federal Reserve master account is significantly important to its business. *See Fourth Corner*, 861 F.3d at 1053 (Moritz, J.) (noting that when plaintiff credit union was denied a master account by FRBKC in that case, it "effectively crippl[ed] the Credit Union's business operations").

In August 2021, Custodia also applied to the Board of Governors for membership in the Federal Reserve, which would subject Custodia to oversight and regulation by the Federal Reserve Board (in addition to the state's banking regulatory system). (Am. Compl. ¶ 47.) "It is not necessary to be a member bank in order to receive a master account .... Custodia, however, took this additional step to demonstrate to [FRBKC] and the Board its willingness to submit to full federal supervision and accountability." (*Id.*)

On January 27, 2023, the Board denied Custodia's application for membership into the Federal Reserve. (*Id.* ¶¶ 62-70.) A few hours later, FRBKC conveyed the denial of Custodia's master account application. (*Id.*; ECF 236-84.) In this lawsuit, Custodia has not challenged the Board's membership denial or the reasons underlying the master account denial.

## STANDARD OF ANALYSIS

Custodia's Claim I is alleged only against the Board and concerns review of administrative action with a demand to compel agency action, and Claim II is alleged only against FRBKC and concerns a request for writ of mandamus. Despite the different postures of each claim, each party seeks judgment as a matter of law in its favor (ECF 234 p. 9; ECF 271 p. 55; ECF 273 p. 11), agreeing Custodia's claims are resolved in this case based on questions of law with no genuine dispute of material fact affecting the legal

decisions. The Court agrees, finding the limited areas of disputed facts are not material to the determinations in this case. Additionally, the parties stipulated that all evidence and discovery between Custodia, FRBKC, and the Board's administrative record "may be relied upon by all parties including any court hearing in this case throughout the remainder of this litigation," and this stipulation was approved by the Court. (ECF 220.) This stipulation is logical because Custodia seeks the same relief, compelling a master account, in both Claim I and Claim II, and therefore any distinction between the APA and the Mandamus Act is ultimately irrelevant, with the only difference in this case being which Defendant must comply with the potential writ. *See Hernandez–Avalos v. I.N.S.,* 50 F.3d 842, 844 (10th Cir.) (noting that the Mandamus Act and the APA are "merely different means of compelling an agency to take action [that] by law it is required to take"), *cert. denied,* 516 U.S. 826 (1995). Accordingly, the Court does not separately analyze the matter under the APA versus the Mandamus Act. *See New Mexico Health Connections v. United States Dep't of Health & Human Servs.,* 946 F.3d 1138, 1161 (10th Cir. 2019) ("[t]he court employs summary judgment to 'decid[e], as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review") (quoting *Calloway v. Harvey,* 590 F. Supp. 2d 29, 36 (D.D.C. 2008)).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the record and all reasonable inferences that might be drawn from it in the light most favorable to the party opposing summary judgment. *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Trust*, 744 F.3d 623, 628 (10th Cir. 2014). "Cross-

motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

## DISCUSSION

"To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citing *Johnson v. Rogers,* 917 F.2d 1283, 1285 (10th Cir. 1990)). If the petitioner can establish these requirements, the Court may exercise its discretion to grant the requested writ of mandamus. *Id.* (citing *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995)).

> The court's jurisdiction over a mandamus petition depends on the character of the government's duty to the petitioner. [*Marquez-Ramos*, 69 F.3d at 479] ("[T]he question of whether a particular act is discretionary or ministerial rises to the jurisdictional level."). "The test for jurisdiction is whether mandamus would be an appropriate means of relief." *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981). If the duty is "ministerial, clearly defined and peremptory," mandamus is appropriate. *Id.* at 566 (quoting *Schulke v. United States,* 544 F.2d 453, 455 (10th Cir. 1976)).

*Rios*, 398 F.3d at 1206–07. *See also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (a claim for mandamus under the APA "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take").

**1.      Custodia has not challenged a final agency action of the Board of Governors and Claim I under the APA must be dismissed.**

The first issue to take up concerns the Board's contention that it never took any final

WYD 49

agency action on Custodia's request for a master account that would be subject to judicial review and Custodia's disagreement with that contention. (ECF 234 p. 57; ECF 271 pp. 50-53; ECF 295 pp. 30-34.) There is no dispute that the Board of Governors is a federal agency. The APA grants federal courts the authority to review the "final agency action" of an agency. 5 U.S.C. § 704. Therefore, a petitioner must challenge a "final agency action" in order to have statutory (prudential) standing to seek judicial review under the APA. The finality of an agency action is jurisdictional. *See Chemical Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494 (10th Cir. 1997).

The APA defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13); *see also* 5 U.S.C. § 701(b)(2) (noting that "agency action" means as defined by § 551).

> In *Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997), we distilled from our precedents two conditions that generally must be satisfied for agency action to be "final" under the APA. "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.*, at 177–178, 117 S.Ct. 1154 (internal quotation marks and citation omitted).

*U.S. Army Corps of Engineers v. Hawkes Co.*, 578 U.S. 590, 597 (2016). The petitioner has "the burden of identifying specific federal conduct and explaining how it is 'final agency action' within the meaning of section 551(13)." *Colorado Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000). Whether an agency's conduct constitutes "final agency action" under the APA is a question of law. *Id.* Courts take a

WYD 50

"pragmatic" approach to finality. *Hawkes Co.*, 578 U.S. at 599.

In this case, Custodia identifies as the final agency action an email sent from the Board to FRBKC, where the Board stated it has reviewed FRBKC's "pre-decisional analysis of Custodia Bank's request for a master account" and has "no concerns" with FRBKC's intent to deny the master account application. (ECF 234 p. 57 (citing to Administrative Record Bates Number FRB-AR-000002).) Custodia says the Board identified this no-concerns email as the relevant final agency action. (*Id.* (citing ECF 178).) In its Notice of Lodging of the Administrative Record, the Board stated the email "is the final agency action at issue as required by Local Rule 83.6(b)(1)(A), and that final agency action is followed by the three documents to which it directly refers." (ECF 178 p. 1.) Custodia relies on this statement by the Board to show it is the final agency action to be reviewed by the Court. The Board says not so fast—it lodged the administrative record and designated the last-in-time event (the no-concerns email) as the final agency action only to comply with the Court's requirements and the District of Wyoming's local civil rules, but that doesn't automatically mean the no-concerns email holds any legal significance as a "final agency action;" instead, the no-concerns email fails to meet the legal test for final agency action. (ECF 271 pp. 50-53.) Custodia responds that this no-concerns email "gave the Kansas City Fed the green light to deny Custodia's account application," which "indisputably affected Custodia's substantive rights." (ECF 295 p. 30.)

The no-concerns email does not constitute final agency action warranting judicial review under the APA for two reasons. First, the email is not an "agency action" because

it is not "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). In the similar case of *Cherry v. U.S. Dep't of Agriculture*, 13 F. App'x 886 (10th Cir. 2001), the U.S. Forest Service sent the plaintiff a letter demanding he remove his equipment from a millsite because he lacked an approved operating plan, and it warned him "that failure to remove his equipment or obtain an approved operating plan would place him in violation of 36 C.F.R. § 261.10." *Id.* at 889. The plaintiff tried to challenge the letter under the APA, but the Tenth Circuit concluded the letter was not an agency action under the § 551(13) definition because it was not a rule, order, license, sanction, relief, or the equivalent or denial thereof, or a failure to act. *Id.* at 890. Like there, the no-concerns email here cannot be said to be an agency action as defined by § 551(13).

Second, the January 26, 2023 no-concerns email constitutes only the Board of Governors' implementation decision pursuant to a broader agency plan, which is also not a final action. *See Chemical Weapons Working Group, Inc., v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494 (10th Cir. 1997) (concluding the Army's decision to commence trial incinerations to test destruction of chemical weapons was not reviewable as a final agency action under the APA because it was instead the act of implementing its broader plan of chemical weapons disposal).

> An implementation decision is one that merely carries out a broader agency plan that marked the consummation of the relevant decision-making process. Therefore, despite being the *outcome* of some decision-making process, the decision does not represent the agency's "last word on the matter in question." *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001) (discussing the APA's final action standard for purposes of applying the "final action" standard of § 307 of the Clean Air

Act).

*County Comm'rs of County of Sierra v. United States Dep't of the Interior*, 614 F. Supp.
3d 944, 953 (D.N.M. 2022) (italics in original) (concluding a decision to translocate two
wolves was an implementation decision conducted by the U.S. Fish and Wildlife Service
pursuant to a broader agency plan).  The no-concerns email itself points to the *Guidelines
for Evaluating Account and Services Requests* previously announced by the Board on
August 15, 2022 (and published on August 19, 2022, at 87 Fed. Reg. 51099), as well as S-
letter 2667, a policy enacted by the Board requiring Federal Reserve Banks to consult with
Board staff on certain requests for master accounts.  The no-concerns email was the
implementation of these *Guidelines* and S-letter as they pertained to Custodia's master
account application.  The no-concerns email did not decide to impose the *Guidelines*
considerations or S-letter policy; those decisions were made several months before the no-
concerns email.  And Custodia has not challenged the *Guidelines* or S-letter 2667 in this
case.  The no-concerns email merely implemented these broader plans as they related to
Custodia's application.[3]

Custodia has not carried its burden of "identifying specific federal conduct and

---

[3]   To be sure, "not all agency decisions made pursuant to a broader agency plan are unreviewable
implementation decisions."  *County Comm'rs of County of Sierra*, 614 F. Supp. 3d at 954.  "When a
decision has independent legal force because it substantially changes, modifies, or imposes conditions upon
an agency's previous disposition of a matter, and such changes have 'clear and definite' legal consequences,
the decision can no longer be viewed as 'mere implementation' and should be subjected to judicial review
under the APA."  *Id.*  Custodia has not argued such in this case, and there is no evidence suggesting the no-
concerns email substantially changed the Board's previous disposition of a matter.

explaining how it is 'final agency action' within the meaning of section 551(13)."[4] *Colorado Farm Bureau Fed'n*, 220 F.3d at 1173. Because the no-concerns email does not constitute a final agency action, Custodia lacks standing under the APA to challenge it. Consequently, this Court lacks jurisdiction to address the merits of Custodia's Claim I alleged under the APA against the Board of Governors, and it must be dismissed.[5]

## 2.     Custodia is not statutorily entitled to a master account.

The Federal Reserve Act of 1913 established the Federal Reserve System, which consists of the Board of Governors of the Federal Reserve System, the Federal Open Market Committee (FOMC), and twelve regional Federal Reserve Banks that each serve their respective district. *Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182, at *1 (S.D.N.Y. Oct. 27, 2023). In the Federal Reserve Act, Congress also authorized the Federal Reserve Banks to carry out certain banking functions, including accepting or rejecting deposits from depository institutions (i.e., to act as a centralized bank for the depository institutions in the district).

---

[4] As an alternative argument, Custodia in its reply brief contends "the Board's participation in the master account process meets the requirement that there be final agency action" and then lists a myriad of alleged agency actions performed by the Board in an attempt to show this participation. (ECF 295 pp. 31-33.) This will not do the trick for two reasons. First, the Court has not permitted the Board to file a surreply, so the Court does not rely on this new argument found in Custodia's reply brief. *See Pippin v. Burlington Res. Oil And Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (unless the district court allows a surreply from the non-moving party, "the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief"). Second, in this spaghetti-at-the-wall tactic, Custodia does not demonstrate how any of the alleged agency actions, including the overarching claim that the Board "participated" in the master account process, are "final" because Custodia fails to explain how these actions "mark[] the consummation of the agency's decisionmaking process" or "determine[] [Custodia's] legal rights such that legal consequences will flow therefrom." *Cherry*, 13 Fed. App'x at 890.

[5] Even if Custodia was correct in alleging the Board had performed a final agency action subject to judicial review under the APA, the merits of that claim would rise and fall with Custodia's statutory-construction argument, discussed next.

WYD 54

*Id.* The Federal Reserve Banks record and maintain such deposits in master accounts. *Id.*

> The master account is both a record of financial transactions that reflects the financial rights and obligations of an account holder and the Reserve Bank with respect to each other, and the place where opening and closing balances are determined. For each institution, all credits and debits resulting from the use of Federal Reserve services at any Federal Reserve office are booked to this single master account at one Reserve Bank.

*Fourth Corner*, 861 F.3d at 1064 n.1 (Bacharach, J.) (quoting Bd. of Governors of the Fed. Reserve Sys., *Reserve Maintenance Manual* 5 (Nov. 2016), available at https://www.federalreserve.gov/monetarypolicy/files/reserve-maintenance-manual.pdf).

In this case, it is undisputed that Custodia was "eligible" to obtain a master account. Upon Custodia's application, FRBKC consulted with the Board's legal advisors, and they determined in January 2022 that "Custodia met the [Federal Reserve Act's] definition of a 'depository institution' and was therefore 'eligible' to request a Reserve Bank account and services." (ECF 273 p. 27; *see also* ECF 236-9.)

The real dispute at the heart of this case is whether FRBKC must grant a master account to Custodia because it was legally eligible or whether FRBKC possessed the discretion to deny Custodia's master account application despite its eligibility. Custodia contends that because it was legally eligible to request and obtain a master account, FRBKC was required by law to grant the request. FRBKC says legal eligibility is only a threshold determination and it retains discretion under the law whether to issue master accounts to eligible depository institutions. The parties rely on their interpretations of different provisions of the Federal Reserve Act to press their arguments. Custodia has not challenged the reasons given by FRBKC for denying its master account application in this

lawsuit.

**2.1** **Dispute Concerning Which Defendant Denied Custodia's Master Account Application**

Custodia applied to FRBKC for a master account. (Am. Compl. ¶ 21.) The master account denial was conveyed to Custodia by FRBKC, not the Board of Governors, and was signed by the then-President and CEO of FRBKC. (ECF 236-84.) In its amended complaint, Custodia asserted "the Board orchestrated the denial of Custodia's master account application," the Board's action "in denying Custodia's master account application" was unlawful, and the master account denial was "part of a larger effort coordinated by the Board (in conjunction with the White House) in response to its decision that de novo banks should not be permitted to engage with crypto-assets." (Am. Compl. ¶¶ 82, 84, 62.) In briefing, the Defendants contend FRBKC is the entity that denied the master account application, with legal and appropriate input from the Board. (ECF 271 pp. 45-50; ECF 273 pp. 25-35.) In response, Custodia reasserted that "the Board controlled the Custodia master account process." (ECF 295 p. 33.)

This dispute is a question of fact. The extensive evidence presented by the parties as part of their motions practice weighs toward a factual finding that it was FRBKC that denied Custodia's master account application. (*See* ECF 273 pp. 36-37 and the citations to the record therein.) Nonetheless, the Court need not make any factual determination on this dispute. For purposes of considering Custodia's request for a writ of mandamus in Claim II alleged against FRBKC, the Court will assume without deciding that FRBKC denied the master account application. The Court notes, though, that if Custodia is correct

that it was actually the Board that denied the application, such could amount to a final agency action sufficient to vest jurisdiction for judicial review. And regardless, because Custodia's bases for compelling a master account in Count I and Count II are identical— that the Federal Reserve Act commands Custodia receive a master account—the following statutory construction analysis would control the outcome for both causes of action.

### 2.2    Statutory Interpretation Principles

When construing federal statutes, the Court's goal is to "ascertain the congressional intent and give effect to the legislative will." *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008) (quotation omitted).

> In conducting this analysis, we first turn to the statute's plain language. *United States v. West*, 671 F.3d 1195, 1199 (10th Cir. 2012). We give undefined terms their ordinary meanings, considering "both the specific context in which the word is used and the broader context of the statute as a whole." *Theis*, 853 F.3d at 1181.
>
> In determining whether statutory language is ambiguous, we look to "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1196 (10th Cir. 2017) (quotation omitted). A statute is ambiguous if it "is capable of being understood by reasonably well-informed persons in two or more different senses." *Allen v. Geneva Steel Co. (In re Geneva Steel Co.)*, 281 F.3d 1173, 1178 (10th Cir. 2002).

*In re Taylor*, 899 F.3d 1126, 1129 (10th Cir. 2018). "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).

## 2.3    **Statutory Analysis**

Custodia contends 12 U.S.C. § 248a(c)(2) requires that all legally-eligible depository institutions receive a master account.  Section 248a was enacted as part of the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA).  As its name implies, the DIDMCA had two overarching principles:

(1)     Phase out certain restrictions on depository institutions, including state-law restrictions on interest rates because those restrictions had precluded banks from paying a market rate of interest on deposits and lenders from charging a market rate of interest on loans. *See Moyer v. Citicorp Homeowners, Inc.*, 799 F.2d 1445, 1446 (11th Cir. 1986).

(2)     Increase the Federal Reserve's control over the money supply by requiring even nonmember depository institutions to meet certain reserve requirements based on the size of their deposits.  *See Texas State Bank v. United States*, 423 F.3d 1370, 1373 (Fed. Cir. 2005).

As part of the DIDMCA, § 248a, entitled "Pricing of services," provides in part:

> **(a)     Publication of Pricing Principles and Proposed Schedule of Fees; Effective Date of Schedule of Fees.**
> Not later than the first day of the sixth month after March 31, 1980, the Board shall publish for public comment a set of pricing principles in accordance with this section and a proposed schedule of fees based upon those principles for Federal Reserve bank services to depository institutions, and not later than the first day of the eighteenth month after March 31, 1980, the Board shall begin to put into effect a schedule of fees for such services which is based on those principles.
>
> **(b)     Covered services.**
> The services which shall be covered by the schedule of fees under subsection (a) are—

(1)    currency and coin services;
(2)    check clearing and collection services;
(3)    wire transfer services;
(4)    automated clearinghouse services;
(5)    settlement services;
(6)    securities safekeeping services;
(7)    Federal Reserve float; and
(8)    any new services which the Federal Reserve System offers, including but not limited to payment services to effectuate the electronic transfer of funds.

**(c)    Criteria applicable.**
The schedule of fees prescribed pursuant to this section shall be based on the following principles:

(1)    All Federal Reserve Bank services covered by the fee schedule shall be priced explicitly.

(2)    All Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions and such services shall be priced at the same fee schedule applicable to member banks, except that nonmembers shall be subject to any other terms, including a requirement of balances sufficient for clearing purposes, that the Board may determine are applicable to member banks.

...

12 U.S.C. § 248a.

Relying largely on Judge Bacharach's concurring opinion in *Fourth Corner*, Custodia contends § 248a(c)(2) requires that all legally-eligible depository institutions receive a master account. Specifically, Custodia says the language, "All Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions" requires every eligible depository institution to receive a master account because it is only through a master account that a depository institution can access the identified bank services. Judge Bacharach concluded the only way the "Federal Reserve bank services covered by the fee schedule" can be made available to nonmember depository institutions is by granting them a master account. *Fourth Corner*, 861 F.3d at

1071 ("The plain text of § 248a(c)(2) indicates that nonmember depository institutions are entitled to purchase services from Federal Reserve Banks. To purchase these services, a master account is required. Thus, nonmember depository institutions, such as Fourth Corner, are entitled to master accounts."). Custodia asserts § 248a(c)(2) "unambiguously commands Defendants to grant access to all services covered by 'the fee schedule' to 'nonmember depository institutions.' As a nonmember depository institution deemed eligible by both the Board and the Kansas City Fed, Custodia must be granted a master account." (ECF 234 p. 43.)

Unsurprisingly, the Defendants see it differently. They contend the various Federal Reserve Banks have the discretion to grant or deny a master account application under 12 U.S.C. § 342, which says in part:

> Any Federal reserve bank may receive from any of its member banks, or other depository institutions, ... deposits of current funds in lawful money, national-bank notes, Federal reserve notes, or checks, and drafts, payable upon presentation or other items ....[6]

To effectuate this deposit-taking function, Federal Reserve Banks use the master account to keep a record of each depository institution's debits and credits. No provision of the Federal Reserve Act, including § 342, "imposes upon reserve banks any obligation to receive" deposits. *Farmers' & Merchants' Bank of Monroe, N.C. v. Fed. Rsrv. Bank of Richmond, Va.*, 262 U.S. 649, 662 (1923). "The act merely confers authority to do so." *Id.* The Supreme Court in *Farmers' and Merchants' Bank* observed that the Federal Reserve

---

[6] Relevant here, the DIDMCA amended § 342 by adding "other depository institutions" to the list of entities from which Federal Reserve Banks may receive deposits. Public Law No. 96-221 (HR 4986), § 105, 94 Stat. 132 (1980) (codified at 12 U.S.C. § 342).

WYD 60

Act "appears to have been drawn with great care. Throughout the act the distinction is clearly made between what the board and the Reserve Banks 'shall' do and what they 'may' do." *Id.* at 663. The Defendants contend the discretion to receive or reject deposits necessarily carries with it the discretion to grant or deny master accounts.

Judge Bacharach's opinion in *Fourth Corner* is well-reasoned and insightful, and it offers a helpful starting point on this issue. It is, however, not controlling authority because *Fourth Corner* was a three-way split decision between the three-judge panel, and Judge Bacharach was effectively the odd man out as he voted to reverse the dismissal of the complaint while the other two judges voted to uphold the dismissal. *See Fourth Corner*, 861 F.3d at 1053; *see also Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182, at *8 (S.D.N.Y. Oct. 27, 2023) (noting that Judge Bacharach's opinion is not controlling even in the Tenth Circuit).

Having carefully examined the relevant statutory language and considered the many arguments presented, the Court concludes § 248a does not do the lifting Custodia demands of it. The Court respectfully deviates from Judge Bacharach's opinion in *Fourth Corner* based in large part on certain legislation enacted by Congress since then, which was not available for Judge Bacharach's consideration in 2017. The Court concludes the statutory language is clear and unambiguous, and the Federal Reserve Act does not support Custodia's position for several reasons.

First, the express language of § 248a does not say anything about a master account, and it certainly does not instruct Federal Reserve Banks to grant a master account to every eligible depository institution that asks for one. The language employed by Congress in §

248a establishes that it is directed to the Board of Governors, not the Federal Reserve Banks. Subsection 248a(a) instructs "the Board" to "publish for public comment a set of pricing principles in accordance with this section and a proposed schedule of fees based upon those principles." The remainder of Section 248a sets forth those pricing principles and provides further instruction to the Board of Governors. *See, e.g.*, § 248a(d) ("The Board shall require reductions in the operating budgets of the Federal Reserve banks ...). The plain language Congress employed in 12 U.S.C. § 248a does not expressly require anything from or provide instruction to the Federal Reserve Banks.

Second, it makes logical sense that § 248a is directed to the Board of Governors because that statute is found in Subchapter II of Chapter 3 of Title 12, and Subchapter II is titled "Board of Governors of the Federal Reserve System." Indeed, § 248 begins, "The Board of Governors of the Federal Reserve System shall be authorized and empowered: [list of duties]." 12 U.S.C. § 248. And § 248a is titled, "Pricing of services." The titles of § 248a and Subchapter II persuasively suggest Congress was instructing the Board of Governors to create a non-discriminatory pricing schedule, not instructing the Federal Reserve Banks that they must provide master accounts to all eligible depository institutions. *See* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts*, p. 221 (2012) ("The title and headings are permissible indicators of meaning."). Custodia's assertion that Congress intended to mandate Federal Reserve Banks to automatically grant master accounts to all eligible nonmember institutions in a subchapter that sets forth the duties of a completely different entity (the Board of Governors) is a leap too far.

Third, the plain language of § 248a sets forth two primary directives: (1) require the

WYD 62

Board to establish a fee schedule for Federal Reserve Bank services that is the same for both member depository institutions and nonmember depository institutions, and (2) require the Board to ensure those services are available to both member depository institutions and nonmember depository institutions. Contrary to Custodia's position, there is no language in § 248a requiring the services be provided to *every* nonmember depository institution. *See Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182, at *8 (S.D.N.Y. Oct. 27, 2023) ("the purpose of the statutory section is to prevent price discrimination when a service is offered to a nonmember institution, not to require the Federal reserve banks to provide specific services to nonmember banks") (citing *Jet Courier Servs., Inc. v. Fed. Rsrv. Bank of Atlanta*, 713 F.2d 1221, 1227 (6th Cir. 1983)).  The Court finds it significant that Congress chose to include the word "all" before "Federal Reserve bank services covered by the fee schedule" but not before "nonmember depository institutions" in § 248a(c)(2).  Thus, Congress did not signal its intent that all Federal Reserve bank services be available to *all* nonmember depository institutions.  Indeed, by including "all" prior to "Federal Reserve bank services" but not prior to "nonmember depository institutions" within the same provision, Congress signaled it intended to treat the two phrases differently. *See Loughrin v. United States*, 573 U.S. 351, 358 (2014) ("We have often noted that when 'Congress includes particular language in one section of a statute but omits it in another'—let alone in the very next provision—this Court 'presume[s]' that Congress intended a difference in meaning.") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)); *see also Rule of the Last Antecedent*, Black's Law Dictionary 1532–1533 (10th ed. 2014) ("qualifying words or

phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing").

> The inclusion of "all" with respect to the Federal Reserve services and exclusion of "all" regarding which depository institutions suggests that there be no discretion over which services must be priced according to the fee schedule, but that discretion remains in providing depository institutions access to such services, such as retaining discretion in granting master accounts.

(ECF 286 p. 16, Amicus Br. of Prof. David Zaring.)

Fourth, concluding the Federal Reserve Banks possess discretion to grant or deny master accounts is harmonious with recent federal legislation. In December 2022, as part of the National Defense Authorization Act for Fiscal Year 2023, Public Law 117-263, Congress enacted and the President signed into law 12 U.S.C. § 248c. That statute instructs the Board of Governors to create and maintain a public database identifying every entity that currently possesses a master account at a Federal Reserve Bank as well as every entity that has submitted an application for a master account. 12 U.S.C. § 248c(b)(1). Significantly, the Board's database must also show whether each new master account application "was approved, rejected, pending, or withdrawn." *Id.* § 248c(b)(1)(B)(ii). If Congress intended the DIDMCA to remove a Federal Reserve Bank's discretion to deny a master account application, there would be no reason for Congress to now require a public database indicating which master account applications have been granted and which have been denied. "This amendment confirms that Federal reserve banks may 'reject' applications from depository institutions ...." *Banco San Juan Internacional*, 2023 WL

WYD 64

7111182, at *7. If, as Custodia contends, Federal Reserve Banks lack discretion to deny a master account application as a matter of law, § 248c(b)(1)(B)(ii)'s "rejected" option would be unnecessary and superfluous, but courts may not "construe a statute in a way that renders words or phrases meaningless, redundant, or superfluous." *Bridger Coal Co./Pac. Mins., Inc. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Labor*, 927 F.2d 1150, 1153 (10th Cir. 1991). To avoid immediately rendering the "rejected" option of § 248c(b)(1)(B)(ii) meaningless, the Court must conclude the Federal Reserve Banks were not stripped of their discretion to deny master account applications.

Fifth, reading § 248a to not strip the Federal Reserve Banks of their pre-DIDMCA discretion in issuing master accounts is also consistent with the text of 12 U.S.C. § 342. As quoted above, § 342 states a Federal Reserve Bank "may receive" deposits from member banks and nonmember depository institutions. The Supreme Court has noted this confers the authority to receive such deposits on the Federal Reserve Banks, but it also vests them with the discretion to accept or reject the deposits. *Farmers' & Merchants' Bank*, 262 U.S. at 662. This discretion to receive or reject deposits necessarily carries with it the discretion to grant or deny master accounts. The Court agrees with the interpretation recently set forth by the Southern District of New York, concluding that § 342 "makes clear that Federal reserve banks are authorized to maintain Master Accounts, but are not required to do so," and the statute "provides that Federal reserve banks 'may' open accounts, not that they shall." *Banco San Juan Internacional*, 2023 WL 7111182, at *7. Construing § 248a and § 342 in this manner reads them in harmony with each other. *See WildEarth Guardians v. Nat'l Park Serv.*, 703 F.3d 1178, 1189 (10th Cir. 2013) ("Statutes

must be read as a whole and in relation to one another. When two related statutes appear to conflict, courts have a duty to construe them harmoniously and give each effect.") (citations omitted).

Sixth, Congress "does not ... hide elephants in mouseholes." *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001). The "no-elephants-in-mouseholes" canon of statutory construction "recognizes that Congress 'does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions.'" *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 680 (2020) (quoting *Whitman*, 531 U.S. at 468). The Defendants' briefing described the Federal Reserve Banks' exercise of discretion in granting access to accounts and services dating back to the Federal Reserve Act of 1913. (ECF 271 pp. 17-21; ECF 273 pp. 14-16.) Accepting Custodia's contention here would mean that Congress, in the DIDMCA in 1980, greatly altered the details of the regulatory scheme first initiated in 1913 by requiring Federal Reserve Banks to provide master accounts to all eligible depository institutions requesting one, and also that Congress did so in a provision (and a subchapter) directed at the Board of Governors and without expressly saying as much. A better example of hiding an elephant in a mousehole would be difficult to find. The Court finds it highly unlikely that Congress intended such a significant change in the Federal Reserve Banks' procedures, not to mention the access to the national banking system, via such implicit terms in a statute directed at a different entity.

Seventh and finally, important policy considerations support this construction of the relevant statutes. If Custodia's position was correct, it would effectively mean that every

depository institution chartered under the laws of a state, regardless of how soundly crafted, is entitled to a master account allowing it direct access to the federal financial system. Thus, unless Federal Reserve Banks possess discretion to deny or reject a master account application, state chartering laws would be the only layer of insulation for the U.S. financial system. And in that scenario, one can readily foresee a "race to the bottom" among states and politicians to attract business by reducing state chartering burdens through lax legislation, allowing minimally regulated institutions to gain ready access to the central bank's balance sheet and Federal Reserve services. As FRBKC accurately notes, "The Wyoming Division of Banking ('WY DOB') has many purposes and aims, but protecting the *national* financial system and implementing *national* monetary policy are not among them." (ECF 310 pp. 13-14 (emphases in original).) "States lack not only the mission but also the resources to protect national interests." (*Id.* p. 14 n.3.) The potential negative consequences associated with Custodia's proffered interpretation do not suggest Congress intended the DIDMCA to remove the discretion of Federal Reserve Banks when considering master account applications.

### 2.4    Conclusion

The plain language of the relevant statutes can only reasonably be read to give the Federal Reserve Banks discretion in granting or denying requests for master accounts. Accordingly, Custodia cannot prevail on Claim II, wherein it seeks a writ of mandamus compelling the Defendants to provide Custodia a master account. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes

him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 402–03 (1976)). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). Having concluded the Federal Reserve Act of 1913, as amended, grants to the Federal Reserve Banks the discretion to grant or deny a master account application, the Defendants did not owe Custodia any non-discretionary duty to issue a master account upon request. Consequently, FRBKC is entitled to judgment as a matter of law in its favor against Custodia's Claim II.[7]

## CONCLUSION AND ORDER

Claim I of Custodia's amended complaint must be dismissed because Custodia fails to challenge a final agency action as required under the APA. As for Claim II, the relevant statutes establish that the Federal Reserve Banks possess the discretion to grant or deny master account requests. Therefore, Custodia is not entitled to its requested writ of mandamus compelling FRBKC to issue it a master account, and summary judgment on Claim II must be granted in FRBKC's favor.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Review on its APA Claim and its Motion for Judgment as a Matter of Law on its Statutory Mandamus Claim (ECF 233, ECF 238) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's petition for review under the APA

---

[7] If the Court possessed jurisdiction for APA review in Claim I, judgement as a matter of law would be warranted in the Board of Governors' favor based on the same reasoning.

alleged against Defendant Board of Governors (Claim I) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that Defendant FRBKC's Cross-Motion for Summary Judgment (ECF 272) is **GRANTED**. Judgment as a matter of law is granted in Defendant FRBKC's favor and against Plaintiff on the statutory mandamus claim (Claim II).

**IT IS FURTHER ORDERED** that Plaintiff's cause of action requesting declaratory judgment (Claim III) is **DISMISSED**. The Declaratory Judgment Act offers a remedy for valid federal causes of action and does not provide an independent cause of action, and Plaintiff has not prevailed on its other causes of action.

**IT IS FURTHER ORDERED** that Defendant FRBKC's Motion to Strike Reports and Exclude Testimony of Professor Peter Conti-Brown (ECF 267) and Motion to Strike Reports and Exclude the Testimony of Katie S. Cox (ECF 269) are **DENIED AS MOOT**. The Court reviewed and considered the reports and depositions of these experts, provided as exhibits in support of Custodia's arguments (ECF 236-1, 236-26, 236-47, 296-7, 296-15), in ruling on the pending motions.

**ORDERED**: March 29th, 2024.

Scott W. Skavdahl
United States District Court Judge

WYD 69

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

U.S. FILED COURT
DISTRICT OF WYOMING
2024 MAR 29 PM 12: 00
MARGARET BOTKINS, CLERK
CASPER

CUSTODIA BANK, INC.,

    Plaintiff,

    v.

FEDERAL RESERVE BOARD OF
GOVERNORS, and FEDERAL RESERVE
BANK OF KANSAS CITY,

    Defendants.

Case No. 22-CV-125-SWS

---

### JUDGMENT

---

In conformity with the Court's Order on Dispositive Motions (ECF 317), which is fully incorporated herein by this reference,

**Judgment as a matter of law** is hereby entered in favor of Defendant Federal Reserve Bank of Kansas City and against Plaintiff Custodia Bank, Inc. on Plaintiff Custodia's cause of action seeking a writ of mandamus (Claim II).

**It is ordered and adjudged** that Plaintiff Custodia's petition for review under the Administrative Procedure Act (Claim I) asserted against Defendant Federal Reserve Board of Governors is **dismissed without prejudice for lack of jurisdiction**, and Plaintiff Custodia's cause of action for declaratory judgment under the Declaratory Judgment Act (Claim III) is **dismissed**.

**DATED:** March _29th_, 2024.

Entered:    Margaret Botkins
                Clerk of Court

By: _____
            Elayna Thorsell
            Deputy Clerk of Court

WYD 70

AO 133    (Rev. 12/09)  Bill of Costs

# UNITED STATES DISTRICT COURT
for the

District of Wyoming

| | | |
|---|---|---|
| Custodia Bank Inc. | ) | |
| | ) | |
| v. | ) | Case No.:  22-cv-00125-SWS |
| Federal Reserve Board of Governors, et al. | ) | |
| | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___03/29/2024___ against ___Plaintiff, Custodia Bank Inc.___ ,
the Clerk is requested to tax the following as costs:

Date

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | 25,728.25 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | _____ |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| TOTAL   $ | 25,728.25 |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

## Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

☑ Electronic service          ☐ First class mail, postage prepaid

☐ Other: _____

s/ Attorney:    /s/ Andrew Z. Michaelson _____

Name of Attorney:  Andrew Z. Michaelson _____

For: _____Federal Reserve Bank of Kansas City_____     Date:  04/12/2024
*Name of Claiming Party*

## Taxation of Costs

Costs are taxed in the amount of _____ and included in the judgment.

_____     By: _____     _____
*Clerk of Court*                    *Deputy Clerk*                    *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| **Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees)** | | | | | | | |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | **TOTAL** | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

    When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

# Exhibit A

WYD 73

**FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS AND APPEARANCE FEES NECESSARILY OBTAINED FOR USE IN THE CASE**

| DEPONENT | TRANSCRIPT COST[*] |
|---|---|
| **Judith Hazen, Vol. 1** – deposition dated October 16, 2023<br>Transcript fee (464 pages x $4.00) | $ 1,856.00 |
| **Christi May-Oder, Vol. 1** – deposition dated October 19, 2023<br>Transcript fee (413 pages x $4.00) | $ 1,652.00 |
| **Jeff Imgarten** – deposition dated October 24, 2023<br>Transcript fee (381 pages x $4.00) | $ 1,524.00 |
| **Ross Crouch** – deposition dated October 25, 2023<br>Transcript fee (399 pages x $4.00) | $1,596.00 |
| **Jenifer Haake** – deposition dated October 26, 2023<br>Transcript fee (294 pages x $4.00) | $ 1,176.00 |
| **Tara Humston** – deposition dated November 3, 2023<br>Transcript fee (586 pages x $4.00) | $ 2,344.00 |
| **Christi May-Oder, Vol. 2** – deposition dated November 8, 2023<br>Transcript fee (80 pages x $4.00) | $ 320.00 |
| **Esther George** – deposition dated November 9, 2023<br>Transcript fee (394 pages x $4.00) | $ 1,576.00 |
| **Jackie Nugent** – deposition dated November 15, 2023<br>Transcript fee (326 pages x $4.00) | $ 1,304.00 |
| **Judith Hazen, Vol. 2** – deposition dated November 15, 2023<br>Transcript fee (77 pages x $4.00) | $ 308.00 |
| **Judith Hazen 30(b)(6)** – deposition dated November 16, 2023<br>Transcript fee (465 pages x $4.00) | $ 1,860.00 |
| **Caitlin Long** – deposition dated November 29, 2023<br>Transcript fee (338 pages x $4.00) | $ 1,352.00 |

[*] Rate of $4.00 per deposition transcript page calculated pursuant to USDC District of Wyoming Local Rule 54.2(f)(2)(C) and USDC District of Wyoming Administrative General Order 2023-05, entered September 27, 2023.

1

| DEPONENT | TRANSCRIPT COST[*] |
|---|:---:|
| **Caitlin Long** – deposition dated November 29, 2023<br>Court Reporter appearance fee (Full day x $300.00, Early AM / Late PM – 1.25 x $75.00) | $ 393.75 |
| **Zev Shimko** – deposition dated November 30, 2023<br>Transcript fee (253 pages x $4.00) | $ 1,012.00 |
| **Zev Shimko** – deposition dated November 30, 2023<br>Court Reporter appearance fee (Full day x $300.00, Early AM / Late PM – .50 x $75.00) | $ 337.50 |
| **Andrea Mullins** – deposition dated December 7, 2023<br>Transcript fee (317 pages x $4.00) | $ 1,268.00 |
| **Peter Conti-Brown** – deposition dated December 14, 2023<br>Transcript fee (531 pages x $4.00) | $ 2,124.00 |
| **Peter Conti-Brown** – deposition dated December 14, 2023<br>Court Reporter appearance fee (Full day 1.0 x $175.00) | $ 175.00 |
| **Katie Cox, Vol. 1** – deposition dated December 19, 2023<br>Transcript fee (445 pages x $4.00) | $ 1,780.00 |
| **Katie Cox, Vol. 1** – deposition dated December 19, 2023<br>Court Reporter appearance fee (Full day 1.0 x $175.00) | $ 175.00 |
| **Katie Cox, Vol. 2** – deposition dated December 20, 2023<br>Transcript fee (355 pages x $4.00) | $ 1,420.00 |
| **Katie Cox, Vol. 2** – deposition dated December 20, 2023<br>Court Reporter appearance fee (Full day 1.0 x $175.00) | $ 175.00 |
| **TOTAL:** | **$ 25,728.25** |

WYD 75

# Exhibit B

WYD 76

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



Bill To: Andrew Michaelson
King & Spalding LLP
1185 Avenue of the Americas
34th floor
New York, NY, 10036

| | |
|---|---|
| **Invoice #:** | **6927226** |
| **Invoice Date:** | **10/24/2023** |
| **Balance Due:** | **$0.00** |

| Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS) | Proceeding Type: Depositions |
|---|---|

Job #: 6153175 | Job Date: 10/17/2023 | Delivery: Expedited

Location: Kansas City, MO

Billing Atty: Andrew Michaelson

Scheduling Atty: Jamie Wolfe | Williams & Connolly LLP

| Witness: Judith Hazen | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 464.00 | $4.05 | $1,879.20 |
| Transcript Services - Certified Transcript - Priority Request | 464.00 | $4.05 | $1,879.20 |
| Rough Draft | 464.00 | $2.50 | $1,160.00 |
| Exhibits | 121.00 | $0.70 | $84.70 |
| Litigation Package - Secure File Suite | 1.00 | $58.00 | $58.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | **$5,129.10** |
| | **Payment:** | **($5,129.10)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:** Veritext
**Bank Name:** BMO Harris Bank
**Bank Addr:** 311 W. Monroe Chicago, IL 60606
**Account No:** 4353454 **ABA:** 071000288
**Swift:** HATRUS44

**Invoice #: 6927226**

**Invoice Date: 10/24/2023**

**Balance Due: $0.00**

Pay by Credit Card: www.veritext.com

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| | |
|---|---|
| Bill To: Andrew Michaelson | |
| King & Spalding LLP | |
| 1185 Avenue of the Americas | |
| 34th floor | |
| New York, NY, 10036 | |

| | |
|---|---|
| **Invoice #:** | **6938732** |
| **Invoice Date:** | **10/27/2023** |
| **Balance Due:** | **$0.00** |

| Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS) | Proceeding Type: Depositions |
|---|---|

Job #: 6153195　|　Job Date: 10/19/2023　|　Delivery: Expedited

| | |
|---|---|
| Location: | Kansas City, MO |
| Billing Atty: | Andrew Michaelson |
| Scheduling Atty: | Jamie Wolfe | Williams & Connolly LLP |

| Witness: Christi May-Oder | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 413.00 | $4.05 | $1,672.65 |
| Transcript Services - Certified Transcript - Priority Request | 413.00 | $2.43 | $1,003.59 |
| Rough Draft | 413.00 | $2.50 | $1,032.50 |
| Exhibits | 635.00 | $0.45 | $285.75 |
| Litigation Package - Secure File Suite | 1.00 | $58.00 | $58.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | **$4,120.49** |
| | **Payment:** | **($4,120.49)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:　Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

**Invoice #:  6938732**
**Invoice Date:  10/27/2023**
**Balance Due:  $0.00**

Pay by Credit Card: www.veritext.com

## Veritext, LLC - Mid-Atlantic Region
Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Christine Carletta | | |
| --- | --- | --- | --- |
| | King & Spalding LLP | **Invoice #:** | **6939278** |
| | 1700 Pennsylvania Ave NW | **Invoice Date:** | **10/27/2023** |
| | Suite 900 | **Balance Due:** | **$0.00** |
| | Washington, DC, 20006 | | |

| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22-CV-00125-SWS)** | **Proceeding Type: Depositions** |
| --- | --- |

Job #: 6153211 | Job Date: 10/24/2023 | Delivery: Expedited

| Location: | Kansas City, MO |
| --- | --- |
| Billing Atty: | Christine Carletta |
| Scheduling Atty: | Jamie Wolfe | Williams & Connolly LLP |

| Witness: Jeffrey Imgarten | Quantity | Price | Amount |
| --- | --- | --- | --- |
| Transcript Services - Certified Transcript | 381.00 | $4.05 | $1,543.05 |
| Transcript Services - Certified Transcript - Priority Request | 381.00 | $3.64 | $1,386.84 |
| Rough Draft | 381.00 | $2.50 | $952.50 |
| Exhibits | 104.00 | $0.70 | $72.80 |
| Litigation Package - Secure File Suite | 1.00 | $58.00 | $58.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | **Invoice Total:** | **$4,081.19** |
| --- | --- | --- |
| | **Payment:** | **($4,081.19)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:** Veritext
**Bank Name:** BMO Harris Bank
**Bank Addr:** 311 W. Monroe Chicago, IL 60606
**Account No:** 4353454 **ABA:** 071000288
**Swift:** HATRUS44

**Invoice #:** 6939278
**Invoice Date:** 10/27/2023
**Balance Due:** $0.00

Pay by Credit Card: www.veritext.com

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: Christine Carletta | | |
|---|---|---|
| King & Spalding LLP | **Invoice #:** | **6944466** |
| 1700 Pennsylvania Ave NW | **Invoice Date:** | **10/30/2023** |
| Suite 900 | **Balance Due:** | **$0.00** |
| Washington, DC, 20006 | | |

| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22-CV-00125-SWS)** | **Proceeding Type: Depositions** |
|---|---|

Job #: 6153214   |   Job Date: 10/25/2023   |   Delivery: Expedited

Location:          Kansas City, MO

Billing Atty:      Christine Carletta

Scheduling Atty:   Jamie Wolfe | Williams & Connolly LLP

| Witness: Ross Crouch | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 399.00 | $4.05 | $1,615.95 |
| Transcript Services - Certified Transcript - Priority Request | 399.00 | $3.65 | $1,454.36 |
| Rough Draft | 399.00 | $2.50 | $997.50 |
| Exhibits | 182.00 | $0.70 | $127.40 |
| Litigation Package - Secure File Suite | 1.00 | $58.00 | $58.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | **Invoice Total:** | **$4,321.21** |
|---|---|---|
| | **Payment:** | **($4,321.21)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

| **Remit to:** | **Pay By ACH (Include invoice numbers):** | **Invoice #:  6944466** |
|---|---|---|
| Veritext | **A/C Name:**Veritext | **Invoice Date:   10/30/2023** |
| P.O. Box 71303 | **Bank Name:**BMO Harris Bank | |
| Chicago IL 60694-1303 | **Bank Addr:**311 W. Monroe Chicago, IL 60606 | **Balance Due:  $0.00** |
| Fed. Tax ID: 20-3132569 | **Account No:**4353454 **ABA:**071000288 | |
| | **Swift:** HATRUS44 | |

Pay by Credit Card: www.veritext.com

43107

## Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Jared Lax | | | |
| --- | --- | --- | --- | --- |
| | King & Spalding LLP | | **Invoice #:** | **6942516** |
| | 1401 Lawrence Street | | **Invoice Date:** | **10/30/2023** |
| | Suite 1900 | | **Balance Due:** | **$0.00** |
| | Denver, CO, 80202 | | | |

| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS)** | **Proceeding Type: Depositions** |
| --- | --- |

Job #: 6153219  |  Job Date: 10/26/2023  |  Delivery: Expedited

| Location: | Kansas City, MO |
| --- | --- |
| Billing Atty: | Jared Lax |
| Scheduling Atty: | Jamie Wolfe | Williams & Connolly LLP |

| Witness: Jenifer Haake | Quantity | Price | Amount |
| --- | --- | --- | --- |
| Transcript Services - Certified Transcript | 294.00 | $4.05 | $1,190.70 |
| Transcript Services - Certified Transcript - Priority Request | 294.00 | $4.05 | $1,190.70 |
| Transcript - Supplemental Surcharges* | 294.00 | $0.65 | $191.10 |
| Rough Draft | 294.00 | $2.50 | $735.00 |
| Exhibits | 125.00 | $0.70 | $87.50 |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Litigation Package - Secure File Suite | 1.00 | $58.00 | $58.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: *Supplemental Surcharges Include: Virtual Proceeding | **Invoice Total:** | **$3,576.00** |
| --- | --- | --- |
| | **Payment:** | **($3,576.00)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:  Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

**Invoice #:  6942516**

**Invoice Date:  10/30/2023**

**Balance Due:  $0.00**

Pay by Credit Card: www.veritext.com

43107

## Veritext, LLC - Mid-Atlantic Region
Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| | |
|---|---|
| Bill To: Andrew Michaelson<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>34th floor<br>New York, NY, 10036 | **Invoice #:** **6990317**<br>**Invoice Date:** **11/17/2023**<br>**Balance Due:** **$0.00** |

| Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS) | Proceeding Type: Depositions |
|---|---|

Job #: 6153223 | Job Date: 11/3/2023 | Delivery: Normal

| | |
|---|---|
| Location: | Washington, DC |
| Billing Atty: | Andrew Michaelson |
| Scheduling Atty: | Jamie Wolfe \| Williams & Connolly LLP |

| Witness: Tara Humston | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 586.00 | $4.05 | $2,373.30 |
| Rough Draft | 586.00 | $2.50 | $1,465.00 |
| Exhibits | 211.00 | $0.70 | $147.70 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | **$4,129.00** |
| | **Payment:** | **($4,129.00)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

| **Remit to:**<br>Veritext<br>P.O. Box 71303<br>Chicago IL 60694-1303<br>Fed. Tax ID: 20-3132569 | **Pay By ACH (Include invoice numbers):**<br>**A/C Name:**Veritext<br>**Bank Name:**BMO Harris Bank<br>**Bank Addr:**311 W. Monroe Chicago, IL 60606<br>**Account No:**4353454 **ABA:**071000288<br>**Swift:** HATRUS44 | **Invoice #: 6990317**<br>**Invoice Date: 11/17/2023**<br>**Balance Due: $0.00** |
|---|---|---|

Pay by Credit Card: www.veritext.com

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



Bill To: Andrew Michaelson
King & Spalding LLP
1185 Avenue of the Americas
34th floor
New York, NY, 10036

| | |
|---|---|
| **Invoice #:** | **6990392** |
| **Invoice Date:** | **11/21/2023** |
| **Balance Due:** | **$0.00** |

| Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS) | Proceeding Type: Depositions |
|---|---|

Job #: 6296233  |  Job Date: 11/8/2023  |  Delivery: Normal

Location: Kansas City, MO

Billing Atty: Andrew Michaelson

Scheduling Atty: Jamie Wolfe | Williams & Connolly LLP

| Witness: Christi May-Oder , Vol 2 | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 80.00 | $4.25 | $340.00 |
| Rough Draft | 80.00 | $2.50 | $200.00 |
| Exhibits | 610.00 | $0.50 | $305.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | **$988.00** |
| | **Payment:** | **($988.00)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:  Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

| | |
|---|---|
| **Invoice #:** | **6990392** |
| **Invoice Date:** | **11/21/2023** |
| **Balance Due:** | **$0.00** |

Pay by Credit Card: www.veritext.com

43107

## Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Andrew Michaelson | | |
| --- | --- | --- | --- |
| | King & Spalding LLP | **Invoice #:** | **7005531** |
| | 1185 Avenue of the Americas | **Invoice Date:** | **11/29/2023** |
| | 34th floor | **Balance Due:** | **$0.00** |
| | New York, NY, 10036 | | |

**Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS)**     **Proceeding Type: Depositions**

Job #: 6153237   |   Job Date: 11/9/2023   |   Delivery: Normal

| | |
| --- | --- |
| Location: | Kansas City, MO |
| Billing Atty: | Andrew Michaelson |
| Scheduling Atty: | Jamie Wolfe | Williams & Connolly LLP |

| Witness: Esther George | Quantity | Price | Amount |
| --- | --- | --- | --- |
| Transcript Services - Certified Transcript | 394.00 | $4.05 | $1,595.70 |
| Rough Draft | 394.00 | $2.50 | $985.00 |
| Exhibits | 300.00 | $0.70 | $210.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
| --- | --- | --- |
| | **Invoice Total:** | **$2,933.70** |
| | **Payment:** | **($2,933.70)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS: Payable upon receipt. Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors. No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

| **Remit to:** | **Pay By ACH (Include invoice numbers):** | |
| --- | --- | --- |
| Veritext | **A/C Name:** Veritext | **Invoice #: 7005531** |
| P.O. Box 71303 | **Bank Name:** BMO Harris Bank | |
| Chicago IL 60694-1303 | **Bank Addr:** 311 W. Monroe Chicago, IL 60606 | **Invoice Date: 11/29/2023** |
| Fed. Tax ID: 20-3132569 | **Account No:** 4353454 **ABA:** 071000288 | |
| | **Swift:** HATRUS44 | **Balance Due: $0.00** |

Pay by Credit Card: www.veritext.com

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| Bill To: | Andrew Michaelson |
| --- | --- |
| | King & Spalding LLP |
| | 1185 Avenue of the Americas |
| | 34th floor |
| | New York, NY, 10036 |

| | |
| --- | --- |
| **Invoice #:** | **7018294** |
| **Invoice Date:** | **12/4/2023** |
| **Balance Due:** | **$0.00** |

| Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS) | Proceeding Type: Depositions |
| --- | --- |

Job #: 6307076   |   Job Date: 11/15/2023   |   Delivery: Normal

| Location: | Kansas City, MO |
| --- | --- |
| Billing Atty: | Andrew Michaelson |
| Scheduling Atty: | Ryan Scarborough | Williams & Connolly LLP |

| Witness: Jackie Nugent | Quantity | Price | Amount |
| --- | --- | --- | --- |
| Transcript Services - Certified Transcript | 326.00 | $4.05 | $1,320.30 |
| Rough Draft | 326.00 | $2.50 | $815.00 |
| Exhibits | 225.00 | $0.70 | $157.50 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| **Witness: Judith Hazen , Vol 2** | **Quantity** | **Price** | **Amount** |
| Transcript Services - Certified Transcript | 77.00 | $4.05 | $311.85 |
| Exhibits | 85.00 | $0.70 | $59.50 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| | **Quantity** | **Price** | **Amount** |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

Pay by Credit Card: www.veritext.com

| | |
| --- | --- |
| **Invoice #:** | **7018294** |
| **Invoice Date:** | **12/4/2023** |
| **Balance Due:** | **$0.00** |

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| | | |
|---|---|---|
| Bill To: Andrew Michaelson | **Invoice #:** | **7024052** |
| King & Spalding LLP | **Invoice Date:** | **12/11/2023** |
| 1185 Avenue of the Americas | **Balance Due:** | **$0.00** |
| 34th floor | | |
| New York, NY, 10036 | | |

| | |
|---|---|
| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS)** | **Proceeding Type: Depositions** |

Job #: 6307094   |   Job Date: 11/16/2023   |   Delivery: Normal

Attorney present at deposition: Christine M. Carletta

Location:         Kansas City, MO

Billing Atty:     Andrew Michaelson

Scheduling Atty:   Ryan Scarborough | Williams & Connolly LLP

| Witness: Judith Hazen 30(b)(6) | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 465.00 | $4.05 | $1,883.25 |
| Rough Draft | 465.00 | $2.50 | $1,162.50 |
| Exhibits | 462.00 | $0.70 | $323.40 |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | **$3,567.15** |
| | **Payment:** | **($3,567.15)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:** Veritext
**Bank Name:** BMO Harris Bank
**Bank Addr:** 311 W. Monroe Chicago, IL 60606
**Account No:** 4353454 **ABA:** 071000288
**Swift:** HATRUS44

**Invoice #:** 7024052

**Invoice Date:** 12/11/2023

**Balance Due:** $0.00

Pay by Credit Card: www.veritext.com

43107

**Meadors Court Reporting**

4025 Automation Way Unit D-2
Fort Collins, CO 80525
Phone: (970) 482-1506



Andrew Michaelson, Esq.
King & Spalding LLP - New York
1185 Avenue of the Americas
New York, NY 10036-4003

### *Invoice #329223*

| Date | Terms |
|------|-------|
| 12/13/2023 | Due Upon Receipt |

| Assignment #221430 on 11/29/2023 |
|---|

**Case:** Custodia Bank v. Federal Reserve Board of Governors
**Court Docket#:** 1:22-CV-00125

**Shipped On:** 12/12/2023
**Shipped Via:** Federal Express
**Tracking #:** 774455427576
**Delivery Type:** MCR

| Description | Price | Qty | Amount |
|-------------|-------|-----|--------|
| **Original Transcript of Caitlin Long** | | | |
| Administration and Processing Fee | $ 40.00 | 1.00 | $ 40.00 |
| Appearance Fee Full Day | $ 300.00 | 1.00 | $ 300.00 |
| Appearance Fee - Early AM / Late PM (1.25 Units) | $ 75.00 | 1.00 | $ 93.75 |
| Scanned Exhibits (342 Pages) | $ 0.45 | 1.00 | $ 153.90 |
| Original Transcript & Certified Electronic Copy (338 Pages) | $ 4.15 | 1.00 | $ 1,402.70 |
| Rough Draft (331 Pages) | $ 1.35 | 1.00 | $ 446.85 |
| Delivery / FedEx | $ 28.79 | 1.00 | $ 28.79 |
| | | | $ 2,465.99 |
| Finance Charge | | | $ 33.15 |
| Write-Off | | | $ -33.15 |
| | | | $ 0.00 |

Amount Due: $ 2,465.99
Paid: $ 2,465.99

| Balance Due: | $ 0.00 |
|---|---|
| Payment Due: | 01/12/2024 |

**\*\*Please include the invoice number on all payments.  Monthly finance charge of .667% applied after 30 days.**

**If paying by check, please detach this portion and return with your payment**

-------------------------------------------------------------------------------------------------------------------------------

**Tax ID 84-1334569**
**Invoice No. : 329223**
**Job No. : 221430**
**Amount Due: $ 0.00**

**Remit To: Meadors Court Reporting**
            **216 16th Street, Suite 600**
            **Denver, CO 80202**

WYD 87

*Invoice #329223*

**Payment by electronic check or credit card may be made here:  http://bit.ly/MCRQuickPay or by calling 303-296-0017.**

WYD 88

**Meadors Court Reporting**

4025 Automation Way Unit D-2
Fort Collins, CO 80525
Phone: (970) 482-1506



Jared M. Lax, Esq.
King & Spalding LLP - Denver
1401 Lawrence St
Suite 1900
Denver, CO 80202

### *Invoice #329269*

| Date | Terms |
|------|-------|
| 12/14/2023 | Due Upon Receipt |

**PAST DUE**

| Assignment #221431 on 11/30/2023 |
|---|

**Case:** Custodia Bank v. Federal Reserve Board of Governors
**Court Docket#:** 1:22-CV-00125

**Shipped On:** 12/14/2023
**Shipped Via:** Courier
**Delivery Type:** MCR

| Description | Price | Qty | Amount |
|-------------|-------|-----|--------|
| **Original Transcript of Zev Shimko** | | | |
| Administration and Processing Fee | $ 40.00 | 1.00 | $ 40.00 |
| Appearance Fee Full Day | $ 300.00 | 1.00 | $ 300.00 |
| Appearance Fee - Early AM / Late PM | $ 75.00 | 1.00 | $ 37.50 |
| Scanned Exhibits (139 Pages) | $ 0.45 | 1.00 | $ 62.55 |
| Original Transcript & Certified Electronic Copy (253 Pages) | $ 4.15 | 1.00 | $ 1,049.95 |
| Rough Draft (237 Pages) | $ 1.35 | 1.00 | $ 319.95 |
| Delivery or Pickup  / Courier | $ 20.00 | 1.00 | $ 20.00 |
| | | | $ 1,829.95 |
| Finance Charge | | | $ 37.03 |
| | | | $ 37.03 |

| | |
|---|---|
| Amount Due: | $ 1,866.98 |
| Paid: | $ 0.00 |

| Balance Due: | $ 1,866.98 |
|--------------|------------|
| Payment Due: | 01/13/2024 |

**\*\*Please include the invoice number on all payments.  Monthly finance charge of .667% applied after 30 days.**

If paying by check, please detach this portion and return with your payment
-------------------------------------------------------------------------------------------------------------------------

**Tax ID 84-1334569**
**Invoice No. : 329269**
**Job No. : 221431**
**Amount Due: $ 1,866.98**

**Remit To: Meadors Court Reporting**
         **216 16th Street, Suite 600**
         **Denver, CO 80202**

**Payment by electronic check or credit card may be made here:  http://bit.ly/MCRQuickPay or by calling 303-296-0017.**

WYD 89

*Invoice #329269*

WYD 90

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| | |
|---|---|
| Bill To: Andrew Michaelson<br>King & Spalding LLP<br>1185 Avenue of the Americas<br>34th floor<br>New York, NY, 10036 | **Invoice #:** **7043940**<br>**Invoice Date:** **12/13/2023**<br>**Balance Due:** **$0.00** |

| | |
|---|---|
| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS)** | **Proceeding Type: Depositions** |

Job #: 6322132   |   Job Date: 12/7/2023   |   Delivery: Expedited

Location:            Kansas City, MO

Billing Atty:        Andrew Michaelson

Scheduling Atty:    Jamie Wolfe | Williams & Connolly LLP

| Witness: Andrea Mullins | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Certified Transcript | 317.00 | $4.05 | $1,283.85 |
| Transcript Services - Certified Transcript - Priority Request | 317.00 | $2.84 | $900.28 |
| Rough Draft | 317.00 | $2.50 | $792.50 |
| Exhibits | 257.00 | $0.70 | $179.90 |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | **$3,354.53** |
| | **Payment:** | **($3,354.53)** |
| | **Credit:** | **$0.00** |
| | **Interest:** | **$0.00** |
| | **Balance Due:** | **$0.00** |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

---

| | | |
|---|---|---|
| **Remit to:**<br>Veritext<br>P.O. Box 71303<br>Chicago IL 60694-1303<br>Fed. Tax ID: 20-3132569 | **Pay By ACH (Include invoice numbers):**<br>**A/C Name:**Veritext<br>**Bank Name:**BMO Harris Bank<br>**Bank Addr:**311 W. Monroe Chicago, IL 60606<br>**Account No:**4353454 **ABA:**071000288<br>**Swift:** HATRUS44 | **Invoice #:  7043940**<br>**Invoice Date:   12/13/2023**<br>**Balance Due:  $0.00** |

Pay by Credit Card: www.veritext.com

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| | | |
|---|---|---|
| Bill To: Andrew Michaelson | **Invoice #:** | **7080826** |
| King & Spalding LLP | **Invoice Date:** | **12/30/2023** |
| 1185 Avenue of the Americas | **Balance Due:** | **$0.00** |
| 34th floor | | |
| New York, NY, 10036 | | |

| Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS) | Proceeding Type: Depositions |
|---|---|

Job #: 6328431   |   Job Date: 12/14/2023   |   Delivery: Normal

Location:          Washington, DC

Billing Atty:      Andrew Michaelson

Scheduling Atty:   Andrew Michaelson | King & Spalding LLP

| Witness: Peter Conti-Brown, Ph.D. | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Original Transcript(s) | 531.00 | $4.45 | $2,362.95 |
| Transcript - Supplemental Surcharges* | 531.00 | $1.30 | $690.30 |
| Rough Draft | 531.00 | $2.50 | $1,327.50 |
| Attendance | 1.00 | $175.00 | $175.00 |
| Exhibits | 418.00 | $0.70 | $292.60 |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Veritext Virtual Primary Participants | 1.00 | $305.00 | $305.00 |
| Expenses (Out of Pocket) | 1.00 | $43.64 | $43.64 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

---

| | | |
|---|---|---|
| **Remit to:** | **Pay By ACH (Include invoice numbers):** | **Invoice #:  7080826** |
| Veritext | **A/C Name:**Veritext | |
| P.O. Box 71303 | **Bank Name:**BMO Harris Bank | **Invoice Date:   12/30/2023** |
| Chicago IL 60694-1303 | **Bank Addr:**311 W. Monroe Chicago, IL 60606 | |
| Fed. Tax ID: 20-3132569 | **Account No:**4353454 **ABA:**071000288 | **Balance Due:   $0.00** |
| | **Swift:** HATRUS44 | |

Pay by Credit Card: www.veritext.com

43107

# Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



| | |
|---|---|
| Bill To: Christine Carletta<br>King & Spalding LLP<br>1700 Pennsylvania Ave NW<br>Suite 900<br>Washington, DC, 20006 | **Invoice #:** **7082939**<br>**Invoice Date:** **12/30/2023**<br>**Balance Due:** **$0.00** |

| | |
|---|---|
| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22 -CV-00125-SWS)** | **Proceeding Type: Depositions** |

Job #: 6328424   |   Job Date: 12/19/2023   |   Delivery: Normal

Location:          Washington, DC

Billing Atty:      Christine Carletta

Scheduling Atty:   Christine Carletta | King & Spalding LLP

| Witness: Katie S Cox , Vol 1 | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Original Transcript(s) | 445.00 | $4.45 | $1,980.25 |
| Transcript - Supplemental Surcharges* | 445.00 | $1.30 | $578.50 |
| Rough Draft | 445.00 | $2.50 | $1,112.50 |
| Attendance | 1.00 | $175.00 | $175.00 |
| Exhibits | 104.00 | $0.70 | $72.80 |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Veritext Virtual Primary Participants | 1.00 | $305.00 | $305.00 |
| Expenses (Out of Pocket) | 1.00 | $22.50 | $22.50 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

---

| | | |
|---|---|---|
| **Remit to:**<br>Veritext<br>P.O. Box 71303<br>Chicago IL 60694-1303<br>Fed. Tax ID: 20-3132569 | **Pay By ACH (Include invoice numbers):**<br>**A/C Name:**Veritext<br>**Bank Name:**BMO Harris Bank<br>**Bank Addr:**311 W. Monroe Chicago, IL 60606<br>**Account No:**4353454 **ABA:**071000288<br>**Swift:** HATRUS44 | **Invoice #: 7082939**<br>**Invoice Date: 12/30/2023**<br>**Balance Due: $0.00** |

Pay by Credit Card: www.veritext.com

43107

## Veritext, LLC - Mid-Atlantic Region

Tel. 888-777-6690 Email: Billing-Midatlantic@veritext.com
Fed. Tax ID: 20-3132569



Bill To: Christine Carletta
King & Spalding LLP
1700 Pennsylvania Ave NW
Suite 900
Washington, DC, 20006

| | |
|---|---|
| **Invoice #:** | **7083092** |
| **Invoice Date:** | **12/30/2023** |
| **Balance Due:** | **$0.00** |

| **Case: Custodia Bank Inc v. Federal Reserve Board Of Governors Et Al (22-CV-00125-SWS)** | **Proceeding Type: Depositions** |
|---|---|

Job #: 6350998   |   Job Date: 12/20/2023   |   Delivery: Expedited

Location:          Washington, DC

Billing Atty:      Christine Carletta

Scheduling Atty:   Christine Carletta | King & Spalding LLP

| Witness: Katie S Cox , Vol 2 | Quantity | Price | Amount |
|---|---|---|---|
| Transcript Services - Original Transcript(s) | 355.00 | $4.45 | $1,579.75 |
| Transcript Services - Priority Request | 355.00 | $3.06 | $1,086.30 |
| Transcript - Supplemental Surcharges* | 355.00 | $0.65 | $230.75 |
| Rough Draft | 355.00 | $2.50 | $887.50 |
| Attendance | 1.00 | $175.00 | $175.00 |
| Exhibits | 241.00 | $0.70 | $168.70 |
| Veritext Exhibit Package (ACE) | 1.00 | $55.00 | $55.00 |
| Premium Litigation Package (SBF,PTZ,LEF,PTX) | 1.00 | $75.00 | $75.00 |
| Logistics & Processing | 1.00 | $35.00 | $35.00 |
| Veritext Virtual Primary Participants | 1.00 | $305.00 | $305.00 |
| Expenses (Out of Pocket) | 1.00 | $17.00 | $17.00 |
| Hosting & Delivery of Encrypted Files | 1.00 | $33.00 | $33.00 |

---

**Remit to:**
Veritext
P.O. Box 71303
Chicago IL 60694-1303
Fed. Tax ID: 20-3132569

**Pay By ACH (Include invoice numbers):**
**A/C Name:**Veritext
**Bank Name:**BMO Harris Bank
**Bank Addr:**311 W. Monroe Chicago, IL 60606
**Account No:**4353454 **ABA:**071000288
**Swift:** HATRUS44

| | |
|---|---|
| **Invoice #:** | **7083092** |
| **Invoice Date:** | **12/30/2023** |
| **Balance Due:** | **$0.00** |

Pay by Credit Card: www.veritext.com

43107

# Exhibit C

WYD 95

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

CUSTODIA BANK, INC.,                     }
                                         }
                Plaintiff,               }
                                         }
        vs.                              }        Civil No. 22-CV-0125
                                         }
FEDERAL RESERVE BOARD OF                 }
GOVERNORS and FEDERAL RESERVE            }
BANK OF KANSAS CITY,                     }
                                         }
                Defendants.              }

## *AFFIDAVIT OF BILLIE ADDLEMAN*

STATE OF WYOMING        }
                        } SS
COUNTY OF LARAMIE       }

Billie Addleman, being duly sworn, upon oath, deposes and states as follows:

1.      I am over the age of eighteen and currently reside in Cheyenne, Laramie County, Wyoming.

2.      I am one of the attorneys for Defendant Federal Reserve Bank of Kansas City ("FRBKC") in the above-captioned matter.

3.      I have knowledge of the facts of the defense of the above-captioned matter.

4.      The itemized schedule of costs set forth in Defendant FRBKC's Bill of Costs is correct.

5.      The costs were actually and necessarily incurred in the defense of this matter.

6. In particular, the appearance fees and deposition transcript costs included in the Bill of Costs relate to deposition transcripts cited in FRBKC's briefs in support of its own *Cross-Motion for Summary Judgment* and in opposition to Custodia Bank, Inc.'s *Petition for Review on Its APA Claim and Its Motion for Judgment as a Matter of Law On Its Statutory Mandamus CLaim*.

7. Defendant FRBKC seeks reimbursement only for the costs of those 17 depositions cited in its summary judgment opening, opposition, and reply briefs, including the costs of those depositions of FRBKC employees noticed and taken by Custodia.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: _April 11,_ 2024.

BILLIE ADDLEMAN

The foregoing Affidavit was subscribed and sworn to before me by Billie Addleman this _11_ day of April 2024. Witness my hand and official seal.

SHANNON WARD
NOTARY PUBLIC
STATE OF WYOMING
COMMISSION ID: 98206
MY COMMISSION EXPIRES DEC 15, 2029

S E A L

Shannon Ward
NOTARY PUBLIC

My commission expires: _12\15\2029_ .

– 2 –

Scott E. Ortiz, W.S.B. # 5-2550
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
Email:          sortiz@wpdn.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Number: 22-cv-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF | ) | |
| GOVERNORS and FEDERAL RESERVE | ) | |
| BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

---

### PLAINTIFF CUSTODIA BANK, INC.'S OBJECTION TO THE DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S BILL OF COSTS

Plaintiff Custodia Bank, Inc. ("Custodia"), by and through its undersigned counsel, respectfully submits its Objection to the Defendant Federal Reserve Bank of Kansas City's (hereinafter "Kansas City Fed") Bill of Costs (ECF 319) seeking an award of $25,728.25 in costs associated with deposition transcripts, and requests the Court deny the Kansas City Fed's Bill of Costs. In support of this Objection, Custodia states as follows:

Counsel for Custodia met and conferred with the Kansas City Fed's counsel regarding this objection, but the parties have been unable to reach a resolution.

The Court entered summary judgment in favor of the Kansas City Fed but should decline to award the Kansas City Fed its requested costs because (1) all judicial remedies have not yet

been exhausted, as a Notice of Appeal has been filed; (2) judicial economy counsels this Court to preserve the issue of costs until the appeal is decided; (3) this Court has denied costs in a similar case where the facts and legal authority were unique and the defendant was a government entity; and (4) awarding costs to the Kansas City Fed would risk chilling future legitimate lawsuits against the Federal Reserve System.

First, in *Milligan-Hitt v. Bd. of Trustees of Sheridan Cnty. Sch. Dist. No. 2*, Judge Brimmer found that the exhaustion of all judicial remedies, including an appeal, is material to "prevailing party" status when determining whether to award costs. Judge Brimmer found that the "Tenth Circuit's decision extinguishes the findings made by the jury" and noted in a parenthetical that "a reversal annuls the judgment below and the case is put in the same posture in which it was before the judgment was entered." WL 10696535, at *2 (D. Wyo. Jan. 23, 2009). Consequently, at this stage of the litigation – *in medias res* – it would be materially premature to award costs to the Kansas City Fed, especially since many of conclusions drawn by the Court in this matter on summary judgment will be reviewed *de novo* on appeal to the Tenth Circuit.

Other precedent from the District of Wyoming accords with this conclusion. Judge Freudenthal found in *Fremont Cnty. Sch. Dist. No. 25 v. Wyo. Dep't of Educ.* that attorney fees in an Individuals with Disabilities Act (IDEA) lawsuit cannot be decided "until the parties have exhausted judicial remedies…because the decision must be **final** in order to determine who is a prevailing party" (emphasis added). 2018 U.S. Dist. LEXIS 250223, at *9 (D. Wyo. Apr. 10, 2018).

Second, it is manifestly in the interests of judicial economy not to allow costs at this intermediate stage of the litigation, because if Plaintiff is vindicated at the Tenth Circuit or United States Supreme Court the issue of costs will be reopened. Moreover, the United States Supreme

WYD 99

Court on April 22, 2024 granted *certiorari* on the question of "prevailing party" status, and while that matter is focused on preliminary injunctions and dispositive relief, it will nonetheless provide further clarity on the finality of relief required to claim "prevailing party" status. *See, e.g., Pet. for Writ of Cert., Lackey v. Stinnie*, No. 23-621 (S. Ct., Apr. 22, 2024). If this case is reversed on appeal, Plaintiff would likely be entitled to file its own Bill of Costs for its expenses, which are substantial.

Third, the District of Wyoming did not allow costs in *Milligan-Hitt* because the "facts and legal authority surrounding this case are unique." WL 10696535, at *4 (D. Wyo. Jan. 23, 2009). This Court in *Milligan-Hitt* determined that "[t]he plaintiffs in this situation should not be required to assume the heaving burden of paying the costs of the [defendant]. To do so would deter legitimate lawsuits by [plaintiffs] who may suffer from constitutional violations." *Id*

It is settled that taxable costs, other than attorney's fees, should "generally be allowed to the prevailing party" pursuant to FED. R. CIV. P. 54(d), but courts retain discretion to deny such costs. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009); *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995). Indeed, courts may deny requests for taxable costs so long as the court provides a valid reason for doing so. *Id*.

The same valid reason cited by this Court to deny costs in *Milligan-Hitt* applies here. This case similarly entails unique facts and law, and is similarly a David versus Goliath lawsuit brought against a government or quasi-government entity whose actions are rarely subjected to judicial review in practice. ("In only two administrative and constitutional law cases did a bank file suit as an individual plaintiff against the Fed [between 2010 and 2020]." David T. Zaring, *The Corporatist Foundations of Financial Regulation,* 108 Iowa L. Rev. 1303 (2023)). This case is the first lawsuit to move past motions to dismiss, and the first to complete discovery, on the issue

of the Federal Reserve System's collective handling of banks' access to the national payment system (via so-called "Fed master accounts"); moreover, since this lawsuit began, two banks initiated two more lawsuits against the Federal Reserve System on the topic. *See PayServices Bank v. Federal Reserve Bank of San Francisco*, Civil Action No. 23-CV-00305, United States District Court for the District of Idaho; *Banco San Juan International, Inc. v. The Federal Reserve Bank of New York et al.*, Civil No. 2023-cv-06414, United States District Court for the Southern District of New York. To date, only one appellate judge has addressed the statutory question at issue in this case. *See* Judge Bacharach opinion in *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052 (10th Cir. 2017). Regarding Defendant Kansas City Fed specifically, early in this case this Court treated it as a quasi-government entity by deeming its president to be an inferior officer of the United States. *See Order Granting in Part and Denying in Part Defendants' 12(b)(6) Motions to Dismiss.* ECF 102, p. 31. ("Accordingly, assuming for purposes of this Order that she is an officer of the Executive Branch, she is an inferior officer…")

Fourth, the regulation of the banking system by the federal government or quasi-government agencies is of critical importance, especially in a dual banking system where Congress established equal powers between state-chartered banks and nationally-chartered banks, and where both federal and state banking regulations apply. Administrative agencies are obligated to discharge the duties that Congress intended them to perform, and those served by such agencies must not be discouraged from shining a light on potential abuses of power or instances where an agency fails to fulfill its legislative mandate. *See Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir. 1991); *see also U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 77 (S.D. Ohio 2000) (denying costs to prevailing party because of the "significant 'chilling effect' on future" plaintiffs if the plaintiff were assessed more than $34,000.00 in costs because future parties

"may be persuaded from bringing complex and expensive FCA actions, especially if future [plaintiffs] face the risk of paying substantial litigation costs to a prevailing defendant"); *Milligan-Hitt*, 2009 WL 10696535, at *4 (finding that "[t]he plaintiffs in this situation should not be required to assume the heavy burden of paying the costs of the [defendant]. To do so would deter legitimate lawsuits by [plaintiffs] who may suffer from constitutional violations").

An award of $25,728.25 in taxable costs to the Kansas City Fed would risk chilling future legitimate lawsuits challenging the administrative actions of governmental and quasi-governmental entities by concerned banking entities and interested citizens in an area of law that is of critical importance.

For the foregoing four reasons, this Court should not award costs to the Kansas City Fed.

**DATED** this 26th day of April, 2024.

CUSTODIA BANK, INC., Plaintiff

By:   /s/ Scott E. Ortiz
      Scott E. Ortiz, W.S.B. # 5-2550
      WILLIAMS, PORTER, DAY & NEVILLE, P.C.
      159 No. Wolcott, Suite 400
      P.O. Box 10700
      Casper, Wyoming 82602
      Telephone:   (307) 265-0700
      Facsimile:   (307) 266-2306
      Email:   sortiz@wpdn.net

      -and-

WYD 102

John K. Villa, *pro hac vice*
Ryan Scarborough, *pro hac vice*
Lauren Weinberger, *pro hac vice*
Ian Swenson, *pro hac vice*
Russell Mendelson, *pro hac vice*
WILLIAMS & CONNOLLY, LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone:    (202) 434-500
Emails:        jvilla@wc.com
                rscarborough@wc.com
                lweinberger@wc.com
                iswenson@wc.com
                rmendelson@wc.com

*Attorneys for Plaintiff*

WYD 103

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served this 26th day of April, 2024, addressed to:

| | |
|---|---|
| Mark Van Der Weide | ☐ U.S. Mail (Postage Prepaid) |
| Joshua P. Chadwick | ☐ Email |
| Yvonne F. Mizusawa | ☐ Overnight Delivery |
| Yonatan Gelblum | ☐ Hand Delivery |
| Katherine Pomeroy | ☒ CM/ECF System |
| BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM | |
| 20th Street and Constitutional Avenue, N.W. | |
| Washington, DC 20551 | |
| | |
| Billie L.M. Addleman | ☐ U.S. Mail (Postage Prepaid) |
| John P. Fritz | ☐ Email |
| Erin E. Berry | ☐ Overnight Delivery |
| HIRST APPLEGATE, LLP | ☐ Hand Delivery |
| P.O. Box 1083 | ☒ CM/ECF System |
| Cheyenne, Wyoming 82003 | |
| | |
| Andrew Michaelson | ☐ U.S. Mail (Postage Prepaid) |
| Laura Harris | ☐ Email |
| KING & SPALDING, LLC | ☐ Overnight Delivery |
| 1185 Avenue of the Americas, 34th Floor | ☐ Hand Delivery |
| New York, New York 10036 | ☒ CM/ECF System |
| | |
| Jeffrey S. Bucholtz | ☐ U.S. Mail (Postage Prepaid) |
| Joshua N. Mitchell | ☐ Email |
| Christine M. Carletta | ☐ Overnight Delivery |
| Emily Caroline Snell Freeman | ☐ Hand Delivery |
| KING & SPALDING, LLP | ☒ CM/ECF System |
| 1700 Pennsylvania Ave., N.W. | |
| Washington, D.C. 20006 | |
| | |
| Angela Tarasi | ☐ U.S. Mail (Postage Prepaid) |
| Jared M. Lax | ☐ Email |
| KING & SPALDING, LLP | ☐ Overnight Delivery |
| 1401 Lawrence Street | ☐ Hand Delivery |
| Suite 1900 | ☒ CM/ECF System |
| Denver, Colorado 80202 | |

/s/ Scott E. Ortiz

Page 7 of 7

WYD 104

Scott E. Ortiz, W.S.B. # 5-2550
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:      (307) 265-0700
Facsimile:      (307) 266-2306
Email:          sortiz@wpdn.net

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| CUSTODIA BANK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Number: 22-cv-00125-SWS |
| | ) | |
| FEDERAL RESERVE BOARD OF | ) | |
| GOVERNORS and FEDERAL RESERVE | ) | |
| BANK OF KANSAS CITY, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF CUSTODIA BANK, INC.'S NOTICE OF APPEAL

Plaintiff Custodia Bank, Inc. ("Custodia"), by and through its undersigned counsel, respectfully submits its Notice of Appeal to the Tenth Circuit Court of Appeals as to this Court's *Order on Dispositive Motions* [DOC 317] and *Judgment* [DOC 318] entered herein on March 29, 2024 (attached hereto).

**DATED** this 26th day of April, 2024.

CUSTODIA BANK, INC., Plaintiff

By:    /s/ Scott E. Ortiz_____
        Scott E. Ortiz, W.S.B. # 5-2550
        WILLIAMS, PORTER, DAY & NEVILLE, P.C.
        159 No. Wolcott, Suite 400
        P.O. Box 10700
        Casper, Wyoming 82602

Telephone:    (307) 265-0700
Facsimile:    (307) 266-2306
Email:        sortiz@wpdn.net

-and-

John K. Villa, *pro hac vice*
Ryan Scarborough, *pro hac vice*
Lauren Weinberger, *pro hac vice*
Ian Swenson, *pro hac vice*
Russell Mendelson, *pro hac vice*
WILLIAMS & CONNOLLY, LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone:    (202) 434-500
Emails:       jvilla@wc.com
              rscarborough@wc.com
              lweinberger@wc.com
              iswenson@wc.com
              rmendelson@wc.com

*Attorneys for Plaintiff*

WYD 106

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served this 26th day of April, 2024, addressed to:

Mark Van Der Weide
Joshua P. Chadwick
Yvonne F. Mizusawa
Yonatan Gelblum
Katherine Pomeroy
BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
20th Street and Constitutional Avenue, N.W.
Washington, DC 20551

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Billie L.M. Addleman
John P. Fritz
Erin E. Berry
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, Wyoming 82003

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Andrew Michaelson
Laura Harris
KING & SPALDING, LLC
1185 Avenue of the Americas, 34th Floor
New York, New York 10036

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Jeffrey S. Bucholtz
Joshua N. Mitchell
Christine M. Carletta
Emily Caroline Snell Freeman
KING & SPALDING, LLP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

Angela Tarasi
Jared M. Lax
KING & SPALDING, LLP
1401 Lawrence Street
Suite 1900
Denver, Colorado 80202

☐ U.S. Mail (Postage Prepaid)
☐ Email
☐ Overnight Delivery
☐ Hand Delivery
☒ CM/ECF System

/s/ Scott E. Ortiz

WYD 107



# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

CUSTODIA BANK, INC.,

Plaintiff,

v.

FEDERAL RESERVE BOARD OF
GOVERNORS, and FEDERAL RESERVE
BANK OF KANSAS CITY,

Defendants.

Case No. 22-CV-125-SWS

---

## ORDER ON DISPOSITIVE MOTIONS

---

Plaintiff Custodia Bank is a Wyoming-chartered depository institution. In October 2020, it applied to Defendant Federal Reserve Bank of Kansas City (FRBKC) to obtain a Federal Reserve "master account," which is essentially a bank account for banks. In January 2023, Custodia's request for a master account was denied. In this lawsuit, Custodia contends FRBKC was statutorily required to grant the master account request, and Defendant Federal Reserve Board of Governors (the Board) hijacked FRBKC's consideration of the request and forced FRBKC to improperly deny the master account.

Custodia brings one cause of action against the Board (a federal agency) for violation of the Administrative Procedures Act (APA), alleging its actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and asking the Court to compel the Board to issue a master account to Custodia (Claim I). Custodia's

WYD 108

cause of action against FRBKC seeks a writ of mandamus compelling it to grant a master account to Custodia (Claim II).

Custodia has filed a motion for judgment as a matter of law, arguing it is entitled to a master account as a matter of statutory construction. (ECF 233.) FRBKC has filed a cross-motion for summary judgment, contending Custodia is not entitled to a writ of mandamus because the law does not require it to grant a master account to Custodia. (ECF 272.) The Board has not filed its own dispositive motion, but it opposes Custodia's motion and asks the Court to find Custodia's APA claim fails as a matter of law. (ECF 271.)

The Court has reviewed the extensive briefing and thousands of pages of exhibits submitted by the parties, as well as the administrative record lodged by the Board as to Claim I. (ECF 178, 234, 236, 271, 273, 274, 277, 295, 296, 310, 311.) The Court has also considered the several amicus briefs. (ECF 251, 257, 259, 286.) The Court agrees with the parties that no genuine dispute of material fact precludes the Court from rendering judgment as a matter of law. And the Court concludes Custodia's dispositive motion must be denied and Defendants are entitled to judgment as a matter of law in their favor.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Custodia is state-chartered as a Special Purpose Depository Institution (SPDI), a unique-to-Wyoming financial institution intended to facilitate cryptocurrency banking that is unlike other banks in that it is generally prohibited from extending loans. (Am. Compl.

---

[1] While the Court cites to Custodia's amended complaint for much of this background, which is unusual at the summary-judgment stage, the parties' briefing does not raise a genuine dispute of any material fact concerning these allegations.

WYD 109

¶¶ 36-37.[2]) "SPDI banks were designed to provide a bridge connecting crypto-asset companies to the U.S. payments system (for example, to pay their staff in U.S. dollars)." (*Id.* ¶ 37.)

> SPDI banks were also designed to provide custody services for crypto-assets via their trust departments, analogous to the custody services provided by the trust departments of custody banks for the trillions in securities held by retirement plans and mutual funds. SPDI banks allow, for example, a customer to use his or her Bitcoin held in the trust department of an SPDI bank to make a direct transfer, a purchase, or an investment, rather than having to first convert the Bitcoin into U.S. dollars.

(*Id.*) As a state-chartered depository institution, Custodia is regulated by the Wyoming Division of Banking. (*Id.* ¶ 36.) And as a SPDI bank, it is not required to be insured by the Federal Deposit Insurance Corporation (FDIC), but it is eligible to seek such deposit insurance because it is authorized and expected to take deposits. (*Id.* ¶ 40.)

In October 2020, Custodia applied to FRBKC to obtain a Federal Reserve master account (*id.* ¶ 21), which is "put simply, a bank account for banks" that "gives deposit institutions access to the Federal Reserve System's services, including its electronic payments system." *Fourth Corner Credit Union v. Fed. Rsrv. Bank of Kansas City*, 861 F.3d 1052, 1053 (10th Cir. 2017) (Moritz, J.). "Without such access, a depository institution is nothing more than a vault." *Id.* at 1053 (Moritz, J.) (internal quotation marks omitted).

> The master account is both a record of financial transactions that reflects the financial rights and obligations of an account holder and the Reserve Bank with respect to each other, and the place where opening and closing balances are determined. For each institution, all credits and debits resulting from the use of Federal Reserve services at any Federal Reserve office are booked to

---

[2] ECF 121.

WYD 110

this single master account at one Reserve Bank.

*Id.* at 1064 n.1 (Bacharach, J.). A master account also enables its holder to access various services promised by 12 U.S.C. § 248a beyond deposit and withdrawal services, including wire transfer services, automated clearinghouse services, settlement services, securities safekeeping, and Federal Reserve float services. *See id.* at 1053 (Moritz, J.) (noting a master account "gives depository institutions access to the Federal Reserve System's services, including its electronic payments system").

Absent a master account, "Custodia cannot directly access the Federal Reserve and cannot offer the same custodial services for crypto-assets that incumbent banks like BNY Mellon presently provide." (Am. Compl. ¶ 2.) "Without a master account, if Custodia is able to operate at all, it is as a second-class citizen, relegated to dependency on and fealty to an intermediary bank [which does have a master account]." (*Id.*)

> Having a master account means that SPDI banks do not have to use an intermediary ["correspondent"] bank in order to access the Federal Reserve banking system for clearing U.S. dollar transactions. Eliminating the "middleman" cuts costs, lowers risk (including counterparty credit risk), and provides SPDI bank customers with more efficient and customizable payment services that can be programmed using software. It does not mean that SPDI banks hold crypto-assets within their master accounts. Custodia would hold no crypto-assets on its balance sheet or within its master account.

(*Id.* ¶ 38; *see also* ¶ 4.) For a while, and perhaps still, Custodia indeed accessed the Federal Reserve banking system through a correspondent bank with a master account. However, "[d]oing so imposes additional costs and counterparty credit risk, injects settlement risk given the inability to ensure simultaneous settlements, and exposes institutions to existential risks if the correspondent bank terminates the relationship." (ECF 234 p. 18.)

WYD 111

Accordingly, Custodia's own Federal Reserve master account is significantly important to its business. *See Fourth Corner*, 861 F.3d at 1053 (Moritz, J.) (noting that when plaintiff credit union was denied a master account by FRBKC in that case, it "effectively crippl[ed] the Credit Union's business operations").

In August 2021, Custodia also applied to the Board of Governors for membership in the Federal Reserve, which would subject Custodia to oversight and regulation by the Federal Reserve Board (in addition to the state's banking regulatory system). (Am. Compl. ¶ 47.) "It is not necessary to be a member bank in order to receive a master account .... Custodia, however, took this additional step to demonstrate to [FRBKC] and the Board its willingness to submit to full federal supervision and accountability." (*Id.*)

On January 27, 2023, the Board denied Custodia's application for membership into the Federal Reserve. (*Id.* ¶¶ 62-70.) A few hours later, FRBKC conveyed the denial of Custodia's master account application. (*Id.*; ECF 236-84.) In this lawsuit, Custodia has not challenged the Board's membership denial or the reasons underlying the master account denial.

## STANDARD OF ANALYSIS

Custodia's Claim I is alleged only against the Board and concerns review of administrative action with a demand to compel agency action, and Claim II is alleged only against FRBKC and concerns a request for writ of mandamus. Despite the different postures of each claim, each party seeks judgment as a matter of law in its favor (ECF 234 p. 9; ECF 271 p. 55; ECF 273 p. 11), agreeing Custodia's claims are resolved in this case based on questions of law with no genuine dispute of material fact affecting the legal

WYD 112

decisions. The Court agrees, finding the limited areas of disputed facts are not material to the determinations in this case. Additionally, the parties stipulated that all evidence and discovery between Custodia, FRBKC, and the Board's administrative record "may be relied upon by all parties including any court hearing in this case throughout the remainder of this litigation," and this stipulation was approved by the Court. (ECF 220.) This stipulation is logical because Custodia seeks the same relief, compelling a master account, in both Claim I and Claim II, and therefore any distinction between the APA and the Mandamus Act is ultimately irrelevant, with the only difference in this case being which Defendant must comply with the potential writ. *See Hernandez–Avalos v. I.N.S.,* 50 F.3d 842, 844 (10th Cir.) (noting that the Mandamus Act and the APA are "merely different means of compelling an agency to take action [that] by law it is required to take"), *cert. denied,* 516 U.S. 826 (1995). Accordingly, the Court does not separately analyze the matter under the APA versus the Mandamus Act. *See New Mexico Health Connections v. United States Dep't of Health & Human Servs.*, 946 F.3d 1138, 1161 (10th Cir. 2019) ("[t]he court employs summary judgment to 'decid[e], as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review") (quoting *Calloway v. Harvey*, 590 F. Supp. 2d 29, 36 (D.D.C. 2008)).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the record and all reasonable inferences that might be drawn from it in the light most favorable to the party opposing summary judgment. *Dahl v. Charles F. Dahl, M.D., P.C. Defined Ben. Pension Trust*, 744 F.3d 623, 628 (10th Cir. 2014). "Cross-

WYD 113

motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

## DISCUSSION

"To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005) (citing *Johnson v. Rogers,* 917 F.2d 1283, 1285 (10th Cir. 1990)). If the petitioner can establish these requirements, the Court may exercise its discretion to grant the requested writ of mandamus. *Id.* (citing *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995)).

> The court's jurisdiction over a mandamus petition depends on the character of the government's duty to the petitioner. [*Marquez-Ramos*, 69 F.3d at 479] ("[T]he question of whether a particular act is discretionary or ministerial rises to the jurisdictional level."). "The test for jurisdiction is whether mandamus would be an appropriate means of relief." *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981). If the duty is "ministerial, clearly defined and peremptory," mandamus is appropriate. *Id.* at 566 (quoting *Schulke v. United States,* 544 F.2d 453, 455 (10th Cir. 1976)).

*Rios*, 398 F.3d at 1206–07. *See also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (a claim for mandamus under the APA "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take").

**1.** **Custodia has not challenged a final agency action of the Board of Governors and Claim I under the APA must be dismissed.**

The first issue to take up concerns the Board's contention that it never took any final

WYD 114

agency action on Custodia's request for a master account that would be subject to judicial review and Custodia's disagreement with that contention. (ECF 234 p. 57; ECF 271 pp. 50-53; ECF 295 pp. 30-34.) There is no dispute that the Board of Governors is a federal agency. The APA grants federal courts the authority to review the "final agency action" of an agency. 5 U.S.C. § 704. Therefore, a petitioner must challenge a "final agency action" in order to have statutory (prudential) standing to seek judicial review under the APA. The finality of an agency action is jurisdictional. *See Chemical Weapons Working Group, Inc. v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494 (10th Cir. 1997).

The APA defines "agency action" as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13); *see also* 5 U.S.C. § 701(b)(2) (noting that "agency action" means as defined by § 551).

> In *Bennett v. Spear*, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997), we distilled from our precedents two conditions that generally must be satisfied for agency action to be "final" under the APA. "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.*, at 177–178, 117 S.Ct. 1154 (internal quotation marks and citation omitted).

*U.S. Army Corps of Engineers v. Hawkes Co.*, 578 U.S. 590, 597 (2016). The petitioner has "the burden of identifying specific federal conduct and explaining how it is 'final agency action' within the meaning of section 551(13)." *Colorado Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000). Whether an agency's conduct constitutes "final agency action" under the APA is a question of law. *Id.* Courts take a

WYD 115

"pragmatic" approach to finality. *Hawkes Co.*, 578 U.S. at 599.

In this case, Custodia identifies as the final agency action an email sent from the Board to FRBKC, where the Board stated it has reviewed FRBKC's "pre-decisional analysis of Custodia Bank's request for a master account" and has "no concerns" with FRBKC's intent to deny the master account application. (ECF 234 p. 57 (citing to Administrative Record Bates Number FRB-AR-000002).) Custodia says the Board identified this no-concerns email as the relevant final agency action. (*Id.* (citing ECF 178).) In its Notice of Lodging of the Administrative Record, the Board stated the email "is the final agency action at issue as required by Local Rule 83.6(b)(1)(A), and that final agency action is followed by the three documents to which it directly refers." (ECF 178 p. 1.) Custodia relies on this statement by the Board to show it is the final agency action to be reviewed by the Court. The Board says not so fast—it lodged the administrative record and designated the last-in-time event (the no-concerns email) as the final agency action only to comply with the Court's requirements and the District of Wyoming's local civil rules, but that doesn't automatically mean the no-concerns email holds any legal significance as a "final agency action;" instead, the no-concerns email fails to meet the legal test for final agency action. (ECF 271 pp. 50-53.) Custodia responds that this no-concerns email "gave the Kansas City Fed the green light to deny Custodia's account application," which "indisputably affected Custodia's substantive rights." (ECF 295 p. 30.)

The no-concerns email does not constitute final agency action warranting judicial review under the APA for two reasons. First, the email is not an "agency action" because

WYD 116

it is not "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). In the similar case of *Cherry v. U.S. Dep't of Agriculture*, 13 F. App'x 886 (10th Cir. 2001), the U.S. Forest Service sent the plaintiff a letter demanding he remove his equipment from a millsite because he lacked an approved operating plan, and it warned him "that failure to remove his equipment or obtain an approved operating plan would place him in violation of 36 C.F.R. § 261.10." *Id.* at 889. The plaintiff tried to challenge the letter under the APA, but the Tenth Circuit concluded the letter was not an agency action under the § 551(13) definition because it was not a rule, order, license, sanction, relief, or the equivalent or denial thereof, or a failure to act. *Id.* at 890. Like there, the no-concerns email here cannot be said to be an agency action as defined by § 551(13).

Second, the January 26, 2023 no-concerns email constitutes only the Board of Governors' implementation decision pursuant to a broader agency plan, which is also not a final action. *See Chemical Weapons Working Group, Inc., v. U.S. Dep't of the Army*, 111 F.3d 1485, 1494 (10th Cir. 1997) (concluding the Army's decision to commence trial incinerations to test destruction of chemical weapons was not reviewable as a final agency action under the APA because it was instead the act of implementing its broader plan of chemical weapons disposal).

> An implementation decision is one that merely carries out a broader agency plan that marked the consummation of the relevant decision-making process. Therefore, despite being the *outcome* of some decision-making process, the decision does not represent the agency's "last word on the matter in question." *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001) (discussing the APA's final action standard for purposes of applying the "final action" standard of § 307 of the Clean Air

Act).

*County Comm'rs of County of Sierra v. United States Dep't of the Interior*, 614 F. Supp. 3d 944, 953 (D.N.M. 2022) (italics in original) (concluding a decision to translocate two wolves was an implementation decision conducted by the U.S. Fish and Wildlife Service pursuant to a broader agency plan). The no-concerns email itself points to the *Guidelines for Evaluating Account and Services Requests* previously announced by the Board on August 15, 2022 (and published on August 19, 2022, at 87 Fed. Reg. 51099), as well as S-letter 2667, a policy enacted by the Board requiring Federal Reserve Banks to consult with Board staff on certain requests for master accounts. The no-concerns email was the implementation of these *Guidelines* and S-letter as they pertained to Custodia's master account application. The no-concerns email did not decide to impose the *Guidelines* considerations or S-letter policy; those decisions were made several months before the no-concerns email. And Custodia has not challenged the *Guidelines* or S-letter 2667 in this case. The no-concerns email merely implemented these broader plans as they related to Custodia's application.[3]

Custodia has not carried its burden of "identifying specific federal conduct and

---

[3] To be sure, "not all agency decisions made pursuant to a broader agency plan are unreviewable implementation decisions." *County Comm'rs of County of Sierra*, 614 F. Supp. 3d at 954. "When a decision has independent legal force because it substantially changes, modifies, or imposes conditions upon an agency's previous disposition of a matter, and such changes have 'clear and definite' legal consequences, the decision can no longer be viewed as 'mere implementation' and should be subjected to judicial review under the APA." *Id.* Custodia has not argued such in this case, and there is no evidence suggesting the no-concerns email substantially changed the Board's previous disposition of a matter.

WYD 118

explaining how it is 'final agency action' within the meaning of section 551(13)."[4]

*Colorado Farm Bureau Fed'n*, 220 F.3d at 1173. Because the no-concerns email does not constitute a final agency action, Custodia lacks standing under the APA to challenge it. Consequently, this Court lacks jurisdiction to address the merits of Custodia's Claim I alleged under the APA against the Board of Governors, and it must be dismissed.[5]

**2.     Custodia is not statutorily entitled to a master account.**

The Federal Reserve Act of 1913 established the Federal Reserve System, which consists of the Board of Governors of the Federal Reserve System, the Federal Open Market Committee (FOMC), and twelve regional Federal Reserve Banks that each serve their respective district. *Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182, at *1 (S.D.N.Y. Oct. 27, 2023). In the Federal Reserve Act, Congress also authorized the Federal Reserve Banks to carry out certain banking functions, including accepting or rejecting deposits from depository institutions (i.e., to act as a centralized bank for the depository institutions in the district).

---

[4] As an alternative argument, Custodia in its reply brief contends "the Board's participation in the master account process meets the requirement that there be final agency action" and then lists a myriad of alleged agency actions performed by the Board in an attempt to show this participation. (ECF 295 pp. 31-33.) This will not do the trick for two reasons. First, the Court has not permitted the Board to file a surreply, so the Court does not rely on this new argument found in Custodia's reply brief. *See Pippin v. Burlington Res. Oil And Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006) (unless the district court allows a surreply from the non-moving party, "the court can avoid error only by not relying on the new materials and arguments in the movant's reply brief"). Second, in this spaghetti-at-the-wall tactic, Custodia does not demonstrate how any of the alleged agency actions, including the overarching claim that the Board "participated" in the master account process, are "final" because Custodia fails to explain how these actions "mark[] the consummation of the agency's decisionmaking process" or "determine[] [Custodia's] legal rights such that legal consequences will flow therefrom." *Cherry*, 13 Fed. App'x at 890.
[5] Even if Custodia was correct in alleging the Board had performed a final agency action subject to judicial review under the APA, the merits of that claim would rise and fall with Custodia's statutory-construction argument, discussed next.

*Id.* The Federal Reserve Banks record and maintain such deposits in master accounts. *Id.*

> The master account is both a record of financial transactions that reflects the financial rights and obligations of an account holder and the Reserve Bank with respect to each other, and the place where opening and closing balances are determined. For each institution, all credits and debits resulting from the use of Federal Reserve services at any Federal Reserve office are booked to this single master account at one Reserve Bank.

*Fourth Corner*, 861 F.3d at 1064 n.1 (Bacharach, J.) (quoting Bd. of Governors of the Fed. Reserve Sys., *Reserve Maintenance Manual* 5 (Nov. 2016), available at https://www.federalreserve.gov/monetarypolicy/files/reserve-maintenance-manual.pdf).

In this case, it is undisputed that Custodia was "eligible" to obtain a master account. Upon Custodia's application, FRBKC consulted with the Board's legal advisors, and they determined in January 2022 that "Custodia met the [Federal Reserve Act's] definition of a 'depository institution' and was therefore 'eligible' to request a Reserve Bank account and services." (ECF 273 p. 27; *see also* ECF 236-9.)

The real dispute at the heart of this case is whether FRBKC must grant a master account to Custodia because it was legally eligible or whether FRBKC possessed the discretion to deny Custodia's master account application despite its eligibility. Custodia contends that because it was legally eligible to request and obtain a master account, FRBKC was required by law to grant the request. FRBKC says legal eligibility is only a threshold determination and it retains discretion under the law whether to issue master accounts to eligible depository institutions. The parties rely on their interpretations of different provisions of the Federal Reserve Act to press their arguments. Custodia has not challenged the reasons given by FRBKC for denying its master account application in this

WYD 120

lawsuit.

### 2.1 Dispute Concerning Which Defendant Denied Custodia's Master Account Application

Custodia applied to FRBKC for a master account. (Am. Compl. ¶ 21.) The master account denial was conveyed to Custodia by FRBKC, not the Board of Governors, and was signed by the then-President and CEO of FRBKC. (ECF 236-84.) In its amended complaint, Custodia asserted "the Board orchestrated the denial of Custodia's master account application," the Board's action "in denying Custodia's master account application" was unlawful, and the master account denial was "part of a larger effort coordinated by the Board (in conjunction with the White House) in response to its decision that de novo banks should not be permitted to engage with crypto-assets." (Am. Compl. ¶¶ 82, 84, 62.) In briefing, the Defendants contend FRBKC is the entity that denied the master account application, with legal and appropriate input from the Board. (ECF 271 pp. 45-50; ECF 273 pp. 25-35.) In response, Custodia reasserted that "the Board controlled the Custodia master account process." (ECF 295 p. 33.)

This dispute is a question of fact. The extensive evidence presented by the parties as part of their motions practice weighs toward a factual finding that it was FRBKC that denied Custodia's master account application. (*See* ECF 273 pp. 36-37 and the citations to the record therein.) Nonetheless, the Court need not make any factual determination on this dispute. For purposes of considering Custodia's request for a writ of mandamus in Claim II alleged against FRBKC, the Court will assume without deciding that FRBKC denied the master account application. The Court notes, though, that if Custodia is correct

WYD 121

that it was actually the Board that denied the application, such could amount to a final agency action sufficient to vest jurisdiction for judicial review. And regardless, because Custodia's bases for compelling a master account in Count I and Count II are identical—that the Federal Reserve Act commands Custodia receive a master account—the following statutory construction analysis would control the outcome for both causes of action.

## 2.2    <u>Statutory Interpretation Principles</u>

When construing federal statutes, the Court's goal is to "ascertain the congressional intent and give effect to the legislative will." *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008) (quotation omitted).

> In conducting this analysis, we first turn to the statute's plain language. *United States v. West*, 671 F.3d 1195, 1199 (10th Cir. 2012). We give undefined terms their ordinary meanings, considering "both the specific context in which the word is used and the broader context of the statute as a whole." *Theis*, 853 F.3d at 1181.
>
> In determining whether statutory language is ambiguous, we look to "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Keller Tank Servs. II, Inc. v. Comm'r*, 854 F.3d 1178, 1196 (10th Cir. 2017) (quotation omitted). A statute is ambiguous if it "is capable of being understood by reasonably well-informed persons in two or more different senses." *Allen v. Geneva Steel Co. (In re Geneva Steel Co.)*, 281 F.3d 1173, 1178 (10th Cir. 2002).

*In re Taylor*, 899 F.3d 1126, 1129 (10th Cir. 2018). "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).

WYD 122

### 2.3    **Statutory Analysis**

Custodia contends 12 U.S.C. § 248a(c)(2) requires that all legally-eligible depository institutions receive a master account. Section 248a was enacted as part of the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA). As its name implies, the DIDMCA had two overarching principles:

(1)    Phase out certain restrictions on depository institutions, including state-law restrictions on interest rates because those restrictions had precluded banks from paying a market rate of interest on deposits and lenders from charging a market rate of interest on loans. *See Moyer v. Citicorp Homeowners, Inc.*, 799 F.2d 1445, 1446 (11th Cir. 1986).

(2)    Increase the Federal Reserve's control over the money supply by requiring even nonmember depository institutions to meet certain reserve requirements based on the size of their deposits. *See Texas State Bank v. United States*, 423 F.3d 1370, 1373 (Fed. Cir. 2005).

As part of the DIDMCA, § 248a, entitled "Pricing of services," provides in part:

**(a)    Publication of Pricing Principles and Proposed Schedule of Fees; Effective Date of Schedule of Fees.**
Not later than the first day of the sixth month after March 31, 1980, the Board shall publish for public comment a set of pricing principles in accordance with this section and a proposed schedule of fees based upon those principles for Federal Reserve bank services to depository institutions, and not later than the first day of the eighteenth month after March 31, 1980, the Board shall begin to put into effect a schedule of fees for such services which is based on those principles.

**(b)    Covered services.**
The services which shall be covered by the schedule of fees under subsection (a) are—

WYD 123

      (1)     currency and coin services;
      (2)     check clearing and collection services;
      (3)     wire transfer services;
      (4)     automated clearinghouse services;
      (5)     settlement services;
      (6)     securities safekeeping services;
      (7)     Federal Reserve float; and
      (8)     any new services which the Federal Reserve System offers, including but not limited to payment services to effectuate the electronic transfer of funds.

**(c)    Criteria applicable.**
The schedule of fees prescribed pursuant to this section shall be based on the following principles:
      (1)    All Federal Reserve Bank services covered by the fee schedule shall be priced explicitly.
      (2)    All Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions and such services shall be priced at the same fee schedule applicable to member banks, except that nonmembers shall be subject to any other terms, including a requirement of balances sufficient for clearing purposes, that the Board may determine are applicable to member banks.
      …

12 U.S.C. § 248a.

Relying largely on Judge Bacharach's concurring opinion in *Fourth Corner*, Custodia contends § 248a(c)(2) requires that all legally-eligible depository institutions receive a master account. Specifically, Custodia says the language, "All Federal Reserve bank services covered by the fee schedule shall be available to nonmember depository institutions" requires every eligible depository institution to receive a master account because it is only through a master account that a depository institution can access the identified bank services. Judge Bacharach concluded the only way the "Federal Reserve bank services covered by the fee schedule" can be made available to nonmember depository institutions is by granting them a master account. *Fourth Corner*, 861 F.3d at

1071 ("The plain text of § 248a(c)(2) indicates that nonmember depository institutions are entitled to purchase services from Federal Reserve Banks. To purchase these services, a master account is required. Thus, nonmember depository institutions, such as Fourth Corner, are entitled to master accounts."). Custodia asserts § 248a(c)(2) "unambiguously commands Defendants to grant access to all services covered by 'the fee schedule' to 'nonmember depository institutions.' As a nonmember depository institution deemed eligible by both the Board and the Kansas City Fed, Custodia must be granted a master account." (ECF 234 p. 43.)

Unsurprisingly, the Defendants see it differently. They contend the various Federal Reserve Banks have the discretion to grant or deny a master account application under 12 U.S.C. § 342, which says in part:

> Any Federal reserve bank may receive from any of its member banks, or other depository institutions, ... deposits of current funds in lawful money, national-bank notes, Federal reserve notes, or checks, and drafts, payable upon presentation or other items ....[6]

To effectuate this deposit-taking function, Federal Reserve Banks use the master account to keep a record of each depository institution's debits and credits. No provision of the Federal Reserve Act, including § 342, "imposes upon reserve banks any obligation to receive" deposits. *Farmers' & Merchants' Bank of Monroe, N.C. v. Fed. Rsrv. Bank of Richmond, Va.*, 262 U.S. 649, 662 (1923). "The act merely confers authority to do so." *Id.* The Supreme Court in *Farmers' and Merchants' Bank* observed that the Federal Reserve

---

[6] Relevant here, the DIDMCA amended § 342 by adding "other depository institutions" to the list of entities from which Federal Reserve Banks may receive deposits. Public Law No. 96-221 (HR 4986), § 105, 94 Stat. 132 (1980) (codified at 12 U.S.C. § 342).

WYD 125

Act "appears to have been drawn with great care. Throughout the act the distinction is clearly made between what the board and the Reserve Banks 'shall' do and what they 'may' do." *Id.* at 663. The Defendants contend the discretion to receive or reject deposits necessarily carries with it the discretion to grant or deny master accounts.

Judge Bacharach's opinion in *Fourth Corner* is well-reasoned and insightful, and it offers a helpful starting point on this issue. It is, however, not controlling authority because *Fourth Corner* was a three-way split decision between the three-judge panel, and Judge Bacharach was effectively the odd man out as he voted to reverse the dismissal of the complaint while the other two judges voted to uphold the dismissal. *See Fourth Corner*, 861 F.3d at 1053; *see also Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182, at *8 (S.D.N.Y. Oct. 27, 2023) (noting that Judge Bacharach's opinion is not controlling even in the Tenth Circuit).

Having carefully examined the relevant statutory language and considered the many arguments presented, the Court concludes § 248a does not do the lifting Custodia demands of it. The Court respectfully deviates from Judge Bacharach's opinion in *Fourth Corner* based in large part on certain legislation enacted by Congress since then, which was not available for Judge Bacharach's consideration in 2017. The Court concludes the statutory language is clear and unambiguous, and the Federal Reserve Act does not support Custodia's position for several reasons.

First, the express language of § 248a does not say anything about a master account, and it certainly does not instruct Federal Reserve Banks to grant a master account to every eligible depository institution that asks for one. The language employed by Congress in §

248a establishes that it is directed to the Board of Governors, not the Federal Reserve Banks. Subsection 248a(a) instructs "the Board" to "publish for public comment a set of pricing principles in accordance with this section and a proposed schedule of fees based upon those principles." The remainder of Section 248a sets forth those pricing principles and provides further instruction to the Board of Governors. *See, e.g.*, § 248a(d) ("The Board shall require reductions in the operating budgets of the Federal Reserve banks …). The plain language Congress employed in 12 U.S.C. § 248a does not expressly require anything from or provide instruction to the Federal Reserve Banks.

Second, it makes logical sense that § 248a is directed to the Board of Governors because that statute is found in Subchapter II of Chapter 3 of Title 12, and Subchapter II is titled "Board of Governors of the Federal Reserve System." Indeed, § 248 begins, "The Board of Governors of the Federal Reserve System shall be authorized and empowered: [list of duties]." 12 U.S.C. § 248. And § 248a is titled, "Pricing of services." The titles of § 248a and Subchapter II persuasively suggest Congress was instructing the Board of Governors to create a non-discriminatory pricing schedule, not instructing the Federal Reserve Banks that they must provide master accounts to all eligible depository institutions. *See* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts*, p. 221 (2012) ("The title and headings are permissible indicators of meaning."). Custodia's assertion that Congress intended to mandate Federal Reserve Banks to automatically grant master accounts to all eligible nonmember institutions in a subchapter that sets forth the duties of a completely different entity (the Board of Governors) is a leap too far.

Third, the plain language of § 248a sets forth two primary directives: (1) require the

WYD 127

Board to establish a fee schedule for Federal Reserve Bank services that is the same for both member depository institutions and nonmember depository institutions, and (2) require the Board to ensure those services are available to both member depository institutions and nonmember depository institutions. Contrary to Custodia's position, there is no language in § 248a requiring the services be provided to *every* nonmember depository institution. *See Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182, at *8 (S.D.N.Y. Oct. 27, 2023) ("the purpose of the statutory section is to prevent price discrimination when a service is offered to a nonmember institution, not to require the Federal reserve banks to provide specific services to nonmember banks") (citing *Jet Courier Servs., Inc. v. Fed. Rsrv. Bank of Atlanta*, 713 F.2d 1221, 1227 (6th Cir. 1983)). The Court finds it significant that Congress chose to include the word "all" before "Federal Reserve bank services covered by the fee schedule" but not before "nonmember depository institutions" in § 248a(c)(2). Thus, Congress did not signal its intent that all Federal Reserve bank services be available to *all* nonmember depository institutions. Indeed, by including "all" prior to "Federal Reserve bank services" but not prior to "nonmember depository institutions" within the same provision, Congress signaled it intended to treat the two phrases differently. *See Loughrin v. United States*, 573 U.S. 351, 358 (2014) ("We have often noted that when 'Congress includes particular language in one section of a statute but omits it in another'—let alone in the very next provision—this Court 'presume[s]' that Congress intended a difference in meaning.") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)); *see also Rule of the Last Antecedent*, Black's Law Dictionary 1532–1533 (10th ed. 2014) ("qualifying words or

phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or the spirit of the entire writing").

> The inclusion of "all" with respect to the Federal Reserve services and exclusion of "all" regarding which depository institutions suggests that there be no discretion over which services must be priced according to the fee schedule, but that discretion remains in providing depository institutions access to such services, such as retaining discretion in granting master accounts.

(ECF 286 p. 16, Amicus Br. of Prof. David Zaring.)

Fourth, concluding the Federal Reserve Banks possess discretion to grant or deny master accounts is harmonious with recent federal legislation. In December 2022, as part of the National Defense Authorization Act for Fiscal Year 2023, Public Law 117-263, Congress enacted and the President signed into law 12 U.S.C. § 248c. That statute instructs the Board of Governors to create and maintain a public database identifying every entity that currently possesses a master account at a Federal Reserve Bank as well as every entity that has submitted an application for a master account. 12 U.S.C. § 248c(b)(1). Significantly, the Board's database must also show whether each new master account application "was approved, rejected, pending, or withdrawn." *Id.* § 248c(b)(1)(B)(ii). If Congress intended the DIDMCA to remove a Federal Reserve Bank's discretion to deny a master account application, there would be no reason for Congress to now require a public database indicating which master account applications have been granted and which have been denied. "This amendment confirms that Federal reserve banks may 'reject' applications from depository institutions ...." *Banco San Juan Internacional*, 2023 WL

WYD 129

7111182, at *7. If, as Custodia contends, Federal Reserve Banks lack discretion to deny a master account application as a matter of law, § 248c(b)(1)(B)(ii)'s "rejected" option would be unnecessary and superfluous, but courts may not "construe a statute in a way that renders words or phrases meaningless, redundant, or superfluous." *Bridger Coal Co./Pac. Mins., Inc. v. Dir., Off. of Workers' Comp. Programs, U.S. Dep't of Labor*, 927 F.2d 1150, 1153 (10th Cir. 1991). To avoid immediately rendering the "rejected" option of § 248c(b)(1)(B)(ii) meaningless, the Court must conclude the Federal Reserve Banks were not stripped of their discretion to deny master account applications.

Fifth, reading § 248a to not strip the Federal Reserve Banks of their pre-DIDMCA discretion in issuing master accounts is also consistent with the text of 12 U.S.C. § 342. As quoted above, § 342 states a Federal Reserve Bank "may receive" deposits from member banks and nonmember depository institutions. The Supreme Court has noted this confers the authority to receive such deposits on the Federal Reserve Banks, but it also vests them with the discretion to accept or reject the deposits. *Farmers' & Merchants' Bank*, 262 U.S. at 662. This discretion to receive or reject deposits necessarily carries with it the discretion to grant or deny master accounts. The Court agrees with the interpretation recently set forth by the Southern District of New York, concluding that § 342 "makes clear that Federal reserve banks are authorized to maintain Master Accounts, but are not required to do so," and the statute "provides that Federal reserve banks 'may' open accounts, not that they shall." *Banco San Juan Internacional*, 2023 WL 7111182, at *7. Construing § 248a and § 342 in this manner reads them in harmony with each other. *See WildEarth Guardians v. Nat'l Park Serv.*, 703 F.3d 1178, 1189 (10th Cir. 2013) ("Statutes

must be read as a whole and in relation to one another. When two related statutes appear to conflict, courts have a duty to construe them harmoniously and give each effect.") (citations omitted).

Sixth, Congress "does not … hide elephants in mouseholes." *Whitman v. Am. Trucking Associations*, 531 U.S. 457, 468 (2001). The "no-elephants-in-mouseholes" canon of statutory construction "recognizes that Congress 'does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions.'" *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 680 (2020) (quoting *Whitman*, 531 U.S. at 468). The Defendants' briefing described the Federal Reserve Banks' exercise of discretion in granting access to accounts and services dating back to the Federal Reserve Act of 1913. (ECF 271 pp. 17-21; ECF 273 pp. 14-16.) Accepting Custodia's contention here would mean that Congress, in the DIDMCA in 1980, greatly altered the details of the regulatory scheme first initiated in 1913 by requiring Federal Reserve Banks to provide master accounts to all eligible depository institutions requesting one, and also that Congress did so in a provision (and a subchapter) directed at the Board of Governors and without expressly saying as much. A better example of hiding an elephant in a mousehole would be difficult to find. The Court finds it highly unlikely that Congress intended such a significant change in the Federal Reserve Banks' procedures, not to mention the access to the national banking system, via such implicit terms in a statute directed at a different entity.

Seventh and finally, important policy considerations support this construction of the relevant statutes. If Custodia's position was correct, it would effectively mean that every

depository institution chartered under the laws of a state, regardless of how soundly crafted, is entitled to a master account allowing it direct access to the federal financial system. Thus, unless Federal Reserve Banks possess discretion to deny or reject a master account application, state chartering laws would be the only layer of insulation for the U.S. financial system. And in that scenario, one can readily foresee a "race to the bottom" among states and politicians to attract business by reducing state chartering burdens through lax legislation, allowing minimally regulated institutions to gain ready access to the central bank's balance sheet and Federal Reserve services. As FRBKC accurately notes, "The Wyoming Division of Banking ('WY DOB') has many purposes and aims, but protecting the *national* financial system and implementing *national* monetary policy are not among them." (ECF 310 pp. 13-14 (emphases in original).) "States lack not only the mission but also the resources to protect national interests." (*Id.* p. 14 n.3.) The potential negative consequences associated with Custodia's proffered interpretation do not suggest Congress intended the DIDMCA to remove the discretion of Federal Reserve Banks when considering master account applications.

## 2.4    Conclusion

The plain language of the relevant statutes can only reasonably be read to give the Federal Reserve Banks discretion in granting or denying requests for master accounts. Accordingly, Custodia cannot prevail on Claim II, wherein it seeks a writ of mandamus compelling the Defendants to provide Custodia a master account. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes

WYD 132

him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (citing *Kerr v. United States Dist. Court*, 426 U.S. 394, 402–03 (1976)). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995). Having concluded the Federal Reserve Act of 1913, as amended, grants to the Federal Reserve Banks the discretion to grant or deny a master account application, the Defendants did not owe Custodia any non-discretionary duty to issue a master account upon request. Consequently, FRBKC is entitled to judgment as a matter of law in its favor against Custodia's Claim II.[7]

## CONCLUSION AND ORDER

Claim I of Custodia's amended complaint must be dismissed because Custodia fails to challenge a final agency action as required under the APA. As for Claim II, the relevant statutes establish that the Federal Reserve Banks possess the discretion to grant or deny master account requests. Therefore, Custodia is not entitled to its requested writ of mandamus compelling FRBKC to issue it a master account, and summary judgment on Claim II must be granted in FRBKC's favor.

**IT IS THEREFORE ORDERED** that Plaintiff's Petition for Review on its APA Claim and its Motion for Judgment as a Matter of Law on its Statutory Mandamus Claim (ECF 233, ECF 238) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's petition for review under the APA

---

[7] If the Court possessed jurisdiction for APA review in Claim I, judgement as a matter of law would be warranted in the Board of Governors' favor based on the same reasoning.

WYD 133

alleged against Defendant Board of Governors (Claim I) is **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that Defendant FRBKC's Cross-Motion for Summary Judgment (ECF 272) is **GRANTED**. Judgment as a matter of law is granted in Defendant FRBKC's favor and against Plaintiff on the statutory mandamus claim (Claim II).

**IT IS FURTHER ORDERED** that Plaintiff's cause of action requesting declaratory judgment (Claim III) is **DISMISSED**. The Declaratory Judgment Act offers a remedy for valid federal causes of action and does not provide an independent cause of action, and Plaintiff has not prevailed on its other causes of action.

**IT IS FURTHER ORDERED** that Defendant FRBKC's Motion to Strike Reports and Exclude Testimony of Professor Peter Conti-Brown (ECF 267) and Motion to Strike Reports and Exclude the Testimony of Katie S. Cox (ECF 269) are **DENIED AS MOOT**. The Court reviewed and considered the reports and depositions of these experts, provided as exhibits in support of Custodia's arguments (ECF 236-1, 236-26, 236-47, 296-7, 296-15), in ruling on the pending motions.

 **ORDERED**: March 29th, 2024.

Scott W. Skavdahl
United States District Court Judge

WYD 134

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

CUSTODIA BANK, INC.,

     Plaintiff,

   v.

FEDERAL RESERVE BOARD OF
GOVERNORS, and FEDERAL RESERVE
BANK OF KANSAS CITY,

     Defendants.

Case No. 22-CV-125-SWS

---

## JUDGMENT

In conformity with the Court's Order on Dispositive Motions (ECF 317), which is fully incorporated herein by this reference,

**Judgment as a matter of law** is hereby entered in favor of Defendant Federal Reserve Bank of Kansas City and against Plaintiff Custodia Bank, Inc. on Plaintiff Custodia's cause of action seeking a writ of mandamus (Claim II).

**It is ordered and adjudged** that Plaintiff Custodia's petition for review under the Administrative Procedure Act (Claim I) asserted against Defendant Federal Reserve Board of Governors is **dismissed without prejudice for lack of jurisdiction**, and Plaintiff Custodia's cause of action for declaratory judgment under the Declaratory Judgment Act (Claim III) is **dismissed**.

**DATED:** March _29th_, 2024.

Entered:    Margaret Botkins
                Clerk of Court

By: _____
         Elayna Thorsell
         Deputy Clerk of Court

WYD 135