Andrew Michaelson (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Phone: (212) 556-2100
amichaelson@kslaw.com

Jeffrey S. Bucholtz (*pro hac vice*)
Christine M. Carletta (*pro hac vice*)
E. Caroline Freeman (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 737-0500
jbucholtz@kslaw.com
ccarletta@kslaw.com
cfreeman@kslaw.com

Jared Lax (*pro hac vice*)
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Phone: (720) 535-2300
jlax@kslaw.com
*Counsel for Defendant Federal Reserve Bank of Kansas City*

Billie L.M. Addleman, #6-3690
Erin E. Berry, #7-6063
HIRST APPLEGATE, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| CUSTODIA BANK, INC.,<br><br>    *Plaintiff,*<br><br>        v.<br><br>FEDERAL RESERVE BOARD OF GOVERNORS and FEDERAL RESERVE BANK OF KANSAS CITY,<br><br>    *Defendants.* | No. 1:22-cv-00125-SWS |

**DEFENDANT FEDERAL RESERVE BANK OF KANSAS CITY'S RESPONSE IN OPPOSITION TO MOTION FOR COURT REVIEW OF THE TAXATION OF COSTS**

Defendant Federal Reserve Bank of Kansas City ("FRBKC") respectfully requests that this Court confirm the Clerk's award of costs in this case. In response to the points made in Plaintiff Custodia's Motion for Review, FRBKC states as follows:

## INTRODUCTION

Over a month ago, this Court issued an Order granting Defendant FRBKC's Motion for Summary Judgment and dismissing all remaining claims of Plaintiff Custodia Bank, Inc. ("Custodia") against FRBKC. ECF No. 317. That same day, the Court entered its Judgment in favor of FRBKC and against Custodia. ECF No. 318.

As a prevailing party, FRBKC timely filed a bill of costs on April 12, 2024, pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.2. ECF No. 319. FRBKC's bill of costs only sought costs related to the depositions relied upon in its dispositive briefing. *See* Local Rule 54.2(f)(2)(C). The Clerk promptly awarded FRBKC costs in the amount of $25,728.25. ECF No. 325. Custodia filed an Objection to the bill of costs, ECF No. 320, and has moved for judicial review of the Clerk's Award of Costs pursuant to Fed. R. Civ. P. 54(d). ECF No. 326.

Custodia's Objection and Motion do not challenge the validity or amount of FRBKC's costs. Instead, Custodia asks the Court to delay enforcing FRBKC's Judgment and awarding it costs for four reasons: Custodia claims that (1) it is too early to award costs because Custodia has filed an appeal to the 10th Circuit; (2) judicial economy counsels preservation until the appeal is decided; (3) an award of costs is inappropriate where the facts and legal authority surrounding a case are unique; and (4) awarding costs to FRBKC might chill future litigation against the Federal Reserve System. *See* ECF No. 320 at 1–5; ECF No. 326 at 1–5. None of these arguments justify departing from the settled rule that taxable costs are awarded to the prevailing party.

# ARGUMENT

**I.  Cost awards for prevailing parties are standard in civil litigation, even when an appeal is pending.**

Under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure, costs "*should be allowed* to the prevailing party" upon the entry in the district court of a final judgment or order "from which an appeal lies." Fed. R. Civ. P. 54(a) & (d)(1) (emphasis added).[1] These costs must be sought within 14 days from the entry of the final judgment, *see* Fed. R. Civ. P. 54 & Local Rule 54.2, and prior to the deadline for filing a notice of appeal, Fed. R. App. P. 4(a)(1)(A)–(B) (requiring the notice of appeal in a civil case to be filed within 30 days after entry of the judgment or order appealed from, or within 60 days if one of the parties is the United States or a U.S. agency, official, or employee). The district court possesses "broad discretion" in awarding costs. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1247 (10th Cir. 1988); *see also Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) ("The taxing of costs rests in the sound judicial discretion of the district court.").

---

[1] FRBKC is a federal instrumentality subject to civil discovery like a private party, but regardless of its status, costs are available to private parties and the government alike. *See* Fed. R. Civ. P. 54; 28 U.S.C. § 2412(a) (allowing an award of costs "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity" and specifically contemplating costs "awarded in favor of the United States"); *Pine River Logging Co. v. United States*, 186 U.S. 279, 296 (1902); *see also United States v. Bowden*, 182 F.2d 251, 252 (10th Cir. 1950) (remanding with instructions for trial court to determine, consistent with Rule 54(d), whether to award costs in favor of United States as prevailing party); *Colonial Chevrolet Co. v. United States*, 161 Fed. Cl. 132, 138 (2022) ("There is no dispute in these cases that the government is the 'prevailing party' and that the government as a prevailing party may be entitled to costs."); *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978), *superseded by statute on other grounds*, ("The United States may, absent a statute, recover costs to the same extent as a private party."); *Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 690 (10th Cir. 2003) (unpublished) (affirming award of costs to U.S. Department of Education as prevailing party).

Furthermore, the Federal Rules of Civil Procedure provide a means by which a losing party may seek to defer payment of costs until after an appeal is decided: the losing party may "provid[e] a bond or other security" to obtain a stay. Fed. R. Civ. P. 62(b); *see Miami Int'l Realty Co. v. Paynter*, 897 F.2d 871, 873 (10th Cir. 1986) ("the purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution … [and] a full supersedeas bond should be the requirement in normal circumstances"). Accordingly, Custodia's primary argument—that the Court should not award FRBKC its taxable costs during the pendency of Custodia's appeal—runs contrary to long established procedures contemplated in the Federal Rules of Civil Procedure. Custodia's policy preference that "prevailing party" status be determined after its appeal because district court proceedings are in an "intermediate stage of the litigation" finds no backing in the plain text of Federal Rule of Civil Procedure 54 and conflicts with the purpose of Rule 62(b). Rule 54 unequivocally states that the district court "should award" costs to the prevailing party as determined in the judgment or order "from which an appeal lies." Despite Custodia's characterization of this action as *in media res*, the lawsuit brought by Custodia against FRBKC is not in an "intermediate stage" of the litigation. ECF No. 326, at 3. After lengthy civil discovery and the briefing of dispositive motions, two of Custodia's claims were dismissed, and the Court entered Judgment against Custodia on its remaining claim. ECF No. 318.

Custodia is right that the issue of costs may be reopened pending the outcome on appeal. *See* ECF No. 326 at 3. But that is always the case and precisely why Rule 62(b) provides an option to instead post a supersedeas bond. If Custodia prevails on appeal, there are well established procedures in place to review an award of costs. *See Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). Indeed, the very district court decision on which Custodia relies proves this point. *Milligan-Hitt v. Board of Trustees of Sheridan County School District No. 2*, No. 05-cv-017-B,

2009 WL 10696535 (D. Wyo. Jan. 23, 2009). There, the plaintiffs prevailed after trial and were awarded costs. *Milligan-Hitt*, 2009 WL 1069535, at *1–2. On appeal, the Tenth Circuit found that the defendants were not liable as a matter of law. *Id.* at *1. Because the plaintiffs were no longer a prevailing party after the Tenth Circuit's mandate issued, the district court on remand vacated the previous award of costs to the plaintiffs but also declined to award them to defendants. *Id.* at *4.

Custodia also cites *Fremont County School District No. 25 v. Wyoming Department of Education*, 2018 WL 11535800, *1 (D. Wyo. April 11, 2018), but that case is inapposite. There, the claimant prevailed in a hearing in the Wyoming Department of Education's Special Programs Division. The school district filed a petition for review in the district court. *Id.* After that, the claimant argued he was entitled to *attorney's fees* under the Individuals with Disabilities Education Act because he had prevailed in the agency hearing. *Id.* at *2. Rule 54 was not implicated in that case, and attorney's fees are not at issue here.

## II.   Unusual factual or legal circumstances do not erase a prevailing party's entitlement to costs.

Custodia's argument that costs should not be awarded where facts and legal authority are unique is also wrong. Custodia cites a case in which the district court declined to award costs to either party *after remand* from the appellate court because "the facts and legal authority surrounding" the case "presented difficult questions in an emerging area of constitutional and employment law." *Milligan-Hitt*, 2009 WL 1069535, at *4; *see* ECF No. 326 at 3. If the judgment in this court is reversed, then the court can review its assessment of costs.

Nor does the Supreme Court's grant of certiorari in *Lackey v. Stinnie*, No. 23-621, aid Custodia; the questions presented in that case relate to whether an event short of a final judgment by a court on the merits may entitle a party to prevailing-party status. Here, in contrast, FRBKC

prevailed on the merits in a final judgment. *See* ECF No. 317 at 26–27. Rule 54 itself makes clear that the fact that the order is subject to appeal does not change the propriety of an award of costs. *See* Fed. R. Civ. P. 54(a).

In any event, none of Custodia's contentions find any basis in Fed. R. Civ. P. 54. The Rule does not limit the award of costs to circumstances where the facts and law are straightforward.

**III.     There is no "chilling effect" from awarding reasonable costs.**

Last, Custodia argues that awarding costs to FRBKC might chill banking entities and interested citizens from bringing future lawsuits to challenge the conduct of federal instrumentalities like FRBKC. This is speculative and contrary to the public record. There are active lawsuits in this area, one of which is also on appeal. *See PayServices Bank v. Fed. Rsrv. Bank of San Francisco*, No. 1:23-CV-00305-REP, 2024 WL 1347094, at *1 (D. Idaho Mar. 30, 2024), *appeal filed* No. 24-2355 (9th Cir.); *Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of New York*, No. 23-CV-6414 (JGK), 2023 WL 7111182 (S.D.N.Y. Oct. 27, 2023). Custodia brings no support for the notion that the award of costs sought here would chill a future litigant.

Indeed, even start-ups like Custodia would not be chilled from filing a lawsuit due to the risk, after losing, of being compelled to pay an award of costs. Even though it is a start-up, Custodia pursued a scorched-earth discovery strategy in this case that surely cost it sums far greater than the award of costs sought here. Custodia sought extensive discovery from FRBKC and third parties. It repeatedly attempted to exceed the scope of permissible discovery, prompting time-consuming (and costly) briefing and argument before then-Magistrate Judge Rankin. *See* ECF Nos. 175, 197. FRBKC responded or objected to over 100 Requests for Production, Requests for Admission, and Interrogatories, produced over 17,500 pages of documents, and compiled a privilege log with over 1,300 entries. Custodia unsuccessfully challenged the Board's invocation of the deliberative

process privilege. ECF No. 225. Custodia took 10 depositions of FRBKC employees, using the full 7 hours on the record for almost every witness. Custodia retained 2 expert witnesses who each submitted multiple reports. Considering the expense of all that it did, it is impossible to fathom how the relatively modest award of costs imposed here would "chill" a similarly situated party from filing suit. To Custodia and like-minded, aggressive future litigants evaluating the cost of litigating against the Federal Reserve, the award of costs ordered here would be appropriately viewed as a rounding error.

## CONCLUSION

For all these reasons, FRBKC asks the Court to confirm the Clerk's Award of Costs.

Respectfully submitted,

Dated: May 16, 2024

/s/ Billie LM Addleman
Billie L.M. Addleman, #6-3690
Erin E. Berry, #7-6063
HIRST APPLEGATE, LLP
P. O. Box 1083
Cheyenne, WY 82003-1083
Phone: (307) 632-0541
Fax: (307) 632-4999
baddleman@hirstapplegate.com
eberry@hirstapplegate.com

Andrew Michaelson (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Phone: (212) 556-2100
amichaelson@kslaw.com

Jeffrey S. Bucholtz (*pro hac vice*)
Christine M. Carletta (*pro hac vice*)
E. Caroline Freeman (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 737-0500
jbucholtz@kslaw.com
ccarletta@kslaw.com
cfreeman@kslaw.com

Jared Lax (*pro hac vice*)
KING & SPALDING LLP
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Phone: (720) 535-2300
jlax@kslaw.com

*Counsel for Defendant*
*Federal Reserve Bank of Kansas City*

## CERTIFICATE OF SERVICE

I certify the foregoing ***Defendant Federal Reserve Bank of Kansas City's Response in Opposition to Motion for Court Review of the Taxation of Costs*** upon all parties to this action pursuant to the Federal Rules of Civil Procedure via CM/ECF on May 16, 2024.

/s/ Shannon M. Ward
OF HIRST APPLEGATE, LLP
*Counsel for Defendant*
*Federal Reserve Bank of Kansas City*