# UNITED STATES DISTRICT COURT
# DISTRICT OF WYOMING

CUSTODIA BANK, INC.,

       Plaintiff,

    v.

FEDERAL RESERVE BOARD OF
GOVERNORS, and FEDERAL RESERVE
BANK OF KANSAS CITY,

       Defendants.

Case No. 22-CV-125-SWS

---

## ORDER ON PLAINTIFF'S MOTION FOR COURT REVIEW
## OF THE TAXATION OF COSTS

This matter comes before the Court on Plaintiff, Custodia Bank, Inc.'s ("Custodia") Motion for Court Review of the Taxation of Costs (ECF 326).   Having considered the parties' arguments, reviewed the record herein, and being otherwise fully advised, the Court determines Custodia's Motion should be denied and costs in the amount of $25,728.25 (ECF 325), excluding attorney's fees, are awarded to Defendant Federal Reserve Bank of Kansas City (FRBKC) pursuant to Federal Rule of Civil Procedure 54(d) (FRCP).

In accordance with FRCP Rule 54(d), following this Court's grant of summary judgment in Defendants' favor, upon timely application (ECF 319) the Clerk of Court issued an award of costs to the prevailing party, FRBKC (ECF 317). Custodia does not challenge the amount of costs awarded or that Defendants were the "prevailing" party.

Rather, Custodia asserts what can best be classified as four philosophical reasons this Court should decline the FRBKC's Bill of Costs (ECF 320). They are: (1) Custodia has appealed this Court's judgment and an award of costs is premature if Custodia prevails on appeal (ECF 326 at 2); (2) in the interest of judicial economy this Court should reserve any ruling on costs until that appeal has been decided (*id*); (3) this Court has previously denied an award of costs where the facts and legal authority were unique, and defendant was a governmental entity, (*id*); and (4) awarding costs to Defendants could chill legitimate lawsuits against the Federal Reserve System. *Id*. Defendant FRBKC asserts none of these are valid reasons to justify departing from the presumption that a prevailing party is entitled to an award of costs. (ECF 330 at 2). This Court agrees.

The applicable part of FRCP Rule 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In this case Defendants were indisputably the prevailing party (ECF 318). While this Court has discretion in awarding costs, that discretion is limited in two ways. *Cantrell v. Int'l Bhd. Of Elec. Workers*, 69 F.3d 456, 458--59 (10th Cir. 1995). "First 'Rule 54' creates a presumption that the district court will award costs to the prevailing party." Second, the district court must '"provide a valid reason" for denying such costs.'" *In re Williams Securities Litigation—WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (citations omitted); *Klien v. Grynberg*, 44 F.3d 1497, 1507 (10ᵗʰ Cir. 1995) (holding where a party has prevailed on the major issues in a case "to deny them costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied.") *Citing Serna v.*

*Monzano*, 616 F.2d 1165, 1167 (10th Cir. 1980); *True Temper Corp. v. CF & I Steel Corp.*, 601 F.2d 495, 509 (10th Cir. 1979). In reversing the trial court's denial of costs, the *Klien* court "found no justification to penalize plaintiffs because this litigation was complex or lengthy. Accordingly, we hold that the District Court's denial of costs to the plaintiffs was an abuse of discretion" *Klein*, 44 F.3d at 1507.

Recognized "valid reasons" to deny costs include those cases where the party was only partially successful, damages were nominal, costs were unreasonably high or unnecessary, recovery was insignificant, or the issues were close or difficult. *See Phalp v. City of Overland Park*, No. 00-2354-JAR, 2002 WL 31778781 at *2 (D. Kan. Nov. 21, 2002) (citing with approval *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). None of these circumstances are applicable in this case.

Custodia was not partially successful. The fact Custodia proceeded beyond a motion to dismiss is not a factor that justifies the denial of FRBKC's costs. Neither does the fact this Court's decision is subject to *de novo* review on appeal factor into whether to award costs. In the event this Court's decision is reversed on appeal and Custodia were to become the "prevailing party" then this Court will certainly re-evaluate any award of costs, as was the situation in *Milligan-Hitt v. Board of Trustees of Sheridan County*, No. 05-CV-017-B, 2009 WL 10696535 (D. Wyo. Jan. 23, 2009) (on remand, declining to award either party costs where jury verdict in favor of plaintiffs was reversed on appeal based upon complex legal issues and unsettled precedent).

In contrast to *Milligan-Hitt*, the issues here do not involve constitutional deprivations where a "jury found that they were subjected to discrimination based on their

sexual orientation." *Id.* at 4. Rather, the issues in this case focus upon and are driven by money, banking and commerce. Unlike *Milligan-Hitt*, an award of costs will not "deter legitimate lawsuits by employees who may suffer from constitutional violations." *Id.* While Custodia portrays this as a similar "David versus Goliath" lawsuit, in this case there are direct financial incentives attached to the success of "David's" pursuit. (ECF 326 at 4–5). Custodia's position as to what Congress' view is of the dual banking system is now a matter of appeal, not a factor in an award of costs. This hyperbole is not well taken. *See id.*

Neither is this a situation involving a request for costs and attorney's fees pursuant to a specific statute authorizing attorney's fees under the Individuals with Disabilities Education Act (IDEA). *See Fremont County School Dist. No. 25 v. Wyoming Dept. of Education Special Programs Division*, 2018 WL 11535800 (D. Wyo. Apr. 11, 2018). In *Fremont County* Judge Freudenthal concluded:

> Thus, the Court cannot decide a request for attorney's fees under the IDEA **until the parties have exhausted judicial remedies** for challenging the independent hearing officer's decision, **because the decision must be final in order to determine who is a prevailing party** for the purposes of awarding attorney's fees under § 1415. The District challenges the merits of the hearing officer's decision, so it cannot be said that the parent prevailed on the merits as the decision is not yet final. Since the definition of "prevailing party" requires actual relief on the merits that materially alters the parties' relationship, and here, the Court must review the hearing officer's decision on the merits, a decision about attorney's fees at this stage of the proceedings is premature.

*Id.* at *3 (bolded portion reflects quote as provided in Custodia's Brief (ECF 326 at 2). As the parties to this litigation are well aware, context matters. In this case there is no administrative hearing officer's decision to be rendered, reviewed, or challenged. This Court's decision is final and appealable.

As to judicial economy, we are not at the intermediate stage of litigation. This Court's judgment is final and subject to appeal under the Federal Rules of Appellate Procedure (FRAP), Rule 4(a). Costs on appeal will be assessed in accordance with FRAP Rule 39. Custodia's reliance on *Lackey v. Stinnie,* No. 23-621, 2024 WL 1706013 (U.S. Apr. 22, 2024) is misplaced. The Supreme Court has granted *certiorari* on two questions as to who a prevailing party is under 42 U.S.C. § 1988:

> 1. Whether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail on the merits under 42 U.S.C. § 1988.
>
> 2. Whether a party must obtain an enduring change in the parties' legal relationship  from a judicial act, as opposed to a non-judicial  event  that moots the case, to prevail under 42 U.S.C. § 1988.

*Lackey v. Stinnie,* No. 23-621 (Apr. 22, 2024), https://www.supremecourt.gov/qp/23-00621qp.pdf. While subject to appeal, this Court's Order on Dispositive Motions conclusively, as opposed to predicting a likelihood of later success–determined the merits of the dispute in Defendants' favor. (ECF 317). In addition, it is undisputed that this Court's ruling resulted in an enduring change to the parties' legal relationship. Neither of these questions have any relationship to or potential bearing on the determination of who the prevailing party in this case *was*. If Custodia's appeal is successful, then it may be entitled to pursue its costs under FRCP Rule 54(d)(1). Whether Custodia's costs might be substantial makes no difference at this point. Given the extent of discovery and materials submitted by the parties FRBKC, the Clerk's Award of Costs in the amount of $25,728.25 is reasonable.

**Conclusion**

Based upon the foregoing reasons, the Court finds Custodia's Motion for Court Review of the Taxation of Costs (ECF 326) is hereby DENIED.  The Clerk's Award of Costs (ECF 325) in the amount of $25,728.25 is hereby CONFIRMED.

**DATED**: May 30, 2024.

Scott W. Skavdahl
United States District Court Judge